**[Exempt From Filing Fee Government Code § 6103]**

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ALEX VILLANUEVA,

Plaintiff,

v.

COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,

Defendants.

**CASE NO. 2:24-cv-04979 SVW (JC)**

**DECLARATION OF JASON H. TOKORO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

[*Filed Concurrently with Notice of Motion; Memorandum of Points and Authorities; Request for Judicial Notice; and [Proposed] Order*]

Date: September 9, 2024
Time: 1:30 p.m.
Crtrm.: 10A – First Street Courthouse

Assigned to Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750

# DECLARATION OF JASON H. TOKORO

I, Jason H. Tokoro, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Miller Barondess, LLP, counsel of record for Defendants. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts. I make this declaration in support of Defendants' Motion to Dismiss Complaint.

## The Los Angeles Times CPRA Request

2. On November 2, 2023, Keri Blakinger of the Los Angeles Times submitted a California Public Records Act request (the "CPRA Request") to the Department.

3. The CPRA Request sought "any findings regarding allegations that former sheriff Alex Villanueva discriminated against either Max Huntsman or Esther Lim, if such findings exist likely from a CPOE probe."

4. On November 30, 2023, the Department wrote a letter to Ms. Blakinger, and informed her that it was gathering, reviewing, and would produce redacted, non-privileged responsive documents. A true and correct copy of that letter is attached hereto as **Exhibit 1**.

5. On December 22, 2023, the Department provided Ms. Blakinger an initial production of documents responsive to the CPRA Request. A true and correct copy of that letter (without attachments) is attached hereto as **Exhibit 2**.

6. On January 23, 2024, the Department supplemented and finalized its production of documents responsive to the CPRA Request. A true and correct copy of that letter (without attachments) is attached hereto as **Exhibit 3**.

7. The Department's document productions included redacted versions of the Department's internal investigations related to complaints filed against Plaintiff by County Inspector General Max Huntsman and Esther Lim, as well as well as the findings by the County Equity Oversight Panel.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**The 2020 Inspector General Report**

8. In November 2020, the County Civilian Oversight Commission ("COC") requested that the County Inspector General prepare a written report regarding alleged misconduct in the Los Angeles County Sheriff's Department.

9. The County Inspector General prepared and submitted the report to the COC in December 2020 (the "2020 Report"). It was dated December 14, 2020.

10. The 2020 Report was also posted online to the Inspector General's website (https://oig.lacounty.gov/) in December 2020.

11. The 2020 Report can be found at: https://assets-us-01.kc-usercontent.com/0234f496-d2b7-00b6-17a4-b43e949b70a2/988fd15c-11dc-404a-a669-bf8719ddabec/UnlawfulConductOfLASD.pdf.

12. The 2020 Report has remained on the Inspector General's website and available to the public since December 2020.

**The Parties' Meet And Confer Efforts**

13. On July 15, 2024, the County sent Plaintiff a meet and confer letter, describing the various deficiencies in Plaintiff's Complaint. A true and correct copy of that letter is attached hereto as **Exhibit 4**.

14. On July 29, 2024, the parties held a telephonic meet and confer. The call lasted for approximately one hour.

15. I attended the conference with my colleague Steven Williamson. Plaintiff was represented by Yesenia Cardoza and John David of Shegerian & Associates, Inc.

16. During the call, Mr. Williamson and I walked through the issues raised in my July 15, 2024 letter and explained the bases for Defendants' Motion to Dismiss and anti-SLAPP motion.

17. Ms. Cardoza and Mr. David indicated that their office would provide a written response to the issues raised.

18. To date, no written response has been received by Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of August, 2024, at Los Angeles, California.

/s/ *Jason H. Tokoro*
Jason H. Tokoro

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**INDEX OF EXHIBITS TO THE DECLARATION OF JASON H. TOKORO**


| Exhibit No. | Description | Pg. No. |
|---|---|---|
| 1. | November 30, 2023 letter from Sheriff Robert Luna to Keri Blakinger | 5-7 |
| 2. | December 22, 2023 letter from Sheriff Robert Luna to Keri Blakinger | 8-11 |
| 3. | January 23, 2024 letter from Sheriff Robert Luna to Keri Blakinger | 12-15 |
| 4. | July 15, 2024 letter from Jason Tokoro to Carney Shegerian | 16-23 |

# EXHIBIT 1

OFFICE OF THE SHERIFF

COUNTY OF LOS ANGELES

HALL OF JUSTICE

ROBERT G. LUNA, SHERIFF

November 30, 2023

Keri Blakinger
Los Angeles Times
Keri.blakinger@latimes.com

Dear Ms. Blakinger:

**PUBLIC RECORDS ACT REQUEST #23-14684SE**

This is a follow-up to our letter dated November 29, 2023, in response to your request for records under the California Public Records Act (CPRA) dated and received by the Los Angeles County Sheriff's Department (LASD), Public Records Act Unit, on November 2, 2023.

In your request, you are seeking the following:

> I would like any findings regarding allegations that former sheriff Alex Villanueva discriminated against either Max Huntsman or Esther Lim, if such findings exist likely from a CPOE probe.

**Response:** After further review, we have identified potentially responsive records and are in the process of reviewing the records to determine what exemptions, if any, are applicable. Not having reviewed all of the records, we cannot specify all the applicable authorities upon which records would be potentially withheld or redactions would be required. The authorities may include, but are not limited to, the following: California Constitution, article I, section 1; matters protected by the attorney-client, official information, and deliberative process privileges; matters relating to pending litigation, personnel matters, investigations, or where the particular facts and circumstances warrant nondisclosure of the information (Government Code sections 7927.500, 7927.200, 7927.700, 7923.600-7923.625, 7927.705, and 7922.000).

We anticipate completing the review within **21 days**. When the review is completed, we will advise you as to the availability of the responsive records.

If you have any questions, please contact the Public Records Act Unit via email at DiscoveryUnitPRArequests@lasd.org or phone at (323) 890-5050.

Sincerely,

ROBERT G. LUNA, SHERIFF

Shawnee N. Hinchman, Captain
Risk Management Bureau

# EXHIBIT 2

# OFFICE OF THE SHERIFF

COUNTY OF LOS ANGELES

HALL OF JUSTICE

ROBERT G. LUNA, SHERIFF

December 22, 2023

Keri Blakinger
Los Angeles Times
Keri.blakinger@latimes.com

Dear Ms. Blakinger:

**PUBLIC RECORDS ACT REQUEST #23-14684SE**

This is a follow-up to our letter dated November 30, 2023, in response to your request for records under the California Public Records Act (CPRA) dated and received by the Los Angeles County Sheriff's Department (LASD), Public Records Act Unit, on November 2, 2023.

In your request, you are seeking the following:

I would like any findings regarding allegations that former sheriff Alex Villanueva discriminated against either Max Huntsman or Esther Lim, if such findings exist likely from a CPOE probe.

**Response:** We are providing some non-exempt records disclosable under Penal Code section 832.7 for former sheriff Alex Villanueva because the Sheriff's Department interprets your request to seek these records. Portions of these records are withheld or redacted under, but not limited to, the following authorities: California Constitution, article 1, section 1; attorney-client privilege; attorney work-product doctrine codified as California Code of Civil Procedure section 2018.010, et seq.; deliberative process privilege; Evidence Code section 1040; and Government Code sections 7927.700, 7927.200, 7923.600-7923.625, 7927.705, and 7922.000.

Specifically, it is undisputed that under California law, the people's right of access is not absolute. (*Humane Society of U.S. v. Superior Court* (2013) 214 Cal.App.4th 1233, 1254.) Government Code section 7927.705 exempts from disclosure "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or State law, including but not limited to, provisions of the Evidence Code relating to privilege." That exemption incorporates other prohibitions established by law. (*County of Los Angeles v. Superior Court* (2015) 242 Cal.App.4th 475, 482.) One such law is the attorney-client privilege, codified as California Evidence Code section 950, et seq. Subject to specified exceptions and waiver, inapplicable here, a client "has a privilege to refuse to disclose, and to prevent another from disclosing a confidential communication between client and lawyer . . . ." (Evid. Code § 954.) Accordingly, portions of the requested records are withheld as attorney-client privileged communications.

In addition, portions of the records you requested are exempt from disclosure because they enjoy the protection of the attorney work-product doctrine, codified in California Code of Civil Procedure section 2018.010 et seq. The protection provided by the work-product doctrine applies to writings prepared by an attorney, whether or not prepared in anticipation of a lawsuit. (*State Comp. Ins. Fund v. Superior Court* (2001) 91 Cal.App.4th 1080, 1091.)

Moreover, portions of the records you requested are protected under the official information privilege, as set forth in Evidence Code section 1040, and the "catchall exception," as set forth in Government Code section 7922.000. Under Evidence Code section 1040, "official information means information acquired in confidence by a public employee in the course of his or her duty . . . ." (Evid. Code, § 1040, subd. (a).) "A public entity has a privilege to refuse to disclose official information" if "(1) [d]isclosure is forbidden by . . . a statute of this state[] or (2) [d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . ." (*Id.*, § 1040, subd. (b).) Government Code section 7922.000, in turn, allows a government agency to withhold records if the public interest served by withholding the records clearly outweighs the public interest served by disclosure. (Gov. Code, § 7922.000.) The weighing process articulated by both sections is the same. (*American Civil Liberties Union of Northern California v. Superior Court* (2011) 202 Cal.App.4th 55, 69.)

Finally, the deliberative process privilege is intended to address concerns that open discussion of policy matters might be impeded if subject to public scrutiny. (*Id.*) It espouses the idea that access to across-the-board opinions and the ability to seek all points of view, and to discuss policies in confidence, are crucial to effective governance in a representative democracy. (*Id.*)

We are in the process of reviewing additional potentially responsive documents and will supplement our response with any non-exempt and non-privileged documents. We anticipate having additional information on or before January 6, 2024. Please note that the Sheriff's Department reserves its right to assert all other applicable exemptions, privileges, and doctrines.

If you have any questions, please contact the Public Records Act Unit via email at DiscoveryUnitPRArequests@lasd.org or phone (323) 890-5050.

Sincerely,

ROBERT G. LUNA, SHERIFF

Shawnee N. Hinchman, Captain
Risk Management Bureau

# EXHIBIT 3

Keri Blakinger
Los Angeles Times
Keri.blakinger@latimes.com

Dear Ms. Blakinger:

**PUBLIC RECORDS ACT REQUEST #23-14684SE**

This is a follow-up to our letter dated January 4, 2024, and our final response to your request for records under the California Public Records Act (CPRA) dated and received by the Los Angeles County Sheriff's Department (LASD), Public Records Act Unit, on November 2, 2023.

In your request, you are seeking the following:

I would like any findings regarding allegations that former sheriff Alex Villanueva discriminated against either Max Huntsman or Esther Lim, if such findings exist likely from a CPOE probe.

**Response:** We are providing additional non-exempt records disclosable under Penal Code section 832.7 for former sheriff Alex Villanueva because the Sheriff's Department interprets your request to seek these records. Portions of these records are withheld or redacted under, but not limited to, the following authorities: California Constitution, article 1, section 1; attorney-client privilege; attorney work-product doctrine codified as California Code of Civil Procedure section 2018.010, et seq.; deliberative process privilege; Evidence Code section 1040; and Government Code sections 7927.700, 7927.200, 7923.600-7923.625, 7927.705, and 7922.000.

Specifically, it is undisputed that under California law, the people's right of access is not absolute. (*Humane Society of U.S. v. Superior Court* (2013) 214 Cal.App.4th 1233, 1254.) Government Code section 7927.705 exempts from disclosure "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or State law, including but not limited to, provisions of the Evidence Code relating to privilege." That exemption incorporates other prohibitions established by law. (*County of Los Angeles v. Superior Court* (2015) 242

Cal.App.4th 475, 482.) One such law is the attorney-client privilege, codified as California Evidence Code section 950, et seq. Subject to specified exceptions and waiver, inapplicable here, a client "has a privilege to refuse to disclose, and to prevent another from disclosing a confidential communication between client and lawyer . . . ." (Evid. Code § 954.) Accordingly, portions of the requested records are withheld as attorney-client privileged communications.

In addition, portions of the records you requested are exempt from disclosure because they enjoy the protection of the attorney work-product doctrine, codified in California Code of Civil Procedure section 2018.010 et seq. The protection provided by the work-product doctrine applies to writings prepared by an attorney, whether or not prepared in anticipation of a lawsuit. (*State Comp. Ins. Fund v. Superior Court* (2001) 91 Cal.App.4th 1080, 1091.)

Moreover, portions of the records you requested are protected under the official information privilege, as set forth in Evidence Code section 1040, and the "catchall exception," as set forth in Government Code section 7922.000. Under Evidence Code section 1040, "official information means information acquired in confidence by a public employee in the course of his or her duty . . . ." (Evid. Code, § 1040, subd. (a).) "A public entity has a privilege to refuse to disclose official information" if "(1) [d]isclosure is forbidden by . . . a statute of this state[] or (2) [d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . ." (*Id.*, § 1040, subd. (b).) Government Code section 7922.000, in turn, allows a government agency to withhold records if the public interest served by withholding the records clearly outweighs the public interest served by disclosure. (Gov. Code, § 7922.000.) The weighing process articulated by both sections is the same. (*American Civil Liberties Union of Northern California v. Superior Court* (2011) 202 Cal.App.4th 55, 69.)

Finally, the deliberative process privilege is intended to address concerns that open discussion of policy matters might be impeded if subject to public scrutiny. (*Id.*) It espouses the idea that access to across-the-board opinions and the ability to seek all points of view, and to discuss policies in confidence, are crucial to effective governance in a representative democracy. (*Id.*)

If you have any questions, please contact the Public Records Act Unit via email at DiscoveryUnitPRArequests@lasd.org or phone at (323) 890-5050.

Sincerely,

ROBERT G. LUNA, SHERIFF

Shawnee N. Hinchman, Captain
Risk Management Bureau

# EXHIBIT 4

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS
26TH FLOOR
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

July 15, 2024

**JASON H. TOKORO**
DIRECT DIAL: (310) 552-5226
JTOKORO@MILLERBARONDESS.COM

*VIA ELECTRONIC MAIL ONLY*

Carney R. Shegerian
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, CA 90049
Email: CShegerian@Shegerianlaw.com

Re: *Alex Villanueva v. County of Los Angeles, et al.*
USDC Case No. 2:24-cv-04979

Dear Mr. Shegerian:

The letter is intended to meet and confer with you about the County's forthcoming Motion to Dismiss and Anti-SLAPP Motion. A summary of our positions is outlined below.

**Plaintiff's Claims Are Meritless**

During his tenure as Sheriff, Plaintiff was investigated for several incidents of alleged misconduct. Contrary to his allegations, and as discussed more fully below, Plaintiff was afforded the opportunity to participate in the investigations, but declined. He now sues the County, claiming that his chosen non-involvement in the investigation, its outcome, and a story published by the Los Angeles Times about the investigation have caused him unspecified harm.

Plaintiff brings seven causes of action: (1) a Constitutional Due Process claim; (2) a First Amendment claim; (3) violations of California Government Code § 3060; (4) Defamation; (5) "Coerced Self-Defamation"; (6) Intentional Infliction of Emotional Distress; and (7) Negligent Hiring, Training, or Supervision.[1] He indiscriminately filed these claims not only against the County, but various County subdivisions, and individual County employees.

[1] As discussed below, Plaintiff's negligent hiring claim was never pursued before the Board of Supervisors, therefore Plaintiff failed to exhaust his administrative remedies. He cannot raise that claim for the first time in his Complaint.

All of Plaintiff's claims are meritless and, as explained below, none can survive a Motion to Dismiss or Anti-SLAPP Motion.

**<u>Plaintiff Lacks Standing to Pursue His Claims</u>**

To satisfy the basic requirement of standing, a plaintiff must allege "(1) injury in fact; (2) causation; and (3) likelihood that a favorable decision will redress the injury." *P.P. v. Compton Unified Sch. Dist.*, 135 F. Supp. 3d 1098, 1122 (C.D. Cal. 2015) (citation omitted). "An 'injury in fact' consists of 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* Plaintiff's Complaint does not even attempt such allegations.

At best, the Complaint contains only vague references to harm that *may* be suffered by Plaintiff. For example, he complains that he has been placed on a "Do Not Hire" list as a result of the investigation's findings. But he does not plead a single fact regarding how, or if, that designation has affected his ability to find employment with the County, or any other employer. At best, he alludes to the fact that it may harm his *future* prospects, (*see* Compl. "Introduction"), but the doctrine of standing expressly forecloses such "conjectural or hypothetical relief." *P.P.*, 135 F. Supp. 3d at 1122. Plaintiff must allege more to establish Article III standing.

**<u>The County Is The Only Proper Defendant</u>**

The Complaint names the County and 13 other County subdivisions and individual County employees as defendants. That is not proper. While the County may be a defendant, the others should be dismissed, as they are sued in their official capacity or are otherwise redundant. *See, e.g., Pierce v. San Mateo Cty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014).

**<u>Plaintiff's Constitutional Claims Fail Under *Monell*</u>**

A public entity such as the County cannot be held liable for the acts of its employees based on *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Liability can only attach where a constitutional violation was caused by an official County policy, custom or practice. *See id.*

Plaintiff does not allege a policy, custom or practice of the County that caused him harm. To the contrary, Plaintiff alleges that he was specifically targeted by the County and treated differently as a part of a smear campaign—the polar opposite of a *Monell* claim. (*See* Compl. ¶¶ 19–24.) This cannot be fixed by amending the Complaint. Such allegations cannot satisfy *Monell*. As a result, all Plaintiffs' constitutional claims must be dismissed.

**Plaintiff's Due Process Claim Fails**

Plaintiff alleges that his due process rights were violated by the County because he was not given notice and an opportunity to participate in the underlying Department investigations. (*See* Compl. ¶¶ 25–28.) This is false.

Plaintiff was notified in writing by the Department of both investigations. In fact, on June 29, 2022, Plaintiff signed acknowledgments in connection with the notice he was given. In addition, the independent investigator hired by the County reached out several times to Plaintiff about being interviewed as part of her investigations. Plaintiff initially ignored her. Then, after losing the November 2022 election, he responded and said that he would only agree to be interviewed if the Department either provided him the questions in advance or do the interview through written questions.

As Plaintiff well knows, his request was not consistent with Department policy. *See* Los Angeles Sheriff's Department, Internal Affairs Bureau Unit Order #61 ("[s]ubjects and witnesses are not entitled to pre-interview discovery"); *Pasadena Police officers Assn. v. City of Pasadena*, 51 Cal. 3d 564, 579 (1990) ("to require disclosure of crucial information about an ongoing investigation to its subject before interrogation would be contrary to sound investigative practices"). We will be submitting these communications with our moving papers and asking the Court to take judicial notice of them. Plaintiff refused to be interviewed and cannot now be heard to complain about his due process rights.

**Plaintiff's First Amendment Claim Fails**

In addition to the above deficiencies, Plaintiff's First Amendment claim fails because Plaintiff does not plead facts to show any adverse action taken against him by any defendant. Nor does he plead any facts to show he was engaging in any sort of protected conduct as a private citizen.

Plaintiff's First Amendment Claim is based on a vague theory of retaliation. (Compl. ¶¶ 30–38.) To bring such a claim, Plaintiff must plead facts to support the following five elements: "(1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Plaintiff does not plead facts to support *any* of these elements. He does not plead facts to show the type of protected activity in which he was engaged, or whether his speech was a matter of public concern. He does not plead that he was engaged in such activity as a private citizen—

which itself is fatal to his claim. *See id.* at 1071. He does not identify the nature of the adverse employment action. He does not plead facts regarding whether the state lacked an "adequate justification" for taking the unspecified adverse action. And he does not plead facts to show that he otherwise would not have been subject to that action, but for engaging in protected conduct.

**No Federal Jurisdiction Over State Law Claims**

If the Court grants the County's Motion to Dismiss on Plaintiff's federal claims, it will no longer have jurisdiction over Plaintiff's state-law claims. The County will request that the state-law claims be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 1367(c)(3); *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003).

**California Gov. Code § 3060 Does Not Apply**

Plaintiff alleges a violation of California Government Code section 3060. (*See* Compl. ¶¶ 39–42.) Section 3060 applies to grand jury investigations. *See* Cal. Gov. Code § 3060 ("An accusation in writing against any officer of a district, county, or city. . . may be presented by the grand jury of the county for, or in, which the officer accused is elected or appointed."). There is no allegation that a grand jury was convened in this case, and that never occurred. The statute simply does not apply.

**The County Is Immune From Tort Liability**

California Government Code section 815 provides that the County cannot be held liable unless its employees are found responsible. Section 820.2 is equally clear that public employees are not liable where the tort in question was the result of an exercise of that individual's discretion. *See Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1437 (1988).

All the acts complained of in Plaintiff's Complaint pertain to County employees exercising their discretion as part of their official job duties. (*See* Compl. ¶¶ 11–12, 16–24.) It follows that, if the County's employees cannot be held liable for their discretionary acts, the County itself cannot be liable.

Consequently, Plaintiff's state-law tort claims (Defamation, Intentional Infliction of Emotional Distress, and Negligent Hiring) fail for this reason, in addition to the individual reasons listed below.

**Plaintiff Cannot Show Defamation**

To succeed on his defamation claim, Plaintiff must establish, among other things, that the County made a publication containing a harmful, false statement, that was not subject to

privilege. *E.g.*, *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017). The Complaint fails to do so.

For starters, Plaintiff does not allege that the County published the allegedly defamatory statements. To the contrary, the Complaint alleges that the information was published by the Los Angeles Times. (*See* Compl. ¶ 16.) The County was not involved in and is not responsible for the actions of the Los Angeles Times; nor can it be held liable for that publication.

Second, Plaintiff does not identify what statement he believes is false and defamatory. Nor does he identify who made such a false statement, or to whom the statement was published. And he does not allege that the unspecified false statement was not protected by some form of privilege. In short, Plaintiff fails even the most basic facts to state a claim for defamation.

Third, and similarly, Plaintiff does not plead any facts to support actual malice. Plaintiff, a former elected official who was constantly in the news, is a public figure. *Reader's Dig. Assn. v. Superior Ct.*, 37 Cal. 3d 244, 253 (1984). "[P]ublic figures are generally less vulnerable to injury from defamation because of their ability to resort to effective 'self help.'" *Id.* And they are "less deserving of protection than private persons because public figures, like public officials, have 'voluntarily exposed themselves to increased risk of injury from defamatory falsehood concerning them.'" *Id.*

Consequently, public figures like Plaintiff must satisfy a higher standard for defamation, and must plead facts to show "actual malice" by the individual who made the false statement. *Id.* at 256. In other words, the declarant must have made the false statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* Plaintiff pleads no such facts. Although he includes the words "actual malice" in his Complaint (Compl. ¶ 44), his bare recitations of the legal elements of his cause of action fall well short of Rule 12(b)(6)'s pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Fourth, truth is always a defense to defamation. *See, e.g.*, *Hawran v. Hixson*, 209 Cal. App. 4th 256, 293 (2012) ("truth is a complete defense to a defamation claim"). Here, the alleged statements by the Los Angeles Times were all true: Plaintiff was the subject to two Department investigations; the Department determined that the allegations made against Plaintiff were founded; and, as a result of the investigations, Plaintiff was placed on the "do not hire" list at the County. (*See* Compl. ¶¶ 11–12, 16.) Put simply, Plaintiff does not have a defamation claim.

**<u>"Coerced Self-Defamation" Is Not An Independent Cause Of Action</u>**

Plaintiff's standalone claim for "Coerced Self-Defamation" is improper as no such cause of action exists. Defamation by self-publication is a "narrow" exception to the requirement that the defendant publish the defamatory statement. *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1285 (1991). Plaintiff's Complaint does not fit the narrow circumstances for which this exception apples. And again, truth is an absolute defense to any defamation claim.

**<u>Plaintiff Fails To Allege An IIED Claim</u>**

An IIED claim requires, among other things, a showing of "extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community)." *Berry v. Frazier*, 90 Cal. App. 5th 1258, 1273 (2023). At its core, Plaintiff's Complaint focuses on his disagreement with how the County conducted an investigation into Plaintiff's behavior. (*See* Compl. ¶¶ 17–24.) These allegations are a far cry from the type of "outrageous conduct" required to support an IIED claim. In addition, Plaintiff does not allege severe emotional distress. His conclusory allegations do not meet the "high bar" for IIED claims.

**<u>Plaintiff Fails To Allege A Negligent Hiring Claim</u>**

Plaintiff cannot plausibly allege a negligent hiring claim for several reasons.

First, Plaintiff has not exhausted his administrative remedies for this claim. The Tort Claim Plaintiff filed with the Board of Supervisors on May 15, 2024 does not list Negligent Hiring as a cause of action. Instead, it lists "Negligent Infliction of Emotional Distress" as Claim No. 6. *See* Tort Claim, p. 9. Plaintiff never pursued this claim and, consequently, never received a Board decision on this issue. Consequently, he cannot pursue this claim for the first time in court. *See, e.g.*, *Coachella Valley Mosquito & Vector Control Dist. v. California Pub. Emp. Rels. Bd.*, 35 Cal. 4th 1072, 1080 ("an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures'").

Second, like his other claims, Plaintiff's negligent hiring claim is utterly devoid of specificity. Plaintiff does not identify a single individual whom he alleges was negligently hired, supervised, or retained. On the contrary, his claim consists only of three boilerplate paragraphs that merely recite various legal elements, without any factual support. This falls well short of Rule 12(b)(6)'s pleading requirements. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

Third, Plaintiff does not identify any statute that provides liability against the County for negligent hiring, and there is none. *de Villers v. Cnty. of San Diego*, 156 Cal. App. 4th 238, 252 (2007) (Tort Claims Act requires statutory basis to sue a governmental entity, and "[w]e find no relevant case law approving a claim for direct liability based on a public entity's allegedly negligent hiring and supervision practices"); *see Gabrielle A. v. Cnty. of Orange*, 10 Cal. App.

5th 1268, 1287 (2017) ("With respect to the claims for negligent supervision, hiring, retention and discipline, plaintiffs cite no statutory basis for bringing this claim against the County, and actions against public entities must be based on a statute.").

Fourth, Plaintiff cannot establish that he was owed any sort of duty of care or was otherwise in a special relationship with the County that imposed such a duty. *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 877 (2012) ("Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability under section 815.2."). And the County cannot be held liable for an employee's acts when that employee is immune from liability. Cal. Gov. Code § 815.2.

**Plaintiff's Claims Are Subject To SLAPP**

The County will also be filing an anti-SLAPP motion. Plaintiff's claims are plainly subject to SLAPP. The allegations satisfy the Prong 1 inquiry, and Plaintiff's claims fail under Prong 2 for the reasons set forth above. *See, e.g., Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1061 (2017) (upon satisfaction of Prong 1, burden shifts to plaintiff to show that its claims are meritorious). If successful, the County will be entitled to its legal fees for having to file the motion.

* * *

Please let us know when you are available to discuss these issues. We look forward to speaking with you, and please do not hesitate to contact me with any questions.

Sincerely,

Jason H. Tokoro

JHT