**[Exempt From Filing Fee Government Code § 6103]**

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>              Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>              Defendants. | **CASE NO. 2:24-cv-04979 SVW (JC)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT**<br><br>[*Filed Concurrently with Notice of Motion; Declaration of Jason H. Tokoro; Request for Judicial Notice; and [Proposed] Order*]<br><br>Date:       September 9, 2024<br>Time:       1:30 p.m.<br>Crtrm.:     10A – First Street Courthouse<br><br>Assigned to District Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:       None Set |

680741.3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.    STATEMENT OF FACTS ...................................................................................... 2

    A.    The 2020 Report .......................................................................................... 2

    B.    The Huntsman Investigation ....................................................................... 3

    C.    The Lim Investigation ................................................................................. 3

    D.    The Panel Concludes All But One Of The Charges Against Plaintiff Were Founded ............................................................................ 4

    E.    The Los Angeles Times Article ................................................................... 5

    F.    Procedural History ...................................................................................... 5

III.    LEGAL STANDARD .............................................................................................. 5

IV.    THE DEFAMATION CLAIM SHOULD BE STRICKEN ................................... 6

    A.    Prong One: Plaintiff's Claim Arises From Protected Activity .............. 6

        1.    Protected Activity Under Section 425.16(e)(2) ........................... 7

        2.    Protected Activity Under Section 425.16(e)(3) ........................... 7

    B.    Prong Two: Plaintiff Cannot Demonstrate A Probability Of Prevailing On His Defamation Claim ....................................................... 8

        1.    The County is Immune From Plaintiff's Defamation Claim ........ 8

        2.    Plaintiff Cannot Establish Actual Malice .................................. 10

        3.    Plaintiff Cannot Show That Any Statement is Untrue .............. 10

        4.    Any Claim Based on The 2020 Report is Time-Barred ............. 11

        5.    Plaintiff Has Not Exhausted His Administrative Remedies Related to the 2020 Report ....................................................... 11

        6.    The County Did Not Publish the Los Angeles Times Article ......................................................................................... 12

        7.    All Statements Are Privileged ................................................... 12

V.    CONCLUSION ...................................................................................................... 13

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

i

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*D.A.R.E. Am. v. Rolling Stone Mag.*,
101 F. Supp. 2d 1270 (C.D. Cal. 2000).................................................................12

*Glair v. City of Los Angeles*,
2014 WL 12933137 (C.D. Cal. Feb. 19, 2014)........................................................9

*Gunn v. Drage*,
65 F.4th 1109 (9th Cir. 2023).................................................................................6

*Makaeff v. Trump Univ., LLC*,
715 F.3d 254 (9th Cir. 2013)................................................................................10

*Price v. Stossel*,
620 F.3d 992 (9th Cir. 2010)..................................................................................9

*Robinson v. Alameda County*,
875 F. Supp. 2d 1029 (N.D. Cal. 2012) ..................................................................7

**STATE CASES**

*Balla v. Hall*,
59 Cal. App. 5th 652 (2021)...................................................................................8

*Baral v. Schnitt*,
1 Cal. 5th 376 (2016) .............................................................................................6

*Barrett v. Rosenthal*,
40 Cal. 4th 33 (2006).............................................................................................9

*Bradbury v. Superior Court*,
49 Cal. App. 4th 1108 (1996)............................................................................7, 8

*Chaker v. Mateo*,
209 Cal. App. 4th 1138 (2012)...........................................................................7, 8

*Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rels. Bd.*,
35 Cal. 4th 1072 (2005).......................................................................................12

*Cochran v. Herzog Engraving Co.*,
155 Cal. App. 3d 405 (1984)..................................................................................8

*Doe v. State*,
8 Cal. App. 5th 832 (2017).....................................................................................6

ii

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

*Hawran v. Hixson,*
  209 Cal. App. 4th 256 (2012)................................................................10

*Jackson v. Mayweather,*
  10 Cal. App. 5th 1240 (2017)................................................................8

*Jeffra v. Cal. State Lottery,*
  39 Cal. App. 5th 471 (2019)..................................................................7

*Kayfetz v. State,*
  156 Cal. App. 3d 491 (1984)................................................................9

*Kemmerer v. County of Fresno,*
  200 Cal. App. 3d 1426 (1988)..............................................................9

*Kilgore v. Younger,*
  30 Cal. 3d 770 (1982).........................................................................13

*Leon v. County of Riverside,*
  14 Cal. 5th 910 (2023).........................................................................6

*Live Oak Publ'g Co. v. Cohagan,*
  234 Cal. App. 3d 1277 (1991)............................................................12

*Maranatha Corr., LLC v. Dep't of Corr. & Rehab.,*
  158 Cal. App. 4th 1075 (2008)...........................................................12

*Quigley v. Garden Valley Fire Prot. Dist.,*
  7 Cal. 5th 798 (2019)...........................................................................9

*Reader's Dig. Ass'n v. Superior Court,*
  37 Cal. 3d 244 (1984)....................................................................8, 10

*Roberts v. L.A. Cnty. Bar Ass'n,*
  105 Cal. App. 4th 604 (2003)...............................................................6

*Rothman v. Jackson,*
  49 Cal. App. 4th 1134 (1996)............................................................13

*Royer v. Steinberg,*
  90 Cal. App. 3d 490 (1979)................................................................12

*Shively v. Bozanich,*
  31 Cal. 4th 1230 (2003)......................................................................11

*ZL Techs., Inc. v. Does 1-7,*
  13 Cal. App. 5th 603 (2017)...............................................................11

**STATE STATUTES**

Cal. Civ. Code § 47(a) ..........................................................................12

Cal. Civ. Proc. Code § 340 ...................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

680741.3

iii

Cal. Civ. Proc. Code § 425.16 ...........................................................................6, 7, 8

Cal. Gov't Code § 811.2 ...............................................................................................8

Cal. Gov't Code § 815 ..............................................................................................8, 9

Cal. Gov't Code § 815.2 ...............................................................................................9

Cal. Gov't Code § 821.6 ...............................................................................................9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

680741.3

iv

## I.    INTRODUCTION

Plaintiff sued the County of Los Angeles (the "County") and 13 subdivisions and employees. His Complaint asserts a cause of action for defamation, but it is unclear what defamatory "statement" he is complaining about. Affording the Complaint its broadest reading possible, Plaintiff appears to be basing his claim on one or more of the following: (1) a 2020 report by the Office of the Inspector General (the "2020 Report"); (2) the County's investigations into alleged misconduct by Plaintiff; and/or (3) a January 2024 article run by the Los Angeles Times about one of the investigations. No matter how it is framed, Plaintiff's defamation claim must be stricken pursuant to California's anti-SLAPP statute.

Plaintiff served as Sheriff of the Los Angeles County Sheriff's Department (the "Department") from December 2018 until December 2022. Plaintiff's time in office was plagued by allegations of misconduct, harassment, retaliation, cover ups, and more. As a result, in November 2020, the Civil Oversight Commission (the "COC") requested the County Inspector General look into the allegations and provide a report on his findings. The Inspector General did so and summarized his findings in a December 14, 2020 report that was posted to the Office of Inspector General's website.

In March 2022, two County employees filed separate County Policy of Equity ("CPOE") complaints against Plaintiff, alleging he engaged in discriminatory and harassing behavior on the basis of race, sex, and national origin. The Department investigated both claims and presented the results to the County Equity Oversight Panel (the "Panel") which, on October 17, 2023, concluded that all but one of the charges against Plaintiff were founded. The Panel recommended that Plaintiff (who at that time no longer worked for the County) be placed on a "Do Not Rehire" list.

On November 2, 2023 the County received a California Public Records Act request ("CPRA Request") from the Los Angeles Times regarding the Department's investigations. (Declaration of Jason Tokoro ("Tokoro Decl.") ¶ 2.) The County

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

680741.3

1

responded to the CPRA Request as required by law and produced the investigation files on December 22, 2023 and January 23, 2024. (*Id.* ¶¶ 5–6.) On January 24, 2024, the Los Angeles Times published an article about one of the investigations. Plaintiff filed suit in June 2024.

Because Plaintiff's defamation claim is based on protected activity, the burden shifts to Plaintiff to prove the validity of his claim with admissible evidence. Plaintiff cannot do so for multiple reasons. Plaintiff failed to plead a statutory basis for tort liability against the County, and the County is statutorily immune from Plaintiff's claims. Plaintiff also failed to plead that anyone acted with "actual malice" in making the allegedly defamatory statements. Truth is an absolute bar to any defamation claim, and Plaintiff cannot prove that any statement is false. To the extent Plaintiff's claim is premised on the 2020 Report, it is time barred, the report is privileged, and it was not included in his pre-litigation tort claim. To the extent it is premised on the Los Angeles Times article, the County did not publish the article or make any of the statements therein.

The Court should strike Plaintiff's meritless defamation claim and award the County its attorney's fees under the anti-SLAPP statute.

## II.    STATEMENT OF FACTS

### A.    The 2020 Report

On November 19, 2020, the COC requested that County Inspector General Max Huntsman provide a written report documenting unlawful conduct by the Department. (RJN, Ex. A.)

Mr. Huntsman summarized his findings in a December 14, 2020 report. (*Id.* at 6.) It concluded that "[t]he Sheriff's Department has gone to great lengths to keep its conduct secret. The unlawful acts and potentially unlawful acts enumerated above show a pattern and practice of the repudiation of oversight by the Office of the Inspector General, the Civilian Oversight Commission, the Board, and the public." (*Id.* at 22.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL
MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

The report was provided to the COC and published on the Inspector General's website in December 2020.  (Tokoro Decl., ¶ 4.)

## B.      The Huntsman Investigation

On March 9, 2022, Mr. Huntsman filed a CPOE complaint alleging that Plaintiff targeted him in a "racially biased attack."  (Compl., Ex. 1 at 123.)  In response, the Department opened an investigation into four potential violations of the CPOE: (1) discrimination; (2) discriminatory harassment (non-sexual); (3) third-person harassment; and (4) retaliation.  (*Id.* at 128.)

On July 21, 2022, the County interviewed Mr. Huntsman.  (*Id.* at 80.)  Mr. Huntsman described occasions where Plaintiff publicly disparaged him by claiming that he was a Holocaust denier.  (*Id.* at 95–96.)  He further stated that Plaintiff repeatedly referred to him as "Max-Gustaf Huntsman" in an intentional attempt to support the false narrative that he was a Holocaust denier.  (*Id.* at 95–96, 104–105.)  Mr. Huntsman believed Plaintiff was engaging in "dog whistl[ing]" behavior, using such tactics to target individuals based on their race.  (*Id.* at 95–96.)

Plaintiff was afforded the opportunity to participate in the investigation but ***refused*** to be interviewed unless the questions were provided to him in advance. (*See* RJN Ex. B.)  Because that was against Department policy, the investigator declined to do so and completed the investigation without Plaintiff's interview.  (*Id.*)

## C.      The Lim Investigation

On March 8, 2022, Esther Lim, a Board of Supervisors Deputy, filed a CPOE complaint alleging that Plaintiff made disparaging remarks about her and others. (Compl., Ex. 1 at 37–42.)  Ms. Lim alleged discrimination based upon gender, ethnicity and national origin.  (*Id.* at 45–46.)  In response, the Department opened an investigation into six CPOE violations: (1) discrimination; (2) sexual harassment; (3) discriminatory harassment (non-sexual); (4) third-person harassment; (5) inappropriate conduct toward others; and (6) retaliation.  (*Id.* at 54.)

On July 28, 2022, the County interviewed Ms. Lim.  (*Id.* at 13.)  Ms. Lim

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

stated that Plaintiff repeatedly disparaged her during Facebook Live streams. (*Id.* at 17, 23.) She further described past conduct by Plaintiff, such as "misogynistic" comments about the County Board of Supervisors, a "racist sexist slur" against a Latina employee, disparagement of a black female Board member, and alleged that Plaintiff "intimidated and harassed" a female Asian employee. (*Id.* at 25–26.)

Plaintiff was afforded the opportunity to participate in the investigation but *refused* to be interviewed unless the questions were provided to him in advance. (*See* RJN Ex. B.) Because that was against Department policy, the investigator declined to do so and completed the investigation without Plaintiff's interview. (*Id.*)

### D. The Panel Concludes All But One Of The Charges Against Plaintiff Were Founded

The County submitted the evidence from both investigations to the Panel for review and determination.

For the Lim Investigation, the County submitted: the interview transcript for Ms. Lim; the CPOE notification forms; a CD containing recordings of Plaintiff making statements on Facebook Live and on the radio; the request for an internal investigation; Plaintiff's acknowledgment of the investigation; and the Manual of Policy and Procedures. (Compl., Ex. 1 at 3.)

For the Huntsman Investigation, the County submitted: its interview transcript for Mr. Huntsman; the CPOE notification forms; a CD containing recordings of Plaintiff making statements on Facebook Live and on the radio; e-mails from Plaintiff to Department employees regarding Mr. Huntsman; two articles from the Los Angeles Times where Plaintiff discussed Mr. Huntsman; the request for an internal investigation; Plaintiff's acknowledgment of the investigation; and the Manual of Policy and Procedures. (*Id.* at 70.)

The Panel convened on October 17, 2023 and, after reviewing the evidence, concluded that all but one of the charges against Plaintiff were founded. (*Id.* at 64–67, 145–48.) It determined that Ms. Lim's gender and ethnicity-based

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

discrimination, discriminatory harassment, third-person harassment, inappropriate conduct, and retaliation charges were all founded.  (*Id.* at 64–65.)  In addition, the Panel determined that Mr. Huntsman's national origin and ethnicity-based discrimination, discriminatory harassment, third-person harassment, and inappropriate conduct charges were founded.  (*Id.* at 145–46.)

As a result, the Panel recommended that Plaintiff (who, by that time, had been voted out of office) be placed on the County's "Do Not Rehire" list.  (*Id.* at 66, 147.)

### E.    The Los Angeles Times Article

On November 2, 2023 the County received the CPRA Request from the Los Angeles Times, seeking information regarding the Huntsman and Lim Investigations.  (Tokoro Decl., ¶ 2.)  As required by law, the County responded to that request and provided redacted investigation files on December 22, 2023 and January 23, 2024.  (*Id.* ¶¶ 5–6.)

On January 24, 2024, the Los Angeles Times published a story regarding the Huntsman Investigation and the Panel's recommendation that Plaintiff be placed on the "Do Not Rehire" list.  (Compl., Ex. 2.)  The County did not provide comment for the article, and the Department "confirmed to the Times that it upheld the panel's recommendation."  (*Id.*)

### F.    Procedural History

On May 15, 2024, Plaintiff filed a pre-litigation tort claim with the County and asserted six causes of action: (1) violation of the First Amendment; (2) violation of Constitutional Due Process; (3) defamation, libel, and slander; (4) violation of California Government Code section 3060; (5) IIED; and (6) NIED.  (Compl., Ex. 7.)  The tort claim did not include any mention of the 2020 Report.  (*See id.*)

On June 13, 2024, Plaintiff filed his lawsuit against the County and 13 other County subdivisions or employees.  (*See generally* Compl.)

### III.    LEGAL STANDARD

The Ninth Circuit has "repeatedly affirmed" that California's anti-SLAPP

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

680741.3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

statute applies to state-law claims in federal court. *See, e.g.*, *Gunn v. Drage*, 65 F.4th 1109, 1119 (9th Cir. 2023). The anti-SLAPP analysis has two prongs.

The defendant must make a *prima facie* showing that the claims "aris[e] from" protected activity; namely, "any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution . . . ." Cal. Civ. Proc. Code § 425.16(b)(1).

Claims subject to an anti-SLAPP motion include those arising out of "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* § 425.16(e). The moving party bears the burden of establishing this first prong of the anti-SLAPP test. *Doe v. State*, 8 Cal. App. 5th 832, 838 (2017), *disapproved of on other grounds by Leon v. County of Riverside*, 14 Cal. 5th 910 (2023).

If the moving party makes the initial showing, the burden shifts to the opposing party, who must establish a probability of prevailing on the challenged claims. *Roberts v. L.A. Cnty. Bar Ass'n*, 105 Cal. App. 4th 604, 613–14 (2003). The opposing party must provide admissible evidence; they cannot rely on the allegations in the complaint. *Id.* The second prong is similar to a motion for summary judgment. *See Baral v. Schnitt*, 1 Cal. 5th 376, 384 (2016).

## IV.    THE DEFAMATION CLAIM SHOULD BE STRICKEN

### A.    Prong One: Plaintiff's Claim Arises From Protected Activity

The 2020 Report, Huntsman and Lim investigations, and Los Angeles Times

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX (310) 552-8400

article are all protected activity.

## 1.      Protected Activity Under Section 425.16(e)(2)

Section 425.16(e)(2) protects "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(2). The 2020 Report and the Huntsman and Lim Investigations both satisfy this definition.

The 2020 Report resulted from an Inspector General investigation that was requested by the COC. This is the exact type of activity the anti-SLAPP statute is designed to protect. *See, e.g.*, *Bradbury v. Superior Court*, 49 Cal. App. 4th 1108, 1114–16 (1996), *as modified on denial of reh'g* (Oct. 31, 1996) (noting that "section 425.16 extends to public employees who issue reports and comment on issues of public interest relating to their official duties").

Likewise, the Huntsman and Lim Investigations, and the resulting actions by the Panel, were all conducted pursuant to the CPOE and County policy. They necessarily involve statements made in connection with an official proceeding. *See, e.g.*, *Jeffra v. Cal. State Lottery*, 39 Cal. App. 5th 471, 482 (2019) (holding that internal investigations conducted by government agencies into employee misconduct are "official proceeding[s] authorized by law"); *see also Robinson v. Alameda County*, 875 F. Supp. 2d 1029, 1049 (N.D. Cal. 2012) (statements made to Internal Affairs during an investigation are related to an official proceeding).

## 2.      Protected Activity Under Section 425.16(e)(3)

Section 425.16(e)(3) protects "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(3). The 2020 Report and the Los Angeles Times article both meet this definition.

The 2020 Report was published on the Inspector General's website, which is a public forum. *See, e.g.*, *Chaker v. Mateo*, 209 Cal. App. 4th 1138, 1146 (2012)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

(describing the internet as "a classic public forum"). And it almost need not be said that an investigation into police misconduct concerns a matter of public interest. *See Bradbury*, 49 Cal. App. 4th at 1114–16.

The Los Angeles Times article (and the statements therein) is also protected activity under section 425.16(e)(3). A newspaper such as the Los Angeles Times is a public forum. *See, e.g.*, *Balla v. Hall*, 59 Cal. App. 5th 652, 673 (2021) ("newspapers are public fora under anti-SLAPP" (citation omitted)). And the article was also published on the internet. *Chaker*, 209 Cal. App. 4th at 1146. It also concerned a matter of public interest—investigations into alleged misconduct by Plaintiff while he was serving as Sheriff of the County. *See Bradbury*, 49 Cal. App. 4th at 1114–16.

**B.     Prong Two: Plaintiff Cannot Demonstrate A Probability Of Prevailing On His Defamation Claim**

Because the defamation claim is based on protected activity, the burden shifts to Plaintiff to prove the validity of his claim with admissible evidence. To prevail on his defamation claim, Plaintiff must establish: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017), *as modified* (Apr. 19, 2017). And as a public figure, he must also show actual malice. *See Reader's Dig. Ass'n v. Superior Court*, 37 Cal. 3d 244, 253 (1984). Plaintiff cannot do so, and his claim must be stricken.

**1.     The County is Immune From Plaintiff's Defamation Claim**

The County is a "public entity" under California law. Cal. Gov't Code § 811.2 ("'Public entity' includes . . . a county . . . ."). In California, public entity liability is governed by the Government Claims Act, not by common law principles. *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 409 (1984); Cal. Gov't Code § 815. The Government Claims Act protects the County from all common law causes of action absent an express statutory basis upon which the County can be

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

held liable.  Cal. Gov't Code § 815(a).

Plaintiff's defamation claim is a common law tort.  *See, e.g.*, *Barrett v. Rosenthal*, 40 Cal. 4th 33, 39 (2006) (describing defamation as a common law theory); *Price v. Stossel*, 620 F.3d 992, 1003 (9th Cir. 2010) (defamation is "derived from the common law").  Thus, the County cannot be held liable for defamation as a matter of law.  *See* Cal. Gov't Code § 815.

To the extent the Plaintiff seeks to hold the County liable for the acts of its employees, the County is likewise immune.  Government Code section 815 must be read together with section 815.2.  *Glair v. City of Los Angeles*, 2014 WL 12933137, at *3 (C.D. Cal. Feb. 19, 2014).  Section 815.2(b) provides that a public entity cannot be liable "for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."  Cal. Gov't Code § 815.2(b).  "In other words, if a public <u>employee</u> whose actions form the basis of a plaintiff's complaint would be immune from liability, the public <u>entity</u> to which he belongs would also be immune."  *Glair*, 2014 WL 12933137, at *3.

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov't Code § 821.6.  Section 821.6 "is not restricted to legally trained personnel but applies to all employees of a public entity."  *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1436 (1988), *disapproved of on other grounds by Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798 (2019).

Affording the Complaint the most generous reading possible, all of Plaintiff's defamation allegations concern statements related to administrative investigations or hearing procedures that were pursued against Plaintiff.  Thus, any individuals involved with those investigations are immune under section 821.6.  *See, e.g.*, *Kayfetz v. State*, 156 Cal. App. 3d 491, 497 (1984) (holding that state and its employees were immune under section 821.6 for publication of disciplinary

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL
MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

investigation against physician).

### 2. Plaintiff Cannot Establish Actual Malice

Plaintiff, a former elected official, is a public figure. *See Reader's Dig.*, 37 Cal. 3d at 253 ("'public figures'—like public officials" are subject to heightened standard for defamation actions). He must show that the person or entity who published the allegedly defamatory statement acted with "'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 256. This is so because "public figures are generally less vulnerable to injury from defamation because of their ability to resort to effective 'self help.'" *Id.* at 253. And they are "less deserving of protection than private persons because public figures, like public officials, have 'voluntarily exposed themselves to increased risk of injury from defamatory falsehood concerning them.'" *Id.* To establish a reckless disregard, Plaintiff must show that the declarant made a statement about which they "entertained serious doubts as to the truth." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 270 (9th Cir. 2013).

Plaintiff cannot satisfy the high bar of establishing actual malice. The 2020 Report, the Huntsman and Lim Investigations, and the Los Angeles Times article are all investigations into Plaintiff's misconduct. Plaintiff cannot show that any declarant made those statements with the required knowledge of falsity, or reckless disregard for the truth. The statements in the various reports are not false. Plaintiff cannot possibly show that any declarant **knew** the statements were false or made them with reckless disregard for the truth. No one "entertained serious doubts" as to the truth of any statement—on the contrary, the 2020 Report and Huntsman and Lim Investigations were the product of diligent fact-finding.

### 3. Plaintiff Cannot Show That Any Statement is Untrue

Truth is an absolute bar to a defamation claim. *See, e.g.*, *Hawran v. Hixson*, 209 Cal. App. 4th 256, 293 (2012) ("truth is a complete defense to a defamation claim"). All of the statements in the Huntsman and Lim Investigations, and

680741.3

**10**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

resulting Los Angeles Times article, are true:  Plaintiff was the subject of two Department investigations; the Department determined that the allegations made against Plaintiff were founded; and, as a result of the investigations, Plaintiff was placed on the "Do Not Rehire" list.  (*See* Compl. ¶¶ 11–12, 16.)  The Court need look no further than the exhibits to Plaintiff's Complaint to confirm these basic facts.  (*See, e.g.*, Compl., Ex. 1 at 64–67, 145–48.)  Plaintiff cannot argue otherwise, nor can he establish how statements regarding an internal investigation are defamatory.

The 2020 Report is also true.  (*See* Compl. ¶¶ 19(f).)  It was also a product of a detailed factual investigation performed by the Inspector General.  (*See* RJN, Ex. A.)  And it includes the Inspector General's opinions about the legality of the underlying actions taken by the Department.  (*Id.*)  Plaintiff cannot premise a defamation claim based on statements of opinion.  *See, e.g.*, *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 624 (2017).

**4.     Any Claim Based on The 2020 Report is Time-Barred**

Plaintiff cannot premise his defamation claim on the 2020 Report because such a claim is time barred.  The statute of limitations for a defamation action is one year from publication.  Cal. Civ. Proc. Code § 340; *Shively v. Bozanich*, 31 Cal. 4th 1230, 1247 (2003), *as modified* (Dec. 22, 2003) (defamation cause of action accrues at the time of publication of a statement).  Plaintiff filed his Complaint on June 13, 2024—more than three years ***after*** the report was published.  (*See* RJN, Ex. A (report published in December 2020).)

**5.     Plaintiff Has Not Exhausted His Administrative Remedies Related to the 2020 Report**

Plaintiff never raised the 2020 Report in his May 15, 2024 tort claim to the County Board of Supervisors.  (*See* Compl. at Ex. 7.)  Plaintiff never received a Board decision on the issue and has not exhausted his administrative remedies.  *See, e.g.*, *Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rels. Bd.*,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

680741.3

11

35 Cal. 4th 1072, 1080 (2005) ("an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures'"). He cannot assert this claim for the first time in court.

### 6.     The County Did Not Publish the Los Angeles Times Article

Statements in the Los Angeles Times article cannot establish a defamation claim because the County did not publish those statements. (*See* Compl., Ex. 2.) The County can only be held liable upon a showing that *it* published the alleged statements. *E.g.*, *D.A.R.E. Am. v. Rolling Stone Mag.*, 101 F. Supp. 2d 1270, 1277 (C.D. Cal. 2000) (plaintiffs "cannot recover for defamation unless they show that a reasonable jury could find by clear and convincing evidence that the ***defendants*** published the defamatory statements" (cleaned up and emphasis added)). The County is not affiliated with the Los Angeles Times and is not responsible for its actions. Plaintiff's claim fails for this reason alone.[1]

### 7.     All Statements Are Privileged

Statements made "[i]n the proper discharge of an official duty" are privileged. Cal. Civ. Code § 47(a). This "absolute privilege" was established "[i]n order for government to function effectively," and enables government officials to "have the freedom to make tough policy decisions and tell the public about the reasons behind those decisions, without fear that their statements will expose them to tort liability." *Maranatha Corr., LLC v. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1075, 1079 (2008). This privilege applies to all state and local officials. *Royer v. Steinberg*, 90 Cal. App. 3d 490, 501 (1979).

---

[1] Plaintiff alleges separate claims of defamation and "coerced self-defamation." (Compl. ¶¶ 43–52.) As explained in the County's Motion to Dismiss, "coerced self-defamation" is not an independent cause of action and is otherwise not properly brought. (*See* Aug. 5, 2024 County MTD at 20 (citing *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1285 (1991); *Coachella*, 35 Cal. 4th at 1080).) But to the extent the Court considers that claim separately, it is subject to SLAPP for the same reasons as Plaintiff's defamation claim.

680741.3

**12**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE PORTIONS OF PLAINTIFF ALEX VILLANUEVA'S COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

The California Supreme Court has extended this privilege to public statements by an Attorney General regarding an official report detailing a plaintiff's involvement in criminal activity. *Kilgore v. Younger*, 30 Cal. 3d 770, 775 (1982); *see also Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1149 n.6 (1996) ("Because a public official's duty includes the duty to keep the public informed of his or her management of the public business, press releases, press conferences and other public statements by such officials are covered by the 'official duty' privilege.").

That privilege applies here. Any statements made in connection with, or related to, the 2020 Report, Huntsman Investigation, and Lim Investigation are privileged.

## V. CONCLUSION

For the reasons set forth above, the Court should strike Plaintiff's defamation claim and award the County its reasonable attorneys' fees.

DATED: August 5, 2024

Respectfully Submitted,

MILLER BARONDESS, LLP

By: _____/s/ *Jason H. Tokoro*_____
JASON H. TOKORO
Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

680741.3

13