UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2024 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

Paul M. Cruz                                            N/A

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:

N/A                                                     N/A

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30]

## I.  Introduction

Before the Court is a motion to dismiss brought by the County of Los Angeles, the County of Los Angeles Sheriff's Department, the Los Angeles Board of Supervisors, the Country Equity Oversight Panel, the Los Angeles County Office of Inspector General, Constance Komoroski, Mercedes Cruz, Roberta Yang, Laura Lecrivain, Sergio V. Escobedo, Ron Kopperud, Robert G. Luna, Max-Gustaf Huntsman, and Esther Lim (collectively, "Defendants"). ECF No. 30. Defendants seek to dismiss the complaint brought by Plaintiff Alex Villanueva. For the following reasons, the motion is GRANTED.

## II.  Factual and Procedural Background

Plaintiff Alex Villanueva was elected as sheriff of Los Angeles County in 2018. Compl. ¶ 10, ECF No. 1. In 2022, two of Plaintiff's employees filed complaints alleging Plaintiff violated the County's Policy of Equity ("CPOE"). *Id.* Ex. 1 at 37-42, 123. Specifically, the complainants alleged that Plaintiff discriminated against them. *Id.*

Initials of Preparer              PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

The first complainant was Board of Supervisors Esther Lim. On March 8, 2022, Esther Lim filed a CPOE complaint alleging that Plaintiff discriminated against her on the basis of gender, ethnicity, and national origin. *Id.* Ex 1 at 37-42, 45-46. She also alleged that Plaintiff made misogynistic comments about the County Board of Supervisors, used a racist sexist slur against a Latina employee, disparaged a Black female Board member, and intimidated and harassed a female Asian employee. *Id.* Ex 1. At 25026. In response, the Department opened an investigation into six potential CPOE violations: discrimination, sexual harassment, discriminatory harassment, third-person harassment, inappropriate conduct towards others, and retaliation. *Id.* Ex. 1 at 56. The County interviewed Ms. Lim on July 28, 2022.

The second complainant was County Inspector General Max Hunstman. *Id.* Ex. 1 at 123. On March 9, 2022, He alleged that Plaintiff targeted him in a "racially biased attack." *Id.* Huntsman also alleged that Plaintiff discriminated against the first complainant, Esther Lim. *Id.* ¶ 19(b). In response, the Los Angeles County Sheriff's Department (the "Department") opened an investigation into Plaintiff for potential violations of the CPOE. *Id.* Ex. 1 at 128. Specifically, the Department investigated Plaintiff for discrimination, discriminatory harassment, third-person harassment, and retaliation. *Id.*

On June 29, 2022, Plaintiff received two separate notices from the Captain of the Internal Affairs Bureau that he was the subject of administrative investigations. *Id.* ¶ 11. These notices did not describe the specifics of the allegations nor the identities of the complainants. *Id.* ¶ 12.

On July 21, 2022, the Los Angeles County (the "County") interviewed Mr. Huntsman, who described his allegations against Plaintiff. *Id.* Ex. 1 at 80, 95-96, 104-105. On July 28, 2022, the County interviewed Ms. Lim, who likewise described her allegations. *Id.* Ex. 1 at 13, 17, 25-26. According to Eddie Alvarez, the Chief of Professional Standards Division during this time, after these interviews, the Internal Affairs Bureau determined that no policy violation had occurred, and the complaints were put in a suspense file. *Id.* ¶ 17.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

The County's independent investigator attempted to contact Plaintiff multiple times to schedule an interview. Request for Judicial Notice ("RJN"), Ex. B.[1] Plaintiff did not respond until January 2023, when he stated that he would not participate in the interview unless he received a copy of the interview questions in advance. *Id.* At 26-27. He also requested a description of the allegations against him. *Id.* The investigator provided a description of the allegations, but not the interview questions, as she said it was against County policy to provide an interviewee with interview questions in advance. *Id.* Plaintiff ultimately refused to conduct the interview without receiving the interview questions in advance. *Id.* The County accordingly completed its investigation without interviewing Plaintiff. *Id.* ¶ 13.

On December 5, 2022, Plaintiff lost his bid for re-election as sheriff of Los Angeles County. *Id.* ¶ 13. On September 13, 2023, Plaintiff announced his candidacy for the Los Angeles County Board of Supervisors. *Id.* ¶ 15.

On September 20, 2023, the Department reopened the investigation into Plaintiff. *Id.* ¶ 18(d). The Equity Investigations Unit evaluated the complainants' interviews, the County Policy of Equity notification forms, Facebook Live and radio recordings containing statements by Plaintiff, articles from the Los Angeles Times where Plaintiff discussed Mr. Huntsman, the complainants' requests for internal investigation, and the Manual of Policy and Procedures. *Id.* Ex. 1 3, 70. The Equity Investigations Unit then forwarded their findings to the County Equity Oversight Panel (the "Panel"). *Id.* ¶ 18(c).

The Panel reviewed the evidence and concluded that all but one of the charges was founded. *Id.* Ex. 1 64-67, 145-48. As a result, the Panel recommended that Plaintiff be placed on the County's "Do Not Rehire" list (the "List"). *Id.* Ex. 1 at 66, 147. The Panel notified both complainants of the results of the investigation. *Id.* ¶ 18(d). These notifications informed Claimants that they "should be aware that Alex

---

[1] Defendants requested the Court take judicial notice of email correspondence between the County's independent investigator and Plaintiff. The Court may take judicial notice of facts that are not subject to reasonable dispute where the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, Plaintiff cites to this correspondence in its Opposition, thus implying to the Court that the accuracy of these materials is not in dispute. The Court therefore takes judicial notice of the exhibit.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

Villaneuva has the right to grieve and/or otherwise appeal this recommended determination." *Id.* ¶ 20. The Panel did not notify Plaintiff of the results of the investigation. *Id.* ¶ 18(d).

Generally, County policy dictates that Equity Investigations Unit investigations should be "immediate, thorough, objective, and complete." *Id.* ¶ 22. The County Equity Oversight Panel is required to "meet bi-monthly, or more frequently if necessary, to discuss and review [an] Equity Investigations Unit investigation." *Id.* ¶ 21. The County Equity Oversight Panel is also required to provide notice to the subject of an investigation once a complaint has been resolved. *Id.* ¶ 22.

On January 24, 2024, the Los Angeles Times published a story regarding the outcome of the County's investigation into Plaintiff. *Id.* ¶ 16. The article summarized some of the evidence from the investigation into Mr. Huntsman's allegations, as well as the Panel's recommendation to place Plaintiff on the "Do Not Rehire List." *Id.* Ex. 2. The article did not mention the investigation into Ms. Lim's allegations. *Id.* The County did not provide any comment for the article, but it did confirm to the Times that it upheld the Panel's recommendation. *Id.*

Plaintiff filed the current complaint on June 13, 2024, alleging seven different causes of action: (1) violation of Constitutional Due Process; (2) violation of the First Amendment; (3) violation of California Government Code section 3060; (4) defamation, libel, and slander; (5) coerced self-defamation; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. *Id.* at 1, ECF No. 1. Defendants moved to dismiss. ECF No. 23.

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**IV. Discussion**

**A. Standing**

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). "When assessing a party's standing at the pleading stage, we accept all facts alleged in the complaint as true." *Id.* at 408 (citing *Vaughn v. Bay Env't Mgmt. Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)).

Standing requires three elements: an "injury in fact," a causal connection between the injury and the defendant's conduct, and the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

An injury in fact must be concrete and particularized, . . . actual or imminent, [and] not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 102. To be concrete and particularized, the injury must be real and must affect the plaintiff in a personal way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). An injury in fact is not limited to physical or monetary harms. "[V]arious intangible harms including . . . reputational

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

harm" suffice as an injury in fact. *TransUnion LLC v. Ramirez*, 549 U.S. 413, 417 (2021). The second element, that there be a causal connection between the injury and the defendant's conduct, requires that the plaintiff "demonstrate[e] that her injury-in-fact is . . . fairly traceable to the challenged action." *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 767 (9th Cir. 2018).

Here, Plaintiff fails to sufficiently allege an injury in fact. Yes, Plaintiff certainly alleges that "defendants have smeared Plaintiff's career and blocked him from ever being rehired by the County of Los Angeles." Compl. ¶ 23. But Plaintiffs fail to explain how being "blocked from ever being rehired by the County" causes Plaintiff to suffer an injury. Being put on the Do Not Rehire list did not deprive Plaintiff of his employment—he had already left the County by the time he was put on the list. Nor is there evidence that his place on the Do Not Rehire list has interfered with his future employment. Plaintiff does not allege that he has attempted to obtain employment with the County or that he even desires to seek future employment with the County. Nor does he allege that he sought, or intends to seek, any non-County job for which he was denied consideration due to his inclusion on the Do Not Rehire list. In sum, Plaintiff fails to allege any facts showing how his life is at all affected by his inclusion on the Do Not Rehire list.

To be sure, Plaintiff alleges that his placement on the Do Not Rehire list "severely affects, limits, and otherwise precludes Villanueva's employment opportunities in the County government, as well as directly and indirectly detrimentally affecting Villanueva's employment prospects across the board." *Id.* at 1. Plaintiff also alleges that the County's actions have caused Plaintiff "to suffer humiliation, emotional distress, and mental and physical pain and anguish." *See e.g.*, Compl. ¶ 37. But these are "by mere conclusory statements" that are not supported by "well-pleaded factual allegations." *See Ashcroft v. Iqubal*, 556 U.S. 662, 679 (2009).

Plaintiff's lack of standing is sufficient reason for the Court to dismiss his claims. The Court, however, will continue its analysis to highlight deficiencies in the remainder of Plaintiff's federal claims.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

### B. Procedural Due Process

Even if Plaintiff remedies his complaint such as to assert standing, he still fails to state a claim for a violation of his procedural due process rights.

The Fourteenth Amendment provides states that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. "To obtain relief on § 1983 claims based on procedural due process, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; [and] (3) lack of process.'" *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (quoting *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

#### 1. A liberty or property interest protected by the Constitution

As explained below, the Court finds that Defendants putting Plaintiff on its "Do Not Rehire" list deprived Plaintiff of neither a liberty interest nor a property interest.

##### a. Liberty interest

The liberty interest "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, to establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized as essential to the orderly pursuit of happiness by free men." *The Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972) (quotations omitted). "[T]here can be no doubt that the meaning of 'liberty' must be broad." *Id.*

"The liberty protected by the due process clause of the fifth and fourteenth amendments encompasses an individual's freedom to work and earn a living." *Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981). Accordingly, there "might be cases in which a State refus[ing] to re-employ a person under such circumstances that interests in liberty would be implicated."

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

*Roth*, 408 U.S. at 573. For example, if, "in declining to rehire" an employee, the employer made a "charge against him that might seriously damage his standing and associations in his community." *Id.* For example, when the nonrenewal of a contract is based on a "charge . . . that [the employee] had been guilty of dishonesty, or immorality." *Id.* "In such a case, due process would accord opportunity to refute the charge before [the employer]." *Id.*

But importantly, there is no deprivation of a liberty interest if "in declining to re-employ the [employee], [the employer did not] impose on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *Id.* For example, in *Roth*, the Court found no liberty interest when the employee "simply [was] not rehired in one job but remain[ed] as free as before to seek another." *Id.*

The Ninth Circuit tackled this question directly in *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Servs.*, noting "that the liberty interests protected by the Fourteenth Amendment are implicated only when the government's stigmatizing statements effectively exclude the employee completely from her chosen profession. Stigmatizing statements that merely cause 'reduced economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession' do not constitute a deprivation of liberty." 727 F.3d 917, 925 (9th Cir. 2013) (quoting *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366 (9th Cir. 1976)). Indeed, "**people do not have liberty interests in a specific employer, or in a civil career generally**." *Id.* (emphasis added) "Thus, stigmatizing statements do not deprive a worker of liberty unless they effectively bar her from *all* employment in her field." *Id.* (emphasis added).

For example, in *Blantz*, the court held that the state did not deprive the plaintiff, a nurse, of a liberty interest when it prevented her from obtaining employment with the California Department of Corrections and Rehabilitation. *Id.* at 926. The court found that the plaintiff "allegedly has been barred from employment with one division of the state government; but she is free to seek other nursing positions within the state." *Id.* Accordingly, the court held that "she has not alleged an unconstitutional deprivation of liberty," as the plaintiff's "interest is in her profession as a nurse, not her placement with a particular employer." *Id.*

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

This case presents the same situation as *Blantz*. Plaintiff alleges that he was put on the County's Do Not Rehire list, but he does not allege that placement on that list has prevented him from obtaining employment from any other division of the state. Yes, Plaintiff alleges that inclusion on the Do Not Rehire list "severely affects, limits, and otherwise precludes Villanueva's employment opportunities in the County government, as well as directly and indirectly detrimentally affecting Villanueva's employment prospects across the board." Compl. at 1. And similarly, Plaintiff's opposition asserts that placement on the List precludes him from employment "within the public service industry at large due to the heavy negative stigma he carries." Opposition at 13. But Plaintiff fails to back up these conclusory statements with any factual allegations. Indeed, his complaint includes no allegations that any government employer refused to hire him after he was placed on the Do Not Rehire list. In fact, Plaintiff does not even allege that he desires to seek future employment from a government employer.

In sum, the picture painted by the factual allegations in Plaintiff's complaint, rather than the arguments in his Opposition, is that Plaintiff "allegedly has been barred from employment with one division of the state government, but [he] is free to seek other [law enforcement] positions within the state." *See Blantz*, 727 F.3d at 926. Plaintiff's liberty "interest is in [his] profession as a [law enforcement officer and politician], not [his] placement with [the County]." *See id.* Accordingly, the Court finds that Defendants did not deprive Plaintiff of a liberty interest.

**b. Property Interest**

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of *entitlement* to it." *Roth*, 408 U.S. at 577 (emphasis added). Simply not being rehired, without a state statute or policy that secures an interest in reemployment, does not constitute a deprivation of a property interest. *See id.*

For example, in *Roth*, the court considered the case of an assistant professor at a state university whose employment was not renewed at the end of the first academic year and was given no opportunity

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

to challenge the decision at a hearing. *Id.* at 568. The Court held that the professor did not have a protected property interest in his continued employment because his employment contract was for a fixed one-year term, and state law provided that a state university teacher could acquire tenure only after four years of year-to-year employment." *Id.* at 566, 576-78.

This case presents an even lesser property interest than the interest the Court rejected in *Roth*. Here, Plaintiff was put on the Do Not Rehire list almost a full year after his employment with the County ended. If a professor at the end of a fixed one-year term does not have a property interest in his future employment with the state, Plaintiff, who was not even employed with the County at the time it denied him future employment, certainly does not have a property interest either. *See id.* at 576-78.

This makes sense when one considers the general rule regarding property interests. A property interest requires a "legitimate claim of entitlement." *Id.* at 577. And there is certainly no "legitimate claim of entitlement" to employment from an employer who one does not currently work for. *See id.* The Court therefore finds that Defendants did not deprive Plaintiff of a property interest.

2. **Lack of Process**

Even if the Court did find a deprivation of a liberty or property interest, Plaintiff would still need to show that the procedures Defendants employed when placing Plaintiff on the Do Not Rehire list deprived Plaintiff of due process. The "general rule" is "that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993).

Here, Plaintiff received exactly that: notice and an opportunity to be heard. On June 29, 2022, Plaintiff received two separate notices from the Captain of the Internal Affairs Bureau that he was the subject of administrative investigations. Compl. ¶ 11. In early 2023, the County's independent investigator provided Plaintiff with a description of the allegations against him. Request for Judicial Notice, Ex. B at 26-27.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

Defendants also provided Plaintiff with an opportunity to be heard. The County's independent investigator tried multiple times to schedule an interview with Plaintiff. *Id.* Plaintiff, however, refused to interview with the investigator unless he received the interview questions in advance, which was against County policy. *Id.*

Plaintiff's due process claims therefore fail for yet another reason: Plaintiff failed to sufficiently allege that the County deprived Plaintiff of due process.

### C. First Amendment

Plaintiff brings a direct First Amendment claim against Defendants. As a threshold matter, with respect to the defendants who are government entities, this is improper. When suing a government entity, "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Plaintiff admits this error in his opposition and seeks leave to amend. Opposition at 5, ECF No. 37.

"To recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in a constitutionally protected activity; (2) as a result, he was subject to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

Plaintiff's theory of his retaliation claim begins in 2021, when he filed two complaints against Esther Lim, the first complainant in this case, for alleged ethical violations in her role as Justice Deputy. *See* Compl. ¶ 19(c). Plaintiff contends that in retaliation for these complaints, Esther Lim filed her complaint against Plaintiff in 2022. *Id.* This complaint, of course, eventually led to Defendants placing Plaintiff on its Do Not Rehire list.

The problem with Plaintiff's allegations, however, is that they fail to establish "a substantial causal

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

relationship between the constitutionally protected activity and the adverse action." *See Blair*, 608 F.3d at 543. Here, the constitutionally protected activity is Plaintiff submitting complaints against Esther Lim. The adverse action is Defendants placing Plaintiff on the Do Not Rehire list. To sufficiently plead a retaliation claim, Plaintiff must allege facts that show a "substantial causal relationship" between those two events. *See id.*

Plaintiff's allegations sufficiently contend that Esther Lim filed her complaint against Plaintiff in retaliation for his complaints against her. But the adverse action in this case is not that Esther Lim filed complaints. Rather, it is that Defendants put Plaintiff on the Do Not Rehire list. That decision was made by the County Equity Oversight Panel, not Esther Lim. Plaintiff does not allege that the Panel knew about Plaintiff's complaints against Esther Lim, or that they considered those complaints when placing him on the List. Quite the contrary, there is an "obvious alternative explanation" for the Panel's decision: they placed Plaintiff on the Do Not Rehire list not because they wanted to retaliate against him, but because they investigated the allegations of misconduct against Plaintiff (many of which were made by a complainant other than Esther Lim—Max Huntsman) and found them to be credible. *See Twombly*, 500 U.S. at 568.

Accordingly, the Court finds that Plaintiff fails to state a First Amendment claim.

### D. State Law Claims

As explained above, even ignoring Plaintiff's standing deficiencies, he still fails to sufficiently allege violations of procedural due process or his First Amendment rights. Accordingly, even assuming Plaintiff had standing, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims, as Plaintiff would no longer have federal claims before the Court. *See* 28 U.S.C. § 1367(c)(3).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

### V.   Conclusion

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiff's claims are dismissed WITHOUT PREJUDICE. Plaintiff is granted 14 days to amend his complaint. If that amended complaint fails to correct the deficiencies identified in this order, the claim will be dismissed with prejudice.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |