LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**DEFENDANTS**<br><br>**(1)  ANSWER TO FIRST AMENDED COMPLAINT;**<br><br>**(2)  AFFIRMATIVE DEFENSES; AND**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Assigned to the Hon. Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian |

*MILLER BARONDESS, LLP*
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## ANSWER

Defendants COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, and ESTHER LIM ("Defendants") hereby answer the First Amended Complaint ("FAC") filed by Plaintiff Alex Villanueva ("Plaintiff"), as follows:

## INTRODUCTION

Plaintiff's FAC contains a six-page introduction without any numbered paragraphs, and which includes legal conclusions.  This section is not incorporated into Plaintiff's Factual Allegations and is improper.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1176, 1179 (9th Cir.1996); *Williams v. L.A. Cnty. Dep't of Public Soc. Servs.*, No. CV 14-7625 JVS (JC), 2015 WL 5604584, at *5.  For all of these reasons, no response to the statements contained in the Introduction is required.  To the extent that Plaintiff believes that his Introduction is part of his allegations, Defendants deny each and every allegation listed therein.

## JURISDICTION AND VENUE

1.    Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2.    Paragraph 2 contains legal conclusions to which no response is required.  Furthermore, Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 2.  For these reasons, to the extent a response is required, Defendants deny the allegations in Paragraph 2.

## PARTIES

3.    Defendants lack sufficient information to form a belief as to the truth of

the allegations in Paragraph 3 and, on that basis, deny the allegations.

4.    Defendants admit the allegations in Paragraph 4.

5.    Paragraph 5 contains legal conclusions to which no response is required.  Furthermore, Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 5.  For these reasons, to the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.    Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.    Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

8.    Defendants admit that Plaintiff joined the Los Angeles County Sheriff's Department in 1986 and, during his tenure, he worked in the Inmate Reception Center and held the titles of deputy sheriff, sergeant, and lieutenant.  Defendants deny the remaining allegations in Paragraph 8.

9.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, deny the allegations.

10.    Defendants admit that Plaintiff was elected Sheriff of the County of Los Angeles in 2018.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, deny the allegations.

11.    Paragraph 11 contains legal conclusions to which no response is required.  Defendants deny Plaintiff's mischaracterizations of Ballot Measures A, R, and J as described in Paragraph 11.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 11 and, on that basis, deny the allegations.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

3

12.     Defendants deny Plaintiff's mischaracterizations of vaccine mandates as described in Paragraph 12.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 12 and, on that basis, deny the allegations.

13.     Defendants deny Plaintiff's mischaracterizations related to Fulgent and any contract it received as alleged in Paragraph 13.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, on that basis, deny the allegations.

14.     Defendants deny the allegations in Paragraph 14.

15.     Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, deny the allegations.

16.     Defendants deny Plaintiff's mischaracterization of the article written by the Los Angeles Times about Plaintiff's misconduct, as described in Paragraph 16. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16 and, on that basis, deny the allegations.

17.     Defendants deny that the IAB investigations into Plaintiff's misconduct "determined that no policy violation occurred," as alleged in Paragraph 17. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 and, on that basis, deny the allegations.

18.     Defendants admit that Plaintiff requested copies of the investigation files into the complaints made against him that are the subject of the FAC. Defendants deny Plaintiff's characterization that the files were "heavily redacted." Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 18 and, on that basis, deny the allegations.

a.     Defendants deny the allegations in Paragraph 18(a) to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.

b.     Defendants deny the allegations in Paragraph 18(b).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

c.     Defendants deny the allegations in Paragraph 18(a) to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.

d.     Defendants admit that, on or around October 23, 2023, complainants Esther Lim and Max Huntsman received notification of the CEOP's findings regarding Plaintiff's misconduct.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 18(a) and, on that basis, deny the allegations.

19.    Paragraph 19 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19 to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.  Defendants further deny Plaintiff's allegations that Max Huntsman made any statements "falsely," or "has publicly retained the use" of the name Max-Gustaf Huntsman in any form as alleged in Paragraph 19.

a.     Defendants deny the allegations in Paragraph 19(a) to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 19(a).

b.     Defendants deny the allegations in Paragraph 19(b) to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 19(b).

c.     Defendants deny the allegations in Paragraph 19(c) to the extent they are inconsistent with the IAB's investigative report, which speaks for itself.  Defendants deny the remaining allegations in Paragraph 19(c).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of the First Amendment)

20.     Defendants hereby incorporate by reference Paragraphs 1 through 19 as if fully set forth herein.

21.     Paragraph 21 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24.     Paragraph 24 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.     Paragraph 25 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26.     Paragraph 26 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.     Paragraph 27 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

29.     Defendants deny that Plaintiff has suffered any injury resulting in any damages.  Defendants deny the remainder of the allegations in Paragraph 29.

30.     Paragraph 30 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 30.

## SECOND CAUSE OF ACTION

### (Defamation, Libel, and Slander)

31.     Defendants hereby incorporate by reference Paragraphs 1 through 30 as if fully set forth herein.

32.     Paragraph 32 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32.

33.     Defendants deny that Plaintiff has suffered any injury, including any monetary injury or loss of benefits.  Defendants deny the remainder of the allegations in Paragraph 33.

34.     Paragraph 34 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 34.

35.     Paragraph 35 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

## THIRD CAUSE OF ACTION

### (Defamation-Coerced Self-Publication)

36.     Defendants hereby incorporate by reference Paragraphs 1 through 35 as if fully set forth herein.

37.     Paragraph 37 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 37.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

38.    Defendants deny that Plaintiff has suffered any injury, including any monetary injury or loss of benefits.  Defendants deny the remainder of the allegations in Paragraph 38.

39.    Paragraph 39 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.    Paragraph 40 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

41.    Defendants hereby incorporate by reference Paragraphs 1 through 40 as if fully set forth herein.

42.    Paragraph 42 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.    Paragraph 43 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 43.

44.    Paragraph 44 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.    Paragraph 45 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 45.

## FIFTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

46.    Defendants hereby incorporate by reference Paragraphs 1 through 45 as

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

if fully set forth herein.

47.   Paragraph 47 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.   Paragraph 48 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49.   Paragraph 49 contains legal conclusions or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49.

50.   To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief sought in his unnumbered Paragraph titled "Prayer for Relief" and beginning with "WHEREFORE."

51.   To the extent a response is required, Defendants deny that Plaintiff has properly exhausted some or all of his claims, as stated in his unnumbered Paragraph titled "Pre-Filing Exhaustion of Tort Claim Requirements" and beginning with "Plaintiff, Alex Villanueva."

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses based upon information presently available and reserve the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (*Failure to State a Claim*)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## SECOND AFFIRMATIVE DEFENSE

### (*Sovereign Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

### (*Discretionary Act Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to discretionary act immunity under California Government Code section 820.2.

## FOURTH AFFIRMATIVE DEFENSE

### (*No Vicarious Liability*)

The Complaint, in whole or in part, fails because Defendants are not vicariously liable under California Government Code section 815.2.

## FIFTH AFFIRMATIVE DEFENSE

### (*Immunity for Administrative Proceedings*)

The Complaint, in whole or in part, fails because Defendants are not liable for instituting or prosecuting any administrative proceedings under California Government Code section 821.6.

## SIXTH AFFIRMATIVE DEFENSE

### (*Immunity for Statements by Public Employees*)

The Complaint, in whole or in part, fails because Defendants are not liable for any harm resulting from alleged misrepresentations made in the scope of public employment under California Government Code section 822.2.

## SEVENTH AFFIRMATIVE DEFENSE

### (*No Violation Of A Legal Duty*)

The Complaint is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Good Faith*)

The Complaint, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable orders, rulings, regulations, and/or interpretations.

## NINTH AFFIRMATIVE DEFENSE

### (*Waiver*)

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (*Laches*)

The Complaint is barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Impossibility by Operation of Law*)

The Complaint is barred, in whole or in part, by the doctrine of impossibility of performance by operation of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Statutes of Limitations*)

The Complaint is barred, in whole or in part, by applicable statutes of limitation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*No Standing*)

The Complaint is barred because Plaintiff lacks standing.

/ / /

/ / /

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*Mootness*)

The Complaint is barred, in whole or in part, because some or all of the allegations or claims in the Complaint are moot.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Unjust Enrichment*)

Any recovery by Plaintiff on the Complaint against Defendants would be unfair and would constitute unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Acquiescence*)

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*Conduct Not Wrongful*)

The Complaint is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (*After-Acquired Evidence*)

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

///

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*No Causation*)

The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (*No Damages*)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*Avoidable Consequences*)

The Complaint is barred, in whole or in part, by the doctrine of avoidable consequences.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*Absence of Malice*)

Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or malice.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*No Deprivation of Constitutional Rights*)

Defendants were not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (*Qualified Immunity*)

Defendants are entitled to qualified immunity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (*Privilege*)

The Complaint, in whole or in part, fails because Defendants' conduct is

1   privileged under California Civil Code sections 47(a)–(e).

2   ## RESERVATION OF ADDITIONAL DEFENSES

3   Defendants reserve their right to add, delete, or modify any and all defenses

4   which may pertain to the Complaint that are now or may become available in this

5   action through clarification or amendment of the Complaint, through discovery,

6   through further legal analysis of Plaintiff's or Defendants' claims and positions in

7   this litigation, or otherwise.

8   ## PRAYER FOR RELIEF

9   **WHEREFORE**, Defendants pray that judgment be entered as follows:

10  A.    Plaintiff takes nothing by reason of his Complaint;

11  B.    The Complaint be dismissed with prejudice;

12  C.    Defendants recover their costs of suit, including attorneys' fees; and

13  D.    Defendants be awarded such other and further relief as the Court deems

14  just and proper.

15

16

17  DATED:  December 10, 2024          Respectfully Submitted,

18                                     MILLER BARONDESS, LLP

19

20

21                              By:  /s/ *Jason H. Tokoro*
                                     _____
22                                   JASON H. TOKORO
                                     Attorneys for Defendants

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400