UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| L. Krivitsky for Kerri Hays | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON DISCOVERY MOTIONS; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF LOS ANGELES'S MOTION TO COMPEL PLAINTIFF'S MEDICAL RECORDS (DOCKET NOS. 72, 80); (3) GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING APEX DEPOSITIONS (DOCKET NOS. 74, 79); AND (4) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES (DOCKET NOS. 76. 78)**

Pending before the Court and addressed herein are three discovery motions which are set for hearing before this Court on April 15, 2025, namely: (1) Defendant County of Los Angeles' Motion to Compel Plaintiff's Medical Records ("First Motion"), which essentially seeks an order compelling Plaintiff to obtain and produce to the County of Los Angeles ("County") Plaintiff's medical records from Drs. Daniel Kharrazi, M.D., Lubomira Scherschun, M.D., and Mary Wahbah, M.D. ("Plaintiff's Doctors") or to provide the County with a written consent to obtain Plaintiff's medical records from Plaintiff's Doctors; (2) Defendants' Motion for Protective Order Regarding Apex Depositions ("Second Motion"), which essentially seeks an order barring Plaintiff from deposing Sheriff Robert Luna, and County Board of Supervisors Hilda Solis and Janice Hahn; and (3) Defendants' Motion to Compel Plaintiff's Discovery Responses ("Third Motion"), which essentially seeks an order compelling Plaintiff to respond to certain deposition questions and to produce certain documents assertedly responsive to the County's Request for Production Nos. 1, 15, 20, 21, 23, 32-34, and 36 (collectively, "Motions").

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motions appropriate for decision without oral argument. The hearing calendared for April 15, 2025 is hereby vacated and the matters are taken off calendar and submitted for decision.

Based upon the Court's consideration of the parties' submissions in connection with the Motions and the pertinent facts and law, the Court rules as set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

**The First Motion**

    The Court grants in part and to denies in part the First Motion. The Court grants the First Motion only as to Dr. WahBah's records and any medical records that Plaintiff provided to his own expert(s) that have not already been produced and otherwise denies the First Motion. More specifically: Plaintiff shall (1) obtain from Dr. WahBah and produce to the County by not later than April 17, 2025, Plaintiff's medical records reflecting complaints, symptoms, examinations, findings, diagnosis and treatment for the period of January 2022 to the present; and (2) produce to the County forthwith any other medical records Plaintiff has produced to his own expert(s) that have not already been produced.

    Plaintiff apparently has not sought any mental health treatment at any time from January 2022 to the present, but began seeing Plaintiff's Doctors – for orthopedic treatment (Dr. Kharrazi), high blood pressure (Dr. WahBah), and dermatology needs (Dr. Scherschun) – in January 2022. (Docket No. 72-1 at 313-14 [Response to Interrogatory No. 6]; Docket No. 72-2 at 2, ¶ 3 [DiBona Declaration]; Docket No. 72-2 at 48-49 [Response to Interrogatory No. 6]). The Court declines to require Plaintiff to obtain and produce medical records from his orthopedist and dermatologist because it is not persuaded that such records are likely to be relevant or proportional to the needs of the case considering the Rule 26(b)(1) factors, and finds that Plaintiff's right to privacy in such records outweighs the County's need therefor. However, blood pressure issues can be stress-related and an internist is likely to have comprehensive records potentially reflecting factors that could have caused Plaintiff emotional distress or the fact that he was not suffering emotional distress, and the Court views medical records from Plaintiff's internist for the period of January 2022 to the present[1] to be relevant and proportional to the needs of the case considering the factors set out in Fed. R. Civ. P. 26(b)(1), particularly given the breadth/severity of Plaintiff's allegations regarding the emotional/physical injuries he has assertedly suffered as a result of Defendants' alleged conduct, and his assertion that he is entitled to approximately $25 million in damages for the same.[2] The Court also finds that Plaintiff's right to privacy in the records ordered produced is outweighed by the County's need for them to defend this action, that Plaintiff's privacy concerns can be adequately addressed through the existing Protective Order, and that Plaintiff's other objections, to the extent directed to the documents ordered produced herein, are without merit.

---

    [1]The allegations in the First Amended Complaint appear to be predicated on Defendants' alleged conduct beginning in the Fall of 2023 but some of that conduct relates to events going back to at least 2021 (see, e.g., FAC, Exs. 1, 5).

    [2]Plaintiff seeks economic damages of past and future loss emotional distress of at least $25 million, and has asserted that Defendants' actions caused him to suffer 'humiliation," "severe emotional distress," "mental and physical pain and anguish," "emotional reactions," "shock, disbelief, embarrassment, distress, hurt, dejection, depression, stress, diminished confidence, anxiety, anger, fear, isolation, insomnia, fatigue, rejection, bleakness, lack of joy, grief, emotional blocking, disappointment, sadness, despair, isolation, numbness, and insomnia." (FAC ¶¶ 28, 34, 44, 45, 49; Docket No. 72-1 at 312-13 [Response to Interrogatory No. 5]).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

**Second Motion**

The Court grants the Second Motion and issues a protective order prohibiting Plaintiff from deposing Sheriff Robert Luna, and County Board of Supervisors Hilda Solis and Janice Hahn. First, Plaintiff is not entitled to take the three depositions in issue because doing so would result in Plaintiff exceeding the ten deposition limit without a stipulation or court order authorizing him to do so.[3] Second, the Court finds: (1) the three witnesses in issue qualify for treatment as "apex" witnesses; (2) there are no extraordinary circumstances that warrant the taking of their depositions; and (3) such witnesses do not appear to have unique first-hand, non-repetitive knowledge of the facts at issue in the case that has not been or could not be obtained through less intrusive discovery methods.[4]

///
///
///
///
///
///
///
///

---

[3] Pursuant to Fed. R. Civ. P. 30, absent a stipulation or leave of court, no party may take more than ten depositions in an action. Here, the parties have not so stipulated and Plaintiff did not seek leave of court to take more than ten depositions. Nor is the Court persuaded that it would be consistent with Fed. R. Civ. P. 26(b)(1) and (2) to grant such leave at this juncture.

[4] Discovery seeking the deposition of high-level executives or government officials (so-called "apex" depositions) creates "a tremendous potential for abuse or harassment" that may require the court's intervention for the witness's protection under Fed. R. Civ. P. 26(c). Apple Inc. v. Samsung Elecs. Co., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks omitted). Heads of government agencies in particular "are not normally subject to deposition" absent extraordinary circumstances. Green v. Baca, 226 F.R.D. 624, 648 (C.D. Cal. 2005) (quoting Kyle Eng. Co. v. Kleppe, 600 F.2d 226, 231-32 (9th Cir. 1979), and collecting cases), clarified, 2005 WL 283361 (C.D. Cal. 2005). The apex doctrine does not, however, protect high-ranking officials from deposition in all circumstances. "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Apple Inc., 282 F.R.D. at 263 (internal quotation marks omitted). The party seeking to block an apex deposition bears the burden of showing why the deposition should not be allowed. See, e.g., Finisar Corp. v. Nistica, Inc., 2015 WL 3988132, at *2 (N.D. Cal. June 30, 2015) ("Even when the apex doctrine is at issue, however, the burden remains on the party seeking to avoid the deposition.") (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

**Third Motion**

The Court grants in part and denies in part the Third Motion.[5] To the extent the Court directs Plaintiff to answer deposition questions or to produce documents he must do so by not later than April 24, 2025.

First, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer Defendant's deposition question regarding the identity of those present at the referenced "second meeting" with counsel and to overrule Plaintiff's attorney-client privilege/work product objections thereto.[6]

---

[5]The Court's orders are limited to the specific deposition questions and discovery requests referenced in the joint stipulation corresponding to the Third Motion (Docket No. 77).

[6]Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rules of Evidence 501). Where, as in this case, federal question and pendent state law claims are present, federal law on privilege, not state law, applies. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.), cert. denied, 546 U.S. 958 (2005). The identity of persons who are present at attorney-client meetings or who are parties to attorney-client communications is not privileged or protected as work product and instead is subject to disclosure and indeed, standard fare for inclusion in a privilege log, so that an assessment can be made as to whether in fact the communications are privileged or were made in the presence of a third party such that the privilege did not attach. See United States v. Gann, 732 F.2d 714, 723 (9th Cir. 1984) (rejecting assertion of attorney-client privilege as to communications with attorney where party knew or should have known that third party was present); New Jersey v. Sprint Corp., 258 F.R.D. 421, 444 (D. Kan. 2009) ("[T]he subject matter of meetings with an attorney, the persons present, the location of the meetings, or the persons arranging the meetings are [] not protected by the privilege."); United States ex rel. Baker v. Community Health Systems, Inc., 2012 WL 12918280, at *2 (D. N.M. Feb. 17, 2012) (same); Coorstek, Inc. v. Reiber, 2010 WL 1332845, at *4 & *7 (D. Colo. Apr. 5, 2010) (same and discussing when presence of or disclosure of communication to third party does/does not effect a waiver of privilege); Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("[A] claim of confidentiality [in connection with the assertion of the attorney-client privilege] may be defeated where the client knowingly makes the communication in the presence of a third party."); In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (approving use of privilege log that identified attorney and client involved, the nature of document, all persons/entitites shown on document to have received or sent it, all persons/entities known to have been furnished document or informed of its substance, and date document was generated, prepared, or dated). The sole case upon which Plaintiff relies – Coito v. Superior Court, 54 Cal. 4th 480, 485-86 (2012) – is a state case interpreting California state law which is not applicable and is distinguishable for the reasons explained by the County (see Docket No. 78 at 2-3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

Second, the Court denies the Third Motion to the extent it seeks an order compelling Plaintiff to Answer Defendant's deposition question regarding the documents/videos reviewed during a meeting with counsel and to sustain Plaintiff's attorney-client privilege/work product objection thereto.[7]

Third, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer Defendant's deposition questions as to whether he knows if Plaintiff's written responses to the County's document requests are accurate or not and whether he has any knowledge whether Plaintiff's written responses to the County's document requests are accurate and to overrule Plaintiff's attorney-client privilege/work product objections thereto.[8]

Fourth, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer Defendant's deposition questions as to whether specified allegations in his First Amended Complaint regarding ballot measures, Fulgent, and COVID vaccine mandates were or were not included in his tort claim/tort claim letter and whether specified ballot measures, Fulgent or vaccine mandates were referenced in the government claim filed with the County and to overrule Plaintiff's attorney-client privilege, work product and calls for a legal conclusion objections thereto.[9]

---

[7]Although the Court agrees with Defendants that Plaintiff could properly be asked and compelled to identify the documents/videos he reviewed in preparation for his deposition (see, e.g., Fed. R. Evid. 612), that is distinct from asking Plaintiff to disclose what he reviewed with counsel or during a meeting with counsel or even at the request of counsel, the latter of which the Court views to be privileged/the subject of work product protection. To be clearer, a question that simply calls for Plaintiff to identify the documents/videos he reviewed in preparation for his deposition is not properly subject to an attorney-client privilege or work product objection or instruction not to answer merely because Plaintiff conducted such a review on the instruction of, or in the presence of his counsel.

[8]These questions call for a simple response (*e.g.*, yes, no, I don't know, etc.) and appear to this Court to be fair questions that do not implicate the attorney-client privilege or work product.

[9]Plaintiff's objection that the questions in issue called for a legal conclusion is not a basis upon which to instruct Plaintiff not to answer such deposition questions. While Plaintiff's reason(s) for allegedly including references to ballot measures, Fulgent, or vaccine mandates in his First Amended Complaint and not including them in his government claim may or may not implicate the attorney-client privilege/work product, the fact that they are referenced in the First Amended Complaint and are not referenced in Plaintiff's government claim (if true), is something that should be apparent from the face of the public documents in issue and accordingly is not subject to the attorney-client privilege or work product. To the extent Plaintiff now argues that the information called for is irrelevant because there is no legal requirement that Plaintiff exhaust administrative remedies, the Court overrules such objection both because it was not asserted at the deposition and because, as the County argues, the requested information is at least arguably relevant to the veracity of Plaintiff's current allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04979-SVW-JC | Date | April 10, 2025 |
|---|---|---|---|
| Title | Alex Villanueva v. County of Los Angeles, et al. | | |

Fifth, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer Defendant's deposition question as to whether, when he filed the instant lawsuit, it had anything to do with the ballot measures, the Fulgent contract, or vaccine mandates and to overrule Plaintiff's attorney-client privilege, work product and calls for a legal conclusion objections thereto.[10]

Sixth, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer Defendant's deposition question as to whether the March 2022 filing of the Lim and Huntsman complaints could have been in retaliation for Plaintiff speaking out against Measure A in July 2022 and to overrule Plaintiff's attorney-client privilege, work product, and calls for a legal conclusion objections.[11]

Seventh, the Court grants the Third Motion to the extent it seeks an order compelling Plaintiff to answer the discrete "yes or no" questions calling for Plaintiff to state whether or not he had a reason not to include specified information in the First Amended Complaint and whether or not he chose to include certain conversations in his complaint.[12]

Eighth, the Court is grants in part and denies in part the Third Motion. To the extent Plaintiff has not already produced all non-privileged communications between himself and Vivian Villanueva, Gil Carrillo, Laureen Perri, Maria Lopez, Nick Wilson, and John Satterfield that are responsive to RFP Nos. 1, 15, 20, 21, 23, 32, 33, 34 and 36, the Court orders him to do so. Further, to the extent Plaintiff has withheld any privileged communications between himself and Vivian Villanueva, Gil Carrillo, Laureen Perri, Maria Lopez, Nick Wilson, and John Satterfield that would otherwise be responsive to RFP Nos. 1, 15, 20, 21, 23, 32, 33, 34 and 36, the Court orders him to produce a privilege log corresponding to the same.

IT IS SO ORDERED.

---

[10] See supra note 9. Again, the question asked simply calls for Plaintiff to agree or disagree as to whether the instant lawsuit when filed, had anything to do with the ballot measures, the Fulgent contract, or the vaccine mandates which appears to the Court to be a fair factual inquiry independent of any communications, let alone attorney-client privileged communications with counsel or attorney work product.

[11] See supra note 9. This inquiry calls for Plaintiff to agree or disagree with a common sense proposition – that his statements in July 2022 could not have been a basis for complaints filed before he made the statements. It does not call for attorney-client privileged communications or work product.

[12] While potential follow-up questions inquiring about reasons/choices for including certain information in, or omitting it from the First Amended Complaint may implicate the attorney-client privilege or work product, the discrete "yes or no" questions in issue do not do so.