LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with Memorandum of Points of Points and Authorities; Declarations in Support; Separate Statement; Compendium of Evidence; Notice of Lodging; and [Proposed] Order*]<br><br>Date:   May 19, 2025<br>Time:   1:30 p.m.<br>Crtrm.: 10A<br><br>Assigned to the Hon. Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian<br><br>Trial Date:   June 3, 2025 |

716695.2

DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 19, 2025, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-captioned Court, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants will and hereby do respectfully move this Court for an order granting Defendants' Motion for Summary Judgment on the following grounds:

### No Genuine Dispute of Material Fact as to First Amendment Claim

Plaintiff fails to meet his *prima facie* burden to establish a First Amendment claim. He cannot show a material adverse action that prevented him from performing his job as Sheriff or that chilled his speech. The voters, not Defendants, ended Plaintiff's tenure in office; and Plaintiff has continued to freely air his views—and oppose the Board—on public issues.

The POE investigations and resulting file notation (which is a notation to the file about a finding, not an edict not to hire) are insufficient to support a First Amendment claim. They do not preclude Plaintiff's ability to seek employment with the County and have no bearing on his ability to seek employment elsewhere.

Moreover, there is no "substantial causal relationship" between Plaintiff's protected speech and the file notation. Nor is Plaintiff's speech the "but-for" cause for the notation. Plaintiff's founded violations of the Policy of Equality indisputably are the cause.

### No *Monell* Liability

Plaintiff cannot satisfy *Monell*. Plaintiff does not identify a County policy, custom, or practice that caused him harm. To the contrary, he alleges that he was targeted by the Board in an "*unprecedented*" way.

### Standing

Plaintiff lacks standing because he has not been injured. Plaintiff has not even attempted to seek employment with the County. Nor is there any evidence that

he applied for and was denied a job with anyone because of the file notation.

## The County is the Only Proper Defendant

The County is the only proper defendant. Plaintiff sued the County and 13 other defendants, which are either County subdivisions or employees or contractors acting in their official capacity. There are no facts to show that individual defendants were not acting in their official capacity. Official capacity claims can only be brought against a county entity. The same is true for the County subdivision defendants. This Court has recognized on numerous occasions that subdivisions should be dismissed where, as here, a party asserts claims that are identical to those asserted against the entity. In addition, there is no genuine dispute of material fact that Sheriff Luna and the Board were not involved in the complaints.

\* \* \*

The Motion is based upon this notice of motion; the concurrently filed Memorandum of Points and Authorities; the supporting Declarations; the Statement of Uncontroverted Facts and Conclusions of Law; the Compendium of Evidence; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the Motion.

## Local Rule 7-3 Compliance

This Motion is made following correspondence and a meet and confer between counsel which took place on April 10, 2025. (*See* Declaration of Jason H. Tokoro ¶¶ 2–3 & Ex 1.) The parties were unable to reach agreement as to Plaintiff's first cause of action under the First Amendment. (*See id.* ¶ 3.)

| | | |
|---|---|---|
| 1 | DATED: April 21, 2025 | Respectfully Submitted, |
| 2 | | |
| 3 | | MILLER BARONDESS, LLP |
| 4 | | |
| 5 | | By:     /s/ *Jason H. Tokoro* |
| 6 | |       JASON H. TOKORO |
| 7 | |       Attorneys for Defendants |