LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**DECLARATION OF NAIRI GEVORKI IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with Notice of Motion; Memorandum of Points of Points and Authorities; Compendium of Evidence; Declarations in Support; Separate Statement; Notice of Lodging; and [Proposed] Order*]<br><br>Date:    May 19, 2025<br>Time:    1:30 p.m.<br>Crtrm.:   10A<br><br>Assigned to the Hon. Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian<br><br>Trial Date:    June 3, 2025 |

# DECLARATION OF NAIRI GEVORKI

I, Nairi Gevorki, declare as follows:

1. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendants' Motion for Summary Judgment.

## County Intake Specialist Unit

2. I am an investigator with the County Intake Specialist Unit ("CISU"). I have worked in that position since May 1, 2017.

3. The CISU handles reports of misconduct or violations of the County Policy of Equity ("POE") by County personnel. These typically involve complaints of inappropriate conduct, hostile work environment, discrimination, and retaliation.

## Lim Policy of Equality Complaint

4. On March 8, 2022, Esther Lim filed a complaint with the CISU alleging several POE violations by Plaintiff.

5. I understand Plaintiff has suggested that the CISU, on behalf of Defendant County of Los Angeles (the "County"), determined that Plaintiff had not discriminated against or harassed Ms. Lim. *That is false.*

6. I handled the CISU assessment of Ms. Lim's POE complaint. A true and correct copy of the CISU Assessment Form for Ms. Lim's POE complaint is attached as **Exhibit 19** to the County's Compendium of Evidence.

7. I assigned Ms. Lim's POE complaint an "N" designation, not because I did not believe Plaintiff discriminated against or harassed Ms. Lim, but because Plaintiff was the head of the Los Angeles County Sheriff's Department (the "Department"). Accordingly, the CISU did not have jurisdiction over Plaintiff. The Department has its own equity process by which it addresses such POE complaints.

8. Given that the allegations were made against Plaintiff, an employee of the Department, I suggested that the Department conduct an investigation into the matter.

9. Specifically, I wrote the following in the CISU Assessment Form:

> IP Villanueva is the Los Angeles County Sheriff. The Sheriff's Department has its own equity process by which it internally addresses such complaints. Therefore, the facts alleged, even if taken as true, are unrelated to County employment or are otherwise non-jurisdictional under the County Policy of Equity. The County Intake Specialist Unit recommends an "N" designation for ICMS No. 2022-112209 and that the Sheriff's Department consider conducting an independent inquiry into the matter.

10. I never determined that Plaintiff had not discriminated against or harassed Ms. Lim.

**Huntsman Policy of Equality Complaint**

11. On March 9, 2022, Max Huntsman filed a complaint with the CISU alleging POE violations by Plaintiff.

12. I understand Plaintiff has suggested that the CISU, on behalf of the County, determined that Plaintiff had not discriminated against or harassed Mr. Huntsman. ***That is false.***

13. I handled the CISU assessment of Mr. Huntsman's POE complaint. A true and correct copy of the CISU Assessment Form for Mr. Huntsman's POE complaint is attached as **Exhibit 33** to the County's Compendium of Evidence.

14. I assigned Mr. Huntsman's POE complaint an "N" designation, not because I did not believe Plaintiff discriminated against or harassed Mr. Huntsman, but because Plaintiff was the head of the Department. Accordingly, the CISU did not have jurisdiction over Plaintiff. The Department has its own equity process by which it addresses such POE complaints.

15. Given that the allegations were made against Plaintiff, an employee of the Department, I suggested that the Department conduct an investigation into the matter.

16. Specifically, I wrote the following in the CISU Assessment Form:
> IP Villanueva is the Los Angeles County Sheriff. The Sheriff's

716670.5

3

GEVORKI DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Department has its own equity process by which it internally addresses such complaints. Therefore, the facts alleged, even if taken as true, are unrelated to County employment or are otherwise non-jurisdictional under the County Policy of Equity. The County Intake Specialist Unit recommends an "N" designation for ICMS No. 2022-112213 and that the Sheriff's Department consider conducting an independent inquiry into the matter.

17. I never determined that Plaintiff had not discriminated against or harassed Mr. Huntsman.

**No Involvement By The County Board Of Supervisors**

18. None of the Supervisors on the County Board of Supervisors ("Board"), including Supervisor Janice Hahn or Supervisor Hilda Solis, had any involvement in my assessments of the Lim or Huntsman POE complaints.

19. I never spoke with any of the Board Supervisors, including Supervisor Hahn or Supervisor Solis, about my assessments of the Lim or Huntsman POE complaints.

**No Involvement By Sheriff Luna**

20. Los Angeles County Sheriff Robert Luna had no involvement in my assessments of the Lim or Huntsman POE complaints.

21. I never spoke with Sheriff Luna about my assessment of the Lim or Huntsman POE complaints.

22. In fact, at the time the ISU received the POE complaints filed by Mr. Huntsman and Ms. Lim, Sheriff Luna was not a member of the Department and was not employed by the County.

**Plaintiff's Opposition To County Ballot Measures, Covid Vaccine Mandate, And Fulgent Contract Had Nothing To Do With CISU's Assessments**

23. Ballot Measure A had nothing to do with my assessments of the Lim or Huntsman POE complaints. Nor did Plaintiff's opposition to Ballot Measure A.

24. Ballot Measure R had nothing to do with my assessments of the Lim or Huntsman POE complaints. Nor did Plaintiff's opposition to Ballot Measure R.

25.     Ballot Measure J had nothing to do with my assessments of the Lim or Huntsman POE complaints. Nor did Plaintiff's opposition to Ballot Measure J.

26.     The County's Covid vaccine mandate for its employees had nothing to do with my assessments of the Lim or Huntsman POE complaints. Nor did Plaintiff's refusal to enforce the County vaccine mandate for Department personnel.

27.     The County's Covid testing contract with Fulgent Genetics had nothing to do with my assessments of the Lim or Huntsman POE complaints. Nor did Plaintiff's opposition to the Fulgent Genetics contract.

28.     My assessments of the Lim and Huntsman POE complaints against Plaintiff were not done in retaliation for Plaintiff's opposition to Ballot Measure A, Ballot Measure R, Ballot Measure J, the County's Covid vaccine mandate, or the County's Covid testing contract with Fulgent Genetics.

**Plaintiff's Bid For Los Angeles County Supervisor Had Nothing To Do With CISU's Assessments**

29.     Plaintiff seeking election to the Board in 2024 had nothing to do with my assessments of the Lim or Huntsman POE complaints.

30.     My assessments of those complaints was in no way intended to interfere with or influenced by Plaintiff seeking election to the Board in 2024.

31.     In fact, at the time I made my assessments, Plaintiff was still Sheriff of the County and had not announced he would be running for the Board in 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15 day of April, 2025, at Los Angeles, California.

_____
Nairi Gevorki