Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No.: 2:24-cv-04979-SVW-JC<br><br>[Assigned to **Hon. Stephen v. Wilson** and **Magistrate Judge Jacqueline Chooljian**]<br><br>**PLAINTIFF ALEX VILLANUEVA'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE NICK WILSON'S POLITICAL OPINIONS**<br><br>**(MIL NO. 3 OF 6)**<br><br>[Filed concurrent with Declaration of Alex DiBona ("DiBona Decl."), Exhibits and Proposed Order thereon]<br><br>Date: May 26, 2025<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br><br>Trial Date: June 3, 2025<br>Action Filed: June 13. 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2025, 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012,, will move *in limine* to exclude all references to Nick Wilson's personal political views, including any Instagram activity, comments about January 6, support or criticism of Matt Gaetz, the GOAT initiative, Patriot movement, or any mention of the Southern Poverty Law Center. This evidence is irrelevant and inflammatory, would and invite jury bias. Their only effect would be to taint the jury's perception of Wilson based on his perceived ideology.

This motion is brought on the following grounds, it is irrelevant (FRE 402) and even if Relevant, is certainly more prejudicial than probative (FRE 403).

This motion will be based on the following Memorandum of Points and Authorities, Declaration of Alex DiBona, and exhibit filed along with these papers, and other evidence to be presented at the hearing on this motion.

Pursuant to L.R. 7-3, on April 21, 2025, Plaintiff's counsel met and conferred with Defendant's counsel regarding this matter. Defendant's counsel informed Plaintiff's counsel that Defendant would not stipulate the exclusion of such evidence. *See* DiBona Decl., ¶ 2.

Dated:  April 28, 2025             SHEGERIAN & ASSOCIATES, INC.

                                    By: */s/ Alex DiBona*
                                        Alex DiBona, Esq

                                    Attorneys for Plaintiff,
                                    ALEX VILLANUEVA

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **INTRODUCTION**

Plaintiff, Alex Villanueva ("Plaintiff"), seeks by way of this Motion *in Limine* No. 4 ("MIL No. 4") to preclude defendants – County of Los Angeles, County of Los Angeles Sheriff's Department, Los Angeles County Board of Supervisors, Los Angeles County Office of Inspector General, Constance Komoroski, Mercedes Cruz, Roberta Yang, Laura Lecrivain, Sergio V. Escobedo, Ron Kopperud, Robert G. Luna, Max-Gustaf Huntsman, and Esther Lim (collectively, "Defendants") – from making any reference to Nick Wilson's ("Wilson") personal political views, including any Instagram activity, comments about January 6, support or criticism of Matt Gaetz, the GOAT initiative, Patriot movement, or any mention of the Southern Poverty Law Center.

First, this evidence is not relevant and should be excluded on that basis alone. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Second, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Third, this evidence cannot come in for impeachment either as it is collateral to the issues in this case. "While collateral matters are admissible for impeachment purposes, the collateral character of the evidence reduces its probative value." *People v. Lavergne*, 4 Cal.3d 735, 742 (1971). "Unlimited inquiry into collateral matters is not permitted." *People v. Jennings* (1991), 53 Cal. 3d 334, 372. "Although the right of confrontation includes the right to cross-examine adverse witnesses on matters reflecting on their credibility, 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination.'" *People v. Quartermain* (1997), 16 Cal. 4th 600, 623. Excluding "impeaching evidence on collateral matters which has only slight probative value on the issue of veracity does not

infringe on the defendant's right of confrontation." *People v. Greenberger* (1997), 58 Cal.App.4th 298, 350.

Third, this evidence should be excluded pursuant to Federal Rules of Evidence Section 403. Evidence of Wilson's personal opinions regarding the above is relevant to neither the case as a whole nor the scope of his anticipated testimony. Even if the evidence were to be deemed relevant, it would certainly be outweighed by its prejudicial effect and cause unfair prejudice and confusion for the jury. Furthermore, these opinions have no bearing on Wilson's truthfulness or credibility, and Defendants have not shown how exclusion of evidence of these very-collateral matters will prejudice them.

For the aforementioned reasons, as well as the reasons further discussed below, plaintiff respectfully requests that the Court grant Plaintiff's motion *in limine*.

## 2. ARGUMENT

### A. Evidence of Wilson's Personal Beliefs is Irrelevant

At deposition, Defense counsel repeatedly solicited Nick Wilson's political opinions. This included his run for state senate (DiBona **Decl. Exhibit 6**). This association with political groups the southern poverty law center disapproves of (*Id.* **Exhibit 7).** This also included who he follows on Instagram. (*Id.* **Exhibit 8**). None of these topics should be admitted at trial.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Wilson's personal political views – including any Instagram activity, comments about January 6, support or criticism of Matt Gaetz, the GOAT initiative, Patriot movement, or any mention of the Southern Poverty Law Center – are irrelevant with regards the anticipated scope of his testimony, nor do they go to show his tendency for untruthfulness. Wilson is being called as a witness for Plaintiff's emotional distress. His

personal political opinions do not have any tendency to prove or disprove any aspect of his testimony. Plaintiff anticipates that Defendants will merely exploit this evidence by means of a thinly-veiled attempt to prejudice the jury. Furthermore, Plaintiff fears that introduction of such evidence will merely cause confusion and create a trial within a trial as Defendants and Wilson engage in a back and forth to establish which opinions Wilson held and to which degree he held them.

### B. Wilson's Personal Political Opinions are a Collateral Matter.

"While collateral matters are admissible for impeachment purposes, the collateral character of the evidence reduces its probative value." *People v. Lavergne*, 4 Cal.3d 735, 742 (1971). "Unlimited inquiry into collateral matters is not permitted." *People v. Jennings* (1991), 53 Cal. 3d 334, 372. "Although the right of confrontation includes the right to cross-examine adverse witnesses on matters reflecting on their credibility, 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination.'" *People v. Quartermain* (1997), 16 Cal. 4th 600, 623. Excluding "impeaching evidence on collateral matters which has only slight probative value on the issue of veracity does not infringe on the defendant's right of confrontation." *People v. Greenberger* (1997), 58 Cal.App.4th 298, 350.

Here, evidence regarding Wilson's personal political opinions are clearly a collateral issue, as they have nothing to do with the anticipated scope of his testimony as a witness to Plaintiff's emotional distress, nor do they go towards his tendency for untruthfulness or bias. Thus – in the absence of any evidence from Defendants to the contrary – the probative value of such evidence is slight enough that its exclusion will not prejudice Defendants.

### C. Wilson's Political Opinions are More Prejudicial Than Probative

Even if Defendant could establish relevance, which they cannot, the evidence should still be excluded under FRE 403 because it is prejudicial. Defense counsel improperly sought opinions on "hot button" issues such as illegal immigration, January 6 and sought to paint Wilson's associations as distasteful. This will clearly

result in undue consumption of time and has a tendency to inflame the passions and prejudices of the jury.

### 3. CONCLUSION

Plaintiff, Alex Villanueva, respectfully requests that this Court grant plaintiff's motion *in limine*.

Dated: April 28, 2025          SHEGERIAN & ASSOCIATES, INC.

By: /s/ Alex DiBona
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On April 28, 2025, I served the foregoing document, described as "**PLAINTIFF ALEX VILLANUEVA'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3 TO EXCLUDE NICK WILSON'S POLITICAL OPINIONS**" on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
smiller@millerbarondess.com
jtokoro@millerbarondess.com
swilliamson@millerbarondess.com

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2025, at Los Angeles, California

*Amelia Sanchez*
_____
Amelia Sanchez