Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA<br><br>　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No.:  2:24-cv-04979-SVW-JC<br><br>[Assigned to **Hon. Stephen v. Wilson** and **Magistrate Judge Jacqueline Chooljian**]<br><br>**PLAINTIFF ALEX VILLANUEVA'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE, INNUENDO, OR ARGUMENT REFERENCING "DEPUTY GANGS"; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**MIL NO. 4 OF 6)**<br><br>[Filed concurrent with Declaration of Alex DiBona ("DiBona Decl."), Exhibits and Proposed Order thereon]<br><br>Date:　May 26, 2025<br>Time:　1:30 p.m.<br>Dept.:　10A<br><br>Trial Date:　June 3, 2025<br>Action Filed:　June 13. 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2025, 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Alex Villanueva ("Plaintiff" or "Villanueva") will and hereby does move the Court to exclude any evidence, innuendo, or argument referencing so-called "deputy gangs." This evidence is irrelevant and inflammatory, would and invite jury bias. Their only effect would be to taint the jury's perception of Villanueva and confuse the jury as to the real issues at hand.

This motion is brought on the following grounds, the evidence is irrelevant (FRE 402) and prejudicial. (FRE 403).

This motion will be based on the following Memorandum of Points and Authorities, Declaration of Alex DiBona, and exhibit filed along with these papers, and other evidence to be presented at the hearing on this motion.

Dated: April 28, 2025        SHEGERIAN & ASSOCIATES, INC.

By: *Alex DiBona*
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff, Alex Villanueva ("Pineda" or "Plaintiff") seeks by way of this Motion *in Limine* No. 5 ("MIL No. 5") to preclude Defendants– from introducing any evidence, innuendo, or argument referencing so-called "deputy gangs."

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For the aforementioned reasons, as well as the reasons further discussed below, plaintiff respectfully requests that the Court grant Plaintiff's motion *in limine*.

## 2. ARGUMENT

### A. The Existence or Lack Thereof of "Deputy Gangs" Has No Bearing on the Claims At Hand.

Defendant produced in discovery media reports concerning Plaintiff's comments on so called "deputy gangs" within the sheriff's department (DiBona Decl. **Exhibit 4).** This evidence should be excluded from trial.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Evidence regarding the existence of "deputy gangs" is not relevant to the jury's determination of any of Plaintiff's causes of action as enumerated in his First Amended Complaint. Furthermore, any evidence of alleged "bad acts" on the part of Plaintiff regarding these "deputy gangs" would be inadmissible character evidence and more

prejudicial than probative and would likely confuse the issues in the case. *Gutierrez v. Cnty. Of Los Angeles*, 2024 U.S. Dist. LEXIS 240091, 10."

### B. Prejudice To Villanueva Substantially Outweighs the Probative Value of Alleged Misappropriation.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993). Moreover, "[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). To the extent that the evidence is relevant to assessing plaintiff's abilities, its probative value is minimal and substantially outweighed by the danger of prejudice to plaintiff. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, although not necessarily, an emotional one." *United States v. Allen* (9th Cir. 2003) 341 F.3d 870, 886.

> Prejudice does not mean that the defendant's case is merely damaged, for the more probative the evidence is, the more damaging it is apt to be. Nor does prejudice necessarily mean that emotions will not enter the jury deliberations. Rather, prejudice outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case.

*United States v. Bowen* (9th Cir. 1988) 857 F.2d 1337, 1341, *citing* E. Cleary, *McCormick on Evidence* (3rd ed., 1984), § 185.

Admitting evidence of the alleged existence of "deputy gangs" and Plaintiff's alleged involvement therein has no bearing on Plaintiff's claims of retaliation in violation of the First Amendment. In fact, doing so would only confuse the jury as to the germane issues and create a trial-within-a-trial as Defendants inevitably begin to litigate the existence of the "gangs." Introducing said evidence would also unduly prejudice the

jury against Villanueva as a negative impression of him is painted in their minds by Defendants' questioning.

### 3. CONCLUSION

Plaintiff, Alex Villanueva, respectfully requests that this Court grant plaintiff's motion *in limine*.

Dated: April 28, 2025

SHEGERIAN & ASSOCIATES, INC.

By: /s/ Alex DiBona
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On April 28, 2025, I served the foregoing document, described as "**PLAINTIFF ALEX VILLANUEVA'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE, INNUENDO, OR ARGUMENT REFERENCING "DEPUTY GANGS" MEMORANDUM OF POINTS AND AUTHORITIES** " on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
**smiller@millerbarondess.com**
**jtokoro@millerbarondess.com**
**swilliamson@millerbarondess.com**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2025, at Los Angeles, California

_Amelia Sanchez_
Amelia Sanchez