Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 2:24 -cv-04979 SVW (JC)<br><br>**The Honorable Stephen V. Wilson**<br><br>**Assigned to Magistrate Judge Jacqueline Chooljian**<br><br>**PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF MARC COHEN**<br><br>**(MIL NO. 5 OF 6)**<br><br>[Filed concurrent with Declaration of Alex DiBona ("DiBona Decl."), Exhibits and Proposed Order thereon]<br><br>Date:　　May 26, 2025<br>Time:　　1:30 p.m.<br>Dept.:　　10A<br><br><br>Trial Date:　　June 3, 2025<br>Action Filed:　June 13. 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2025, 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Alex Villanueva ("Plaintiff" or "Villanueva") will and hereby does move the Court to exclude the expert report, opinions, and potential testimony of Defendants' expert Marc Cohen ("Cohen") pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

This motion is brought on the following grounds: (1) Cohen's report was untimely served in violation of the expert disclosure deadline stipulated by the parties; (2) Cohen fails to apply DSM-5-TR diagnostic criteria in forming his psychiatric diagnoses; and (3) the report contains speculative, conclusory opinions on Plaintiff's credibility and political conduct that are not based on psychiatric standards or methodology.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Alex DiBona, Esq. and attached exhibits, the pleadings and records in this action, and such other argument and evidence as may be presented at the hearing on this matter.

Pursuant to L.R. 7-3, on April 21, 2025, Plaintiff's counsel met and conferred with Defendant's counsel regarding this matter. Defendant's counsel informed Plaintiff's counsel that Defendant would not stipulate the exclusion of such evidence. *See* DiBona Decl., ¶ 2.

Dated: April 28, 2025                SHEGERIAN & ASSOCIATES, INC.

                                     By: ___*Alex DiBona*___
                                     Alex DiBona, Esq.

                                     Attorneys for Plaintiff,
                                     ALEX VILLANUEVA

## 1. INTRODUCTION

Plaintiff Alex Villanueva ("Plaintiff" or "Villanueva") moves to exclude the expert report, opinion, and potential testimony of Marc Cohen ("Cohen"), Defendants' designated expert on psychiatry.

First, the report, served on April 8, 2025, more than two weeks after the March 21, 2025, deadline for expert disclosures, should be stricken as untimely. (Declaration of Alex DiBona, "DiBona Decl.", ¶¶ 3-4.

Second, while the reason alone is sufficient in and of itself to grant this motion, more fundamentally, Cohen's report is methodologically flawed, as it fails to apply accepted psychiatric diagnostic standards and instead consists of impermissible commentary on Plaintiff's credibility, political conduct, and public statements.

Cohen offers purported psychiatric diagnoses of antisocial and narcissistic personality disorders based on cherry-picked public statements, news articles, and hearsay, while failing to satisfy the Diagnostic Statistical Manual, Fifth Edition, ("DSM-5i-TR") criteria for those disorders. (*See generally*, Exh.1, Cohen Report.) His methodology is legally and clinically deficient. His conclusions, reached under the guise of psychiatry, are speculative, inflammatory, and prejudicial. As such, his opinions are unhelpful to the jury and inherently unreliable. Consequently, the Court should strike Cohen's expert report, opinions, and potential testimony.

## 2. STANDARD OF REVIEW

Federal Rule of Evidence 104(a) assigns to the Court the responsibility for resolving preliminary questions concerning witness qualification and the admissibility of evidence. FED. R. EVID. 104(a). Rule 702 sets forth expert qualifications and permits an expert to testify only if: (a) his scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) his testimony is based on sufficient facts or data; (c) his testimony is the product of reliable principles and methods; and (d) he has reliably applied the principles and methods to the facts of the case. FED. R. EVID. 702. In practical terms, this means the court "must ensure that all admitted

expert testimony is both relevant and reliable." *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979, 984 (9th Cir. 2020) (citation omitted); *accord Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 598 (1993).

Importantly, "[t]he party offering the expert bears the burden of establishing that Rule 702 is satisfied." *Speer v. Cnty. of San Bernardino*, No. EDCV 20-44 JGB (SPX), 2021 WL 4459680, at *2 (C.D. Cal. July 9, 2021) (quoting *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, 2007 WL 935703, *4 (S.D. Cal. Mar. 7, 2007)).

### 3. ARGUMENT

#### A. Cohen's Report Was Untimely Served.

As a preliminary matter, the Federal Rules of Civil Procedure explicitly states, "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c)(1), Fed. R. Civ. P., gives teeth to the expert disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, Cohen produced his report more than two weeks after the March 21, 2025, deadline for expert disclosures. As such, his report should be stricken as untimely.

#### B. Cohen Fails to Apply DSM-5-TR Diagnostic Criteria.

Cohen's purported psychiatric opinions lack the methodological rigor required under Rule 702 and *Daubert* because he fails to apply the diagnostic criteria set forth in the DSM-5i-TR, the authoritative standard for psychiatric diagnoses. Although Cohen alleges his findings are based on the criteria set forth in DSM-5i-TR, he *does not diagnose* Plaintiff with antisocial and narcissistic personality disorders and admits Plaintiff does not satisfy DSM-5i-TR criteria for the disorders. (*See generally*, Exh.1, Cohen Report.). Dr. Cohen therefore should be precluded from mentioning antisocial and narcissistic personality

disorders. The DSM-5i-TR is used by psychiatrists when diagnosing individuals. This approach is not recognized in psychiatry and falls far short of the scientific reliability mandated for expert testimony.

The DSM-5-TR outlines specific diagnostic frameworks for identifying mental disorders. As Cohen himself acknowledged, the DSM-5i-TR governs diagnostic methodology in psychiatry and includes not only symptom criteria, but also exclusionary requirements, prevalence rates, treatments, and related topics. (*See* Exh. 9, Rowe Depo. Tr. 131:16-23.) However, Cohen ignores these criteria and offers diagnoses based on speculation, improper characterizations of Plaintiff's public statements, and personal value judgments that do not constitute psychiatric analysis.

    **i.**    **Antisocial Personality Disorder.**

Per the DSM-5i-TR, the criteria for antisocial personality disorder are as follows:

"A. A pervasive pattern of disregard for and violation of the rights of others, occurring since age 15 years, **as indicated by three (or more)** of the following:

1. Failure to conform to social norms with respect to lawful behaviors, as indicated by repeatedly performing acts that are grounds for arrest.

2. Deceitfulness, as indicated by repeated lying, use of aliases, or conning others for personal profit or pleasure.

3. Impulsivity or failure to plan ahead.

4. Irritability and aggressiveness, as indicated by repeated physical fights or assaults.

5. Reckless disregard for safety of self or others.

6. Consistent irresponsibility, as indicated by repeated failure to sustain consistent work behavior or honor financial obligations.

7. Lack of remorse, as indicated by being indifferent to or rationalizing having hurt, mistreated, or stolen from another.

B. The individual is at least age 18 years.

C. There is evidence of conduct disorder with onset before age 15 years.

D. The occurrence of antisocial behavior is not exclusively during the course of schizophrenia or bipolar disorder."

(*See* Exh 1, Cohen Report at p. 20.)(Emphasis added).

Cohen's interpretation of the listed criteria is not only conclusory, but unfounded. For example, Cohen claims that Plaintiff demonstrates "repeated lying and baseless claims," which he asserts satisfies one of the seven diagnostic criteria. Yet "baseless claims" is not an established criterion in the DSM-5-TR and is not indicative of an aspect of antisocial personality disorder. . (*See* Exh. 2, Rowe Depo. Tr. 136:18-24.) Cohen also offers no factual support that Plaintiff's statements were knowingly false or deceitful, let alone that such behavior has occurred in a pervasive, long-standing pattern as required by the DSM.

As a telling example, Cohen points to Plaintiff's statement that "L.A. County government is the most corrupt local government in the entire nation" as a supposed lie. However, Cohen fails to demonstrate that the statement is false or that Plaintiff knew it to be false.

A lie that would satisfy the DSM-5-TR criteria, a demonstrably false statement about one's professional qualifications, for example, is if Villanueva had fabricated credentials to obtain his position as Sheriff of Los Angeles. (*See* Exh. 2, Rowe Depo. Tr. 136:18-137:16.) No such conduct is alleged or substantiated here. Rather, Cohen's conclusion that Villanueva displays features of antisocial personality disorder rests entirely on his personal opinion, precisely the type of ipse dixit reasoning that courts routinely reject. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

As another factor, Cohen claims that Plaintiff exhibits a "lack of remorse," yet he fails to apply this criterion within the proper psychiatric context. Instead of analyzing remorse in this clinically defined sense, Cohen reframes the concept entirely. Cohen suggests that Plaintiff's failure to acknowledge mistakes in his role as an elected official constitutes a psychiatric indicator. (*See* Exh 1, Cohen Report at p. 22.) This reframing

departs entirely from accepted diagnostic methodology and reflects a subjective political judgment rather than a psychiatric evaluation. (*See* Exh. 2, Rowe Depo. Tr. 142:6-19.) Cohen effectively invents a new criterion—failure to admit fault in a public official role—and then uses it to support his conclusion, which is neither consistent with DSM-5-TR nor the standards of psychiatric practice. Such an approach is not the proper application of psychiatric principles; it is litigation tactics masquerading as clinical analysis.

Expert testimony that is not grounded in reliable application of psychiatric methodology, especially when diagnosing serious personality disorders, does not assist the trier of fact and should be excluded. See *Daubert*, 509 U.S. at 589; *Grodzitsky*, 957 F.3d at 984.

**ii.     Narcissistic Personality Disorder.**

According to the DSM-5i-TR, the criteria for antisocial personality disorder are as follows:

> A pervasive pattern of grandiosity (in fantasy or behavior), need for admiration, and lack of empathy, beginning by early adulthood and present in a variety of contexts, **as indicated by five (or more)** of the following:
>
> 1. Has a grandiose sense of self-importance (e.g., exaggerates achievements and talents, expects to be recognized as superior without commensurate achievements).
>
> 2. Is preoccupied with fantasies of unlimited success, power, brilliance, beauty, or ideal love.
>
> 3. Believes that he or she is "special" and unique and can only be understood by, or should associate with, other special or high-status people (or institutions).
>
> 4. Requires excessive admiration.
>
> 5. Has a sense of entitlement (i.e., unreasonable expectations of especially favorable treatment or automatic compliance with his or her expectations).
>
> 6. Is interpersonally exploitative (i.e., takes advantage of others to achieve his

or her own ends).

7. Lacks empathy: is unwilling to recognize or identify with the feelings and needs of others."

Here, Cohen's diagnosis of narcissistic personality disorder is equally flawed and fails to satisfy the requirements of the DSM-5-TR, as well as the evidentiary requirements of *Daubert* and Rule 702. As with his antisocial personality disorder diagnosis, Cohen relies on anecdotal statements, lay interpretations, and colloquial characterizations rather than clinical methodology or recognized psychiatric standards. This results in an unreliable and inadmissible opinion that does not aid the trier of fact.

For example, Cohen cites Plaintiff's comment that certain lawsuits were "nuisance lawsuits" and that he had "won almost every single one." He also references statements about achievements while in office, including increased hiring, improving diversity, and managing the department's budget. (*See* Exh 1, Cohen Report at p. 23.) These are not clinical indicators of grandiosity. These statements reflect standard political messaging, the type routinely made by elected officials when highlighting his or her accomplishments or responding to criticism.

Cohen also attempts to support his diagnosis by characterizing Plaintiff's political rhetoric as arrogant or entitled. However, language such as referring to a reporter as dishonest or criticizing political opponents may be abrasive or controversial, yet does not equate to a lack of empathy or interpersonal exploitation as defined in psychiatric literature. The DSM-5-TR requires that these traits manifest pervasively and impair functioning across domains. Isolated or pointed statements, even if inflammatory, do not meet this threshold.

Equally troubling is Cohen's reference to "white collar psychopath," a phrase not recognized by the DSM-5-TR. His assertion that Plaintiff exhibits features of a "white collar psychopath," and citation to the Hare Psychopathy Checklist, strays from the diagnostic framework he claims to apply. "White collar psychopath" is not a clinical term. It is a colloquial label drawn from popular literature, not an accepted psychiatric diagnosis.

This undermines the reliability of Cohen's conclusions and further distances his opinion from the standards of his field.

Cohen also references results from the Personality Assessment Inventory (PAI), stating Plaintiff is quick to perceive mistreatment and may hold grudges. However, he provides no explanation of how these traits satisfy DSM-5-TR diagnostic criteria. Instead, Cohen speculates about Plaintiff's motivations and internal states without sufficient clinical foundation.

Ultimately, Cohen's opinion on narcissistic personality disorder rests on political disagreement, not psychiatric evaluation. Courts consistently prohibit experts from offering opinions that amount to commentary on credibility or character. *See United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002). Cohen's diagnosis fails to meet the reliability and relevance standards required under Rule 702 and should be excluded.

### C. Cohen's Report Contains Speculative, Conclusory Opinions on Plaintiff's Credibility and Political Conduct Not Based on Psychiatric Standards or Methodology

Cohen repeatedly strays beyond the boundaries of psychiatric expertise and instead offers personal commentary on Plaintiff's credibility, motives, and political conduct--none of which are grounded in accepted psychiatric methodology. His report contains speculative and conclusory assertions that amount to improper character assessments, rather than mental health diagnoses, and are thus inadmissible under Federal Rule of Evidence 702.

For example, Cohen discusses Plaintiff's view that media outlets such as the *Los Angeles Times* failed to fairly report on his tenure as Sheriff. (*See* Exh 1, Cohen Report at p. 9.) Cohen describes Plaintiff's reaction to this coverage as a symptom of mental disorder. However, the substance of Plaintiff's view that the media ignored his significant achievements between 2018 and 2022 and chose, instead, to highlight only one positive item is entirely unrelated to any psychiatric concept. Rather, it reflects a commonplace belief that a public official was treated unfairly by the press, an opinion routinely

expressed by politicians. It is not, and cannot be, evidence of a diagnosable mental disorder. Cohen's framing of such political disagreement as evidence of psychopathology is speculative, unfounded, and indicative of bias, not medical expertise.

Similarly, footnote 48 of Cohen's report offers commentary on Plaintiff's statements concerning the Board of Supervisors and past public criticisms. There, Cohen attempts to evaluate the veracity of Plaintiff's belief that individuals who made complaints were either not truthful or had ulterior motives for doing so. Again, there is no psychiatric basis offered for this opinion; it is simply Cohen's own view that Plaintiff's response was inappropriate or incorrect. Expressing skepticism about the motives of one's critics, particularly in the context of a public official responding to lawsuits or political pressure, is not evidence of mental illness. It is a legal and political matter. Whether or not Plaintiff was mistaken about a particular complaint or incident from a four-year tenure is, if it is proper at all, is for cross examination, not for "exper"t psychiatric opinion.

Overall, Cohen's statements are not psychiatric assessments. Rather, Cohen's "expert opinion" is riddled with personal commentaries on Plaintiff's credibility and political rhetoric. Such opinions belong in cross-examination, not in a report of an expert purporting to offer psychiatric diagnoses.

### 4. CONCLUSION.

As established above, Cohen's report should be excluded. Cohen's report was untimely served in violation of Rule 26, and no justification has been offered. Even if the report had been timely, it fails under Rule 702 and *Daubert* because it does not apply the DSM-5-TR reliably, relies on speculation and media soundbites, and improperly offers opinions on Plaintiff's credibility and political conduct rather than psychiatric diagnoses. These opinions are irrelevant, unreliable, and inadmissible. Thus, Plaintiff respectfully requests the Court strike Cohen's report and preclude his testimony at trial.

///

///

Dated: April 28, 2025					SHEGERIAN & ASSOCIATES, INC.

							By: _____
							Alex DiBona, Esq.

							Attorneys for Plaintiff,
							ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On April 28, 2025, I served the foregoing document, described as **"PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF MARC COHEN,"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2025, at Los Angeles, California.

_Amelia Sanchez_
Amelia Sanchez