Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24 -cv-04979 SVW (JC)<br><br>**The Honorable Stephen V. Wilson**<br><br>**Assigned to Magistrate Judge Jacqueline Chooljian**<br><br>**PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS**<br><br>**(MIL NO. 6 OF 6)**<br><br>[Filed concurrent with Declaration of Alex DiBona ("DiBona Decl."), Exhibits and Proposed Order thereon]<br><br>Date:    May 26, 2025<br>Time:    1:30 p.m.<br>Dept.:   10A<br><br><br>Trial Date:   June 3, 2025<br>Action Filed:  June 13. 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 26, 2025, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Alex Villanueva ("Plaintiff" or "Villanueva") will and hereby does move the Court to exclude the expert report, opinions, and potential testimony of Defendants' expert Vida Thomas ("Thomas") pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

This motion is made on the grounds that Thomas' opinions are impermissible legal conclusions that usurp the role of the Court and jury, are not based on reliable methodology or specialized knowledge, and fail to meet the threshold standards for admissibility under Rule 702. Thomas does not apply any independent human resources industry standards or scientific methodology to assess the facts of the case. Instead, she parrots legal standards and renders ultimate legal conclusions, thereby transforming her report into a legal brief disguised as expert testimony.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Alex DiBona, Esq. and attached exhibits, the pleadings and records in this action, and such other argument and evidence as may be presented at the hearing on this matter.

Dated: April 28, 2025                                  SHEGERIAN & ASSOCIATES, INC.

                                                       By: _____
                                                           Alex DiBona, Esq.

                                                       Attorneys for Plaintiff,
                                                       ALEX VILLANUEVA

## 1. INTRODUCTION

Plaintiff Alex Villanueva ("Plaintiff" or "Villanueva") moves to exclude the expert report, opinion, and potential testimony of Vida Thomas ("Thomas"), Defendants' designated expert on human resources issues, as follows:

Defendants designated an employment lawyer, Thomas, to "render an opinion of the Defendant's actions in response to complaints of workplace discrimination, harassment and retaliation, including what is considered typical and acceptable human resource practice regarding responding to and investigating such complaints." (*See* Exh. 1, Thomas Report at p. 18.) However, Thomas' description of her role misrepresents the true nature of her submission. Her purported "opinions" consist primarily of improper legal conclusions rather than admissible expert testimony. Moreover, many of her "opinions" exceed the scope of her qualifications and are rooted in subjective value judgments rather than any established or objective standard. For example, Ms. Thomas, who is a lawyer, gives the "applicable standards" and cites Supreme Court opinions and EEOC guidance. (*Id.*) Ms. Thomas further purports to state the standard for liability for retaliation. (*Id.* at 7). It is clear that this is not a "human resource" expert but simply a legal brief.

As such, her opinions are unhelpful to the jury and inherently unreliable. Consequently, the Court should strike Thomas' expert report, opinions, and potential testimony.

## 2. STANDARD OF REVIEW

Federal Rule of Evidence 104(a) assigns to the Court the responsibility for resolving preliminary questions concerning witness qualification and the admissibility of evidence. FED. R. EVID. 104(a). Rule 702 sets forth expert qualifications and permits an expert to testify only if: (a) her scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) her testimony is based on sufficient facts or data; (c) her testimony is the product of reliable principles and methods; and (d) she has reliably applied the principles and methods to the facts of the

case. FED. R. EVID. 702. In practical terms, this means the court "must ensure that all admitted expert testimony is both relevant and reliable." *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979, 984 (9th Cir. 2020) (citation omitted); *accord Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 598 (1993).

Importantly, "[t]he party offering the expert bears the burden of establishing that Rule 702 is satisfied." *Speer v. Cnty. of San Bernardino*, No. EDCV 20-44 JGB (SPX), 2021 WL 4459680, at *2 (C.D. Cal. July 9, 2021) (quoting *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, 2007 WL 935703, *4 (S.D. Cal. Mar. 7, 2007)).

### 3. ARGUMENT

Thomas' report, opinion, and potential testimony Rule 702 and *Daubert* criteria in several ways.

**A. Thomas' Opinions are Legal Conclusions.**

It is well-settled that "an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law" because "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citation omitted); *see also Summers v. A.L. Gilbert Co.* 69 Cal. App. 4th 1155, 1179 ("[T]he calling of lawyers as 'expert witnesses' to give opinions as to the application of the law to particular facts usurps the duty of the trial court to instruct the jury on the law as applicable to the facts). Thomas' report, opinions, and potential testimony undeniably violate this prohibition.

Thomas is an employment lawyer whose firm conducts workplace investigations. (*See* Exh. 1 at pp. 1-2). Her report is not an expert analysis, it is a legal brief masquerading as expert opinion. While she attempts to obscure her legal conclusions by characterizing them under the guise of "well-developed standards in the human resource field," she simply cites legal obligations, followed by the application of the legal principles to the facts provided by Defendants' Counsel. For example:

- She recites and applies *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), to assert that the County is

entitled to a legal affirmative defense because of its internal policies. (Exh. 1 at p. 7.)

- She interprets California precedent such as *Cotran v. Rollins Hudig Hall Intl., Inc.*, 17 Cal. 4th 93 (1998), to conclude the County's investigation grants it "qualified immunity from liability." (*Id*.)

- She declares that the County's internal decisions conformed to "well-established HR standards," though her supporting explanation consists solely of references to DFEH and EEOC legal guidance. (*Id*. at pp. 8–9.)

None of these standards derive from Ms. Thomas's expertise in "human resources" issues, they are not gleaned from knowledge of industry practices or procedures, nor does Ms. Thomas ever claim they do. (*See generally* Exh. 1). Instead, she effectively admits that what she calls "standards in the human resource field" are simply legal principles in disguise. Mid-way through her report, for instance, she cites certain court cases and EEOC guidance for the legal proposition that "[e]mployees are to be protected from retaliation regardless of whether there was a finding of discrimination or harassment." (Exh. 1 at p. 7.)

A few paragraphs later, what was previously an expressly legal proposition she now calls "[a] well-developed standard in the human resource field." (*Id.* at p. 8) ("well-developed standards in the human resource field relating to practices in preventing and responding to workplace complaints of harassment, misconduct, discrimination, threats of violence and retaliation and how to investigate a complaint.") Thus, this deceptive labeling is an improper attempt to mask the fact that Thomas' report is a legal brief. *See Elliott v. Versa CIC*, L.P., 349 F. Supp. 3d 1004, 1006 (S.D. Cal. 2018) (excluding expert where, "through the guise of an expert on real estate and property management 'standards of care,' Defendants seek to proffer [the expert] to opine on the ultimate question of whether Plaintiffs suffered discrimination in violation of federal and state law.").

**B. Thomas Lacks Expertise in Government Employment Practices and Her Opinions Rely Entirely on Defendants' Narrative.**

Thomas lacks any specialized expertise in public sector employment practices or

governmental disciplinary policies, including the use and implementation of "Do Not Rehire" lists. Her professional background is rooted in representing private employers and conducting investigations, not in navigating the complex procedural frameworks that govern public employment decisions or civil service protections. Despite this, she opines on the propriety of the County's "Do Not Rehire" designation as though it reflects a universally accepted HR standard. (Exh. 1 at pp. 9–10.) She fails to cite any data, policy studies, or industry-wide benchmarking related to the use of rehire bans within large government employers.

Moreover, her methodology appears to consist of nothing more than accepting as valid the factual narrative and internal justifications supplied by Defendants' Counsel. Her report reveals no effort to independently evaluate how other government agencies handle similar rehire decisions, nor does it reflect any critical inquiry or analysis. Instead, Thomas simply adopts what the County did and offers a blanket endorsement of those actions as "reasonable" and "in accordance with HR standards." This subjective alignment with the Defendants' litigation position further undermines Thomas' credibility and reinforces that her testimony is litigation advocacy, not expert analysis.

### 4. CONCLUSION.

Thomas' report, opinions, and potential testimony offer only improper legal conclusions and irrelevant, unreliable, and unhelpful opinions. In short, she offers only legal argument in the guise of legitimate expert testimony. Since Defendants cannot meet their obligation to satisfy the Rule 702 and *Daubert* standards, the Court should strike Thomas as a witness and preclude her from offering any report, opinions, or testimony in this matter.

///
///
///
///
///

1
2
3  Dated: April 28, 2025           SHEGERIAN & ASSOCIATES, INC.
4
5                         By: _____
6                              Alex DiBona, Esq.
7                              Attorneys for Plaintiff,
                               ALEX VILLANUEVA
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On April 28, 2025, I served the foregoing document, described as **"PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS,"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2025, at Los Angeles, California.

_Amelia Sanchez_
Amelia Sanchez