LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ALEX VILLANUEVA,

Plaintiff,

v.

COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,

Defendants.

**CASE NO. 2:24-cv-04979 SVW (JCx)**

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE MULTIPLE EXPERT WITNESSES RE: EMOTIONAL DISTRESS**

[*Filed Concurrently with Notice of Motion in Limine, Declaration of Jason H. Tokoro; and [Proposed] Order*]

Date: May 26, 2025
Time: 1:30 p.m.
Crtrm.: 10A

Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750

Trial Date: June 3, 2025

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 4
II. BACKGROUND .......... 5
A. Plaintiff's Claims And Allegations Of Emotional Distress .......... 5
B. Plaintiff's Designation Of Multiple Experts For Emotional Distress .......... 6
III. THE COURT SHOULD LIMIT PLAINTIFF TO ONE EXPERT WITNESS ON THE ISSUE OF EMOTIONAL DISTRESS .......... 7
IV. CONCLUSION .......... 8

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Engman v. City of Ontario*, No. EDCV 10-284 CAS (PLAx), 2011 WL 2463178 (C.D. Cal. June 20, 2011) .......... 7

*In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986 (9th Cir. 2008) .......... 7

*Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382 (S.D.N.Y. 2007) .......... 7

*Royal Bahamian Ass'n v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 4225947 (S.D. Fla. Oct. 21, 2010) .......... 7

*Ruud v. United States*, 256 F.2d 460 (9th Cir. 1958) .......... 4, 7

*Sunstar, Inc. v. Alberto-Culver Co.*, Nos. 01 C 0736, 01 C 5825, 2004 WL 1899927 (N.D. Ill. Aug. 23, 2004) .......... 8

*United States v. Walker*, 910 F. Supp. 861 (N.D.N.Y. 1995) .......... 7

**FEDERAL STATUTES**

42 U.S.C. § 1983 .......... 6

**FEDERAL RULES**

Fed. R. Civ. P. 26 .......... 6

Fed. R. Evid. 403 .......... 4, 7

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# I. INTRODUCTION

Plaintiff Alex Villanueva has never sought any treatment for mental health issues, yet seeks in this case substantial damages for claimed "emotional distress." No doubt concerned that proof of any emotional distress is lacking, Plaintiff decided to buttress his claim with testimony from three hired expert witnesses all giving opinions on the ***identical*** subject matter of emotional distress. Plaintiff should not be allowed to waste this Court's and the jury's time with needlessly cumulative testimony. Plaintiff should be required to select one expert on the issue.

It is well established that Federal Rule of Evidence 403 vests this Court with considerable discretion to "exclude relevant evidence if its probative value is substantially outweighed by," among other things, "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Case law also makes clear that this discretion allows the Court to limit the number of experts presented by a party. *See Ruud v. United States*, 256 F.2d 460, 462-63 (9th Cir. 1958).

Here, the three experts—Drs. Nigel Kennedy, Rebecca Udell, and Jessica Rowe—were all designated to give testimony "relating to the psychological impact of defendants' actions on plaintiff" and as to "whether Plaintiff has experienced emotional distress as a result of [Defendants'] actions, the cause of the emotional distress, the prognosis, and treatment." (Omnibus Declaration of Jason H. Tokoro ("Tokoro Decl.") Ex. 3 (Pltf.'s Expert Disclosure at 2:20-24 (Rowe); 3:7-10 (Udell); 3:21-24 (Kennedy)).) Each of the experts is providing an opinion that Plaintiff is diagnosed with an amorphous condition known as "adjustment disorder with mixed anxiety and depressed mood." (*Id.* Ex. 4 (Rowe Report at ROWE 00011); Ex. 5 (Udell Report at UDELL 00001); Ex. 6 (Kennedy Report at KENNEDY 00008).)

Drs. Kennedy, Udell, and Rowe are also relying on the same evidence in forming their opinions—interviews with Plaintiff, Plaintiff's wife, and Plaintiff's son via Zoom; Plaintiff's medical records from Dr. Mary Wahbah; Plaintiff's

deposition in this case; and Plaintiff's First Amended Complaint. (Tokoro. Decl. Ex. 4 (Rowe Report at 000001, 00009-10); Ex. 5 (Udell Report at 000001-02); Ex. 6 (Kennedy Report at 000003).)

The deposition testimony of each expert further demonstrates that the three experts are giving identical and needlessly cumulative opinions on the topic of emotional distress. Dr. Kennedy testified that Drs. Rowe and Udell were qualified to make the same diagnosis of "adjustment disorder" that he made. (*Id.* Ex. 7 (Kennedy Depo. at 35:15-36:18).) Dr. Udell likewise testified that she had no reason to believe that Drs. Kennedy and Rowe lacked the qualifications to make the same diagnosis. (*Id.* Ex. 8 (Udell Depo. at 49:2-25; 50:1-51:18).)

Defendants designated a single expert to address Plaintiff's claims of emotional distress. There is no reason why more than one is necessary; and, in fact, allowing Plaintiff to present multiple experts is prejudicial, as the jury could infer that more experts mean more weight to the testimony. The Court should order that Plaintiff designate one expert witness on the issue of emotional distress.

## II. BACKGROUND

### A. Plaintiff's Claims And Allegations Of Emotional Distress

In March 2022, two personnel complaints were filed against Plaintiff—who was then the elected Sheriff of the County of Los Angeles (the "County")—alleging he violated the Policy of Equality prohibiting harassment and discrimination. An outside law firm investigated those complaints. The investigations and their outcomes—including a notation of "Do Not Hire" in Plaintiff's personnel file—were dictated by the evidence and independent decisions of the oversight panel.

Plaintiff filed his Tort Claim on May 15, 2024. (Dkt. No. 46, Exs. 7–8.) There was nothing in it about ballot measures, vaccine mandates, or Fulgent. (*See id.*) Plaintiff filed his initial complaint on June 13, 2024. (Dkt. No. 1.) There was nothing in it about ballot measures, vaccine mandates, or Fulgent. (*See id.*)

Plaintiff filed his FAC on September 30, 2024 and, for the first time, alleged

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

that the "protected speech" he engaged in was his opposition to Ballot Measures A, J, and R, the County's Covid vaccine mandate, and the County's Fulgent contract. (Dkt. No. 46.) The FAC further alleges a sweeping conspiracy headed by the Board to retaliate against Plaintiff for his views on these issues. (*Id.*)

Plaintiff alleges that he has "suffered significant emotional distress as a result of defendants' actions and seeks legal damages to compensate for this harm." (*Id.* at 6:28-7:1.) His sole operative cause of action based on 42 U.S.C. § 1983 alleges that "plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof." (*Id.* ¶ 28.)

**B. Plaintiff's Designation Of Multiple Experts For Emotional Distress**

On March 21, 2025, Plaintiff served his Rule 26 Expert Disclosure. (Tokoro Decl. Ex. 3.) In it, he identified one expert on the issue of economic damages and three doctors on the issue of emotional distress. (*See id.*)

With respect to Dr. Rowe, the Disclosure stated that "[s]he is expected to offer opinions under Federal Rules of Evidence 702, 703, and 705, relating to the psychological impact of defendants' actions on plaintiff. She will testify as to whether Plaintiff has experienced emotional distress as a result of Plaintiff's [sic] actions, the cause of the emotional distress, the prognosis, and treatment." (*Id.* at 2:20-24.) Plaintiff used ***identical*** language to describe the testimony of Dr. Udell. (*Id.* at 3:7-10.) For Dr. Kennedy, other than changing the "she" to "he," the ***identical*** language was again used. (*Id.* at 3:21-24.)

Plaintiff included with his disclosure the report of each of the three experts. Each expert provided a summary of information learned from interviews of Plaintiff, his wife, and his son. (*Id.* Ex. 4 (ROWE 0006-11); Ex. 5 (UDELL 00001-3); Ex. 6 (KENNEDY 00004-7).)

Finally, each report included an opinion that Plaintiff is diagnosed with an amorphous condition known as "adjustment disorder with mixed anxiety and

Miller Barondess, LLP
Attorneys at Law
2121 Avenue of the Stars, Suite 2600 Los Angeles, California 90067
Tel: (310) 552-4400 Fax: (310) 552-8400

depressed mood." (*Id.* Ex. 4 (Dr. Rowe Report at ROWE 00011); Ex. 5 (Dr. Udell Report at UDELL 00001); Ex. 6 (Dr. Kennedy Report at KENNEDY 00008).)

## **III. THE COURT SHOULD LIMIT PLAINTIFF TO ONE EXPERT WITNESS ON THE ISSUE OF EMOTIONAL DISTRESS**

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The court has discretion to exclude such evidence, including by limiting expert testimony. *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008); *Ruud*, 256 F.2d at 462-63 (inherent power to limit the number of experts at trial has long been recognized).

As many courts have recognized, expert testimony from more than one expert should be precluded when there is substantial overlap. *Engman v. City of Ontario*, No. EDCV 10-284 CAS (PLAx), 2011 WL 2463178, at *8 (C.D. Cal. June 20, 2011) (excluding cumulative testimony from two experts that "overlap[ped] substantially"); *Royal Bahamian Ass'n v. QBE Ins. Corp.*, No. 10-21511-CIV, 2010 WL 4225947, at *2 (S.D. Fla. Oct. 21, 2010) ("Expert testimony may be needlessly cumulative where there is 'substantial overlap' between the areas on which two experts will testify." (citation omitted)); *Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (precluding second expert to testify because of "substantial overlap" with the testimony of another expert).

The reasons for the limitation of duplicative expert testimony are apparent. For one, it ensures that a litigant cannot "make its case through the sheer weight of successive expert testimony by even two experts as to their identical conclusions on identical issues, let alone . . . three experts." *United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995). Second, not only is "[m]ultiple expert witnesses expressing the same opinions on a subject . . . a waste of time and needlessly

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

cumulative," but "[i]t also raises the unfair possibility that jurors will resolve competing expert testimony by 'counting heads' rather than evaluating the quality and credibility of the testimony." *Sunstar, Inc. v. Alberto-Culver Co.*, Nos. 01 C 0736, C 5825, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004).

The principles stated in the above authorities apply here. There is no reason for Plaintiff to present three expert witnesses on the issue of emotional distress. This is especially the case where Plaintiff's own experts acknowledged at deposition that the other experts were qualified to render the same opinions. (Tokoro Decl. Ex. 7 (Kennedy Depo. at 35:15-36:18); *id.* Ex. 8 (Udell Depo. at 49:2-25; 50:1-51:18).) In short, there will be no prejudice to Plaintiff by presenting one expert on the issue of emotional distress. In contrast, Defendants could suffer prejudice because the jury could interpret multiple witnesses as meaning a stronger opinion. *See Sunstar, Inc.*, 2004 WL 1899927, at *25.

Finally, there is no question here that the three experts designated by Plaintiff will present identical testimony with identical bottom-line opinions that Plaintiff suffers from an "adjustment disorder." It will be needlessly cumulative to allow all three experts to present their identical opinions. The Court should require Plaintiff to select one expert on the issue of emotional distress.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the County respectfully requests that the Court grant the Motion and limit Plaintiff to one expert on the issue of emotional distress.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400




DATED: April 28, 2025

Respectfully Submitted,

MILLER BARONDESS, LLP

By: */ s / Jason H. Tokoro*
JASON H. TOKORO
Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,777 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated ____________.

DATED: April 28, 2025

Respectfully Submitted,

MILLER BARONDESS, LLP

By: */ s / Jason H. Tokoro*
JASON H. TOKORO
Attorneys for Defendants