1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  JASON H. TOKORO (State Bar No. 252345)
   jtokoro@millerbarondess.com
3  STEVEN G. WILLIAMSON (State Bar No. 343842)
   swilliamson@millerbarondess.com
4  MILLER BARONDESS, LLP
   2121 Avenue of the Stars, Suite 2600
5  Los Angeles, California 90067
   Tel.: (310) 552-4400 | Fax: (310) 552-8400
6
7  Attorneys for Defendants

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**DEFENDANTS' NOTICE OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL**<br><br>[*Filed Concurrently with Memorandum of Points of Points and Authorities; Declaration of Jason H. Tokoro; and [Proposed] Order*]<br><br>Date:　May 26, 2025<br>Time:　1:30 p.m.<br>Crtrm.:　10A<br><br>Assigned to the Hon. Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian<br><br>Trial Date:　June 3, 2025 |

731968.1

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2025, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-captioned Court, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants will and hereby do respectfully move this Court for an order granting Defendants' Motion *in Limine* No. 4 to bar Plaintiff and his counsel from attempting to elicit testimony from Vivian Villanueva at trial (the "Motion").

Plaintiff is seeking more than $25 million in emotional distress damages. Mrs. Villanueva was identified as a witness who could speak to Plaintiff's emotional distress. At his deposition, Plaintiff identified her as the person he "often" talks to about his feelings (Declaration of Jason H. Tokoro ("Tokoro Decl."), Ex. 17. at 359:5–7), and that she knows him "better than anyone" and that he confides his emotions in her in a way he does not do so with anyone else (*id.* at 359:8–18).

At her deposition, Mrs. Villanueva invoked the spousal privilege and refused to answer questions that pertained to Plaintiff's emotional distress, including what he has told her about his feelings. (*Id.* Ex. 27 at158:2–8, 159:19–160:3.) She and Plaintiff have also prevented Defendants from seeing hundreds of text messages between the two, which is admissible evidence of concurrent stressors or the lack thereof. *Elkins v. Automatic Data Processing, Inc.*, No. EDCV 21-606 JGB KKX), 2023 WL 7354621, at *5 (C.D. Cal. Apr. 19, 2023) (citation omitted). Mrs. Villanueva's testimony has been put at issue in this lawsuit, and she cannot use privilege as a sword and a shield.

Separately, Mrs. Villanueva testified that she should be "part" of this lawsuit herself as a party. (Tokoro Decl., Ex. 27 at 108:14–15.) And despite refusing to provide testimony regarding emotional distress, she also testified that Plaintiff's claim for $25 million in emotional distress was "not enough." (*Id.* at 125:18–126:2.) Such statements should be excluded as they are prejudicial and will

1  confused the jury as to the nature of Plaintiff's damages.

2      The grounds for the Motion are that the statements should be excluded under Federal Rules of Evidence 402 and 403.

4      The Motion is based upon this notice of motion; the concurrently filed Memorandum of Points and Authorities; the Declaration of Jason H. Tokoro; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the Motion.

## Local Rule 7-3 Compliance

    This Motion is made following correspondence from Defendants' counsel following the deposition of Mrs. Villanueva. Defendants' counsel requested a conference to meet and confer, but Plaintiff did not respond. (*See* Tokoro Decl. ¶¶ 4–5 & Ex 2.) The parties were therefore unable to reach agreement as to Defendants' Motion *in Limine* No. 4. (*See id.* ¶ 3.)

DATED: April 28, 2025        Respectfully Submitted,

                              MILLER BARONDESS, LLP

By:    /s/ *Jason H. Tokoro*
       JASON H. TOKORO
       Attorneys for Defendants