LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-04979 SVW (JCx)<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL**<br><br>[*Filed Concurrently with Notice of Motion in Limine; Declaration of Jason H. Tokoro; and [Proposed] Order*]<br><br>Date:    May 26, 2025<br>Time:    1:30 p.m.<br>Crtrm.:  10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:    June 3, 2025 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

730417.2

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 4

II.    BACKGROUND ................................................................................... 5

    A.    Plaintiff's $25 Million Emotional Distress Claim ................................. 5

    B.    Plaintiff Identified Mrs. Villanueva As A Key Witness ........................ 5

    C.    Defendants' Repeated Attempts To Depose Mrs. Villanueva ............... 6

    D.    Plaintiff's Refusal To Produce Relevant Communications .................. 6

    E.    Mrs. Villanueva's Refusal To Answer Questions ................................. 7

III.   LEGAL ARGUMENT .......................................................................... 8

    A.    Mrs. Villanueva's Testimony Should Be Excluded ............................. 8

    B.    At A Minimum, Mrs. Villanueva Should Not Be Permitted To Testify About Her Claims Of Being Harmed ....................................... 10

IV.   CONCLUSION .................................................................................. 12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**FEDERAL CASES**

*Busselman v. Battelle Mem'l Inst.*,
   No. 4:18-cv-05109-SMJ, 2019 WL 7763824 (E.D. Wash. June 18,
   2019) ...................................................................................................... 10

*Elkins v. Automatic Data Processing, Inc.*,
   No. EDCV 21-606 JGB KKx), 2023 WL 7354621 (C.D. Cal. Apr. 19,
   2023) ........................................................................................................ 8

*Hukman v. Sw. Airlines Co.*,
   No. 18cv1204-GPC(RBB), 2019 WL 566451 (S.D. Cal. Feb. 12, 2019) ......... 9

*Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*,
   No. 3:15-cv-22, 2019 WL 3573663 (W.D. Pa. Aug. 6, 2019) ...................... 11

*Kubik v. Cent. Mich. Univ. Bd. of Trs.*,
   No. 15-cv-12055, 2016 WL 9631633 (E.D. Mich. Mar. 17, 2016) ............... 10

*Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*,
   No. CV 16-0084 FMO (AJWx), 2017 WL 2906015 (C.D. Cal. May 9,
   2017) ........................................................................................................ 8

*Smith for J.L. v. L.A. Unified Sch. Dist.*,
   No. CV 16-2358 SS, 2018 WL 6137133 (C.D. Cal. Feb. 13, 2018) ............... 9

*United States v. Hitt*,
   981 F.2d 422 (9th Cir. 1992) ...................................................................... 11

*Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*,
   No. 3:19-cv-508, 2024 WL 4011957 (E.D. Tenn. Sept. 1, 2024) .................. 10


**FEDERAL RULES**

Fed. R. Civ. P. 26 ............................................................................................. 5

Fed. R. Evid. 402 ............................................................................................ 11

Fed. R. Evid. 403 ........................................................................................ 8, 11


**OTHER AUTHORITIES**

U.S. Const. amend. I ........................................................................................ 11

# I.     <u>INTRODUCTION</u>

Plaintiff seeks more than $25 million in emotional distress damages.  Plaintiff identified his wife, Vivian Villanueva, in written discovery responses as someone who would be testifying at trial about his emotional state.  At his deposition, he said Mrs. Villanueva is the person with whom he often talks about his emotions in a way he does not confide in with others.  He also testified that Mrs. Villanueva knows him "better than anyone."  Furthermore, Mrs. Villanueva was interviewed by Plaintiff's emotional distress experts as part of forming their opinions in this case.

Despite this, Plaintiff and Mrs. Villanueva have prevented Defendants from obtaining information about Plaintiff's alleged emotional distress.  After having to compel production of Plaintiff's text messages via a motion before the Magistrate Judge, on April 17, 2025—*one day before the close of fact discovery*—Plaintiff served a privilege log wherein he claimed that hundreds of text messages between him and Mrs. Villanueva were protected by the spousal privilege.

Then, at her deposition, Mrs. Villanueva repeatedly invoked the spousal privilege and refused to answer counsel's questions.  She refused to answer questions about the texts.  She refused to answer questions about how Plaintiff feels as a result of receiving the "Do Not Rehire" notation.  And she refused to answer questions about conversations she's had with Plaintiff about his emotional distress.

By asserting the spousal privilege, Defendants have been prevented from discovering, *inter alia*, what day-to-day life is like for Plaintiff, what his relationship with Mrs. Villanueva is like, whether there are other stressors in Plaintiff's life, or whether Plaintiff's life has changed in any way since learning of the outcome of the Huntsman and Lim complaints.  Defendants' emotional distress expert also never had the opportunity to interview Mrs. Villanueva.  Plaintiff and Mrs. Villanueva's obstruction prevents Defendants' expert from having the same opportunity to evaluate their relationship as Plaintiff's experts did.

The purpose of discovery is to avoid trial by ambush, but that is the exact

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 situation facing Defendants. The Federal Rules of Civil Procedure and Federal

2 Rules of Evidence dictate that Mrs. Villanueva be excluded from testifying at trial.

3 Plaintiff and Mrs. Villanueva cannot pick and choose what she will and will not

4 produce or testify about. That is not how discovery works.

## II.    BACKGROUND

### A.    Plaintiff's $25 Million Emotional Distress Claim

7 In March 2022, two personnel complaints were filed against Plaintiff—who

8 was then the elected Sheriff of the County of Los Angeles (the "County")—alleging

9 he violated the Policy of Equality prohibiting harassment and discrimination. An

10 outside law firm investigated those complaints. The investigations and their

11 outcomes—including a notation of "Do Not Rehire" in Plaintiff's personnel file—

12 were dictated by the evidence and independent decisions of the oversight panel.

13 Plaintiff alleges that he "has suffered and continues to suffer humiliation,

14 emotional distress, and mental and physical pain and anguish, all to his damage in a

15 sum according to proof." (First Am. Compl. ¶ 28.) In his Rule 26 Initial

16 Disclosures, Plaintiff stated that he is seeking, at minimum, $25 million for his

17 emotional distress claim. (Declaration of Jason H. Tokoro ("Tokoro Decl.") Ex.

18 18.)

### B.    Plaintiff Identified Mrs. Villanueva As A Key Witness

20 Plaintiff did not list any emotional distress witnesses in his Rule 26 Initial

21 Disclosures. (Tokoro Decl. ¶ 27 & Ex. 18.) On February 12, 2025, Plaintiff

22 supplemented his initial disclosures to identify, *inter alia*, Mrs. Villanueva as

23 someone with knowledge of his emotional distress damages. (*Id.* ¶ 28 & Ex. 19.)

24 On March 21, 2025, Plaintiff served his expert disclosure and designated

25 three experts on his alleged emotional distress: Drs. Jessica Rowe, Rebecca Udell,

26 and Nigel Kennedy. (*Id.* ¶ 6 & Ex. 3.) The disclosure attached a report from each

27 of these experts. (*See id.* Ex. 4 at ROWE 000001–000021 (Rowe); *id*. Ex. 5 at

28 UDELL 000001–000009 (Udell); *id*. Ex. 6 at  KENNEDY 000001–000018

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  (Kennedy).)  The reports disclose that Plaintiff's experts were permitted to interview

2  Mrs. Villanueva without any objections or assertions of the spousal privilege.  (*See*

3  *id*. Ex. 4 at ROWE000009–10; *id*. Ex. 5 at UDELL 000001; *id*. Ex. 6 at KENNEDY

4  000006–7.)

5  Plaintiff was deposed a second time on April 22, 2025 pursuant to the

6  Magistrate Judge's Order.  (*See* Dkt. No. 86.)  At his deposition, Plaintiff stated that

7  he understood Mrs. Villanueva would be deposed the next day regarding his claimed

8  emotional distress.  (Tokoro Decl. Ex. 17 at 358:22–24.)  He said that she is

9  someone with whom he "often" talks about his feelings (*id*. at 359:5–7), that she

10  knows him "better than anyone," and that he confides his emotions to her in a way

11  he does not do with anyone else (*id*. at 359:8–18).

12  **C.    Defendants' Repeated Attempts To Depose Mrs. Villanueva**

13  On February 20, 2025, Defendants served a subpoena setting Mrs.

14  Villanueva's deposition for March 20, 2025—a date provided by Plaintiff's counsel.

15  (Tokoro Decl. Ex. 20.)  The subpoena included eight document requests.  (*Id*.)  Mrs.

16  Villanueva did not respond to the subpoena.  (*Id*. ¶ 34.)

17  On March 12, 2025, Plaintiff advised that Mrs. Villanueva was no longer

18  available on March 20 but gave no reasons.  (*Id*. ¶ 30, Ex. 21.)  Her deposition was

19  rescheduled for March 27, 2025.  (*Id*. ¶ 31.)  Defendants issued an amended

20  subpoena, and Mrs. Villanueva again did not respond.  (*Id*. ¶¶ 31, 34 & Ex. 22.)

21  On March 27, 2025, Plaintiff advised that Mrs. Villanueva was suddenly ill

22  and would not be appearing.  (*Id*. ¶ 32, Ex. 23.)  Defendants were again forced to

23  reschedule her deposition and set it for April 23, 2025.  (*Id*. ¶ 33.)  Defendants

24  issued an amended subpoena with document requests, and Mrs. Villanueva again

25  did not respond.  (*Id*. ¶¶ 33–34 & Ex. 24.)  To date, Mrs. Villanueva has produced

26  no documents.  (*See id*. ¶ 34.)

27  **D.    Plaintiff's Refusal To Produce Relevant Communications**

28  Defendants served Plaintiff with requests for production seeking all

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

documents and communications relating to his claim of emotional distress. Plaintiff initially failed to produce any text messages in this case. As a result, Defendants filed a motion to compel such communications. (*See* Dkt. No. 77.) On April 10, 2025, the Magistrate Judge granted Defendants' motion and ordered Plaintiff to produce all responsive communications. (*See* Dkt. No. 86.)

On April 17, 2025—one day prior to the close of fact discovery—Plaintiff produced a handful of cherry-picked texts with Mrs. Villanueva. (Tokoro Decl. ¶ 35 & Ex. 25.) He also provided a privilege log listing hundreds of text messages between himself and Mrs. Villanueva that he withheld and claimed were privileged due to, *inter alia*, the spousal privilege. (*Id.* ¶ 36 & Ex. 26.) The timing of the production of the texts and the log left Defendants with no ability to seek any recourse via the standard discovery motion process.

### E.    Mrs. Villanueva's Refusal To Answer Questions

On April 23, 2025, Mrs. Villanueva was finally deposed. At her deposition, she testified she had never seen her deposition subpoena before, nor had she seen or looked for any responsive documents. (Tokoro Decl. Ex. 27 at 34:24–35:6, 38:8–18.) She then refused to answer numerous questions regarding Plaintiff's claimed emotional distress on grounds of the spousal privilege.

Mrs. Villanueva said she was not only going to assert the spousal privilege for any of the text messages identified in Plaintiff's privilege log, but also for any other non-produced text messages that may not have been logged. (*Id.* at 63:2–13.) She refused to discuss any conversations she may have had with Plaintiff regarding this case either before or after its filing, even though she claims to speak with Plaintiff about the case "all day." (*Id.* at 33:1–24.)

Mrs. Villanueva refused to answer questions regarding Plaintiff's emotional distress—the very reason she was put at issue in this case. For example, when asked whether Plaintiff has told her how he felt in response to the "Do not rehire" notation, she admitted talking about it "a lot," but she refused to testify about those

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   conversations.  (*Id.* at 158:2–8.)  Mrs. Villanueva was also asked if she had any

2   conversations with Plaintiff regarding his emotional distress, and she again refused

3   to answer on grounds of the spousal privilege.  (*Id.* at 159:19–160:4.)

4       Separately, Mrs. Villanueva testified that she should be "part" of this lawsuit

5   herself as a party.  (*Id.* at 108:14–15.)  And despite refusing to provide testimony

6   regarding emotional distress, she also testified that Plaintiff's claim for $25 million

7   in emotional distress was "not enough."  (*Id.* at 125:18–126:2.)

## III.    LEGAL ARGUMENT

9       Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant

10  evidence if its probative value is substantially outweighed by a danger of one or

11  more of the following: unfair prejudice, confusing the issues, misleading the jury,

12  undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R.

13  Evid. 403.  Allowing Mrs. Villanueva to testify would severely prejudice

14  Defendants.

### A.    Mrs. Villanueva's Testimony Should Be Excluded

16      One of the "principal goals" of discovery is "preventing trial by ambush and

17  surprise." *Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084 FMO

18  (AJWx), 2017 WL 2906015, at *1 (C.D. Cal. May 9, 2017) (citation omitted).  But

19  Plaintiff and Mrs. Villanueva's weaponization of the spousal privilege ***after*** Plaintiff

20  put Mrs. Villanueva's testimony at issue in this lawsuit means that Defendants are

21  walking straight into such an ambush.

22      Defendants are entitled to conduct discovery to defend against Plaintiff's

23  emotional distress claim, and that right goes beyond the information that Plaintiff

24  wishes to selectively provide.  "A party may seek to challenge a claim for emotional

25  distress damages by offering evidence of other stressors in a plaintiff's life." *Elkins*

26  *v. Automatic Data Processing, Inc.*, No. EDCV 21-606 JGB KKx), 2023 WL

27  7354621, at *5 (C.D. Cal. Apr. 19, 2023) (citation omitted).  "Once a plaintiff

28  'opens the door' to this issue, the plaintiff cannot block a defendant's challenge to

[his] damages by objecting to the introduction of evidence that pertains to [his] mental or emotional health." *Smith for J.L. v. L.A. Unified Sch. Dist.*, No. CV 16-2358 SS, 2018 WL 6137133, at *2 (C.D. Cal. Feb. 13, 2018); *see also Hukman v. Sw. Airlines Co.*, No. 18cv1204-GPC(RBB), 2019 WL 566451, at *3 (S.D. Cal. Feb. 12, 2019) ("[a] plaintiff who elects to seek damages for emotional distress relies on her emotional condition as an element of her claim" and "cannot fairly prevent discovery relating to that element of her claim"; "defendants should have access to evidence that the plaintiff's emotional state was caused by something else").

Conversations between Plaintiff and his wife could shed light on this in two different ways: (1) they could either point to other, concurrent stressors experienced by Plaintiff; or (2) they could show that Plaintiff was not experiencing *any* stress, thereby undercutting his emotional distress claim. Plaintiff and Mrs. Villanueva have prevented Defendants from obtaining any discovery into these issues.

Defendants are also entitled to conduct discovery into whether Plaintiff's relationships with others, including his wife, have changed since learning of the "Do Not Rehire" notation. Who better to know that than this wife? Plaintiff agrees. (*See* Tokoro Decl. Ex. 17 at 359:5–18.) Plaintiff believed this type of information was important enough to his emotional distress claim that he allowed his experts to interview Mrs. Villanueva and his son, Jared Villanueva. (*See id.* Exs. 4–6.)

Defendants are entitled to conduct discovery into whether Plaintiff's day-to-day life has changed in any way since January 2024. Again, who better to know this than his wife? But the very discovery that would shine a light on this has been withheld by Plaintiff on grounds of the spousal privilege. The privilege log of Plaintiff's texts with Mrs. Villanueva reflects an active lifestyle with regular events, engagements, and parties. (*See generally id.* Ex. 26.) Discovery has also shown that Plaintiff's son got married recently and Plaintiff was a big part of it.

Plaintiff cannot have it both ways. He cannot claim $25 million in emotional distress damages, identify Mrs. Villanueva as the key witness, and then refuse to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

9

DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL

1  turn over his communications.  Nor can Mrs. Villanueva refuse to provide

2  deposition testimony to Defendants but then show up at trial and testify to the same

3  topics she asserted spousal privilege over.  That is not the law.

4          Courts consistently reject the invocation of privilege where a litigant wields it

5  as both a sword and a shield.  *See, e.g., Univ. of Tenn. Rsch. Found. v. Caelum*

6  *Biosciences, Inc.*, No. 3:19-cv-508, 2024 WL 4011957, at *9-10 (E.D. Tenn. Sept.

7  1, 2024) (granting motion *in limine* where party invoked attorney-client privilege

8  during discovery and then sought to introduce evidence of conversations regarding

9  that advice at trial); *Kubik v. Cent. Mich. Univ. Bd. of Trs.*, No. 15-cv-12055, 2016

10  WL 9631633, at *2 (E.D. Mich. Mar. 17, 2016) (psychotherapist-patient privilege

11  cannot be invoked where party puts emotional state at issue in a case, to prevent

12  party from only using portions of evidence it believes to be beneficial).

13          For similar reasons, neither Plaintiff nor Mrs. Villanueva should be able to

14  hide behind other objections, such as a right to privacy.  Plaintiff waived any

15  privacy objection when he filed suit seeking millions of dollars for alleged

16  emotional and physical distress.  *See, e.g., Busselman v. Battelle Mem'l Inst.*, No.

17  4:18-cv-05109-SMJ, 2019 WL 7763824, at *1-2 (E.D. Wash. June 18, 2019)

18  (finding waiver in the context of plaintiff's "constitutional right to privacy" where

19  plaintiff "placed her emotional status at issue by claiming [d]efendant caused her to

20  suffer emotional distress damages").

21          The questions posed to Mrs. Villanueva at her deposition, especially

22  questions about Plaintiff's claimed emotional distress, speak to the very heart of

23  Plaintiff's damages.  Plaintiff should not be permitted to deprive Defendants of

24  discovery, only to spring these issues on them at trial.  The Court should exclude

25  Mrs. Villanueva's testimony in its entirety.

26  **B.    At A Minimum, Mrs. Villanueva Should Not Be Permitted To**

27       **Testify About Her Claims Of Being Harmed**

28          Mrs. Villanueva testified at her deposition that she wishes she were a party to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN
VILLANUEVA FROM TESTIFYING AT TRIAL

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  this lawsuit.  (*See* Tokoro Decl. Ex. 27 at 108:14–15.)  She has also made statements

2  to Plaintiff's proffered experts that she has been harmed as a result of what Plaintiff

3  alleges in this case.  (*Id.* Ex.  4 at ROWE000009–10; *id.* Ex. 5 at UDELL 000001–

4  02; *id.* Ex. 6 at KENNEDY 000006–7.)  None of this should be presented to the

5  jury.

6      Mrs. Villanueva is not a plaintiff in this case.  Any alleged harm she has

7  suffered is not at issue.  The only evidence admissible at trial is relevant evidence.

8  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").  Mrs. Villanueva's

9  feigned harm is not relevant.  It has no bearing on whether Defendants retaliated

10  against Plaintiff for his alleged protected speech.

11      Furthermore, any minimal probative value is far outweighed by the risk of

12  unfair prejudice, confusing the issues, misleading the jury, and wasting time.  Fed.

13  R. Evid. 403; *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the

14  evidence is of very slight (if any) probative value, it's an abuse of discretion to

15  admit it if there's even a modest likelihood of unfair prejudice or a small risk of

16  misleading the jury.").

17      Defendants will be severely prejudiced if Mrs. Villanueva is permitted to

18  testify about any harm she believes she has suffered.  It is not at issue in this case.

19  No discovery has been done about it.  No experts have been retained.  It will also

20  confuse and mislead the jury into thinking it can consider this "harm" when

21  deciding Plaintiff's First Amendment claim.  This is precisely what Rule 403 is

22  intended to prevent, and courts routinely exclude testimony on this basis.  *See, e.g.,*

23  *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, No. 3:15-cv-22, 2019

24  WL 3573663, at *7 (W.D. Pa. Aug. 6, 2019) (excluding proffered testimony on

25  basis of juror confusion where it concerned the damages incurred by a non-party).

26      Moreover, this Court has indicated that it will impose strict time limits for

27  trial.  If Mrs. Villanueva is allowed to testify about this, Defendants will need to

28  present witnesses and documents to refute the claims being made.  This will result in

DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN
VILLANUEVA FROM TESTIFYING AT TRIAL

1  an unnecessary mini-trial.  It would be a waste of the Court's and the jury's time and

2  resources.

3  **IV.    <u>CONCLUSION</u>**

4        For the foregoing reasons, the Court should grant Defendants' Motion and

5  preclude Mrs. Villanueva from testifying at trial.

6

7  DATED:  April 28, 2025              Respectfully Submitted,

8                                     MILLER BARONDESS, LLP

9

10                              By:    */ s / Jason H. Tokoro*
11                                     JASON H. TOKORO
                                       Attorneys for Defendants
12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,987 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED:  April 28, 2025          Respectfully Submitted,

MILLER BARONDESS, LLP

By:  _____/ s / Jason H. Tokoro_____
          JASON H. TOKORO
          Attorneys for Defendants

DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL