Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, CA 90004
Telephone Number:        (310) 860 0770
Facsimile Number:        (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA, | Case No.: 2:24 cv 04979 SVW (JC) |
| Plaintiff, | **The Honorable Stephen V. Wilson** |
| vs. | **PLAINTIFF ALEX VILLANUEVA'S OBJECTIONS TO EVIDENCE UNDER FED. R. CIV. P. 56(c)(2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** |
| COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive, | |
| Defendants. | Date: May 19, 2025<br>Time: 1:30 p.m.<br>Crtrm.: 10A<br><br>Trial Date: June 3, 2025 |

# PLAINTIFF ALEX VILLANUEVA'S EVIDENTIARY OBJECTIONS

Plaintiff, Alex Villanueva, raises the following evidentiary objections to defendants' evidence submitted with defendants' motion for summary judgment or partial summary judgment, set to be heard before this honorable Court on May 19, 2025. Plaintiff requests a ruling on these evidentiary objections before any ruling is made on defendants' motion.

# TABLE OF CONTENTS

**Page**

OBJECTIONS TO TOKORO DECLARATION  (¶¶ 61–137) .................................. 1

HEARSAY OBJECTIONS TO HUNTSMAN DECLARATION .......................... 75

OBJECTIONS TO DIAZ-HERRERA DECLARATION .................................... 78

OBJECTIONS TO LIM DECLARATION ..................................................... 83

HEARSAY OBJECTIONS TO DEVANE DECLARATION ............................... 88

HEARSAY OBJECTIONS TO COATES DECLARATION ............................... 91

HEARSAY OBJECTIONS TO KOPPERUD DECLARATION ........................... 93

## OBJECTIONS TO TOKORO DECLARATION

## (¶¶ 61–137)

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 61 to the Tokoro Decl.<br><br>A true and correct copy of the Apr il 1, 2022 Los Angeles Times article titled "Editorial: The Villanueva Saga Just Gets Odder and more Destructive," is attached to the COE as Exhibit 50 . | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 62 to the Tokoro Decl. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| A true and correct copy of the Apr il 1, 2022 Los Angeles Times article titled "Sheriff Villanueva Makes Ugly , Unfounded Claim Against County Watchdog," is attached  to the COE as  Exhibit 51 . | Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 63 to the Tokoro Decl.<br><br>A true and correct copy of the vide o of the April 1, 2022 Los Angeles  Times Editorial Board interview with Pl aintiff is attached to the COE as  Exhibit 52 . | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 64 to the Tokoro Decl.<br><br>A true and correct copy of the October 17, 2023 CEOP memo is attached to the COE as Exhibit 53. Plaintiff's Speech After Learning Abou t The Lim And Hunt sman Complaints | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | comments is inadmissible under FRE 602 and 701. | |
| ¶ 65 to the Tokoro Decl.<br><br>Plaintiff was admonished regarding the Lim and Huntsman complaints on March, 23, 2022. ( See Exs. 19 and 33.) | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 66 to the Tokoro Decl.<br><br>Plaintiff was also notified of the ad ministrative investigations into the on June 27, 2022. ( See Ex. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| 22 and 36.) | (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 67 to the Tokoro Decl.<br><br>Plaintiff continued to voice his oppos ition to matters before the Los Angeles County Board of Supervisors ("Boar d"), including by sending letters to the Board, hosting weekly Facebook Live sessi ons, and talking to the press.    Case 2:24-cv-04979-SVW-JC Document 89-3    Filed | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| 04/21/25    Page 7 of 22 Page ID #:3329 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 716688.4   8   TOKORO DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMM ARY JUDGMENT | Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 68 to the Tokoro Decl.  Plaintiff also continued to spea k publicly about Ms. Lim and Mr.  Huntsman, the Board, and its Justice Deputies. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained ☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
|---|---|---|
| ¶ 69 to the Tokoro Decl.<br><br>For example, on April 1, 2022, a week after being notified about the Huntsman complaint, Plaintiff did an in terview with the Los Angeles Times during  which he referred to Mr. H untsman as "Max-Gustaf" a nd accused him of being a Holocaust denier.  ( See Exs. 50-52.)  Plaintiff also talked about Mr. Huntsman  during his Facebook Live sessions on Marc h 29, 2022, April 26, 2022, June 21,  2022, and October 26, 2022. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 70 to the Tokoro Decl.<br><br>Below are representative examples of  the types of free speech Plaintiff | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| engaged in after learning of th e Lim and Huntsman complaints.  Letters to the Board | foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 71 to the Tokoro Decl.\n\nOn July 11, 2022, Plaintiff sent  a letter to the Board opposing ballot  Measure J.  A true and correct  copy the letter is attached as Exhibit 54  to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements | ☐ Sustained\n☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 72 to the Tokoro Decl.<br><br>In September 2022, Plaintiff sent a le tter to California Attorney General Rob Bonta asking him to criminally investig ate Board Supervisor Sheila Kuehl. A true and correct copy of the letter is attached as Exhibit 55 to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 73 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

| | | |
|---|---|---|
| On September 21, 2022, Plaintiff sent a letter to the Board asking that it remove Mr. Huntsman as the Inspector Genera l.  A true and correct copy the letter is  attached as Exhibit 56  to the COE. | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 74 to the Tokoro Decl.  On October 3, 2022, Plaintiff sent a letter to the Board about Mr. Huntsman and Board Supervisor Kuehl.   A true and correct copy the letter is  attached as  Exhibit 57 | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained ☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| to the COE. | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 75 to the Tokoro Decl.<br><br>On October 19, 2022, Plaintiff sent a letter to the Board following up on his prior letters asking that Mr. Huntsman be removed. A true and correct copy the letter (without attachments) is attached as Exhibit 58 to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 76 to the Tokoro Decl.<br><br>On October 26, 2022, Plaintiff sent a letter to the Board again asking that Mr. Huntsman be removed as the Inspector General. A true and correct copy the letter is attached as Exhibit 59 to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 77 to the Tokoro Decl.<br><br>Plaintiff conducted weekly Face book live sessions while he was Sheriff. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| Plaintiff did so in uniform, in his office, using the Department's Facebook account, 1 and in his role as Sheriff. Many of these postings to Facebook are press conferences held by Plaintiff as Sheriff of the County. A true and correct listing on Plaintiff's Facebook Live sessions as Sheriff is attached as Exhibit 60 to the COE. | foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 78 to the Tokoro Decl.<br><br>A few examples of the topics covered by Plaintiff during these Facebook Live sessions include the following: | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 79 to the Tokoro Decl.<br><br>On March 29, 2022, Plaintiff discu ssed an alleged co ver-up of deputy gangs within the Department. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 80 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| On April 6, 2022, Plaintiff claimed the Department was being defunded by the Board. Plaintiff also displayed a copy of the April 1, 2022 Los Angeles Times article in which he was quoted as referring to Mr. Huntsman as "Max-Gustaf" and accusing him of being a "Holocaust denier." | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 81 to the Tokoro Decl.<br><br>On April 13, 2022, Plaintiff discussed his claims that the Department was being "defunded" by the Board and pointed out that Board Supervisor Kuehl was a Board | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained<br>☐ Overruled |

-15-

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| member and a member of the MTA Board. | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| --- | --- | --- |
| ¶ 82 to the Tokoro Decl.<br><br>On April 20, 2022, Plaintiff talked about the "Woke Budget De-Values Public Safety" and again accused the Board of defunding his Department. As part of his presentation, Plaintiff put up photos of the Board Supervisors. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 83 to the Tokoro Decl.<br><br>On October 29, 2022, Plaintiff talked about public corruption, the County, and the Board. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 84 to the Tokoro Decl.<br><br>On October 26, 2022, Plaintiff talked  about recent developments with | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| the County and the Board. *Facebook Live Sessions Using Personal Social Media Accounts* | foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 85 to the Tokoro Decl. After losing re-election in November 2022, Plaintiff started doing    1 https://www.facebook.com /LosAnge lesCountySheriffsDepartm ent    Facebook Live sessions using hi s personal Facebook account. 2   A true and correct  listing of | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements | ☐ Sustained ☐ Overruled |

| | | |
|---|---|---|
| Plaintiff's Facebook Live sessi ons from December 2022 through January  30, 2024 is attached as Exhibit 61  to the COE. | interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 86 to the Tokoro Decl.  A few examples of the topics covered by Plaintiff during these  Facebook Live sessions include the following: | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained ☐ Overruled |
| ¶ 87 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

| | | |
|---|---|---|
| On May 17, 2023, Plaintiff referred to the Department as a "dumpster fire" and blamed it on the Board and Mr. Huntsman. Plaintiff also accused Mr. Huntsman of conducting an illegal search of Department personnel in violation of the U.S. Constitution. Plaintiff went on to urge his listeners to "state next year by getting rid of Kathryn Barger, Janice Hahn, and Holly Mitchell, the three Supervisors who have empower ed Max Huntsman to do the disaster he's done–" | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 88 to the Tokoro Decl.<br><br>On June 28, 2023, Plaintiff said the following:   Have deputies been involved in misc onduct before?  Of course.  Have Supervisors | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| been involved in misconduc t before? Of course. In fact, they were convicted. In fact, you had Sheila Kuehl, who's a named felony suspect on a serious case. Ma rk Ridley Thomas convicted on a serious case. That's 40% of the Bo ard of Supervisors at one point has been convicted of a crime. You know how many deputies it would require to take? 40%. They'd be like 4,000 deputies. Do the math here. Who is more corrupt? The L. A. County Sheriff's Department or the Board of Supervisors? I will tell you, the Board of Supervisors, hands down. | 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 89 to the Tokoro Decl.<br><br>On September 6, 2023, Plaintiff stat ed, "I hate | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| corrupt people and if they all happen to be female at the same time and they're corrupt, well, that's too bad. Has nothing to do with th e corruption. In this case, I have an all-female Board of Supervisors, and they're corrupt. A nd I have two successi ve CEOs. They're corrupt as well. They're all female. It ha s nothing to do with the fact that they're female. It's just they 're corrupt." | knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 90 to the Tokoro Decl.<br><br>On September 13, 2023, Plaintiff a nnounced he would be running for  2 https://www.facebook.com /sheriffvillanueva33 election to the Board against Boar d Supervisor Janice Hahn. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 91 to the Tokoro Decl.<br><br>On January 11, 2024, Plaintiff gave his listeners an update regarding his campaign for the Board. *Press Statements* | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| ¶ 92 to the Tokoro Decl. Plaintiff held a press conference on March 29, 2022, to discuss claims of an alleged cover-up ( http://abc7.com/capt-angela-w alton-los-angeles-county- sheriff-alex-villanueva-n ew-legal-claim/11845416/ ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained ☐ Overruled |
|---|---|---|
| ¶ 93 to the Tokoro Decl. On April 26, 2022, Plaintiff held a press conference during which he announced that the Department was conducting a criminal | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to | ☐ Sustained ☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| investigations into Mr. Huntsman, a Los Angeles Times reporter, and a political rival ( https://www.latimes.com/california/st ory/2022-04-26/los-angeles-sheriff-villanueva-times-reporter-unde r-investigation-coverup ). | the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 94 to the Tokoro Decl.<br><br>Plaintiff later backtracked and informed the public that the Department was not criminally investigating the Los Angeles Times report ( https://www.cnn.com/2022/04/26/media/lo s-angeles-sheriff-la-times-reliable-sources/index.html ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 95 to the Tokoro Decl.<br><br>On May 25, 2022, Plaintiff was interviewed by ABC7 Eyewitness News about the November 2022 election. ( https://abc7.com/los-angeles-county- election-race-for-sheriff-a lex-villanueva/11894847/ ) | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 96 to the Tokoro Decl.<br><br>On September 18, 2022, Plaintiff posted a | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| campaign video portraying Supervisor Kuehl as corrupt.   ( https://www.youtube.com/ watch?v=XvTaVqksP5Q ). | knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 97 to the Tokoro Decl.  On October 6, 2022, Plaintiff held  a press conference during which he  accused the Board of "defunding" the Department ( https://abc7.com/villanuev a-los- angeles-county-sh eriff-budget/12301111/ ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay | ☐ Sustained ☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 98 to the Tokoro Decl.<br><br>On October 26, 2022, Plaintiff held a press conference during which he discussed Mr. Huntsman and Board Supervisor Kuehl, and his request that Attorney General Bonta conduct a criminal investigation into them. Plaintiff also referenced deposition testimony by Mr. Huntsman fr om another lawsuit and accused Mr. Huntsman of misconduct and la ck of transparency. ( https://www.facebook.com | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| / LosAngelesCountySheriffs Depart ment/videos/22395138462 07174 ) | | |
| ¶ 99 to the Tokoro Decl.<br><br>In December 2023, Plaintiff was in terviewed by Los A ngeles Magazine about testifying before the County Over sight Commission regarding deputy gangs  ( https://lamag.com/crimeinl a/la-county- sheriff-alex-villanueva-deputy-gangs ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 100 to the Tokoro Decl.<br><br>In January 2024, Plaintiff | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| spoke to Rolling Stone about the Department's ongoing investigation into deputy gangs (https://www.rollingstone.com/politics/politics-features/alex-villa nueva-sheriff-testimony-deputy-gang- members-1234946346/).    Weekly Radio Show | attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 101 to the Tokoro Decl.<br><br>Between May and Septem ber 2023, Plaintiff hosted a radio show on  CRN Digital Talk Radio titled, "The Resistance With Sheriff Alex Villanueva" ( https://rumble.com/c/c-3009114 ).  The daily shows covered issues | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| facing the County, the Board, and Mr. Huntsman. A tr ue and correct listing of Plaintiff's radio shows is attached as Exhibit 62 to the COE. | posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 102 to the Tokoro Decl.<br><br>To take just one example, on July 24, 2023, Plaintiff referred to Mr. Huntsman as a "felony suspect" and a ccused Mr. Huntsman and the Board of pressuring the County Coroner to release a report ( https://rumble.com/v32396 s-the- resistance-w-sheriff-alex-villanue va-7-24-23.html?e9s=src_v1_ucp ). The Los Angeles Times PRA Request | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | 602 and 701. | |
| ¶ 103 to the Tokoro Decl.<br><br>In November 2023, the Los Angeles  Times served a Public Records  Act request for the investigatio n files.  A true and correct copy of the Public Records Act request is attached as Exhibit 63  to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 104 to the Tokoro Decl.<br><br>The Department provided redacted file s as it was required to do by law.   A true and correct copy of the Department 's | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| production letter (without attachments) is attach ed as Exhibit 64 to the COE. | 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 105 to the Tokoro Decl.<br><br>On January 31, 2024, the Times publis hed a story about the Huntsman complaint and outcome titled, ",Do Not Re hire': Panel finds Villanueva violated county discrimination, ha rassment policies." Plaintiff's Speech After Learning Ab out The "Do Not Rehire" Notation | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 106 to the Tokoro Decl.<br><br>Plaintiff alleges that he learned about the "Do Not Rehire" notation after an article was published by the Los Angeles Times on January 31, 2024. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 107 to the Tokoro Decl.<br><br>Despite this, Plaintiff has | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| continued to voice his views on Ms. Lim, Mr. Huntsman, the Board, Board Supervisors, the Department , and Sheriff Luna. | attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 108 to the Tokoro Decl.  Below are representative examples of  the types of free speech Plaintiff engaged in after learning of the notation.  Facebook Live Sessions Using Personal Social Media Accounts | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 109 to the Tokoro Decl.<br><br>Plaintiff continued doing Facebook Live sessions using his personal Facebook account.  A true and correct listing of Plaintiff's Facebook Live sessions   from January 31, 2024 to the  present is attached as  Exhibit 65  to the COE. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| | 602 and 701. | |
| ¶ 110 to the Tokoro Decl.<br><br>A few examples of the topics covered by Plaintiff during these  Facebook Live sessions include the following: | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 111 to the Tokoro Decl.<br><br>On January 31, 2024, Plaintiff disc ussed the "Do Not Rehire" notation and the Los Angeles Times ar ticle about it.  Plaintiff | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| claimed the release of the information to the Times was tied to his campaign for the Board. Plaintiff again called Mr. Huntsman "Max-Gustaf" and claimed that he is a "[twice] named felony suspect." A true and correct copy is attached as Exhibit 66 to the COE. | 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 112 to the Tokoro Decl.<br><br>On February 7, 2024, Plaintiff said the following: Where is the FTC investigation into Hahn's campaign donations? Where is the state AG? Well, the state AG is busy looking the other way, looking at the clock. So the statute of limitations expires on the Max Huntsman, Sheila Kuehl, Patty Higgins | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| investigation. It also involves County Counsel, Chief Count y Counsel and Diana Teran from the District Attorney's office. Oh , yeah, all those people, and they're just waiting for it to statue out so they can say, "Oh, you know, gosh darn, you know, our time expired. We can't really investigate it anymore." That's how the game is pl ayed in California, folks. Voters, you need to wisen up. | opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 113 to the Tokoro Decl.

On February 28, 2024, Plaintiff said the following: Here's a sad thing. [Supervisor] Janice Hahn was an MRT cheerleader, and she voted on every single project he brought to her attention. Why? Because she had her fingers in it as well. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay | ☐ Sustained ☐ Overruled |

| | |
|---|---|
| She benefited it from it as well. All of her campaign c ontributors were the same campaign contributors to Mark Ridley-Thomas , that whole incestuous group of supervisors who were taking campa ign contributions from the very organizations, businesses that do busin ess with the county. Want to take a stab at how many law firms th e County hires? Want to take a stab at how many attorneys that work for these law firms do the max donation to the Board of Supervisor s, including Janice Hahn? How many developers have been lining the pockets of Janice Hahn for her reelection efforts? And you wonde r why nothing ever changes in county government? Why | and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | |
|---|---|
| 1 | it is so corr upt, |
| 2 | ineffective, and |
| 3 | inefficient?   Well, now |
| 4 | you know why.  Becaus e |
| 5 | one: you got corrupt |
| 6 | people in  charge and |
| 7 | Janice Hahn is the ki ng or |
| 8 | the queen of corruption. – |
| 9 | L.A. County government |
| 10 | is the most  corrupt local |
| 11 | government in the  entire |
| 12 | nation.  We have so far |
| 13 | past  Chicago to earn the |
| 14 | number one spot  in |
| 15 | corruption.  And it's |
| 16 | because of  the antics of |
| 17 | Mark Ridley Thomas,  of |
| 18 | [Board Supervisor] Sheila |
| 19 | Kuehl.   Remember that |
| 20 | one?  The Sheila  Kuehl |
| 21 | one?  Oh yeah.  That one |
| 22 | that somehow |
| 23 | mysteriously  disappeared? |
| 24 | It went to the Attorney |
| 25 | General's office, nothing's |
| 26 | happening.  No |
| 27 | investigation is going on. |

| 28 | ¶ 114 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

| | | |
|---|---|---|
| On March 13, 2024, Plaintiff said the following: When you got to recognize County gove rnment is corrupt as can be.   Mark Ridley Thomas, Chair of the Bo ard of Supervisors, got indicted, convicted and sentenced for corrupt ion while he was Chair of the  Board. You think he's the only pe rson that was involved in criminal  conduct?  You have a susp ect, Sheila Kuehl, as me mber of the Board of  Supervisors. She was under inve stigation.  Still remains under  investigation by the Attorney General's Office for corruption. Sweetheart deals sole source contr act with her buddy, who she placed under civilian oversight commission.  That's two | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | □ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| out of five. That's 40% of the Board right there. – But I'm pointing things out, too bad, and I'm going to continue pointing out bad government, bad po liticians, corrupt leaders and bad journalists. Because we rely on the fourth estate, the media to expose bad government, but they're not! In L.A. County, the L.A. Times and the local media is in the back pocket of the Board of Supervisors. | | |
| ¶ 115 to the Tokoro Decl.<br><br>On March 27, 2024, Plaintiff said the following: But apparently they're turning a b lind eye to the one and only other crowd, which is County corruption. Because you got L.A. City Hall corruption, but you also had County corruption. | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay | ☐ Sustained<br>☐ Overruled |

You had the conviction of Mark Ridley Thomas . You had the investigation of [Board Supervisor] Sheila Kuehl. Patty Giggins of the Oversight Commission, Max Huntsman, and all of that kind of was taken over by the Attorney General Bonta, who r eally wants to be Governor in a really bad, bad way. And all of a s udden there's no investigation at all.   What they're doing - he is doing, and this is at the direction of pretty sure of the State De mocratic Party. –  So, Mr. Bonta, it occurs  to me that if you don't investigate a matter that  is before you, you're actually obstruc ting justice yourself.  Just like  Max Huntsman and Count y Council calling Sheila Kuehl to alert them  about

and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701.

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| a valid search warrant on a real crime that was being investigated.  If you're sitting on a case and not doing your job, that becomes corruption as well and that  becomes obstruction of justice.   So, Mr. Bonta, I'd say you start getting your act together and   investigate these cases and take th em to their logical conclusion. | | |
| ¶ 116 to the Tokoro Decl.<br><br>On April 24, 2024, Plaintiff said the following:    So then at some point, [the Board] decided to go public with it and oh  my God, the Sheriff is retaliating against oversight. He's resisting   oversight. And he's a horrible human being. Oh my God, look what  he's doing. And then Max Huntsm an goes on | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay | ☐ Sustained<br>☐ Overruled |

his tirade about he's being harassed becau se he's only trying to do his job. And that was the whole narrative, which is 100% fake. It's been false. It's been revealed. [Huntsman] is also a named felony suspect on an obstruction of justice on the investigation because Shiela Kueh l informed everybody on live TV that she was tipped off to the warrant by county counsel, I think a Donna Harrison or Don Harrison and Max Huntsman. So I mean the corruption and the tentacles, this thing spreads so many places. – And then along comes Max Huntsman, "O h, my God, the Sheriff is so mean. Look what he's doing." Well, it turns out the Sheriff was doing his

opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701.

| | | |
|---|---|---|
| job. And what was Max Hunt sman doing? He was retaliating against the Sheriff for doing his job. For me doing my job. Case 2:24-cv-04979-SVW-JC    Document 89- | | |
| ¶ 117 to the Tokoro Decl.<br><br>After losing re-election in Novemb er 2022, Plaintiff started posting on his personal X account. 3 | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 118 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| Plaintiff frequently posts on X about issues faced by the County and the Department.  These posts are  made on an almost daily basis.  Plaintiff "tags" the  Board and Sheriff Luna in these posts.  For example: | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 119 to the Tokoro Decl.

On March 14, 2025, Plaintiff posted, "This is the puppet  @LACoSheriff Luna staffing crisis, a direct  result of the hiring freeze imposed by @LACountyBOS back in | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained
☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| 2020," ( https://x.com/AlexVilanueva33/status/1900713528404963350 ) | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 120 to the Tokoro Decl.<br><br>On March 19, 2025, Plaintiff posted , "I wonder if this has do with puppet @LACoSheriff Luna lowering hiri ng standards? His maters on the @LACountyBOS are busy hiding his utter incompetence." ( https://x.com/AlexVilanueva33/status/1902397007731552417 ) | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 121 to the Tokoro Decl.<br><br>On March 26, 2025, Plaintiff posted, "Translation: the Architects of Failure, the @LACountyBOS, will continue dismantling public safety in order to fund the #HomelessIndustrialComplex." ( https://x.com/AlexVilanueva33/status/1905076172465299871 ) | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 122 to the Tokoro Decl.<br><br>On March 28, 2025, Plaintiff posted, "Looks like @LACountyBOS | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| freezing the @LASDHQ Service and Supply budget has devas tating long term  consequences! Who knew?   Bunker Bob, @LACoS heriff of course."   ( https://x.com/AlexVilanue va 33/status/19056368939262 69329 ) | foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 123 to the Tokoro Decl.

On April 1, 2025, Plaintiff posted, "Now you know why I refer to @LACounryBOS and @GavinNewsom as the #ArchitectsOfFailure, they have no  intention of solving homelessness."   ( https://x.com/AlexVilanue va 33/status/19072127931888 | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| 92716 )    3<br><br>https://x.com/alexvilanueva33?lang=en | interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 124 to the Tokoro Decl.<br><br>On April 11, 2025, Plaintiff poste d an article about a federal investigation into homeless funds in Los Angeles and wrote, "L et's see, you have plenty of suspects to choose from, past or present members of @LACountyBOS, their political appointees, and who can forget our @AGRobBonta?" ( https://x.com/AlexVilanueva 33/status/1910745313905910006 ) | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 125 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| On April 12, 2025, Plaintiff posted, "Apparently puppet @LACoSheriff Luna's only motivation in running for reelection is to finish destroying the @lasdhq at the behest of the @LACountyBOS." ( https://x.com/AlexVilanueva 33/status/19112466040799 72440 ) | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 126 to the Tokoro Decl.<br><br>On April 14, 2025, Plaintiff posted about Sheriff Luna being seen evacuating a County building during an earthqua ke. Plaintiff wrote, "I see a pattern | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| here: Bunker Bob, AKA @LACoSheriff, went hiding during the 2020 riots as his city burned." ( https://x.com/AlexVilanueva 33/status/1911886962329600344 ) Press Statements | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 127 to the Tokoro Decl. Plaintiff spoke to the Los Angeles Times about his intent to comply with subpoenas on December 26, 2023 ( https://www.latimes.com/california/st ory/2023-12-26/afte r-years-long-fight-former-sheriff-agrees-to-comply-with -subpoena-from-overs ight-commission ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained<br>☐ Overruled |

| | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
|---|---|---|
| ¶ 128 to the Tokoro Decl.<br><br>Plaintiff spoke to the Los Angele s Times about temporary susp ension from his X, formerly Twitter, account  ( https://www.latimes.com/c alifornia/stor y/2024-02-21/ex-she riff-alex-villanueva- suspended-from-social-media-site-x ). | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 129 to the Tokoro Decl.<br><br>Plaintiff spoke to the Los Angeles  Times about this lawsuit on May 16,  2024 ( | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| https://www.latimes.com/c alifornia/ story/2024-05-15/alex-villanueva-25-million-lawsuit-la-count y-do-not-rehire-label ). | foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 130 to the Tokoro Decl.  Plaintiff spoke with the Los Angeles Times on July 20, 2024 about an investigation he initiated into a former reporter at the Times   ( https://www.latimes.com/c alifornia/st ory/2024-07-20/a-tim es-reporter-got-a-leaked-list-of-problem-deputies-then-the -sheriffs- | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements | ☐ Sustained ☐ Overruled |

| | | |
|---|---|---|
| dept-started-investigating-her ). | interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 131 to the Tokoro Decl.<br><br>On January 8, 2025, Plaintiff was  interviewed by Fox Business about  the Los Angeles wildfires ( https://www.foxbusiness.com/video/6366826935112 ).   Plaintiff's Continued Public Attacks | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Sustained<br>☐ Overruled |
| ¶ 132 to the Tokoro Decl. | Lack of personal knowledge (FRE | ☐ Sustained |

| | | |
|---|---|---|
| Plaintiff has continued to publicly attack the Board, Ms. Lim and Mr. Huntsman. | 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | ☐ Overruled |
| ¶ 133 to the Tokoro Decl.<br><br>For example, in a May 17, 2023, Plaintiff said the following:   If you have a station tattoo, even one from one of the stations that allegedly has, you know, all this viol ence | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| and all this stuff, it doesn't matter as long as you're in the  in th e - in the crowd. Those are okay.   It's all the other unwashed heathe ns.  And by the way, overwhelming  majority of these are Latino deputies. They're going to be impacted by  this.  So is this some sort of ethnic cleansing that Max Huntsman is  an engaged in?  His family has a long history about persecution, and   he knows what I'm talking about.    This can be found at the 45-minute mark.   A true and correct copy of Plaintiff's Facebook Live session is attached as  Exhibit 67  to the COE. | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 134 to the Tokoro Decl.<br><br>To take another example, on Sept ember 25, 2024, Plaintiff said:    We have | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

some news we just learned of today.  Esther Lim the, I guess,  disgruntled former employee or deputy of Supervisor Hilda Solis.  She  left that office and she's found a  soft landing with George Gascon working directly under Tiffany Blackwe ll, Blacknell.  And this is very interesting because her position is  being anti-law enforcement is well known, extremely well documented.  We already know where Tiffany Blacknell stands on law enforcement.  Putting the two of them together? That is a pure concentration of the  most dedicated, virulent anti-law  enforcement individuals known to ma n. And they're working together  at the behest of George Gascon. Now, the

foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701.

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

weird thing is, they created the job just for her. She's not a la wyer, okay? She's not a lawyer. And what is she doing there? I have no id ea. In fact, taxpayers should be able to have an answer to that . Maybe Mr. Gascon can explain what exactly is Ms. Lim doing in your office? And why do we do this in secret? Ho w come no one else was able to apply to this job? Is it quite possible that Mr. Gascon is using he r as a connection to the far-left, ultra progressive crowd that sh e favors and commu nicates with? She is not an attorney. And typica lly, every job that goes to the D.A., particularly along those lines, they're all attorneys. And she's not one. So how does she land this special job that no one

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| else had the right to apply for? What were her special skills that merited she should be the only person that gets this job? And this is about transparency and accountability. And maybe Supervisor Hilda Solis, because she was all about transparency, accountability. Bu t all of a sudden, strangely, that somehow ceased to happen now because now it's her decisions that are under the microscope. So this ain't working. This can be found at the 17-minute mark. A true and correct copy of Plaintiff's Facebook Live session is attached as Exhibit 68 to the COE. | | |
| ¶ 135 to the Tokoro Decl.<br><br>One last example, on December 4, 2024, | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| Plaintiff conducted a Facebook Live session during wh ich he talked about this lawsuit, the "Do Not  Rehire" notation, Ms. Lim, Mr. Huntsman,  the Board, and the Los Angeles Times.   Plaintiff even talked about me and my la w firm and its prior representation of the County.  These statements start at the 13- minute mark.  A true and correct copy of  Plaintiff's Facebook Live session is attached as  Exhibit 69  to the COE.  Plaintiff's Latest Facebook Live Post | knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 136 to the Tokoro Decl.   Just last week, on Wednesday, Apr il 16, 2025, Plaintiff did a Facebook  Live session in which he discussed the Board, Board Supervisors Kuehl, Hahn,  Horvath, | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| and Solis, Mr. Huntsman, the  Department, Sheriff Luna, Proposition 36,  and Measure J.  A true and correct copy is attached as Exhibit 78  to the COE. | statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. | |
| ¶ 137 to the Tokoro Decl.  Below are relevant excerpts  from Plaintiff's session:    It's budget deliberations for the C ounty and a bunch of chickens have  come home to roost for the County. And let me kind of give you the   scenario what's gone on where the  County has fallen apart.  It has nothing to do with the fact that th e five Supervisors are female.   Nothing whatsoever.  It could be | Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Defendants' attorney does not have personal knowledge and cannot lay the foundation for these purported facts. (*Barefield v. Bd. of Trs.* (E.D.Cal. 2007) 500 F.Supp.2d 1244, 1257) to the Tokoro Decl. To the extent the statements rely on third-party articles, press statements, or social media posts, they are inadmissible hearsay and lack authentication. Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future | ☐ Sustained<br>☐ Overruled |

| | |
|---|---|
| five  males, but if they made the same  decision, they'd be in exactly the same boat.  What you have is five  activists, and four that are far le ft, ultra progressive, and one, I guess  you call him, what do you call them? Rh ino? Pretend to be Republican when it's convenient for her, but she ba sically sides with the far left or basically does nothing and sits on he r thumb.  That would be Kathryn  Barger. And what these people have  done is they've disrupted a very  Case careful balance uh...  That was uh...   Financially responsible and this is Supervisors going all the way back to the formation of the County in  1850 all the way up to 2008 you had a  balance of Supervisors.  You  had | plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

conservatives, you had liberals, you had mixtures of the two,   sometimes there was a two-three split or the three-two split but there's  always uh... Competing voices but they always came together to make  stable conservative decisions in te rms of conservative financially. They never gambled and di d any, hey, let's do this because we've got a  wild hair up our ass and let's, no.   They actually made sure that the  primary functions of the County, whic h is to safeguard the safety and  welfare of County residents, always occurred first.  That fell apart in  2008.  What happened in 2008?  Cu rrently convicted felon, Mark  Ridley-Thomas got on the Board of Supe rvisors.  And he viewed it

as a big cash cow
opportunity. Yes, to lin e
his pocket. That's why
he's a convicted felon
today. And with him
came Sheila Kuehl. And
then all of a sudden that
balance shifted. Then
along came Janice Hahn,
which means the
conservative voice that
preceded her was gone,
replaced by an ultra-far-
left radical, which is Ja
nice Hann. And now all of
a sudden that careful
bounce became a 4-1 or a
5-0 supermajority. And
that's how the County
started experimenting. –
This is yellow journalism.
And then she only gets
feedback from the ACLU,
which, you know, they
love la w enforcement. Oh
my God, they're big
cheerleaders of law en
forcement. And the one

and only Max Huntsman, the guy who has a huge axe to grind against the sheriff's department. So this is wher e it gets very interesting. And then she acknowledges some internet cr itics have faulted Luna for the staffing crisis a closer look at the number shows the problem has been  years in the making. No, it hasn't been years in making it's happened  since April of 2020 when the Board d ecided to basically interfere with  the running of the Sheriff's Depart ment and chose the hiring freeze. – Across the country, law en forcement agencies struggled to bring in new  officers. Oh my gosh. Yet we were defying the trend nationwide. We  were hiring like crazy until the

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

hi ring freeze imposed by the Board. –  When you've got 12 classes running, the Board does a hiring freeze and  they only allow you to hire three  class es, you think it's because the department wanted to hire just th ree classes or the Board basically, you know, choked the Department's ability to hire. –  Oh, but then here's, here's the, he re the piece de resistance from, from Blakinger.  Yet in recent months, th ere has been signs of a shift. Resignations have steadily decreased  since Luna took office.  100%  Case 2:24- cv-04979-SVW-JC Document 89-3    Filed 04/21/25    Page 20 of 22 Page ID #:3342 1 2  3  4  5 6  7 8 9 10  11  12  13  14 15  16  17  18  19  20  21 22  23  24  25  26  27  28

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

716688.4   21 TOKORO DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT    false. And I have that from multiple sources. They have been going steadily upward, not downward. Why? Because of Luna and everything he's doing, which is ensuring that people do not want to be deputy sheriffs. Resignations have instead decreased since the office and officials said hiring has begun to rebound since the Department brought on a marketing firm to draw in more applicants. Oh, isn't that so special? Really, we didn't have any marketing team. People know. The committee knows. Employees know , hey,

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

when they trust the Department, it's easy to recruit.  When you have no faith in the  leadership of the Department, you 're not gonna recruit.  Luna can't  bring ants to the picnic.  Then o f  course, here co mes Inspector Max Huntsman.  Huntsman wants to shutter the Risk Management Bureau, which means he doesn't want the Depa rtment to be able to defend itself  in anything, just lay over and play  dead.  I guess that's one hell of an  interesting position for the Inspector General.  And he wants to downsize the Information Bureau.   Imagine that, downsizing the Information Bureau. He says, if you downsize Sheriff's Information Bureau, he says they basically puts  up PR

stories.  Well, actuall y...
Uh...  Information Bureau
spends  a lot of time
undoing the damage of  all
the crap that Huntsman
and th e Oversight
Commission puts out.
Now they're kinda quiet so
he act ually may have a
point they don't  have to
do all the work they had
to do when I was in office
because  now they are
playing dead rolling over
kinda that's how it works.
And   then he said, oh, just
release more  people from
the jails.  That way you
don't need all those people
working in the jail.   This
is how bad it's devolved
here in  the County.  And
now when their  whole
budget is blown up, now
what ar e they gonna do?
Oh, they gotta  spend
money.  Well, they blew
almo st half a billion just

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

1    on overtime,  because their
2    favorite guy doesn't know
3    how to run the department.
4    And they're blowing
5    money left a nd right on
6    things.  And the crowd
7    that pushed for all these
8    initiatives to defund the
9    Department, Measure  J,
10   now they're demanding
11   that the 300 million that's
12   been set aside  must be
13   spent, must be sent on i
14   nvesting in the community.
15   Investing  in youth,
16   investing in that.  We ll,
17   you know what?
18   Taxpayers are  already
19   paying for schools.  What
20   prevents these kids from
21   actually  going to a school,
22   a public school?  A lot of
23   kids from the toughest
24   backgrounds find their
25   way into school , public
26   school.  They make their
27   way into public
28   universities, junior

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

colleges, and they will find themselves, you now, grow up to be judges. Engineers, and astronauts, all these wonderful things, but you always have the crowd that has to  Case 2

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

# HEARSAY OBJECTIONS TO HUNTSMAN DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 12 to the Huntsman Decl.<br><br>As I explained to the independent investigator Christine Diaz-Herrera, I believed that Plaintiff referred to me in this way to "dog whistle" to his base of extremist supporters to let them know who their current target was. | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject to any exception. | ☐ Sustained<br>☐ Overruled |
| ¶ 19 to the Huntsman Decl.<br><br>In my ISU interview, I confirmed the allegations in my POE complaint, and stated that Plaintiff's intentional use of an incorrect name was an attempt to signal to his supporters that I was some | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject to any exception. | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| sort of "foreigner" and may have been tied to my German ancestry. | | |
| ¶ 27 to the Huntsman Decl.<br><br>When I spoke to Ms. Diaz-Herrera, I again confirmed the accuracy of my March 2022 POE complaint. | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject to any exception. | ☐ Sustained<br>☐ Overruled |
| ¶ 28 to the Huntsman Decl.<br><br>I also explained to Ms. Diaz-Herrera the events that had happened since my POE complaint was filed, including Plaintiff's unfounded, public accusations to the Los Angeles Times that I was a Holocaust denier. | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject to any exception. | ☐ Sustained<br>☐ Overruled |
| ¶ 29 to the Huntsman Decl.<br><br>In addition, I explained that, during an interview with KFI Radio on March 6, 2022, Plaintiff | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| acknowledged that I had changed my name to Max Huntsman and purported to wonder why I had changed my name and suggested to listeners that someone should look into it. | to any exception. | |
| ¶ 30 to the Huntsman Decl.<br><br>I informed Ms. Diaz-Herrera that, by repeatedly calling me "Max-Gustaf," Plaintiff was attempting to bolster his claims that I was a Holocaust denier due to my German heritage. | Hearsay (FRE 802). The paragraph describes out-of-court statements made by Declarant to third parties, offered for the truth of the matter asserted. Such statements are inadmissible hearsay and not subject to any exception. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

## OBJECTIONS TO DIAZ-HERRERA DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 8 to the Diaz-Herrera Decl.<br><br>In March 2022, Mr. Huntsman filed a POE complaint because Plaintiff was publicly referring to him as "Max-Gustav" or "Max-Gustaf," which Mr. Huntsman stated was not his name. Mr. Huntsman suspected that Plaintiff was using those names in an attempt to paint him as some sort of foreigner, and was possibly targeting his German ancestry. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |
| ¶ 10 to the Diaz-Herrera Decl.<br><br>In the course of that interview, Mr. Huntsman described the history | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| between himself and Plaintiff, and Mr. Huntsman's belief that Plaintiff was intentionally using the wrong names in an attempt to label him a Nazi German. | admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. Objection applies to the Diaz-Herrera Decl. | |
| ¶ 12 to the Diaz-Herrera Decl.<br><br>Mr. Huntsman explained that he believed Plaintiff's use of the names "Max-Gustaf" or "Max-Gustav" were an attempt to invoke Plaintiff's German heritage to bolster Plaintiff's baseless Holocaust denial claims. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |
| ¶ 13 to the Diaz-Herrera Decl.<br><br>Ms. Pawlowski stated that Plaintiff made "nonstop" comments about Mr. Huntsman, and used the name "Gustav" as part of an attempt to paint Mr. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| Huntsman as "some kind of Nazi." Ms. Pawlowski also stated that she believed Plaintiff's comments were directly targeted at Mr. Huntsman's national origin. | personal knowledge. Objection applies to the Diaz-Herrera Decl. | |
| ¶ 20 to the Diaz-Herrera Decl.<br><br>Plaintiff called Supervisor Solis "La Malinche," a racist and sexist slur, and noted that Plaintiff made disparaging comments about Supervisory Holly Mitchell, who is African-American. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |
| ¶ 21 to the Diaz-Herrera Decl.<br><br>Ms. Lim described an incident where Plaintiff used his position as Sheriff to open an unfounded criminal investigation into former County CEO Sachi | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| Hamai, who is Japanese-American, in an attempt to intimidate her. | personal knowledge. | |
| ¶ 22 to the Diaz-Herrera Decl.<br><br>Ms. Lim believed these letters were sent to intimidate her and retaliate against her for her oversight work as a Justice Deputy. Ms. Lim also believed the letters were an attempt by Plaintiff to get her fired by Supervisor Solis. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |
| ¶ 24 to the Diaz-Herrera Decl.<br><br>Ms. Pawlowski stated that she was offended as well, because she is 46-years old and Plaintiff's comments portrayed her and other Justice Deputies as "dumb women." | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. Objection applies to the Diaz-Herrera Decl. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| ¶ 26 to the Diaz-Herrera Decl.<br><br>Ms. Coates said this conversation was upsetting to her, and she could not believe Plaintiff's comments. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |
|---|---|---|
| ¶ 27 to the Diaz-Herrera Decl.<br><br>Both Ms. Pawloski and Ms. Coates expressed that they did not file a POE complaint against Plaintiff because they feared he would retaliate against them. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect out-of-court assertions attributed to others, lacking the necessary foundation for admissibility. They also express subjective beliefs or interpretations without evidentiary support or personal knowledge. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

# OBJECTIONS TO LIM DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 5 to the Lim Decl.<br><br>Starting in early 2021, Plaintiff began using his public platform as Sheriff of the County to attack and demean me and my fellow Justice Deputies. I believe these attacks were driven by my role in overseeing Plaintiff and the Department as part of my duties as a Justice Deputy. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |
| ¶ 6 to the Lim Decl.<br><br>The constant and unending attacks caused me extensive stress and frustration. I felt like my job was threatened. I worried about things I never worried about before, like my personal | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| safety. I felt like I needed to constantly defend myself and years of extensive experience simply for doing my job like overseeing and holding departments in my portfolio accountable. | | |
| ¶ 12 to the Lim Decl.<br><br>These statements by Plaintiff were intended to harass and discriminate against me based on my age, gender, race, ethnicity, and national origin. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. Objection applies to the Lim Decl. | ☐ Sustained<br>☐ Overruled |
| ¶ 13 to the Lim Decl.<br><br>Plaintiff also made numerous public statements about the Board that were false and defamatory. I believe these public statements were also intended to harass and discriminate against the | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |

| Board based on protected characteristics. | | |
|---|---|---|
| ¶ 16 to the Lim Decl.<br><br>I had also seen how Plaintiff retaliated against other Asian-American women in County government. For example, Plaintiff engaged in a campaign of harassment against former County CEO Sachi Hamai, who is Japanese-American. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |
| ¶ 22 to the Lim Decl.<br><br>For example, I described an instance where Plaintiff called Supervisor Solis "La Malinche," a racist and sexist slur, and noted that Plaintiff made disparaging comments about Supervisor Holly Mitchell, who is African-American. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |
| ¶ 23 to the Lim Decl. | Hearsay (FRE 802); Lack of | ☐ Sustained |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| I also explained Plaintiff has a history of targeting at least one other Asian woman such as myself. I noted that Plaintiff used his position as Sheriff to open an unfounded criminal investigation into Ms. Hamai in an attempt to intimidate her. | Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. Objection applies to the Lim Decl. | ☐ Overruled |
| ¶ 26 to the Lim Decl.<br><br>I believe these letters were sent to intimidate me and retaliate against me for my oversight work as a Justice Deputy. I also believe the letters were intended by Plaintiff to try to get me terminated by Supervisor Solis. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis. | ☐ Sustained<br>☐ Overruled |
| ¶ 32 to the Lim Decl.<br><br>These ongoing attacks by Plaintiff have made me feel threatened and I worry about my safety. | Hearsay (FRE 802); Lack of Foundation (FRE 901); Improper Opinion Testimony (FRE 701). These statements reflect subjective belief and out-of-court assertions made without evidentiary foundation. They | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | offer improper opinions regarding motive, discrimination, or Plaintiff's intentions without competent basis.. | |
|---|---|---|

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

## HEARSAY OBJECTIONS TO DEVANE DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 17 to the Devane Decl.<br><br>When I was assigned as the POE Lieutenant in July 2023, I spoke with then-Captain (now-Commander) Ron Kopperud about the Huntsman and Lim POE complaints. He was the head of IAB at the time. Commander Kopperud advised me that the Sanders Roberts investigation files had been received by the Department and that I needed to prepare the IAB stacked case files. | Hearsay (FRE 802). These statements recount out-of-court assertions by individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| ¶ 18 to the Devane Decl.<br><br>Commander Kopperud also told me that we had to | Hearsay (FRE 802). These statements recount out-of-court assertions by individuals other than the declarant, offered for the truth of the matter | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| handle our part of the investigations pursuant to Department policy and procedure. Put another way, Commander Kopperud told me that we needed to handle these investigations like we would for any member of the Department. | asserted. They are inadmissible hearsay. | |
| ¶ 20 to the Devane Decl.<br><br>Commander Kopperud told me that I could have Sanders Roberts correct typos and grammatical errors, but the substance of the reports should not be changed. I understood that this was to avoid any appearance of undue influence or bias in the reports presented to the CEOP. | Hearsay (FRE 802). These statements recount out-of-court assertions by individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| ¶ 25 to the Devane Decl.<br><br>Commander Escobedo stated that the "Do Not | Hearsay (FRE 802). These statements recount out-of-court assertions by individuals other than the declarant, offered for the truth of the matter | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

| | | |
|---|---|---|
| Rehire" notation had been used with other Department personnel after a "founded" investigation. | asserted. They are inadmissible hearsay. | |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

## HEARSAY OBJECTIONS TO COATES DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 7 to the Coates Decl.<br><br>During my interview with Ms. Diaz-Herrera, she asked me about these public attacks by Plaintiff and I provided her with examples. | Hearsay (FRE 802). These statements describe out-of-court assertions by individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| ¶ 10 to the Coates Decl.<br><br>I also explained to Ms. Diaz-Herrera that Plaintiff referred to the Justice Deputies as "all women" and unqualified. This again was insulting and nothing could be further from the truth. Additionally, two of the Justice Deputies at the time were male. | Hearsay (FRE 802). These statements describe out-of-court assertions by individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |
| ¶ 12 to the Coates Decl. | Hearsay (FRE 802). These statements describe out-of-court assertions by | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| I also described an instance where Plaintiff called Supervisor Solis "La Malinche," a racist and sexist slur, and noted that Plaintiff made negative comments about Supervisory Holly Mitchell, who is African-American. I also told Ms. Diaz-Herrera of a time were Plaintiff stated he wanted to take the Board out behind a shed and "beat them." | individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | |
| ¶ 13 to the Coates Decl.<br><br>I also told Ms. Diaz-Herrera that I recalled at least one time where Plaintiff referenced Ms. Lim on a radio show on KFI radio. | Hearsay (FRE 802). These statements describe out-of-court assertions by individuals other than the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. | ☐ Sustained<br>☐ Overruled |

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EVIDENCE

# HEARSAY OBJECTIONS TO KOPPERUD

# DECLARATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION TO DECLARATION & EXHIBITS ATTACHED THERETO | RULING |
|---|---|---|
| ¶ 18 to the Kopperud Decl.<br><br>I spoke with Lieutenant Devane when she took over the Huntsman and Lim investigations. I told her that the Sanders Roberts investigation files had been received by the Department and that the IAB stacked case files needed to be prepared by her. | Hearsay (FRE 802). These statements recount out-of-court assertions made to the declarant, offered for the truth of the matter asserted.. | ☐ Sustained<br>☐ Overruled |
| ¶ 19 to the Kopperud Decl.<br><br>I also told Lieutenant Devane that we had to handle this pursuant to Department policy and procedure and that we needed to treat Plaintiff the same as any other member | Hearsay (FRE 802). These statements recount out-of-court assertions made to the declarant, offered for the truth of the matter asserted. | ☐ Sustained<br>☐ Overruled |

| | | |
|---|---|---|
| of the Department. | | |
| ¶ 20 to the Kopperud Decl.<br><br>Lastly, I told Lieutenant Devane that she could correct typos and grammatical errors in the Sanders Roberts reports about the investigations, but the substance of them should not be changed. This was to avoid any appearance of undue influence or bias in the reports presented to the CEOP. | Hearsay (FRE 802). These statements recount out-of-court assertions made to the declarant, offered for the truth of the matter asserted. They are inadmissible hearsay. Objection applies to the Kopperud Decl. | ☐ Sustained<br>☐ Overruled |

Dated: April 28, 2025         SHEGERIAN & ASSOCIATES, INC.

By: _Alex DiBona_ _____
       Alex DiBona, Esq.

       Attorneys for Plaintiff,
       ALEX VILLANUEVA

VILLANUEVA v. COUNTY OF LOS ANGELES, et al.        USDC CASE NO.: 2:24  cv 04979 SVW (JC)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On April 28, 2025, I served the foregoing document, described as **"PLAINTIFF ALEX VILLANUEVA'S OBJECTIONS TO EVIDENCE UNDER FED. R. CIV. P. 56(c)(2) IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT,"** on all interested parties in this action addressed as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2025, at Los Angeles, California

_____
Amelia Sanchez