Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No.: 2:24−cv−04979−SVW−JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE MULTIPLE EXPERT WITNESSES RE EMOTIONAL DISTRESS**<br><br>Date:　May 26, 2025<br>Time:　1:30 p.m.<br>Dept.:　10A<br><br>Trial Date:　June 3, 2025<br>Action Filed:　June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff respectfully opposes Defendant's Motion in *Limine* No. 1 to limit Plaintiff's experts on emotional distress. Defendants seek to preclude Plaintiff from presenting testimony from Dr. Jessica Rowe, Dr. Rebecca Udell, and Dr. Nigel Kennedy, arguing that their testimony would be cumulative. Contrary to Defendant's contention, these experts employ distinct methodologies and approaches that independently validate Plaintiff's emotional distress claims.

### A. Plaintiff's Experts Offer Unique Qualifications and Experience that Individually Support Their Testimony.

The experts differ significantly in qualifications, professional experience, and methodological approaches. Dr. Rowe employs primarily cognitive-behavioral diagnostic techniques, Dr. Udell applies psychoanalytic methodologies, and Dr. Kennedy specializes in clinical psychiatric assessments. While each reaches consistent conclusions regarding Plaintiff's emotional distress, their analytical pathways differ substantially, providing essential, independently valuable insights.

### B. Dr. Jessica Rowe's Cognitive-Behavioral Analysis Provides Unique Insight.

Dr. Rowe's report employs cognitive-behavioral techniques to assess Plaintiff's mental state, emphasizing the interactions between thoughts, emotions, and behaviors (Tokoro Decl., Ex. 4, ROWE 000011). Her analysis uniquely identifies specific cognitive distortions and behavior patterns resulting from Defendant's actions.

### C. Dr. Rebecca Udell's Psychoanalytic Approach Offers Critical Depth.

Dr. Udell's evaluation relies on psychoanalytic methodologies, focusing on subconscious factors and defense mechanisms (Tokoro Decl., Ex. 5, UDELL 000001). Her report provides an in-depth exploration of underlying emotional conflicts exacerbated by Defendant's conduct.

### D. Dr. Nigel Kennedy's Clinical Psychiatric Assessment Provides

**Independent Medical Verification.**

Dr. Kennedy's report includes a clinical psychiatric assessment grounded in standard medical diagnostic protocols. (Tokoro Decl., Ex. 6, KENNEDY 000008). His conclusions offer independent medical validation of Plaintiff's emotional distress diagnosis.

### E. Each Expert's Distinct Methodology Provides Non-Cumulative Evidence of Plaintiff's Emotional Distress.

Federal courts recognize the admissibility of multiple experts where, as here, their methods, training, and professional judgment differ, notwithstanding overlapping conclusions. Here, each expert provides separate yet convergent analyses essential for the jury's comprehensive understanding of Plaintiff's emotional distress, its causation, and prognosis. Dr. Rowe's expertise in cognitive-behavioral analysis, Dr. Udell's psychoanalytic evaluation, and Dr. Kennedy's clinical psychiatric assessments each bring invaluable, non-duplicative perspectives vital for a fully informed decision by the jury.

### F. Courts Routinely Permit Multiple Experts When Their Methodologies and Analyses Are Distinct, Despite Consistent Conclusions.

In *Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395 (C.D. Cal. 2015), the court denied a motion to limit cumulative expert testimony, recognizing that expert testimony is permissible when it involves distinct methodologies and individual analyses, even if conclusions align. In *Cantu,* the court emphasized the necessity of allowing experts who employ varying methodologies and provide unique analytical insights to testify, finding such testimony valuable and non-cumulative despite reaching similar conclusions.

Similarly, *Rodriguez v. County of Stanislaus,* 2010 U.S. Dist. LEXIS 80600 (E.D. Cal. 2010), underscored that courts should avoid prematurely limiting expert witnesses simply because of similar outcomes, especially when each expert brings unique professional expertise and utilizes different evaluative methods. The Rodriguez court specifically rejected the argument that similar conclusions from multiple experts should lead to exclusion, highlighting instead that the critical analysis should focus on the distinct methodologies employed and the unique expertise of each expert.

G. **Application of Cantu and Rodriguez Warrants Denial of Defendant's Motion.**

Applying the principles articulated in *Cantu* and *Rodriguez* to this case clearly establishes that Plaintiff's experts' testimony should be admitted. Drs. Rowe, Udell, and Kennedy each utilize distinctly different approaches—cognitive-behavioral techniques, psychoanalytic evaluations, and clinical psychiatric assessments—to independently arrive at their conclusions. Like in *Cantu* and *Rodriguez*, Plaintiff's experts provide critical, non-cumulative insights through their varied methodological frameworks. Excluding any of these experts would unjustly deprive the jury of essential perspectives necessary for a fair and thorough evaluation of Plaintiff's claims.

Accordingly, because Plaintiff's experts' testimony is not needlessly cumulative but instead offers essential complementary perspectives grounded in distinct methodologies,

**2. CONCLUSION**

Villanueva respectfully requests this Motion be denied..

Dated:  May 5, 2025                             SHEGERIAN & ASSOCIATES, INC.

                                                By: _____
                                                    Alex DiBona, Esq.

                                                Attorneys for Plaintiff,
                                                ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On May 5, 2025, I served the foregoing document, described as "**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE MULTIPLE EXPERT WITNESSES RE EMOTIONAL DISTRESS**" on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
smiller@millerbarondess.com
jtokoro@millerbarondess.com
swilliamson@millerbarondess.com

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2025, at Los Angeles, California

*Amelia Sanchez*
_____
Amelia Sanchez