Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>         Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>         Defendants. | Case No.:  2:24−cv−04979−SVW−JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE SANDRA WHITE**<br><br><br><br>Date:     May 26, 2025<br>Time:    1:30 p.m.<br>Dept.:    10A<br><br>Trial Date:    June 3, 2025<br>Action Filed:  June 13. 2024 |

## MEMORANDUM OF POINTS AND AUTHORITIES

1. INTRODUCTION

   A. **Defendant's Motion in *Limine* No. 2 is Improper Because It Misapplies the Daubert Standard.**

   Defendant's Motion in *Limine* No. 2 improperly attempts to exclude Plaintiff's economic damages expert, Sandra White, by mischaracterizing it as a Daubert challenge. However, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), expert testimony is admissible if the witness is qualified, and the testimony is both relevant and reliable. Defendant does not challenge Ms. White's qualifications or the reliability of her methodologies. Instead, Defendant impermissibly seeks to exclude her testimony simply because it disagrees with her factual assumptions—assumptions directly supported by testimony from Plaintiff and Plaintiff's witnesses, all experienced law enforcement officers. Motions in *Limine* cannot be a vehicle for summary judgment or partial summary judgment. Defendant is improperly seeking a second motion for summary judgment through this motion. It should be denied.

   B. **Ms. White is Eminently Qualified as an Economic Damages Expert.**

   Sandra White possesses significant expertise in the field of economic damages assessment, particularly within employment litigation. She holds advanced degrees in economics and has over twenty years of experience analyzing economic loss. Ms. White has provided expert testimony in numerous jurisdictions, calculating lost earnings and benefits using recognized economic methods and industry standards. Her qualifications include extensive familiarity with labor market analyses, career trajectory forecasting, and economic valuation of employment benefits. (See Tokoro Decl., Ex. 9, White Report.)

   C. **Defendant Does Not Challenge Ms. White's Methodology or Expertise.**

   Critically, Defendant's Motion fails to identify any methodological flaws in Ms. White's analysis. Ms. White's methodology involves a comprehensive calculation of Plaintiff's lost earnings under two employment scenarios—Police Chief of an unspecified

city (but one Plaintiff would be qualified for) and Chief of Police for the Metropolitan Transportation Authority (MTA) (which Plaintiff did apply for). Her analysis carefully considers Plaintiff's projected compensation, benefits, expected career duration, and retirement ages of 67, 72, and 75. Ms. White utilized standard economic methods, including the present value calculation of future earnings and adjustment for reasonable growth rates based on economic forecasts and industry standards. Her conclusions estimate Plaintiff's economic losses ranging from $1.95 to $5.02 million, dependent upon the specific employment scenario and retirement age. This methodology is both widely accepted in economic loss calculations and directly relevant to quantifying Plaintiff's damages. (See Tokoro Decl., Ex. 9, White Report.)

### D. The Factual Assumptions Used by Ms. White Are Properly Supported and Relevant to Plaintiff's Case.

Defendant incorrectly argues that Ms. White's testimony should be excluded because it relies on factual assumptions central to Plaintiff's claims. Specifically, Defendant disputes Ms. White's assumptions that the "Do Not Rehire" notation was an adverse action precluding Plaintiff from future law enforcement employment. These assumptions, however, are fundamental to Plaintiff's case and are supported by substantial testimonial evidence. Plaintiff, along with witnesses Nick Wilson and Johannes Jared Villanueva— all experienced law enforcement professionals—will testify to the devastating career impacts of being labeled guilty of harassment and discrimination.

Moreover, these factual assumptions go directly to the merits of Plaintiff's claims and their evaluation is for the jury, not a basis for exclusion under Daubert.

### E. Defendant's Arguments Go to Weight, Not Admissibility.

Under Ninth Circuit precedent, disputes about factual assumptions underlying expert testimony affect the weight of the testimony, not its admissibility. *Oregon v. Winchester Water Control Dist.*, 2025 U.S. Dist. LEXIS 75781 (D. Or. 2025). Indeed, the appropriate means for Defendant to challenge Ms. White's assumptions is through cross-examination and presentation of contrary evidence at trial, not through an improper motion in *limine*.

**F.  The Oregon Case Reinforces That Defendant's Motion Is Improper.**

In *Oregon v. Winchester Water Control District*, the court underscored that expert testimony should be excluded under Daubert only if the methodology itself is unreliable or unsupported. Where, as here, Defendant merely disputes the expert's factual assumptions rather than her qualifications or methodology, exclusion is inappropriate. Such issues are for the jury to weigh during trial, following cross-examination. (See *Oregon v. Winchester*, 2025 U.S. Dist. LEXIS 75781 at *4.)

**2.  CONCLUSION: DEFENDANT'S MOTION SHOULD BE DENIED.**

Because Defendant does not and cannot credibly challenge Ms. White's qualifications, methodology, or reliability, and because the assumptions underlying her opinions are directly relevant to the core disputed issues in this litigation, Defendant's Motion in *Limine* No. 2 should be denied in its entirety.

Dated:  May 5, 2025                    SHEGERIAN & ASSOCIATES, INC.

                                       By: /s/ Alex DiBona
                                            Alex DiBona, Esq.

                                       Attorneys for Plaintiff,
                                       ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On May 5, 2025, I served the foregoing document, described as "**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE SANDRA WHITE**" on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
**smiller@millerbarondess.com**
**jtokoro@millerbarondess.com**
**swilliamson@millerbarondess.com**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2025, at Los Angeles, California

*/s/ Amelia Sanchez*
Amelia Sanchez