Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 2:24−cv−04979−SVW−JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE "HEARSAY"**<br><br><br>Date:   May 26, 2025<br>Time:  1:30 p.m.<br>Dept.:  10A<br><br>Trial Date:   June 3, 2025<br>Action Filed:  June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defendants' Motion in *Limine* No. 3 seeking to exclude purported hearsay statements. Defendants incorrectly assert that statements attributed to Mark Lilienfeld and Edwin Alvarez, as well as John Satterfield, constitute hearsay. Plaintiff opposes the motion on the following grounds:

### A. Witnesses Mark Lilienfeld and Edwin Alvarez Are on the Witness List and Available for Cross-Examination.

Defendants' argument that statements from Lilienfeld and Alvarez should be excluded as hearsay ignores the fact that both witnesses are identified on the trial witness list and will testify in person. Thus, these statements do not constitute inadmissible hearsay, as the declarants will be present at trial and subject to cross-examination.

### B. Statements Offered to Prove Notice or to Explain the Course and Scope of an Investigation Are Not Hearsay.

Defendants incorrectly label statements by John Satterfield and Plaintiff as hearsay. These statements are not hearsay under Federal Rule of Evidence 801(c) because they are offered for non-hearsay purposes.

It is well-established that statements offered to demonstrate notice or knowledge are not hearsay. (See *United States v. Jefferson*, 2025 U.S. Dist. LEXIS 5665, at *7 ("an out-of-court statement introduced to prove that the person to whom the statement was communicated had notice of something is not hearsay.")). Here, Plaintiff offers statements from Alvarez and Satterfield to demonstrate that he had notice of the outcomes and procedural posture of investigations conducted against him.

Further, statements explaining the course and scope of an investigation or the reasons police officers undertook certain actions similarly are not hearsay. United States ex rel. *James v. Roth*, 2001 U.S. Dist. LEXIS 9421, at *6 ("Testimony is not hearsay where it is introduced for the limited purpose of explaining the reason the police conducted their

investigation as they did."). Thus, testimony regarding statements made during the investigation is admissible to explain why Plaintiff took certain actions or held certain beliefs.

### C. Plaintiff's Statements Regarding Huntsman's Denial of the Holocaust Are Admissible to Demonstrate Plaintiff's Basis for His Actions.

Defendants seek to exclude Plaintiff's statements regarding Max Huntsman's alleged denial of the Holocaust. Such exclusion is impermissible. Plaintiff was found guilty of harassment and discrimination for his statement about Huntsman. Plaintiff must be permitted to explain the basis and source of information upon which he relied in making this statement. Excluding this information would impermissibly prejudice Plaintiff's ability to defend himself against claims of misconduct. Plaintiff's statements are critical to establish his good-faith belief and the reasonableness of his actions based on the information available to him at the time.

Therefore, Plaintiff respectfully requests that the Court deny Defendants' Motion in *Limine* No. 3.

Dated: May 5, 2025                SHEGERIAN & ASSOCIATES, INC.

By: _____
Alex DiBona, Esq.
Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.   USDC Case No. 2:24-cv-04979-SVW-JC**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On May 5, 2025, I served the foregoing document, described as "**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE "HEARSAY"**" on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
**smiller@millerbarondess.com**
**jtokoro@millerbarondess.com**
**swilliamson@millerbarondess.com**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2025, at Los Angeles, California

*Amelia Sanchez*
Amelia Sanchez