Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-04979-SVW-JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA: DECLARATION OF ALEX DIBONA, EXHIBITS**<br><br>Date:   May 26, 2025<br>Time:  1:30 p.m.<br>Dept.:  10A<br><br>Trial Date:   June 3, 2025<br>Action Filed: June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defendants' Motion in *Limine* No. 4 seeks to exclude Plaintiff's wife, Vivian Villanueva, from testifying based on her invocation of the spousal communication privilege. This motion must be denied. First, the spousal communication privilege is well-established and entirely applicable here. Second, Vivian Villanueva herself invoked the privilege independently, which she had every legal right to do. Third, Plaintiff is not employing a "sword and shield" tactic because he is not relying on Vivian Villanueva for any testimony regarding the privileged communications.

## 2. THE SPOUSAL COMMUNICATION PRIVILEGE IS WELL ESTABLISHED AND APPLICABLE

The spousal communication privilege protects confidential communications between spouses made during their marriage. It is firmly established in both federal and California law. See *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). Here, Vivian Villanueva's invocation of the privilege regarding confidential communications with her husband clearly falls within the established scope of this privilege.

## 3. PLAINTIFF DID NOT CONTROL VIVIAN VILLANUEVA'S INVOCATION OF PRIVILEGE

Vivian Villanueva independently invoked the spousal communication privilege, as was her unequivocal right. Plaintiff neither encouraged nor influenced this invocation. Courts consistently uphold a spouse's independent right to invoke such a privilege, recognizing it as an important protection for marital privacy.

///
///
///

### 4. PLAINTIFF IS NOT USING THE PRIVILEGE AS A "SWORD AND SHIELD"

Defendants incorrectly argue Plaintiff employs the privilege as both a sword and shield. Plaintiff has never sought to introduce testimony from Vivian regarding any communications protected by privilege. As explained in *Bowling v. Netflix, Inc.,* 2024 U.S. Dist. LEXIS 201962 (S.D. Ind. 2024), misuse of privilege as a sword and shield occurs only when a party attempts to selectively disclose privileged communications for advantage while withholding related damaging information. The court in Bowling specifically held that merely invoking a privilege without selective disclosure does not constitute misuse.

Here, the holding in Bowling directly applies. Plaintiff does not seek testimony regarding privileged communications Vivian refused to disclose. Rather, Vivian testified extensively during her deposition on numerous non-privileged subjects, providing ample opportunity for Defendants to fully explore her actual testimony. Vivian explicitly stated she and Plaintiff never exchanged texts or emails about emotional distress, thus excluding privileged communications entirely from the scope of relevant testimony (Deposition of Vivian Villanueva, Villanueva Depo., Page 41, Lines 6-11).

### 5. DEFENDANTS ARE NOT ENTITLED TO THREE YEARS OF PRIVILEGED MARITAL COMMUNICATIONS

Defendants claim Plaintiff's emotional distress claim justifies intrusive discovery into three years of confidential marital communications. This claim is without merit. Vivian testified clearly that no electronic communications between her and Plaintiff regarding emotional distress exist. Defendants' demand for broad disclosure of privileged marital communications merely because Plaintiff initiated litigation is unfounded and excessive (Deposition of Vivian Villanueva, Villanueva Depo., Page 41, Lines 6-11).

///

///

**6. VIVIAN VILLANUEVA'S DEPOSITION TESTIMONY DEMONSTRATES DEFENDANTS FULLY EXPLORED HER NON-PRIVILEGED KNOWLEDGE**

During her deposition, Vivian Villanueva provided clear and extensive testimony about her knowledge concerning Plaintiff's emotional distress claim. She acknowledged being identified as a witness regarding emotional distress (Villanueva Depo., Page 22, Lines 1-7), but clearly stated she never reviewed documents or engaged in specific preparations for her deposition testimony (Villanueva Depo., Page 20, Lines 15-17). Vivian testified specifically that her husband advised her simply to "be truthful and answer what you know" (Villanueva Depo., Page 21, Lines 1-3). Vivian affirmed no detailed discussions occurred regarding emotional distress through electronic communications (Villanueva Depo., Page 41, Lines 6-11). Defendants thus had ample opportunity to fully assess her knowledge and testimony regarding non-privileged matters, thereby precluding any claims of prejudice or incomplete discovery.

Plaintiff respectfully requests this motion be denied.

Dated: May 5, 2025                SHEGERIAN & ASSOCIATES, INC.

By: _____
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

# DECLARATION

# DECLARATION OF ALEX DIBONA

I, Alex DiBona, declare as follows:

1. I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and this honorable Court. I am an attorney of record for plaintiff, Alex Villanueva, in this case. I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Relevant portions of Vivian Villanueva's deposition transcripts.

Executed on this 5th day of May, 2025, at Los Angeles, California.

Alex DiBona, Esq.

# EXHIBIT 1

```
 1              UNITED STATES DISTRICT COURT
 2      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
 3
        _____
 4                                     )
        ALEX VILLANUEVA,               )
 5                                     )
                 Plaintiff,            )
 6                                     )
            vs.                        ) Case No.
 7                                     ) 2:24-cv-04979 SVW (JCx)
        COUNTY OF LOS ANGELES,         )
 8      COUNTY OF LOS ANGELES          )
        SHERIFF'S DEPARTMENT, LOS      )
 9      ANGELES COUNTY BOARD OF        )
        SUPERVISORS, COUNTY EQUITY     )
10      OVERSIGHT PANEL, LOS ANGELES   )
        COUNTY OFFICE OF INSPECTOR     )
11      GENERAL,CONSTANCE KOMOROSKI,   )
        MERCEDES CRUZ, ROBERTA YANG,   )
12      LAURA LECRIVAIN,SERGIO V.      )
        ESCOBEDO, RON KOPPERUD,        )
13      ROBERT G. LUNA, MAX-GUSTAF     )
        HUNTSMAN, ESTHER LIM, and      )
14      DOES 1 to 100, inclusive,      )
                                       )
15               Defendants.           )
        _____)
16
17         VIDEOTAPED DEPOSITION OF VIVIAN VILLANUEVA
18                  Los Angeles, California
19                Wednesday, April 23, 2025
20                        Volume I
21      Reported by:
        NADIA NEWHART
22      CSR No. 8714
23      Job No. 7301582
24      PAGES 1 - 166
25
                                                      Page 1
```

```
 1              UNITED STATES DISTRICT COURT
 2       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
 3
 4      _____
                                        )
 5      ALEX VILLANUEVA,                )
                                        )
 6                 Plaintiff,           )
                                        )
 7          vs.                         ) Case No.
                                        ) 2:24-cv-04979 SVW (JCx)
 8      COUNTY OF LOS ANGELES,          )
        COUNTY OF LOS ANGELES           )
 9      SHERIFF'S DEPARTMENT, LOS       )
        ANGELES COUNTY BOARD OF         )
10      SUPERVISORS, COUNTY EQUITY      )
        OVERSIGHT PANEL, LOS ANGELES    )
11      COUNTY OFFICE OF INSPECTOR      )
        GENERAL,CONSTANCE KOMOROSKI,    )
12      MERCEDES CRUZ, ROBERTA YANG,    )
        LAURA LECRIVAIN,SERGIO V.       )
13      ESCOBEDO, RON KOPPERUD,         )
        ROBERT G. LUNA, MAX-GUSTAF      )
14      HUNTSMAN, ESTHER LIM, and       )
        DOES 1 to 100, inclusive,       )
15                                      )
                   Defendants.          )
16      _____ )
17
18          Videotaped deposition of VIVIAN VILLANUEVA,
19      Volume I, taken on behalf of Defendants, at
20      2121 Avenue of the Stars, Suite 2600, Los Angeles,
21      California, beginning at 10:23 a.m. and ending at
22      2:50 p.m. on Wednesday, April 23, 2025, before
23      NADIA NEWHART, Certified Shorthand Reporter No. 8714.
24
25
```

```
 1      APPEARANCES:
 2
 3      For Plaintiff:
 4           SHEGERIAN & ASSOCIATES
 5           BY:   ALEX DiBONA, ESQ. (10:23-12:09 p.m.)
 6           BY:   BRYAN KIRSH, ESQ.  (12:46-2:50 p.m.)
 7           11520 San Vicente Boulevard
 8           Los Angeles, California 90049
 9           310-860-0770
10           shegerianlaw.com
11
12      For Defendants:
13           MILLER BARONDESS, LLP
14           BY:   STEVEN G. WILLIAMSON, ESQ.
15           2121 Avenue of the Stars, Suite 2600
16           Los Angeles, California 90067
17           310-552-5253
18           swilliamson@millerbarondess.com
19
20      Also Present:
21           JULIO PENA, videographer
22
23
24
25
                                                    Page 3
```

```
 1                        INDEX
 2   WITNESS                                    EXAMINATION
 3   VIVIAN VILLANUEVA
 4   Volume I
 5             BY MR. WILLIAMSON                      8
 6
 7                       EXHIBITS
 8   NUMBER             DESCRIPTION                 PAGE
 9   Exhibit 1    Second Amended Subpoena to         34
10                Testify at a Deposition in a
11                Civil Action; 8 pages
12
13   Exhibit 2    Text messages; AV010781-786        47
14
15   Exhibit 3    Plaintiff Alex Villaneuva's        59
16                Service of Priviledge Log;
17                27 pages
18
19   Exhibit 4    Article titled "Second Top         92
20                Official Accuses LA Sheriff
21                Villanueva of Coverup in
22                Controversial Jail Video Case";
23                12 pages
24
25
```

Page 4

```
 1    INDEX (Continued):

 2

 3                        EXHIBITS

 4    NUMBER            DESCRIPTION                    PAGE

 5    Exhibit 5    Fourth Amended Complaint             98

 6                 for Damages; 26 pages

 7

 8    Exhibit 6    Article titled "Sergeant's          102

 9                 lawsuit alleging retaliation

10                 for criticizing Villanueva to

11                 proceed"; 4 pages

12

13    Exhibit 7    Article titled "Vivian              110

14                 Villanueva - wife and confidant -

15                 holds sway in L.A. Sheriff's

16                 Department, officials say";

17                 17 pages

18

19    Exhibit 8    Plaintiff Alex Villanueva's         126

20                 Disclosure of Experts Pursuant

21                 to F.R.C.P 26(a)(2); 76 pages

22

23

24

25
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

```
 1   testified, was it generally just about things about
 2   the arrests or the investigations or the work that
 3   you performed on those various cases?
 4       A   Yes.
 5       Q   And so we mentioned the Pimentel case.  Have    10:36:30
 6   you ever been involved as a defendant in any other
 7   civil lawsuit?
 8       A   No.
 9       Q   Have you ever been a plaintiff in a civil
10   lawsuit?                                                10:36:50
11       A   No.
12       Q   And did you do anything to prepare for the
13   deposition today?
14       A   No.
15       Q   Did you review any documents in preparation     10:37:07
16   for today's deposition?
17       A   No.
18       Q   Did you speak to anyone about today's
19   deposition?
20       A   No.                                             10:37:12
21       Q   Did you speak with Mr. Villanueva, your --
22   your husband, about today's deposition?
23       A   Yes.
24       Q   Okay.  And when did you speak with him?
25       A   This morning, driving in.  He and my -- my     10:37:25
```

Page 20

| | | |
|---|---|---|
| 1 | friend dropped -- dropped me off, and all he said | |
| 2 | is, "Just be truthful and answer what you know" and | |
| 3 | didn't say anything else. | |
| 4 | Q    So it was him and -- and you said a friend | |
| 5 | was also in the car this morning? | 10:37:46 |
| 6 | A    Yes. | |
| 7 | Q    Okay.  Who was the friend? | |
| 8 | A    Gina and her husband David. | |
| 9 | Q    What else did Mr. Villanueva say about the | |
| 10 | deposition this morning? | 10:38:00 |
| 11 | A    That was it. | |
| 12 | Q    Did Gina say anything about the deposition? | |
| 13 | A    No.  She wasn't paying attention. | |
| 14 | Q    What about David?  Did he -- | |
| 15 | A    In fact, he dropped me off in -- at the | 10:38:12 |
| 16 | front, so I don't even think they heard.  It wasn't | |
| 17 | inside the car. | |
| 18 | Q    Got it.  Other than the conversation you had | |
| 19 | this morning, have you spoken with Mr. Villanueva at | |
| 20 | all about your deposition? | 10:38:25 |
| 21 | A    No. | |
| 22 | Q    When did you learn that you were going to be | |
| 23 | deposed in this case? | |
| 24 | A    I can't remember. | |
| 25 | Q    Did Mr. Villanueva -- well, are you aware | 10:38:35 |

Page 21

```
 1     that you've been named as a witness who may have
 2     information regarding Mr. Villanueva's claims of
 3     emotional distress?
 4        A    Yes.
 5        Q    And when did you learn that you had been          10:38:47
 6     named as a witness?
 7        A    He told me, but I just don't remember when.
 8        Q    He being Mr. Villanueva?
 9        A    Correct.
10        Q    Do you recall if it was sometime earlier this    10:39:00
11     year?
12        A    Could -- could have.
13        Q    And well -- when you were informed that you
14     were named as a witness in this case, did you have
15     the discussion that you might have to give a             10:39:14
16     deposition?
17        A    Not at the time.  Well, wait a minute.  I --
18     I don't -- I don't remember, but I think so.
19        Q    Do you remember anything about that
20     discussion?                                              10:39:32
21        A    No.
22        Q    Have you met Mr. DiBona before today?
23        A    No.
24        Q    So when you and Mr. DiBona encountered each
25     other in the lobby today, that's the first time you     10:39:46
```

Page 22

```
 1        A    Yes.
 2        Q    And have you searched your -- your phone or
 3   your records to see if you have any documents or
 4   communications relating to Mr. Villanueva's
 5   emotional distress claims?                               11:03:12
 6        A    I haven't, but I can tell you there's going
 7   to be nothing there on that.
 8        Q    And why would you believe that there's
 9   nothing there on that?
10        A    Because we don't -- I've never texted him      11:03:26
11   about emotional distress.
12        Q    And request for production number 4 is (as
13   read):
14             "ALL DOCUMENTS AND COMMUNICATIONS
15             RELATING plaintiff -- relating to              11:03:43
16             PLAINTIFF given -- being given a 'Do
17             Not Rehire' notation on his County
18             personnel file as alleged in this
19             ACTION."
20             Do you see that?                               11:03:52
21        A    Yes.
22        Q    And you generally understand just for ease,
23   that this case -- part of this case is
24   Mr. Villanueva's contention that he should not have
25   received a "do not rehire" flag on his file,             11:04:01
```

Page 41

```
 1
 2
 3
 4            I, VIVIAN VILLANUEVA, do hereby declare
 5   under penalty of perjury that I have read the
 6   foreging transcript; that I have made any
 7   corrections as appear noted, in ink, initialed by
 8   me, or attached hereto; that my testimony as
 9   contained herein, as corrected, is true and correct.
10            EXECUTED this _____ day of _____,
11   20____, at _____, _____.
                        (City)                  (State)
12
13
14
15            _____
                           VIVIAN VILLANUEVA
16                            Volume I
17
18
19
20
21
22
23
24
25
```

Page 162

```
 1            I, the undersigned, a Certified Shorthand
 2    Reporter of the State of California, do hereby
 3    certify:
 4         That the foregoing proceedings were taken
 5    before me at the time and place herein set forth;
 6    that any witnesses in the foregoing proceedings,
 7    prior to testifying, were administered an oath; that
 8    a record of the proceedings was made by me using
 9    machine shorthand which was thereafter transcribed
10    under my direction; that the foregoing transcript is
11    a true record of the testimony given.
12         Further, that if the foregoing pertains to the
13    original transcript of a deposition in a Federal
14    Case, before completion of the proceedings, review
15    of the transcript [X] was [ ] was not requested.
16         I further certify that I am neither financially
17    interested in the action nor a relative or employee
18    of any attorney or any party to this action.
19        IN WITNESS WHEREOF, I have this date subscribed
20    my name.
21
22    Dated: 4/25/25
23
24                          _____
                                   NADIA NEWHART
25                                 CSR NO. 8714
```

Page 163

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On May 5, 2025, I served the foregoing document, described as "**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA: DECLARATION OF ALEX DIBONA, EXHIBITS**" on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
smiller@millerbarondess.com
jtokoro@millerbarondess.com
swilliamson@millerbarondess.com

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2025, at Los Angeles, California

*/s/ Amelia Sanchez*
Amelia Sanchez