Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 2:24−cv−04979−SVW−JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 to EXCLUDE POST**<br><br><br><br>Date:　May 26, 2025<br>Time:　1:30 p.m.<br>Dept.:　10A<br><br>Trial Date:　June 3, 2025<br>Action Filed:　June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff Alex Villanueva respectfully opposes Defendants' Motion in *Limine* No. 5 seeking exclusion of evidence related to POST on the following grounds:

### A. All Documents Related to POST Were Produced by Plaintiff:

Contrary to Defendants' assertion of surprise or prejudice, Plaintiff produced all documents relating to communications from the California Commission on Peace Officer Standards and Training ("POST"). Defendants cannot credibly claim any unfair prejudice as these documents were timely disclosed and fully available to them during discovery.

### B. Evidence from POST Is Highly Relevant:

The documents from POST are relevant and admissible because they demonstrate Defendants' animus and active efforts to undermine and destroy Plaintiff's professional career. The core of Plaintiff's First Amendment retaliation claim is that Defendants, motivated by Plaintiff's protected speech, placed a "Do Not Hire" notation in his personnel file, damaging his employment opportunities and professional reputation. Defendants have contended that Plaintiff's career has not been adversely affected, arguing implicitly that their retaliatory conduct caused no real harm. Plaintiff is entitled to refute this argument by showing it was not for lack of Defendants' deliberate attempts.

The POST letters constitute direct evidence that Defendants communicated negative and misleading information about Plaintiff, clearly aiming to tarnish his professional reputation and prospects. While POST ultimately concluded Plaintiff did not engage in misconduct, Defendants' malicious intent in making the referrals is directly probative of retaliation.

### C. The Evidence from POST Is Not Hearsay:

Contrary to Defendants' hearsay objection, Plaintiff does not offer POST communications for the truth of their content but rather to demonstrate Defendants' retaliatory motive, intent, and state of mind. Out-of-court statements offered to show

animus, intent, or motivation are not hearsay under Federal Rule of Evidence 801(c), as they are not offered for the truth of the matter asserted.

Further, the POST letters are not hearsay because they are the factual result of a legally authorized investigation (FRE 803(A)(3).

Further, any minimal risk of prejudice or confusion under Federal Rule of Evidence 403 is far outweighed by the probative value of demonstrating Defendants' sustained campaign of retaliation and animus toward Plaintiff. This evidence is essential for Plaintiff to fairly present his case and for the jury to fully evaluate Defendants' conduct and intent.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in *Limine* No. 5 and permit Plaintiff to introduce evidence related to POST at trial.

Plaintiff respectfully requests this motion be denied.

Dated:  May 5, 2025            SHEGERIAN & ASSOCIATES, INC.

By: /s/ Alex DiBona
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA V. COUNTY OF LOS ANGELES, et al.    USDC Case No. 2:24-cv-04979-SVW-JC**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard Los Angeles, California 90049.

On May 5, 2025, I served the foregoing document, described as **"PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 to EXCLUDE POST"** on all interested parties in this action as follows:

**Louis R. Miller, Esq.**
**Jason H. Tokoro, Esq,**
**Steven G. Williamson, Esq.**
**Miller Barondess, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, CA 90067**
**smiller@millerbarondess.com**
**jtokoro@millerbarondess.com**
**swilliamson@millerbarondess.com**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 5, 2025, at Los Angeles, California

*Amelia Sanchez*
Amelia Sanchez