LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-04979 SVW (JCx)<br><br>**REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently with Reply in Support of Motion for Summary Judgment; Supplemental Declaration of Jason H. Tokoro; and Evidentiary Objections to Declaration of Alex Villanueva*]<br><br>Date: May 19, 2025<br>Time: 1:30 p.m.<br>Crtrm.: 10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date: June 3, 2025 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX (310) 552-8400

732528.2

Pursuant to Local Rule 56-3, Defendants respectfully submit the following Reply Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of Defendants' Motion for Summary Judgment.

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| **Lim POE Complaint** | |
| 1.    On March 8. 2022, Justice Deputy Esther Lim filed a personnel complaint against Plaintiff, alleging that he made harassing and discriminatory statements based on age, race, gender, ethnicity, and national origin, in violation of the County Policy of Equity ("POE"). *Evidence:* Lim Decl. ¶¶ 7, 12; COE Ex. 11 at 149:9–23; COE Ex. 18. | 1.    Partially Disputed. Lim's complaint gives no examples of any conduct related to race, gender, age, ethnicity or national origin. Her four examples exclusively focus on her criticisms of her work and policy positions. *Evidence:* COE Ex. 11 at 149:9–23; COE Ex. 18. |
| 1. Defendants' Response<br><br>Plaintiff mischaracterizes the evidence.  Ms. Lim specifically identifies Plaintiff's "documented history and harassment of women and women of color" and notes her protected status as a Korean-American woman.  (COE Ex. 18 at 415.)  She repeatedly explained her belief that Plaintiff disparaged her and her fellow female Justice Deputies based on gender, race, and other protected characteristics.  (*See* COE Ex. 21 at 429, 430 ("Complainant Lim stated that I/P Villanueva's disparaging and discriminatory comments that discredit her character, education and experience are linked to her age, sex and race.").)  (*See also* Appendix, Ex. 10 at COLA 2406 ("All four of the examples show Sheriff Villanueva discriminating against me, as a protected class, based on age, sex, and race, intended to degrade and disparage me.").) | |
| 2.    The County Intake Specialist Unit ("CISU") determined it did not have jurisdiction over Ms. Lim's POE complaint because Plaintiff was a member of the Los Angeles County | 2.    Disputed. The CISU form states that Villanueva's conduct is "unrelated to employment" and is nonjurisdictional under a "reasonable good faith belief standard". Geveroki's Declaration |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| Sheriff's Department (the "Department").<br><br>*Evidence:* Gevorki Decl. ¶ 6; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:16–25, 49:12–24; COE Ex. 19. | simply contradicts the document she wrote and does not address the "reasonable good faith belief standard" in the document.<br><br>*Evidence:* Gevorki Decl. ¶ 6 COE Ex. 17 at 30:20–32:3, 36:13–37:2,<br><br>48:16–25, 49:12–24; COE Ex. 19 |
| 2. Defendants' Response<br><br>Plaintiff mischaracterizes the evidence.  The CISU form in question states that an "N" designation is given where an allegation is unrelated to County employment *or* is non-jurisdictional.  (COE. Ex. 19 at 419.)  Ms. Gevorki repeatedly explained at her deposition and in her declaration that the CISU did not have jurisdiction over Plaintiff because he was part of the Department.  (Gevorki Decl. ¶ 6; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:16–25, 49:12–24; COE Ex. 19.) ||
| 3.     CISU recommended that the Department conduct its own investigation into the POE complaint filed by Ms. Lim.<br><br>*Evidence:* Gevorki Decl. ¶¶ 7–8; COE Ex. 19 | 3.     Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 4.     CISU did not ever determine that Plaintiff did not violate County policy as alleged in Ms. Lim's POE complaint.<br><br>*Evidence:* Gevorki Decl. ¶¶ 7–10; COE Ex.17 at 47:4–23; COE Ex. 19. | 4.     Disputed. Disputed. The CISU form states that Villanueva's conduct is "unrelated to employment" and is nonjurisidictional under a "reasonable good faith belief standard". Geveroki's Declaration simply contradicts the document she wrote and does not address the "reasonable good faith belief standard" in the document. |

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | *Evidence:* Gevorki Decl. ¶¶ 7–10<br><br>COE Ex.17 at 47:4–23; COE Ex. 19. |

**4. Defendants' Response**

Plaintiff mischaracterizes the evidence. The CISU form in question states that an "N" designation is given where an allegation is unrelated to County employment ***or*** is non-jurisdictional. (COE. Ex. 19 at 419.) Ms. Gevorki repeatedly explained at her deposition and in her declaration that the CISU did not have jurisdiction over Plaintiff because he was part of the Department. (Gevorki Decl. ¶ 6; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:16–25, 49:12–24; COE Ex. 19.) She affirmatively stated that she did ***not*** make any finding regarding whether Plaintiff violated the COE, and Plaintiff identifies no controverting evidence to establish that such a finding was made. (Gevorki Decl. ¶¶ 7–10; COE Ex.17 at 47:4–23; COE Ex. 19.)

| 5.    CISU did not ever place Ms. Lim's POE complaint in a "suspense file."<br><br>*Evidence:* COE Ex. 17 at 51:2–14; COE Ex. 19. | 5.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

**5. Defendants' Response**

The documents cited by Plaintiff do not create a genuine issue of material fact. Ms. Gevorki testified that she had never heard of a "suspense file" and that she did not place the Lim complaint in a suspense file. (COE Ex. 17 at 51:2–14;

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| COE Ex. 19.)  Plaintiff cites to documents that were generated by the Sheriff's Department (***not*** the CISU) and points to dates in May 2023 and October 2023, which is more than a year after Ms. Gevorki and CISU were involved.  (*Compare* COE Ex. 17 *with* Appendix, Exs. 19 and 20.)  Neither of the documents cited by Plaintiff discuss, or contain the words "suspense file."  (*See id.*) ||
| 6.      The Department's Intake Specialist Unit ("ISU") determined that the allegations made by Ms. Lim against Plaintiff warranted further investigation.<br><br>*Evidence:* Lested Decl. ¶¶ 15, 19; COE Ex. 16 at 35:18–36:2, 59:1–7, 61:4–13, 69:24–70:3; COE Exs. 20–21. | 6.      Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 7.      ISU did not ever determine that Plaintiff did not violate County policy as alleged in Ms. Lim's POE complaint.<br><br>*Evidence:* Lested Decl. ¶¶ 14, 21; COE Ex. 16 at 69:12–23; COE Exs. 20–21. | 7.      Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 8.      ISU did not ever place Ms. Lim's POE complaint in a "suspense file."<br><br>*Evidence:* COE Ex. 16 at 70:4–71:8; COE Exs. 20–21. | 8.      Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | dates |
| 8. Defendants' Response  The documents cited by Plaintiff do not create a genuine issue of material fact. Deputy Lested testified that he had never heard of a "suspense file" and that ISU did not place the Lim complaint in a suspense file.  (COE Ex. 16 at 70:4–71:8; COE Exs. 20–21.)  Plaintiff cites to documents that were generated by the Sheriff's Department IAB Unit (***not*** the ISU) and points to dates in May 2023 and October 2023, which is a year after ISU was involved.  (*Compare* COE Ex. 16 *with* Appendix, Exs. 19 and 20.)  Neither of the documents cited by Plaintiff discuss, or contain the words "suspense file."  (*See id.*) | |
| 9.      The Department admonished Plaintiff on March 23, 2022 for the allegations in the POE complaint filed by Ms. Lim.  *Evidence:* Lested Decl. ¶ 18; COE Ex. 16 at 23:8–24:19, 60:23–61:3; COE Ex. 21 at 6. | 9.      Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 10.     After being admonished on March 23, 2022, Plaintiff continued to speak publicly about Ms. Lim, the Board, and its Justice Deputies.  *Evidence:* Tokoro Decl. ¶¶ 68-137, COE Exs. 54–69, 78; COE Ex. 5 at 250:6–13, 250:24–253:10; COE Ex. 11 at 243:23–250:8. | 10.     Disputed. Villanueva has filed objections to this evidence Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. |
| 10. Defendants' Response  Plaintiff's evidentiary objections are frivolous.  At his deposition, Plaintiff | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| admitted that he continues to engage in speech regarding Ms. Lim and others to this very day.  (COE Ex. 5 at 250:6–13, 250:24–253:10.)  Moreover, no expert opinion is needed to determine that Plaintiff was speaking about Ms. Lim or the Board—this is facially clear from the audio recordings of Plaintiff's Facebook Live sessions, which he admitted to recording. | |
| 11.    Ms. Lim never publicly disclosed the POE complaint she filed against Plaintiff.  *Evidence:* Lim Decl. ¶¶ 33–35 | 11.    Disputed. Ester Lim and Max Huntsman admitted through text message they filed the POE complaint knowing it would be made public because complaints of harassment and discrimination are public records.  *Evidence:* Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |
| 11. Defendants' Response  Plaintiff's cited evidence does not create a genuine dispute of material fact. Exhibit 22 is a private text message exchange from December 22, 2023 between Ms. Lim and Mr. Huntsman regarding notifications they received about the outcome of the CEOP's recommendations.  (*See* Appendix, Ex. 22.)  It does not discuss any public disclosure by Ms. Lim.  Exhibit 33 is merely a deposition excerpt where Ms. Lim was asked about those text messages—it says nothing about Ms. Lim making public statements about her complaint.  (*See* Appendix, Ex. 31.) | |
| 12.    On June 29, 2022, Plaintiff was notified by the Department that he was the subject of an administrative investigation into allegations that he violated the POE through, *inter alia*, discrimination, harassment, and retaliation.  *Evidence:* COE Ex. 22; COE Ex. 5 at 188:14–191:6. | 12.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 13.    Sanders Roberts was retained to investigate the allegations in Ms. Lim's POE complaint.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 3–5; COE Ex. 7 at 28:4–14. | 13.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 14.    Sanders Roberts interviewed Ms. Lim, Justice Deputy Kyla Cotes, and Justice Deputy Veronica Pawlowski in connection with its investigation into the allegations in Ms. Lim's POE complaint.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 17–26; COE Ex. 7 at 58:17–25; COE Ex. 11 at 165:5–16; Lim Decl. ¶¶ 20–26; Coates Decl. ¶¶ 5–12; COE Ex. 13 at 40:12–42:2; Pawlowski Decl. ¶¶ 5–12; COE Ex. 6 at 161:6–9; COE Ex. 25. | 14.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 15.    During her interview, Ms. Lim told Sanders Roberts about public statements by Plaintiff about the Los Angeles County Board of Supervisors ("Board") and its Justice Deputies that she believed violated the POE.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. | 15.    Disputed. Lim told material untruths in her interview 1) Lim falsely told Diaz-Herrera Villanueva was trying to get her fired when the actual letter(s) Villanueva sent say no such thing and Lim admitted this in her deposition 2) Lim falsely told Diaz-Herera she and Hilda Solis made a mutual decision for her to stop tweeting when the truth was that Hilda Solis disciplined Lim for her tweets and forbade her from tweeting in the future. 3) Lim falsely stated that the tweets she sent was when she was employed by the ACLU, the tweets were sent while she was a justice deputy during business hours. The County's own investigation report admits Lim |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
|  | stated Villanueva targeted her because she engaged in oversight, not because of her race, gender, age or ethnicity.  Lim's complaint does not include any reference to race, gender or ethinicty.  *Evidence:* Appendix, **Exhibit 17,** COLA002135, 2136,  **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5-18; **Exhibits 10-11** |

15. Defendants' Response

Plaintiff's argumentative response in a Statement of Facts regarding "untruths" is improper but, regardless, is not supported by any of the evidence he cites.  And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

None of the evidence he cites rebuts the fact that Ms. Lim gave extensive statements to the investigator regarding Plaintiff's public statements about Ms. Lim, the Justice Deputies, and the Board of Supervisors.  (COE Ex. 25 at 488–509.)  In none of the deposition testimony cited by Plaintiff does Ms. Lim state that any of the statements are untrue.  (*See* Appendix, Ex. 31.)

Plaintiff cites to no evidence, other than his own opinion, that Ms. Lim's statements regarding tweets about Plaintiff are untrue but, even if that were the case, those statements have nothing to do with ***Plaintiff's*** comments that were the subject of the investigation—they are not material facts.

| 16.    During their interviews, Ms. Coates and Ms. Pawlowski also told Sanders Roberts about public statements by Plaintiff about the Board and its Justice Deputies that they believed violated the POE.  *Evidence:* Diaz-Herrera Decl. ¶¶ 23–26; Coates Decl. ¶¶ 9–12; COE Ex. 13 | 16.    Disputed. Pawlowski and Coates told material untruths in her interview. Pawlowski stated that Villanueva referred to Justice Deputies and the board of supervisors as "woke and dumb women", Villanueva never said this. Pawlowski admitted Villanueva had never even mentioned her name or said |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| at 28:5–30:20, 51:12–58:24, 60:5–67:18,  98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; COE Ex. 25. | anything directly to her she found inappropriate or offensive. Coates interview was simply made up out of whole cloth. Coates supposedly said in her interview that Villanueva directly said to her you are all women, but Coates denied this ever happened in her deposition. Coates further admitted Villanueva's actions did not impact her. *Evidence:* Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4: |

16. Defendants' Response

Plaintiff's argumentative response in a Statement of Facts regarding "untruths" is improper but, regardless, is not supported by any of the evidence he cites.  And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

Ms. Pawlowski discussed *extensively* the public statements she heard Plaintiff make on Facebook Live, which are recorded and not in dispute.  (COE Ex. 6 at 84:1–98:15.)  Plaintiff's argument that he did not make these statements directly *to* Ms. Pawlowski is not relevant, and is not materially in dispute.

Plaintiff's characterization of Ms. Coates' interview being "made up out of whole cloth" is nonsensical.  None of the deposition citations provided by Plaintiff support his claim that Coates "denied" anything about her interview.  (*See* Appendix, Ex. 35 29:8-31:21; 63:1-:4.)  And Ms. Coates testified extensively how Plaintiff's improper conduct impacted her.  (*See* COE Ex. 13 at 51:12–58:24.)  Plaintiff is inventing facts.

| | |
|---|---|
| 17.     Sanders Roberts collected evidence related to the allegations in Ms. Lim's POE complaint. | 17.     Disputed. Diaz Herrera did not collect Villanueva's letters to the Board of Supervisor concerning Ester Lim and the County Equity Oversight Board and the Sheriff's department "found" it was retaliatory without ever seeing the |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Diaz-Herrera Decl. ¶¶ 28–29; COE Ex. 7 at 164:6–165:19, 189:17–190:24; COE Exs. 25, 27-30. | letters. Diaz Herrera did not interview Sheriff Villanueva despite him explicitly saying he did not need her questions in advance. Diaz Herrera also did not interview Tim Murakami, Villanueva's undersheriff. Lim made spurious accusations of improper criminal investigations and Murakami has denied any such improper investigations.<br><br>*Evidence:* **Exhibit 17,** COLA 2122; **Exhibit 36**, 107:20-108:25; **Exhibit 16,** Villanueva Decl. ¶ 23; **Exhibit 28,** 58:9-60:4, 73:8-74:23; 75:17-20 |

17. Defendants' Response

Plaintiff's argumentative response in a Statement of Facts is improper but, regardless, does not concern a genuine dispute of a ***material*** fact.  Defendants provided extensive examples of the evidence gathered by the investigator in the course of the investigation into the Lim complaint.  (Diaz-Herrera Decl. ¶¶ 28–29; COE Ex. 7 at 164:6–165:19, 189:17–190:24; COE Exs. 25, 27-30.)

None of the remaining evidence creates a material dispute of fact as to whether the investigator collected evidence.  Plaintiff contends that the investigator should have collected additional, or ***different*** evidence.  But that does not establish a material dispute of fact here.

| **Huntsman POE Complaint** | |
|---|---|
| 18.    On March 9, 2022, County Inspector General Max Huntsman filed a personnel complaint against Plaintiff, alleging that he made harassing and discriminatory statements based on ethnicity and national origin, in violation of the POE. | 18.    Disputed. Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a complete contradiction) a Holocaust denier. Huntsman further admitted |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32. | that the State Bar had his name as Max Gustaf Huntsman while Villanueva was Sheriff.<br><br>CEOP panelist Constance Komoroski admitted that calling someone by the name they are born with is not harassment or discrimination.<br><br>*Evidence:* **Exhibit 32,** Huntsman Depo. 127:8-128:3; 162:1-163:25, Villanueva Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 |

18. Defendants' Response

Plaintiff does not identify evidence to create a genuine issue of material fact. Mr. Huntsman's complaint was based on national origin and ethnicity, as is clear from the documents and Mr. Huntsman's testimony. (Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32.)

Plaintiff also misstates the evidence. Ms. Komoroski did ***not*** state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum." (Appendix, Ex. 26 at 40:10.) Instead, she made clear that her recommendation was based on the fact that Plaintiff referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust. (COE Ex. 4 at 66:14–24.)

Regardless, none of Plaintiff's cited evidence creates a material dispute as to whether Mr. Huntsman filed a complaint on the basis of race or national origin.

| | |
|---|---|
| 19.    The CISU determined that it did not have jurisdiction over Mr. Huntsman's POE complaint because Plaintiff was a member of the Department. | 19.    Disputed. The CISU form states that Villanueva's conduct is "unrelated to employment" and is nonjurisidictional under a "reasonable good faith belief standard". Geveroki's Declaration simply contradicts the document she wrote and does not address the |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Gevorki Decl. ¶ 13; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:20–49:24; COE Ex. 33. | "reasonable good faith belief standard" in the document. *Evidence:* Gevorki Decl. ¶ 13; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:20–49:24; COE Ex. 33. |

19. Defendants' Response

Plaintiff mischaracterizes the evidence. The CISU form in question states that an "N" designation is given where an allegation is unrelated to County employment *or* is non-jurisdictional. (COE. Ex. 33 at 566.) Ms. Gevorki repeatedly explained at her deposition and in her declaration that the CISU did not have jurisdiction over Plaintiff because he was part of the Department. (Gevorki Decl. ¶ 13; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:20–49:24.)

| | |
|---|---|
| 20.   CISU recommended that the Department conduct its own investigation into the POE complaint filed by Mr. Huntsman. *Evidence:* Gevorki Decl. ¶¶ 14–15; COE Ex. 33. | 20.   Undisputed, but does not entitled Defendants to Judgment as a Matter of Law |
| 21.   CISU did not ever determine that Plaintiff did not violated County policy as alleged in Mr. Huntsman's POE complaint and did not place Mr. Huntsman's complaint into a "suspense file." *Evidence:* Gevorki Decl. ¶¶ 12, 16–17; COE Ex. 17 at 47:24–48:15, 51:2–14; COE Ex. 33. | 21.   Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors. *Evidence:* Appendix, **Exhibits 19. 20,** |

732528.2

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | 3/16/2022, 5/15/2023 and 10/02/2023 dates |

21. Defendants' Response

Plaintiff mischaracterizes the evidence.  The CISU form in question states that an "N" designation is given where an allegation is unrelated to County employment *or* is non-jurisdictional.  (COE. Ex. 33 at 566.)  Ms. Gevorki repeatedly explained at her deposition and in her declaration that the CISU did not have jurisdiction over Plaintiff because he was part of the Department.  (Gevorki Decl. ¶ 13; COE Ex. 17 at 30:20–32:3, 36:13–37:2, 48:20–49:24.)  She affirmatively stated that she did ***not*** make any finding regarding whether Plaintiff violated the COE, and Plaintiff identifies no controverting evidence to establish that such a finding was made.  (Gevorki Decl. ¶¶ 14–15; COE Ex.17  at 47:4–23.)

Furthermore, Ms. Gevorki testified that she had never heard of a "suspense file" and that she did not place the Lim complaint in a suspense file.  (COE Ex. 17 at 51:2–14; COE Ex. 19.)  Plaintiff cites to documents that were generated by the Sheriff's Department (***not*** the CISU) and points to dates in May 2023 and October 2023, which is more than a year after Ms. Gevorki and CISU were involved.  (*Compare* COE Ex. 17 *with* Appendix, Exs. 19 and 20.)  Neither of the documents cited by Plaintiff discuss, or contain the words "suspense file."  (*See id.*)

| 22.    ISU determined that the allegations made by Mr. Huntsman against Plaintiff warranted further investigation.<br><br>*Evidence:* Lested Decl. ¶ 9; CEO Ex. 16 at 35:18–36:2, 61:14–25; 69:1–4; COE Ex. 34. | 22.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 23.    ISU did not ever determine that Plaintiff did not violate County policy as alleged in Mr. Huntsman's POE complaint. | 23.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Lested Decl. ¶¶ 5, 12; CEO Ex. 16 at 68:6–69:4; COE Ex. 34–35. | |
| 24.    ISU did not ever place Mr. Huntsman's POE complaint in a "suspense file." <br><br> *Evidence:* COE Ex. 16 at 70:4–15, 70:20–71:8. COE Ex. 34–35. | 24.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors. <br><br> *Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

24. Defendants' Response

The documents cited by Plaintiff do not create a genuine issue of material fact. Deputy Lested testified that he had never heard of a "suspense file" and that ISU did not place the Lim complaint in a suspense file.  (COE Ex. 16 at 70:4–15, 70:20–71:8; COE Exs. 34–35.)  Plaintiff cites to documents that were generated by the Sheriff's Department IAB Unit (***not*** the ISU) and points to dates in May 2023 and October 2023, which is a year after ISU was involved.  (*Compare* COE Ex. 16 *with* Appendix, Exs. 19 and 20.)  Neither of the documents cited by Plaintiff discuss, or contain the words "suspense file."  (*See id.*)

| 25.    The Department admonished Plaintiff on March 23, 2022 for the allegations in the POE complaint filed by Mr. Huntsman. | 25.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Lested Decl. ¶ 18; CEO Ex. 16 at 23:8–24:19, 60:13–60:22; COE Ex. 34. | |
| 26.     After being admonished on March 23, 2022, Plaintiff continued to speak publicly about Mr. Huntsman.<br><br>*Evidence:* Tokoro Decl. ¶¶ 68-137, COE Exs. 54-69, 78; Huntsman Decl. ¶¶ 20–25; COE Ex. 5 at 253:14–255:2, 214:8–219:6; COE Ex. 9 at 47:23–48:5, 140:3–10. | 26.     Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 27.     On April 1, 2022, Plaintiff publicly disclosed that Mr. Huntsman had filed a POE complaint against him.<br><br>*Evidence:* Huntsman Decl. ¶¶ 20–25; COE Ex. 5 at 213:23–215:18; COE Ex. 9 at 140:3–10. | 27.     Partially disputed, Villanueva's Comments as quoted in the *Los Angeles Times were* "You do realize that Max Huntsman, one, he's a Holocaust denier. I don't know if you're aware of that. I have it from two separate sources. And he filed a complaint against me because I refer to him as Max-Gustaf Huntsman, his actual legal name, that's on his [State] Bar card. And he filed a complaint to the — I thought that was kind of humorous."<br><br>Villanueva did not disclose it was a policy of equality complaint but truthfully stated the nature of the complaint and his response to it.<br><br>*Evidence:* Huntsman Decl. ¶¶ 20–25; COE Ex. 5 at 213:23–215:18; COE Ex. 9 at 140:3–10. |
| 27. Defendants' Response<br><br>Plaintiff's response is an admission and does not create a genuine dispute | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| material fact.  Plaintiff does not dispute that, on April 1, 2022, he gave a recorded interview with the Los Angeles Times where he disclosed Mr. Huntsman's complaint. | |
| 28.    Mr. Huntsman never publicly disclosed the POE complaint he filed against Plaintiff at any time prior to Plaintiff publicly disclosing it on April 1, 2022.<br><br>*Evidence:* Huntsman Decl. ¶¶ 33–35. | 28.    Disputed. Ester Lim and Max Huntsman admitted through text message they filed the POE complaint knowing it would be made public because complaints of harassment and discrimination are public records.<br><br>*Evidence:* Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |
| 28. Defendants' Response<br><br>Plaintiff's cited evidence does not create a genuine dispute of material fact. Exhibit 22 is a private text message exchange from December 22, 2023 between Ms. Lim and Mr. Huntsman regarding notifications they received about the outcome of the CEOP's recommendations.  (*See* Appendix, Ex. 22.)  It does not discuss any public disclosure by Mr. Huntsman.  Exhibit 33 is merely a deposition excerpt where Ms. Lim was asked about those text messages—it says nothing about Mr. Huntsman making public statements about her complaint.  (*See* Appendix, Ex. 31.) | |
| 29.    On June 29, 2022, Plaintiff was notified by the Department that he was the subject of an administrative investigation into allegations that he violated the POE through, *inter alia*, discrimination, harassment, and retaliation.<br><br>*Evidence:* COE Ex. 36; COE Ex. 5 at 211:2–213:22.<br><br>*Evidence:* Huntsman Decl. ¶¶ 33–35. | 29.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 30.    Sanders Roberts was retained to investigate the allegations in Mr. Huntsman's POE complaint.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 3–5; COE Ex. 7 at 28:4–14. | 30.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 31.    Sanders Roberts interviewed Mr. Huntsman and Ms. Pawlowski in connection with its investigation into the allegations in Mr. Huntsman's POE complaint.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 9, 13; COE Ex. 7 at 163:5–7, 184:22–25; Huntsman Decl. ¶ 26; COE Ex. 9 at 155:9–25; Pawlowski Decl. ¶ 14; COE Ex. 38. | 31.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 32.    During his interview, Mr. Huntsman told Sanders Roberts about public statements by Plaintiff that he believed violated the POE.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 10–12; COE Ex. 7 at 175:23–176:25; Huntsman Decl. ¶¶ 20–30; COE Ex. 9 at 156:21–157:22; COE Exs. 48-49. | 32.    Disputed. Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a complete contradiction) a Holocaust denier. Huntsman further admitted that the State Bar had his name as Max Gustaf Huntsman while Villanueva was Sheriff.<br><br>CEOP panelist Constance Komoroski admitted that calling someone by the name they are born with is not harassment or<br><br>*Evidence:* **Exhibit 32,** Huntsman Depo. 127:8-128:3; 162:1-163:25, Villanueva |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400  FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
|  | Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 |

32. Defendants' Response

Plaintiff does not identify evidence to create a genuine issue of material fact. Mr. Huntsman's complaint was based on national origin and ethnicity, as is clear from the documents and Mr. Huntsman's testimony. (Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32.) And in his interview, Mr. Huntsman discussed *extensively* Plaintiff's use of his prior name in an attempt to smear him and label him as a Holocaust denier. (COE Ex. 38 612–48.)

Plaintiff also misstates the evidence. Ms. Komoroski did *not* state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum." (Appendix, Ex. 26 at 40:10.) Instead, she made clear that her recommendation was based on the fact that Plaintiff referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust. (COE Ex. 4 at 66:14–24.)

Regardless, none of Plaintiff's cited evidence creates a material dispute as to whether Mr. Huntsman made statements to the investigator that he believed Plaintiff violated the POE.

| 33. During her interview, Ms. Pawlowski told Sanders Roberts about public statements by Plaintiff about Mr. Huntsman that she believed violated the POE.<br><br>*Evidence:* Diaz-Herrera Decl. ¶ 13; Pawlowski Decl. ¶ 14; COE Ex. 38. | 33. Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |
| 34. Sanders Roberts collected evidence related to the allegations in Mr. Huntsman's POE complaint, including recordings of public statements made by Plaintiff and social | 34. Disputed. Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| media posts and communications sent by Plaintiff.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 14–15; COE Ex. 7 at 165:20–166:13, 195:6–199:10; COE Exs. 38, 40–52. | complete contradiction) a Holocaust denier. Huntsman further admitted that the State Bar had his name as Max Gustaf Huntsman while Villanueva was Sheriff.<br><br>The County Admits that referring to someone by their legal name is not discrimination or harassment.<br><br>*Evidence:* **Exhibit 32,** Huntsman Depo. 127:8-128:3; 162:1-163:25, Villanueva Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 |

34. Defendants' Response

Again, Plaintiff's response is argumentative and does not create a genuine issue of material fact. Defendants provided extensive examples of the evidence gathered by the investigator in the course of the investigation into the Lim complaint. (Diaz-Herrera Decl. ¶¶ 14–15; COE Ex. 7 at 165:20–166:13, 195:6–199:10; COE Exs. 38, 40–52.) All of this plainly apparent from the record.

Plaintiff also misstates the evidence. Ms. Komoroski did ***not*** state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum." (Appendix, Ex. 26 at 40:10.) Instead, she made clear that her recommendation was based on the fact that Plaintiff referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust. (COE Ex. 4 at 66:14–24.)

None of the remaining evidence creates a material dispute of fact as to whether the investigator collected evidence. Plaintiff contends that the investigator should have collected additional, or ***different*** evidence. But that does not establish a material dispute of fact here.

| **Plaintiff Refuses To Be Interviewed** | |
|---|---|
| 35.  Sanders Roberts attempted to interview Plaintiff in connection with | 35.  Disputed. Villanueva explicitly emailed Diaz Herrera that he did not |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| its investigation into the allegations in Ms. Lim's POE complaint, but was unable to do so.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 30–35; COE Ex. 7 at 136:18–140:23, 141:20–147:21, 183:14–184:15, 185:5–18; COE Ex. 5 at 205:16:–208:20; COE Ex. 14 at 40:7–21; COE Exs. 23–24. | need the questions in advance but only wanted to know the general substance of the allegations. Villanueva received no response to this email.<br><br>*Evidence:* Exhibit 16. Villanuva Decl, ¶ 23 |

35. Defendants' Response

Plaintiff mischaracterizes the evidence. Plaintiff repeatedly stated that he wanted the interview questions in writing, in advance, such that he could respond to them in writing, and that any interview would only proceed on "his terms." (*See* COE Ex. 24.)

| | |
|---|---|
| 36.    Sanders Roberts attempted to interview Plaintiff in connection with its investigation into the allegations in Mr. Huntsman's complaint, but was unable to do so.<br><br>*Evidence:* Diaz-Herrera Decl. ¶¶ 36–48; COE Ex. 7 at 136:18–140:23, 141:20–147:21, 183:14–15, 185:5–18; COE Ex. 5 at 205:16:–208:20; COE Ex. 14 at 40:7–21; COE Ex. 24, 37. | 36.    Disputed. Villanueva explicitly emailed Diaz Herrera that he did not need the questions in advance but only wanted to know the general substance of the allegations. Villanueva received no response to this email.<br><br>*Evidence:* Exhibit 16. Villanuva Decl, ¶ 23 |

36. Defendants' Response

Plaintiff mischaracterizes the evidence. Plaintiff repeatedly stated that he wanted the interview questions in writing, in advance, such that he could respond to them in writing, and that any interview would only proceed on "his terms." (*See* COE Ex. 24.)

**Department's Internal Affairs Bureau ("IAB")**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 37.    IAB received the Sanders Roberts investigation files for the POE complaints filed by Ms. Lim and Mr. Huntsman in late-June 2023.<br><br>*Evidence:* Devane Decl. ¶¶ 17–21; Kopperud Decl. ¶¶ 18–21; COE Exs. 26, 39. | 37.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |
| 37. Defendants' Response<br><br>Plaintiff mischaracterizes the evidence.  The very Investigator's Logs to which he cites make clear that the case files for the Huntsman and Lim investigations were not ready for pickup from Sanders Roberts until, the earliest, June 14, 2023.  (*See* Appendix Exs. 19–20.)  Plaintiff is inventing facts. | |
| 38.    IAB finalized its case files for the investigations into the POE complaints filed by Ms. Lim and Mr. Huntsman in October 2023.<br><br>*Evidence:* Devane Decl. ¶ 21; COE Ex. 8 at 99:18–100:3; Kopperud Decl. ¶ 21. | 38.    Partially Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | dates |

**38. Defendants' Response**

Plaintiff mischaracterizes the evidence. The very Investigator's Logs to which he cites make clear that the case files for the Huntsman and Lim investigations were not ready for pickup from Sanders Roberts until, the earliest, June 14, 2023. (*See* Appendix Exs. 19–20.) The entries then show that Lieutenant Ann Devane spent July, August, and September working to stack the case files and finalize them for the CEOP's review. (*See id.*) This is consistent with the testimony and declarations provided by Lt. Devane and Commander Ron Kopperud. (Devane Decl. ¶ 21; COE Ex. 8 at 99:18–100:3; Kopperud Decl. ¶ 21.) Plaintiff cannot identify any controverting facts.

| | |
|---|---|
| 39.    IAB did not ever determine that Plaintiff did not violate County policy as alleged in Ms. Lim's POE complaint.<br><br>*Evidence:*  Devane Decl. ¶¶ 10–16; COE Ex. 8 at 187:15–188:6, 188:11–13, 190:3–11; Kopperud Decl. ¶¶ 11–17; COE Exs. 25, 26. | 39.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors. |

**39. Defendants' Response**

***Plaintiff does not cite to any evidence to support his statement and has therefore conceded that there is no factual dispute as to this issue.***

In any event, Lt. Devane and Cmdr. Kopperud both made clear that IAB made no such finding, and nothing in the record supports Plaintiff's baseless assertions. (*See* Devane Decl. ¶¶ 10–16; COE Ex. 8 at 187:15–188:6, 188:11–13, 190:3–11; Kopperud Decl. ¶¶ 11–17; COE Exs. 25, 26.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 40.    IAB did not ever place Ms. Lim's complaint in a "suspense file."<br><br>*Evidence:*   Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–15, 185:19–21, 186:13–20, 186:25–187:5; Kopperud Decl. ¶¶  11–17; COE Exs. 25, 26. | 40.    Partially Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

| 40. Defendants' Response |
|---|
| The documents cited by Plaintiff do not create a genuine issue of material fact. Defendants provided evidence that no "suspense file" exists and that Ms. Lim's complaint was never placed in a "suspense file." (Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–15, 185:19–21, 186:13–20, 186:25–187:5; Kopperud Decl. ¶¶ 11–17; COE Exs. 25, 26.)<br><br>The Investigator Logs to which Plaintiff cites contain no reference to a "suspense file." (*See* Exs. 19 and 20.)  Plaintiff is inventing facts. |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 41.    IAB did not ever determine that Plaintiff did not violate County policy as alleged in Mr. Huntsman's POE complaint.<br><br>*Evidence:*  Devane Decl. ¶¶ 10–16; COE Ex. 8 at 187:7–14, 187:22–188:10, 189:10–17; Kopperud Decl. ¶¶ 11–17; COE Exs. 38, 39.. | 41.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | after he announced he was running for the board of supervisors. *Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

41. Defendants' Response

The evidence cited by Plaintiff does not create a genuine dispute of material fact. Lt. Devane and Cmdr. Kopperud both made clear that IAB made no such finding, and nothing in the record supports Plaintiff's baseless assertions. (*See* Devane Decl. ¶¶ 10–16; COE Ex. 8 at 187:7–14, 187:22–188:10, 189:10–17; Kopperud Decl. ¶¶ 11–17; COE Exs. 38, 39.)

Plaintiff only cites to IAB's Investigator Logs, neither of which discuss any "findings" made IAB. (*See* Appendix, Exs. 19–20.)

| | |
|---|---|
| 42.    IAB did not ever place Mr. Huntsman's POE complaint in a "suspense file." *Evidence:* Devane Decl. ¶¶ 10–16; COE Ex. 8 at 186:6–12, 186:21–187:5; Kopperud Decl. ¶¶ 11–17; COE Exs. 38, 39. | 42.    Disputed. The Internal Affairs Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023*. It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors. *Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

42. Defendants' Response

The documents cited by Plaintiff do not create a genuine issue of material fact. Defendants provided evidence that no "suspense file" exists and that Mr.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| Huntsman's complaint was never placed in a "suspense file." (Devane Decl. ¶¶ 10–16; COE Ex. 8 at 186:6–12, 186:21–187:5; Kopperud Decl. ¶¶ 11–17; COE Exs. 38, 39.)<br><br>The Investigator Logs to which Plaintiff cites contain no reference to a "suspense file." (*See* Exs. 19 and 20.)  Plaintiff is inventing facts. | |
| 43.    The Department did not reopen the investigation into the allegations in Ms. Lim's POE complaint in September 2023.<br><br>*Evidence:*  Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–15, 185:19–21, 186:13–20, 186:25–187:5, 187:15–188:6, 188:11–13, 190:3–11; Kopperud Decl. ¶¶ 4–17; COE Ex. 7 at 184:16–189:11; COE Exs. 25, 26. | 43.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors.<br><br>*Evidence:* Appendix, **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |

43. Defendants' Response

Plaintiff mischaracterizes the evidence.  The very Investigator's Logs to which he cites make clear that the case files for the Huntsman and Lim investigations were not ready for pickup from Sanders Roberts until, the earliest, June 14, 2023.  (*See* Appendix Exs. 19–20.)  The entries then show that Lieutenant Ann Devane spent July, August, and September working to stack the case files and finalize them for the CEOP's review.  (*See id.*)  This is consistent with the testimony and declarations provided by Lt. Devane and Commander Ron Kopperud.  (Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–15, 185:19–21, 186:13–20, 186:25–187:5, 187:15–188:6, 188:11–13, 190:3–11; Kopperud Decl. ¶¶ 4–17; COE Ex. 7 at 184:16–189:11; COE Exs. 25, 26.)

Plaintiff cannot identify any controverting facts.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 44.    The Department did not reopen the investigation into the allegations in Mr. Huntsman's complaint in September 2023.<br><br>*Evidence:*  Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–18, 186:6–12, 186:21–187:14, 187:22–188:10, 189:10–17; COE Ex. 7 at 184:16–189:11; Kopperud Decl. ¶¶ 4–17; COE Exs. 38, 39. | 44.    Disputed. The Internal Affair's Bureau ("IAB") Investigator's Log shows the Complaint was filed in March 2022 and, Villanueva was not contacted for an interview until January 2023. The Investigator's states that the Investigation was complete *May 2023.* It was not until October 2023 Villanueva was placed had a do not rehire notation placed in his personnel file, one month after he announced he was running for the board of supervisors. |

44. Defendants' Response

***Plaintiff does not cite to any evidence to support his statement and has therefore conceded that there is no factual dispute as to this issue.***

In any event, Plaintiff mischaracterizes the evidence.  The very Investigator's Logs to which he cites make clear that the case files for the Huntsman and Lim investigations were not ready for pickup from Sanders Roberts until, the earliest, June 14, 2023.  (*See* Appendix Exs. 19–20.)  The entries then show that Lieutenant Ann Devane spent July, August, and September working to stack the case files files and finalize them for the CEOP's review.  *See id.*  This is consistent with the testimony and declarations provided by Lt. Devane and Commander Ron Kopperud.  (Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–18, 186:6–12, 186:21–187:14, 187:22–188:10, 189:10–17; COE Ex. 7 at 184:16–189:11; Kopperud Decl. ¶¶ 4–17; COE Exs. 38, 39.)

Plaintiff cannot identify any controverting facts.

| **County Equity Oversight Panel ("CEOP")** | |
|---|---|
| 45.    On October 17, 2023, a panel of the CEOP (the Panel") considered the POE complaints filed by Ms. Lim and Mr. Huntsman. | 45.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* Yang Decl. ¶ 3; Komoroski Decl. ¶ 3; Cruz Decl. ¶ 3; COE Ex. 31, 53. | |
| 46.    Based on the IAB investigation file, the Panel recommended that all but one of the POE violations alleged by Ms. Lim be deemed "founded" against Plaintiff.

*Evidence:* Yang Decl. ¶ 4; COE Ex. 10 at 103:15–106:3, 110:22–112:24; Komoroski Decl. ¶ 4; COE Ex. 4 at 79:3–12, 90:24–92:1, 98:19–99:6, 121:7–122:2, 129:3–13; Cruz Decl. ¶ 4; COE Ex. 14 at 26:13–19, 32:15–20, 116:3–19, 118:12–123:8, 131:22–132:11; COE Ex. 31. | 46.    Disputed. Mercedes Cruz, the 30(b)(6) Witness stated the allegations were founded because Villanueva hindered "oversight" a political determination.

Lim told material untruths in her interview 1) Lim falsely told Diaz-Herrera Villanueva was trying to get her fired when the actual letter(s) Villanueva sent say no such thing and Lim admitted this in her deposition 2) Lim falsely told Diaz-Herera she and Hilda Solis made a mutual decision for her to stop tweeting when the truth was that Hilda Solis disciplined Lim for her tweets and forbade her from tweeting in the future. 3) Lim falsely stated that the tweets she sent was when she was employed by the ACLU, the tweets were sent while she was a justice deputy during business hours. The County's own investigation report admits Lim stated Villanueva targeted her because she engaged in oversight, not because of her race, gender, age or ethnicity. Lim's complaint does not include any reference to race, gender or ethinicty.

The Panel did not even review Villanueva's facebook lives, which demonstrate the witnesses against him were untruthful. |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | Pawlowski and Coates told material untruths in her interview. Pawlowski stated that Villanueva referred to Justice Deputies and the board of supervisors as "woke and dumb women", Villanueva never said this. Pawlowski admitted Villanueva had never even mentioned her name or said anything directly to her she found inappropriate or offensive. |
| | Coates interview was simply made up out of whole cloth. Coates supposedly said in her interview that Villanueva directly said to her you are all women, but Coates denied this ever happened in her deposition. Coates further admitted Villanueva's actions did not impact her. |
| | The terms woke and flunkies do not refer to gender, age or race/ethinicty. |
| | *Evidence:* Appendix, **Exhibit 33,** 60:5–60:23; 84:2–85:24; 85:3–85:10 |
| | **Exhibit 17,** COLA002135, 2136, **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5-18; **Exhibits 10-11** |
| | Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4: |
| | Villanueva Decl. ¶ 15, **Exhibit 26,** 89:22-90:16 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|

46. Defendants' Response

Plaintiff is merely copy-pasting his prior improper evidentiary arguments to provide the impression of a disputed fact.  Plaintiff is wrong.  And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

None of the evidence he cites rebuts the fact that Ms. Lim gave extensive statements to the investigator regarding Plaintiff's public statements about Ms. Lim, the Justice Deputies, and the Board of Supervisors.  (COE Ex. 25 at 488–509.)  In none of the deposition testimony cited by Plaintiff does Ms. Lim state that any of the statements are untrue.  (*See* Appendix, Ex. 31.)

Plaintiff cites to no evidence, other than his own opinion, that Ms. Lim's statements regarding tweets about Plaintiff are untrue but, even if that were the case, those statements have nothing to do with *Plaintiff*'s comments that were the subject of the investigation—they are not material facts.

Ms. Pawlowski discussed *extensively* the public statements she heard Plaintiff make on Facebook Live, which are recorded and not in dispute.  (COE Ex. 6 at 84:1–98:15.)  Plaintiff's argument that he did not make these statements directly ***to*** Ms. Pawlowski is not relevant, and is not materially in dispute.

Plaintiff's characterization of Ms. Coates' interview being "made up out of whole cloth" is nonsensical.  None of the deposition citations provided by Plaintiff support his claim that Coates "denied" anything about her interview.  (*See* Appendix, Ex. 35 29:8-31:21; 63:1-4.)  And Ms. Coates testified extensively how Plaintiff's improper conduct impacted her.  (*See* COE Ex. 13 at 51:12–58:24.)  Plaintiff is inventing facts.

Ms. Cruz and the CEOP panel members all testified, and stated in sworn declarations, that their review and recommendation was based on investigation performed by Sanders Roberts.  (Yang Decl. ¶ 4; COE Ex. 10 at 103:15–106:3, 110:22–112:24; Komoroski Decl. ¶ 4; COE Ex. 4 at 79:3–12, 90:24–92:1, 98:19–99:6, 121:7–122:2, 129:3–13; Cruz Decl. ¶ 4; COE Ex. 14 at 26:13–19, 32:15–20, 116:3–19, 118:12–123:8, 131:22–132:11; COE Ex. 31.)

Plaintiff cannot point to any dispute of material fact, and his proffered evidentiary arguments are simply disagreements with the outcome of the process.

Miller Baroness, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 47.    The Panel recommended that, as a result of the "founded" allegations in Ms. Lim's POE complaint, a "Do Not Rehire" notation be placed on Plaintiff's County personnel file.<br><br>*Evidence:*  Yang Decl. ¶ 4; COE Ex. 10 at 38:12–40:3; Komoroski Decl. ¶ 4; COE Ex. 4 at 78:15–79:2; Cruz Decl. ¶ 4; COE Ex. 14 at 77:25–78:6, 127:17–21, 144:15–21; COE Ex. 31. | 47.    Disputed. Mercedes Cruz, the 30(b)(6) Witness stated the allegations were founded because Villanueva hindered "oversight" a political determination.<br><br>Lim told material untruths in her interview 1) Lim falsely told Diaz-Herrera Villanueva was trying to get her fired when the actual letter(s) Villanueva sent say no such thing and Lim admitted this in her deposition 2) Lim falsely told Diaz-Herera she and Hilda Solis made a mutual decision for her to stop tweeting when the truth was that Hilda Solis disciplined Lim for her tweets and forbade her from tweeting in the future. 3) Lim falsely stated that the tweets she sent was when she was employed by the ACLU, the tweets were sent while she was a justice deputy during business hou The County's own investigation report admits Lim stated Villanueva targeted her because she engaged in oversight, not because of her race, gender, age or ethnicity.  Lim's complaint does not include any reference to race, gender or ethnicity. The Panel did not even review Villanueva's facebook lives, which demonstrate the witnesses against him were untruthful. The terms woke and flunkies do not refer to gender, age or race/ethinicty.<br><br>Pawlowski and Coates told material untruths in her interview. Pawlowski stated that Villanueva referred to Justice Deputies and the board of supervisors as |

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | "woke and dumb women", Villanueva never said this. Pawlowski admitted Villanueva had never even mentioned her name or said anything directly to her she found inappropriate or offensive. |
| | Coates interview was simply made up out of whole cloth. Coates supposedly said in her interview that Villanueva directly said to her you are all women, but Coates denied this ever happened in her deposition. Coates further admitted Villanueva's actions did not impact her. |
| | *Evidence:* Appendix, **Exhibit 33,** 60:5–60:23; 84:2–85:24;85:3–85:10 |
| | **Exhibit 17,** COLA002135, 2136, **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5-18; **Exhibits 10-11** |
| | Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4: |
| | Villanueva Decl. ¶ 15 **Exhibit 26,** 89:22-90:16 |

47. Defendants' Response

Plaintiff is merely copy-pasting his prior improper evidentiary arguments to provide the impression of a disputed fact.  Plaintiff is wrong.  And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

None of the evidence he cites rebuts the fact that Ms. Lim gave extensive statements to the investigator regarding Plaintiff's public statements about Ms.

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|

Lim, the Justice Deputies, and the Board of Supervisors. (COE Ex. 25 at 488–509.) In none of the deposition testimony cited by Plaintiff does Ms. Lim state that any of the statements are untrue. (*See* Appendix, Ex. 31.)

Plaintiff cites to no evidence, other than his own opinion, that Ms. Lim's statements regarding tweets about Plaintiff are untrue but, even if that were the case, those statements have nothing to do with ***Plaintiff's*** comments that were the subject of the investigation—they are not material facts.

Ms. Pawlowski discussed *extensively* the public statements she heard Plaintiff make on Facebook Live, which are recorded and not in dispute. (COE Ex. 6 at 84:1–98:15.) Plaintiff's argument that he did not make these statements directly ***to*** Ms. Pawlowski is not relevant, and is not materially in dispute.

Plaintiff's characterization of Ms. Coates' interview being "made up out of whole cloth" is nonsensical. None of the deposition citations provided by Plaintiff support his claim that Coates "denied" anything about her interview. (*See* Appendix, Ex. 35 29:8-31:21; 63:1-4.) And Ms. Coates testified extensively how Plaintiff's improper conduct impacted her. (*See* COE Ex. 13 at 51:12–58:24.) Plaintiff is inventing facts.

Ms. Cruz and the CEOP panel members all testified, and stated in sworn declarations, that their review and recommendation was based on investigation performed by Sanders Roberts. (Yang Decl. ¶ 4; COE Ex. 10 at 38:12–40:3; Komoroski Decl. ¶ 4; COE Ex. 4 at 78:15–79:2; Cruz Decl. ¶ 4; COE Ex. 14 at 77:25–78:6, 127:17–21, 144:15–21; COE Ex. 31.)

Plaintiff cannot point to any dispute of material fact, and his proffered evidentiary arguments are simply disagreements with the outcome of the process.

| 48.    Based on the IAB investigation file, the Panel recommended that all of the POE violations alleged by Mr. Huntsman be deemed "founded" against Plaintiff.<br><br>*Evidence:* Yang Decl. ¶ 4; Komoroski Decl. ¶ 4; COE Ex. 4 at 62:1–64:10, 66:14–68:13; Cruz Decl. ¶ 4; COE Ex. | 48.    Disputed. Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a complete contradiction) a Holocaust denier. Huntsman further admitted |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 14 at 40:22–42:19, 145:6–15; COE Ex. 53. | that the State Bar had his name as Max Gustaf Huntsman while Villanueva was Sheriff. CEOP panelist Constance Komoroski admitted that calling someone by the name they are born with is not harassment or discrimination.<br><br>*Evidence:* **Exhibit 32,** Huntsman Depo. 127:8-128:3; 162:1-163:25, Villanueva Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 |

48. Defendants' Response

Plaintiff is merely copy-pasting his prior improper evidentiary arguments to provide the impression of a disputed fact. Plaintiff is wrong. And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

Mr. Huntsman's complaint was based on national origin and ethnicity, as is clear from the documents and Mr. Huntsman's testimony. (Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32.) And in his interview, Mr. Huntsman discussed ***extensively*** Plaintiff's use of his prior name in an attempt to smear him and label him as a Holocaust denier. (COE Ex. 38 612–48.)

Plaintiff also misstates the evidence. Ms. Komoroski did ***not*** state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum." (Appendix, Ex. 26 at 40:10.) Instead, she made clear that her recommendation was based on the fact that Plaintiff referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust. (COE Ex. 4 at 66:14–24.)

The CEOP panel members all testified, and stated in sworn declarations, that their review and recommendation was based on investigation performed by Sanders Roberts. (Yang Decl. ¶ 4; Komoroski Decl. ¶ 4; COE Ex. 4 at 62:1–64:10, 66:14–68:13; Cruz Decl. ¶ 4; COE Ex. 14 at 40:22–42:19, 145:6–15; COE Ex. 53.)

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 49.    The Panel recommended that, as a result of the "founded" allegations in Mr. Huntsman's complaint, a "Do Not Rehire" notation be placed on Plaintiff's County personnel file.  *Evidence:*  Yang Decl. ¶ 4; COE Ex. 10 at 57:22–59:11; Komoroski Decl. ¶ 4; COE Ex. 4 at 57:19–60:24; Cruz Decl. ¶ 4; COE Ex. 14 at 71:18–23, 127:17–21; COE Ex. 53. | 49.    Partially Disputed. Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a complete contradiction) a Holocaust denier. Huntsman further admitted that the State Bar had his name as Max Gustaf Huntsman while Villanueva was Sheriff.  CEOP panelist Constance Komoroski admitted that calling someone by the name they are born with is not harassment or discrimination.  *Evidence:* **Exhibit 32,** Huntsman Depo. 127:8-128:3; 162:1-163:25, Villanueva Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 |

49. Defendants' Response

Plaintiff is merely copy-pasting his prior improper evidentiary arguments to provide the impression of a disputed fact.  Plaintiff is wrong.  And none of his cited evidence concerns a genuine dispute of a ***material*** fact.

Mr. Huntsman's complaint was based on national origin and ethnicity, as is clear from the documents and Mr. Huntsman's testimony.  (Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32.)  And in his interview, Mr. Huntsman discussed ***extensively*** Plaintiff's use of his prior name in an attempt to smear him and label him as a Holocaust denier.  (COE Ex. 38 612–48.)

Plaintiff also misstates the evidence.  Ms. Komoroski did ***not*** state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum."  (Appendix, Ex. 26 at 40:10.)  Instead, she made clear that her recommendation was based on the fact that Plaintiff

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
| --- | --- |

referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust. (COE Ex. 4 at 66:14–24.)

The CEOP panel members all testified, and stated in sworn declarations, that their review and recommendation was based on investigation performed by Sanders Roberts. (Yang Decl. ¶ 4; COE Ex. 10 at 57:22–59:11; Komoroski Decl. ¶ 4; COE Ex. 4 at 57:19–60:24; Cruz Decl. ¶ 4; COE Ex. 14 at 71:18–23, 127:17–21; COE Ex. 53.)

| 50.    The "Do Not Rehire" notation does not mean that the person cannot be rehired by the County.<br><br>*Evidence:*  Yang Decl. ¶¶ 5–6; COE Ex. 10 at 121:8–22, 131:18–132:13; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 58:5–60:2, 147:22–149:9; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at 27:5–23. | 50.    Disputed. Do Not Rehire means what it says. The very form states that "Do Not Hire/Rehire" is a "determination of discipline" There is on the form a place for when "no discipline" is warranted and it is not checked in Villanueva's.<br><br>*Evidence:* Exhibit 21; Villanueva Decl. ¶ 25 |

50. Defendants' Response

Plaintiff does not cite any competent summary judgment evidence other than his self-serving declaration which contradicts his prior testimony.

Defendants provided evidence regarding the effect of a "Do Not Rehire" notation. (Yang Decl. ¶¶ 5–6; COE Ex. 10 at 121:8–22, 131:18–132:13; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 58:5–60:2, 147:22–149:9; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at 27:5–23.)

In response, Plaintiff cites only to his self-serving declaration, which is insufficient to overcome summary judgment. Additionally, Plaintiff's declaration contradicts his prior testimony that the "Do Not Rehire" designation was created by the CEOP after he left office, specifically to punish him. (*See* Tokoro Decl. Exs. 80, 81 at 209:22–210:17.)

**The Department**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 51.    The Department concurred with the Panel's recommendations.<br><br>*Evidence:* Lecrivain Decl. ¶ 6; COE Ex. 12 at 50:18–51:14; COE Ex. 8 at 166:21–167:5; COE Ex. 75 at 110:17–24. | 51.    Undisputed, but does not entitle Defendants to Judgment as a Matter of Law |

### No Involvement by the Board or Sheriff Luna

| | |
|---|---|
| 52.    The Board had no involvement in Ms. Lim's complaint, the investigation into the allegations made by Ms. Lim, or the outcome.<br><br>*Evidence:*  Lim Decl. ¶¶ 36–37; COE Ex. 11 at 250:10–251:10; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:18–20, 42:24–43:10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:1, 66:5–7, 66:11–13; Coates Decl. ¶¶ 17–18; COE Ex. 13 at 98:4–23; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 73:22–25, 74:5–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 184:20–185:9; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 153:6–16; Cruz Decl. ¶¶ 7–9; Cruz. Depo at 138:14–24, 139:4–7, 139:17–19, 139:23–25; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:15, 139:20–22; COE Exs. 18–22, 25–31. | 52.    The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff.<br><br>Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public.<br><br>The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file.<br><br>The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn.<br><br>*Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |
| | Villanueva Decl. ¶ 24 |

52. Defendants' Response

None of Plaintiff's cited evidence creates a dispute of material fact. Defendants do not contest that there were political disagreements between the Board of Supervisors and Plaintiff. But Plaintiff does not point to any evidence showing **how** the Board was involved in Ms. Lim's complaint.

Defendants provided overwhelming evidence to the contrary, which Plaintiff does not, and cannot, meaningfully dispute. (Lim Decl. ¶¶ 36–37; COE Ex. 11 at 250:10–251:10; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:18–20, 42:24–43:10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:1, 66:5–7, 66:11–13; Coates Decl. ¶¶ 17–18; COE Ex. 13 at 98:4–23; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 73:22–25, 74:5–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 184:20–185:9; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 153:6–16; Cruz Decl. ¶ 7–9; Cruz. Depo at 138:14–24, 139:4–7, 139:17–19, 139:23–25; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:15, 139:20–22; COE Exs. 18–22, 25–31.)

He does not cite a single action taken **by the Board** to show their involvement in Ms. Lim's filing of her complaint. There is no fact dispute here.

| 53.    Sheriff Luna had no involvement in Ms. Lim's complaint, the investigation into the allegations made by Ms. Lim, or the outcome.<br><br>*Evidence:*  Lim Decl. ¶¶ 38–39; COE Ex. 11 at 251:11–24, 254:24–255:2; Gevorki Decl. ¶¶ 20–22; COE Ex. 17 at 43:11–13, 43:17–20; Lested Decl. ¶¶ 24–26; COE Ex. 16 at 66:22–67:6, 67:10–21, 67:25–68:5; Coates Decl. ¶¶ 19–20; COE Ex. 13 at 97:6–98:2; | 53.    The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff.<br><br>Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| Pawlowski Decl. ¶¶ 19–20; COE Ex. 15 at 73:9–11. 73:16–19; Diaz-Herrera Decl. ¶¶ 51–52; COE Ex. 7 at 181:11–182:2, 182:14–183:8; COE Ex. 75 at 130:25–131:14; Devane Decl. ¶¶ 34–36; COE Ex. 8 at 183:25–184:16; Kopperud Decl. ¶¶ 30–31; Yang Decl. ¶¶ 10–12; COE Ex. 10 at 128:17–20; Komoroski Decl. ¶¶ 10–12; COE Ex. 4 at 153:17–19; Cruz Decl. ¶¶ 10–12; COE Ex. 14 at 137:22–138:13; Lecrivain Decl. ¶¶ 10–11; COE Ex. 12 at 138:6–19; COE Exs 18–22, 25–31. | The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file.

The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn.

Laura Lecrevian had final authority on behalf of the Sheriff's department to make a final decision with respect to Villanueva, no appeal or grievance was permitted.

*Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21

**Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates

Villenueva Decl. ¶ 24 |
| 53. Defendants' Response<br><br>None of Plaintiff's cited facts create a genuine dispute as to the non-involvement of Sheriff Luna.  In fact, Plaintiff's copy-paste narrative does not discuss the involvement of Sheriff Luna *at all*.  Plaintiff has conceded this issue. ||
| 54.     Plaintiff's alleged protected speech played no role in Ms. Lim's complaint, the investigation into the | 54.     Disputed. Max Huntsman, Ester Lim, Kyla Coates and Veronica |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| allegations made by Ms. Lim, or the outcome. | Pawlowski were all aware of Villanueva's protected activity. |
| *Evidence:* Lim Decl. ¶¶ 40–45; COE Ex. 11 at 251:25–253:25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–44:14, 44:21–45:1, 45:8–12, 45:21–46:2, 46:6–46:14, 46:20–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–16, 62:22–63:1, 63:7–10, 63:15–19, 64:6–10, 64:17–21, 65:2–6, 65:12–16; Coates Decl. ¶¶ 21–25; COE Ex. 13 at 93:18–97:5; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶ 32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Ex. 3 (Nos. 6–15—Never responded to and deemed admitted per FRCP 36(a)(3); COE Exs. 18–22, 25–31. | Disputed. The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff. |
| | Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public. |
| | The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file. |
| | The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn. |
| | *Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |
| | **Exhibits 19. 20,** 3/16/2022, 5/15/2023 and 10/02/2023 dates |
| | Villenueva Decl. ¶ 24 |
| 54. Defendants' Response | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|

None of Plaintiff's cited evidence creates a dispute of material fact. Defendants do not contest that Plaintiff engaged in protected speech. But he cites **no evidence** to show the **causal connection** between that speech and the Lim complaint, its handling, or its outcome.

Defendants submitted overwhelming evidence that this was not the case. (Lim Decl. ¶¶ 40–45; COE Ex. 11 at 251:25–253:25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–44:14, 44:21–45:1, 45:8–12, 45:21–46:2, 46:6–46:14, 46:20–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–16, 62:22–63:1, 63:7–10, 63:15–19, 64:6–10, 64:17–21, 65:2–6, 65:12–16; Coates Decl. ¶¶ 21–25; COE Ex. 13 at 93:18–97:5; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶ 32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Ex. 3 (Nos. 6–15—Never responded to and deemed admitted per FRCP 36(a)(3); COE Exs. 18–22, 25–31.)

Plaintiff's copy-paste narrative relies solely on non-material facts and his own speculation, none of which are sufficient to create a genuine dispute here.

| | |
|---|---|
| 55.    Plaintiff running for the Board in 2024 played no role in Ms. Lim's complaint, the investigation into the allegations made by Ms. Lim, or the outcome.<br><br>*Evidence:* Lim Decl. ¶¶ 46–48; Gevorki Decl. ¶¶ 29–31; Lested Decl. ¶¶ 33–35; Coates Decl. ¶¶ 26–28; Pawlowski Decl. ¶¶ 26–28; Diaz-Herrera Decl. ¶¶ 59–60; Devane Decl. ¶¶ 43–44; COE Ex. 8 at 190:16–191:12; Kopperud Decl. ¶¶ 38–39; Yang Decl. ¶¶ 5–6; COE Ex. 10 at 130:21–131:11; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 153:20–154:21; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at | 55.    Disputed. Disputed. Max Huntsman, Ester Lim, Kyla Coates and Veronica Pawlowski were all aware of Villanueva's protected activity.<br><br>The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff.<br><br>Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public.<br><br>The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 140:1–15, 141:2–5; Lecrivain Decl. ¶¶ 19–20; COE Ex. 12 at 142:13–143:11; COE Exs. 18–22, 25–31. | 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file. |
| | The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn. |
| | *Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |
| | **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |
| | Villenueva Decl. ¶ 24 |

55. Defendants' Response

None of Plaintiff's cited evidence creates a dispute of material fact. Defendants do not contest that Plaintiff ran for a position on the Board of Supervisors. But he cites **no evidence** to show the **causal connection** between his campaign and the Lim complaint, its handling, or its outcome.

Defendants submitted overwhelming evidence that this was not the case. (Lim Decl. ¶¶ 46–48; Gevorki Decl. ¶¶ 29–31; Lested Decl. ¶¶ 33–35; Coates Decl. ¶¶ 26–28; Pawlowski Decl. ¶¶ 26–28; Diaz-Herrera Decl. ¶¶ 59–60; Devane Decl. ¶¶ 43–44; COE Ex. 8 at 190:16–191:12; Kopperud Decl. ¶¶ 38–39; Yang Decl. ¶¶ 5–6; COE Ex. 10 at 130:21–131:11; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 153:20–154:21; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at 140:1–15, 141:2–5; Lecrivain Decl. ¶¶ 19–20; COE Ex. 12 at 142:13–143:11; COE Exs. 18–22, 25–31.)

Plaintiff's copy-paste narrative relies solely on non-material facts and his own speculation, none of which are sufficient to create a genuine dispute here.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 56.    The Board had no involvement in Mr. Huntsman's complaint, the investigation into the allegations made by Mr. Huntsman, or the outcome.<br><br>*Evidence:* Huntsman Decl. ¶¶ 36–37; COE Ex. 9 at 142:17–19; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:21–23, 43:2–10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:4, 66:8–10; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 74:1–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 182:18–183:24; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 151:12–152:4; Cruz Decl. ¶¶ 7–9; Cruz. Depo at 138:14–139:3, 139:14–16, 139:20–22; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:19; COE Exs. 32–36, 38–53. | 56.    Disputed. The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff.<br><br>Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public.<br><br>The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file.<br><br>The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn.<br><br>*Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21<br><br>**Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates<br><br>Villenueva Decl. ¶ 24 |
| 56. Defendants' Response<br><br>None of Plaintiff's cited evidence creates a dispute of material fact.  Defendants do not contest that there were political disagreements between the Board of Supervisors and Plaintiff.  But Plaintiff does not point to any evidence showing | |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| *how* the Board was involved in Mr. Huntsman's complaint. Defendants provided overwhelming evidence to the contrary, which Plaintiff does not, and cannot, meaningfully dispute.  (Huntsman Decl. ¶¶ 36–37; COE Ex. 9 at 142:17–19; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:21–23, 43:2–10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:4, 66:8–10; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 74:1–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 182:18–183:24; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 151:12–152:4; Cruz Decl. ¶¶ 7–9; Cruz. Depo at 138:14–139:3, 139:14–16, 139:20–22; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:19; COE Exs. 32–36, 38–53.) He does not cite a single action taken *by the Board* to show their involvement in Mr. Huntsman's filing of his complaint.  There is no fact dispute here. | |
| 57.    Sheriff Luna had no involvement in Mr. Huntsman's complaint, the investigation into the allegations made by Mr. Huntsman, or the outcome. *Evidence:*  Huntsman Decl. ¶¶ 38–39; Gevorki Decl. ¶¶ 20–22; COE Ex. 17 at 43:14–20; Lested Decl. ¶¶ 24–26; CEO Ex. 16 at 66:14–67:2, 67:7–9, 67:13–24, 68:3–5; Pawlowski Decl. ¶¶ 19–20; COE Ex. 15 at 73:12–19; Diaz-Herrera Decl. ¶¶ 51–52; COE Ex. 7 at 181:11–182:13, 182:18–183:4; Devane Decl. ¶¶ 34–36; COE Ex. 8 at 181:18–182:17; COE Ex. 75 at 130:25–131:14; Kopperud Decl. ¶¶ 30–31; Yang Decl. ¶¶ 10–12; COE Ex. 10 at 128:17–20; Komoroski Decl. ¶¶ 10–12; COE Ex. 4 at 152:5–18; Cruz Decl. ¶¶ 10–12; COE Ex. 14 at 137:22–138:13; | 57.    Disputed. The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff. Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public. The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file. The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| Lecrivain Decl. ¶¶ 10–11; COE Ex. 12 at 138:6–19; COE Exs. 32–36, 38–53. | were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn. *Evidence:* Appendix, **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates Villenueva Decl. ¶ 24 |

**57. Defendants' Response**

None of Plaintiff's cited facts create a genuine dispute as to the non-involvement of Sheriff Luna.  In fact, Plaintiff's copy-paste narrative does not discuss the involvement of Sheriff Luna *at all*.  Plaintiff has conceded this issue.

| 58.    Plaintiff's alleged protected speech played no role in Mr. Huntsman's complaint, the investigation into the allegations made by Mr. Huntsman, or the outcome. *Evidence:*  Huntsman Decl. ¶¶ 40–45; COE Ex. 9 at 187:10–25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–44:6, 44:11–19, 45:3–6, 45:15–46:11. 46:15–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–11, 62:17–21, 63:2–6, 63:11–14, 63:20–64:5. 64:11–16, 64:22–65:1, 65:7–11; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶  32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; | 58.    Disputed. Disputed. Max Huntsman, Ester Lim, Kyla Coates and Veronica Pawlowski were all aware of Villanueva's protected activity. The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff. Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public. The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Exs. 32–36, 38–53. | of supervisors, that the Do Not Rehire Notation was placed in his personnel file.<br><br>The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn.<br><br>*Evidence:* Appendix, **Exhibit 27**, 56:-58:19; 58:20-59:12; 135:20-136:19; 140:25-144:24; 144:3-7; 144:8-146:12; 148:23-49:3; 151:2-152:8; 152:12-154:22, **Exhibit 31**, 74:4-25; 79:2-82:6; 252:25-253: 253:13-17; 192:5–22, **Exhibit 32**, P152:2–23, P168:17–25, **Exhibit 35**, 74:14-75:24; 81:1:9-:82:4; 82:5-8:4:10; 86:25-88:10; 88:18-89:4; 90:11-90:22; 91:5-92:7<br><br>**Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21<br><br>**Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates<br><br>Villenueva Decl. ¶ 24 |

58. Defendants' Response

None of Plaintiff's cited evidence creates a dispute of material fact. Defendants do not contest that Plaintiff engaged in protected speech. But he cites ***no evidence*** to show the ***causal connection*** between that speech and the Huntsman complaint, its handling, or its outcome.

Defendants submitted overwhelming evidence that this was not the case. (Huntsman Decl. ¶¶ 40–45; COE Ex. 9 at 187:10–25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–44:6, 44:11–19, 45:3–6, 45:15–46:11. 46:15–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–11, 62:17–21, 63:2–6, 63:11–14, 63:20–

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

732528.2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| 64:5. 64:11–16, 64:22–65:1, 65:7–11; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶ 32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Exs. 32–36, 38–53.) Plaintiff's copy-paste narrative relies solely on non-material facts and his own speculation, none of which are sufficient to create a genuine dispute here. | |
| 59.  Plaintiff running for the Board in 2024 played no role in Mr. Huntsman's complaint, the investigation into the allegations made by Mr. Huntsman, or the outcome.  *Evidence:*  Huntsman Decl. ¶¶ 46–48; COE Ex. 9 at 188:25–189:6; Gevorki Decl. ¶¶ 29–31; Lested Decl. ¶¶ 33–35; Pawlowski Decl. ¶¶ 26–28; Diaz-Herrera Decl. ¶¶ 59–60; Devane Decl. ¶¶ 43–44; COE Ex. 8 at 190:16–191:12; Kopperud Decl. ¶¶ 38–39; Yang Decl. ¶¶ 5–6; COE Ex. 10 at 130:21–131:11; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 153:20–154:21; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at 140:1–141:1; Lecrivain Decl. ¶¶ 19–20; COE Ex. 12 at 142:13–143:11; COE Exs. 32–36, 38–53. | 59.  Disputed. Disputed. Max Huntsman, Ester Lim, Kyla Coates and Veronica Pawlowski were all aware of Villanueva's protected activity.  The Board of Supervisors, including Sheila Kuel, and Hilda Solis instructed Max Huntsman to remove Alex Villanueva from the office of Sheriff.  Max Huntsman and Ester Lim Coordinated their complaints against Sheriff Villanueva with the intention the complaints go public.  The Complaints were made in March 2022, the investigation was completed May 2023 but it was not until October 2023, just one month after Villanueva announced his candidacy for the board of supervisors, that the Do Not Rehire Notation was placed in his personnel file.  The *Los Angeles Times* published the story of the placement of the "Do Not Rehire" notation the same day as ballots were sent out in the Board of Supervisors Race of Villanueva vs Janice Hahn. |

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| | *Evidence:* Appendix, Appendix, **Exhibit 27**, 56:-58:19; 58:20-59:12; 135:20-136:19; 140:25-144:24; 144:3-7; 144:8-146:12; 148:23-49:3; 151:2-152:8; 152:12-154:22, **Exhibit 31**, 74:4-25; 79:2-82:6; 252:25-253: 253:13-17; 192:5–22, **Exhibit 32**, P152:2–23 |
| | P168:17–25, **Exhibit 35,** 74:14-75:24; 81:1:9-:82:4; 82:5-8:4:10; 86:25-88:10; 88:18-89:4; 90:11-90:22; 91:5-92:7 |
| | **Exhibit 1 and 14, 22,** Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 |
| | **Exhibits 19. 20**, 3/16/2022, 5/15/2023 and 10/02/2023 dates |
| | Villenueva Decl. ¶ 24 |

**59. Defendants' Response**

None of Plaintiff's cited evidence creates a dispute of material fact. Defendants do not contest that Plaintiff ran for a position on the Board of Supervisors. But he cites **no evidence** to show the **causal connection** between his campaign and the Huntsman complaint, its handling, or its outcome.

Defendants submitted overwhelming evidence that this was not the case. (Huntsman Decl. ¶¶ 46–48; COE Ex. 9 at 188:25–189:6; Gevorki Decl. ¶¶ 29–31; Lested Decl. ¶¶ 33–35; Pawlowski Decl. ¶¶ 26–28; Diaz-Herrera Decl. ¶¶ 59–60; Devane Decl. ¶¶ 43–44; COE Ex. 8 at 190:16–191:12; Kopperud Decl. ¶¶ 38–39; Yang Decl. ¶¶ 5–6; COE Ex. 10 at 130:21–131:11; Komoroski Decl. ¶¶ 5–6; COE Ex. 4 at 153:20–154:21; Cruz Decl. ¶¶ 5–6; COE Ex. 14 at 140:1–141:1; Lecrivain Decl. ¶¶ 19–20; COE Ex. 12 at 142:13–143:11; COE Exs. 32–36, 38–53.)

Plaintiff's copy-paste narrative relies solely on non-material facts and his own speculation, none of which are sufficient to create a genuine dispute here.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| **Plaintiff's Continued Public Attacks** | |
| 60.    Since learning about the "Do Not Rehire" notation on January 31, 2024, Plaintiff has continued to speak publicly about Ms. Lim, the Board, and its Justice Deputies.  *Evidence:*  Tokoro Decl. ¶¶ 106-115. 134-15, COE Exs. 65-66, 68-69 ; COE Ex. 5 at 250:6– 13, 250:21–253:10; COE Ex. 11 at 243:23–250:8. | 60.    Disputed. Villanueva has filed objections to this evidence Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. |
| 60. Defendants' Response  Plaintiff's evidentiary objections are frivolous.  At his deposition, Plaintiff admitted that he continues to engage in speech regarding Ms. Lim, Mr. Huntsman, and others to this very day.  (COE Ex. 5 at 250:6–13, 250:24–253:10.) Moreover, no expert opinion is needed to determine that Plaintiff was speaking about Ms. Lim or the Board—this is facially clear from the audio recordings of Plaintiff's Facebook Live sessions, which he admitted to recording. | |
| 61.    Since learning about the "Do Not Rehire" notation on January 31, 2024, Plaintiff has continued to speak publicly about Mr. Huntsman.  *Evidence:*  Tokoro Decl. ¶¶ 106-115. 135, COE Exs. 65-66, 69; COE Ex. 5 at 250:21–23, 253:14–255:2. | 61.    Disputed. Villanueva has filed objections to this evidence Lack of personal knowledge (FRE 602); Lack of foundation (FRE 901); Hearsay (FRE 802). Statements interpreting or characterizing Plaintiff's speech are improper lay opinion under FRE 701. Speculation about Plaintiff's motives, future plans, or intended meaning in public comments is inadmissible under FRE 602 and 701. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|
| **61. Defendants' Response** Plaintiff's evidentiary objections are frivolous.  At his deposition, Plaintiff admitted that he continues to engage in speech regarding Ms. Lim, Mr. Huntsman, and others to this very day.  (COE Ex. 5 at 250:6–13, 250:24–253:10.)  Moreover, no expert opinion is needed to determine that Plaintiff was speaking about Ms. Lim or the Board—this is facially clear from the audio recordings of Plaintiff's Facebook Live sessions, which he admitted to recording. | |
| **No Policymakers Were Involved** | |
| 62.    The CEOP does not make policy for the County or the Department. *Evidence:*  Komoroski Decl. ¶ 2; Yang Decl. ¶ 2; Cruz Decl. ¶ 2; COE Ex. 4 at 23:3–26:12; COE Ex. 10 at 11:2–15, 38:8–11; COE Ex. 14 at 14:14–16:21. | 62.    Disputed. The CEOP reports to the board of supervisors and their decision to recommend discipline is final. There is no ability to appeal or grieve the determination. *Evidence:* **Exhibit 34,** 56:5–7; 72:2–3; 76:10–12; 56:12:–14; 67:2–5; 81:9; 81:13; 74; 75:25; 76:17; 77:3; 77:17–78:9; 134:15–16; 136:10–14, 137:1–3; 136:25–137:3; 140:3–5, 141:7–9; 135:21–136:4; 138:13–15; 138:22–24 |
| **62. Defendants' Response** Plaintiff does not cite to any evidence to create a genuine dispute of material fact.  Defendants presenting overwhelming evidence that the CEOP is an independent oversight body that does ***not*** report to anyone, much less the Board of Supervisors.  (Komoroski Decl. ¶ 2; Yang Decl. ¶ 2; Cruz Decl. ¶ 2; COE Ex. 4 at 23:3–26:12; COE Ex. 10 at 11:2–15, 38:8–11; COE Ex. 14 at 14:14–16:21.) Plaintiff cites solely to the deposition of Laura Lecrivain. (*See* Appendix, Ex. 34.)  Chief Lecrivain is not on the CEOP and does not have any knowledge regarding its functions.  And regardless, none of her cited testimony pertains to his unsupported claim that the CEOP reports to the Board of Supervisors.  There is no fact dispute here. | |

| DEFENDANTS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
| --- | --- |
| 63.    Chief Lecrivain does not make policy for the County or the Department.<br><br>*Evidence:* Lecrivain Decl. ¶¶ 6–7; COE Ex. 12 at 31:17–32:25, 50:18–51:14. | 63.    Disputed. Laura Lecrvain had the final authority to make a final decision on placement the do not rehire notation on Villanueva's personnel file.<br><br>*Evidence:* **Exhibit 34**, 56:5–7; 72:2–3; 76:10–12; 56:12:–14; 67:2–5; 81:9; 81:13; 74; 75:25; 76:17; 77:3; 77:17–78:9; 134:15–16; 136:10–14; 137:1–3; 136:25–137:3; 140:3–5, 141:7–9; 135:21–136:4; 138:13–15; 138:22–24 |

63. Defendants' Response

Plaintiff does not cite to any evidence to create a genuine dispute of material fact. Chief Lecrivain was clear that she is not a policymaker for the Department, but is merely the Chief of the Professional Standards Bureau.  (Lecrivain Decl. ¶¶ 6–7; COE Ex. 12 at 31:17–32:25, 50:18–51:14.)

Plaintiff cites solely to the deposition of Laura Lecrivain.  (*See* Appendix, Ex. 34.)  But ***none*** of the citations to her testimony speak to her alleged policymaking authority.  In fact, Plaintiff cites to pages of Ms. Lecrivain's testimony that are not even ***included*** in his Exhibit 34.  Regardless, even a cursory review of the scant testimony cited by Plaintiff shows that no policymaking authority is discussed or even implied.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

51

### DEFENDANTS' CONCLUSIONS OF LAW

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 1.    A court grants summary judgment where the moving party shows there is no dispute as to any material fact and that it is entitled to judgment as a matter of law.<br><br>*Evidence:* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). | 1.    Undisputed, but Defendant is not entitled to judgment as a matter of law and there are disputed facts. |
| 2.    To establish a First Amendment claim, a plaintiff must show that (1) he engaged in protected activity; (2) as a result, he was subject to adverse action by the defendant that would chill or silence an ordinary person from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the protected activity and the adverse action.<br><br>*Evidence: Blair v. Bethel Sch. Dist.,* 608 F.3d 540, 543 (9th Cir. 2010) (footnote omitted). | 2.    Undisputed. Villanueva notes that Defendants argue a contrary and Inapplicable standard and try to argue that Villanueva's speech was actually chilled, there is no such requirement as *Blair* makes clear. |
| 3.    It is a plaintiff's burden to make a *prima facie* showing of three elements required to establish a First Amendment claim.<br><br>*Evidence: Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir. 2022) | 3.    Undisputed. |
| 4.    If a plaintiff makes a *prima facie* showing, a defendant can prevail by showing that they would have taken | 4.    Disputed, this standard does not apply on summary judgment but  is a |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| the same adverse action even in the absence of animus or retaliatory motive. <br><br> *Evidence: Boquist*, 32 F.4th at 778. | disputed issue of material fact  for the trier of fact. <br><br> *Evidence: Boquist*, 32 F.4th at 778. |
| 5.    "If there is a finding that retaliation was not the but-for cause of the [adverse action], the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind." <br><br> *Evidence: Boquist*, 32 F.4th at 778. | 5.    Disputed. Villanueva must show only that the "protected conduct played *a* part, substantial or otherwise,"  in defendants' wrongdoing.  *Nieves v Bartlett,* 139 S.Ct. 1715, 1722  (2019), quoting  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285 (1977) (emphasis added). |
| 6.    "[I]t is more difficult for elected officials to establish that they were subjected to an adverse action that offends the First Amendment because more is fair in electoral politics than in other contexts . . . and the First Amendment therefore doesn't shield public figures from the give-and-take of the political process." <br><br> *Evidence: Boquist*, 32 F.4th at 776. | 6.    Undisputed. |
| 7.    "Minor indignit[ies]" and "de minimis deprivations  of benefits and privileges" are insufficient to establish an adverse action when it comes to elected officials. <br><br> *Evidence: Blair*, 608 F.3d at 544. | 7.    Disputed, this is dicta.  Even minor retaliatory acts—s uch as a threat of discipline  or negative personnel action— may constitute a materially adverse action in a First Amendment retaliation claim. *Coszalter v. City of Salem,*  320 F.3d 968, 974–75 (9th Cir. 2003) |
| 8.    An elected-official plaintiff must show that the adverse action | 8.    Disputed. Villanueva held no public office  at the time of the |

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| prevents them from doing their job or exercising the authority enjoyed by virtue of his or her popular election.<br><br>*Evidence: Houston Cmty. College System v. Wilson*, 595 U.S. 468, 479 (2022). | adverse action, Therefore, this is case inappopsite and inapplicable. |
| 9.    The fact that the allegedly adverse action post-dated the protected activity is also not enough to show retaliation—more is required.<br><br>*Evidence: Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). | 9.    Disputed, this cited case does not stand for this proposition. Timing is sufficient to establish causation. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1045 (9th Cir. 2017); *Keyser v. Sacramento City Unified Sch . Dist.*, 265 F.3d 741, 751–52 (9th Cir. 2001) |
| 10.    "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."<br><br>*Evidence: Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). | 10.    Dsiputed, this citation makes it clear there are *three* ways to establish liability, including the individual who committed the constitutional tort was an "official with final policymaking authority." *Hartzell*, 130 F.4th at 734. |
| 11.    "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."<br><br>*Evidence: Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). | 11.    Undisputed. |
| 12.    The Ninth Circuit has recognized three ways to satisfy | 12.    Undisputed. |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400    FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| *Monell*: (1) the government entity acted "pursuant to an expressly adopted official policy"; (2) the government entity acted pursuant to a "longstanding practice or custom"; or (3) the individual who committed the constitutional tort was an "official with final policy-making authority."<br><br>*Evidence: Hartzell*, 130 F.4th at 734. | |
| 13.    "Proof of random acts or isolated events is insufficient to establish custom."<br><br>*Evidence: Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). | 13.    Disputed. This statement of law only applies  if Plaintiff is proceeding on a policy or  custom theory under *Monell*, not a  "final policy maker" theory. *McMillian v. Monroe County*, 520 U.S. 781, 785 (1997) *Pembaur*, 475 U.S. at 483;  *Trevino*, 382 F.3d at 986 |
| 14.    Liability "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."<br><br>*Evidence: Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) | 14.    Disputed. This case makes it clear it is  not referring to the  final policy maker theory but the  "custom" theory of Monell. *Trevino v. Gates,  99 F.3d 911, 918 (9th Cir. 1996)* |
| 15.    Article III standing is a jurisdictional requirement.<br><br>*Evidence: Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). | 15.    Undisputed. |
| 16.    To establish standing, a plaintiff must show (i) an injury in fact that is | 16.    Undisputed. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| concrete and particularized; (ii) that the injury was caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.<br><br>*Evidence: Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 578 (1992).* | |
| 17.    The plaintiff bears the burden of establishing standing.<br><br>*Evidence: TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021).* | 17.    Undisputed. |
| 18.    The "concrete-harm requirement" is "essential to the Constitution's separation of powers."<br><br>*Evidence: TransUnion LLC, 141 S. Ct. at 2207.* | 18.    Undisputed. |
| 19.    To satisfy the "concrete-harm" requirement, a plaintiff must show an injury that is "real, and not abstract."<br><br>*Evidence: TransUnion LLC, 141 S. Ct. at 2204.* | 19.    Undisputed. |
| 20.    A hypothetical injury that may or could occur does not suffice, because the "mere risk of future harm" is not a concrete harm.<br><br>*Evidence: TransUnion LLC, 141 S. Ct. at 2210–11; Probodanu v. Sessions, 387 F. Supp. 3d 1031, 1039 (C.D. Cal.* | 20.    Undisputed. |

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| 2019). | |
| 21.    Official capacity claims can only be brought against a governmental entity.<br><br>*Evidence: Pierce v. San Mateo Cnty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1018 (2014); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) | 21.    Undisputed. |
| 22.    Subdivisions of a governmental entity should be dismissed where a party asserts claims that are identical to those asserted against the entity.<br><br>*Evidence: Garcia v. Cnty. of Riverside*, No. EDCV 13–00616–JGB (SPX), 2013 WL 12167913, at *8 (C.D. Cal. Aug. 1, 2013). | 22.    Disputed. Government Code section 945  provides that "[a] public entity may sue or be sued."   Meanwhile, Government Code section 811.2 defines a "a public entity" as including "the state, the Regents of the University of California, the Trustees of the California State University, a county, city, district, public  authority, public agency, and any other politica l subdivision or public corporation in the State."   In *Estate of Osuna v. County of Stanislaus,* 392 F .Supp.3d 1162 (E.D. Cal. 2019),  the court held that there was no basis to dismiss the  Stanislaus County Sheriff's Department from  the plaintiff's state law causes of action, even though the County of Stanislaus was also named as a defendant.  *Id.* at 1171.  For the same reasons, here, all public entities, which are all political subdivision ns of the County of Los Angeles, are properly named. |
| 23.    "A subsidiary of a public entity is not a proper defendant on a § 1983 claim." | 23.     provides that "[a] public entity may sue or be sued."   Meanwhile, Government Code section 811.2 defines |

| DEFENDANTS' CONCLUSIONS OF LAW AND SUPPORTING EVIDENCE: | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE: |
|---|---|
| *Evidence: Gordon v. County of Orange*, No. SACV 14-01050-CJC(DFM), 2019 WL 4279036, at *8 (C.D. Cal. Aug. 5, 2019); *Solesbee v. County of Inyo*, No. 1:13-CV-1548 AWI JLT, 2014 WL 3890680, at *2 (E.D. Cal. Aug. 7, 2014) | a "a public entity" as including "the state, the Regents of the University of California, the Trustees of the California State University, a county, city, district, public authority, public agency, and any other politica l subdivision or public corporation in the State." In *Estate of Osuna v. County of Stanislaus,* 392 F .Supp.3d 1162 (E.D. Cal. 2019), the court held that there was no basis to dismiss the Stanislaus County Sherriff's Department from the plaintiff's state law causes of action, even though the County of Stanislaus was also named as a defendant. *Id.* at 1171. For the same reasons, here, all public entities, which are all political subdivision ns of the County of Los Angeles, are properly named. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

**PLAINTIFF'S ADDITIONAL MATERIAL FACTS
THAT NEGATE SUMMARY JUDGMENT**

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.    Sheriff Alex Villanueva served as Sheriff of Los Angeles County from 2018 to 2022. Villanueva. Villanueva is proud of his service to Los Angeles County.<br><br>*Evidence:* Villanueva Decl. ¶ 1 | 1.    Undisputed. |
| 2.    From the beginning of his term, the Board was hostile to Villanueva's speech and limited him to only three minutes to speak, while other department heads received unlimited time.<br><br>*Evidence:* Villanueva Decl. ¶ 14 | 2.    Disputed.<br><br>Plaintiff was provided five minutes to speak at Board meetings, which was an opportunity that was specially provided for Plaintiff and not for other department heads.<br><br>*Evidence*:  Tokoro Decl., Ex. 82 at 54:3–7, 60:14–61:16. |
| 3.    Veronica Pawlowski stated that it was inappropriate and offensive that Villanueva criticized the Board from 2018-2020, even though Board member Mark Ridley-Thomas had been indicted and served time in prison.<br><br>*Evidence:* **Exhibit 27,** 56:1-58:19 | 3.    Defendants do not dispute that Ms. Pawlowski stated that Plaintiff criticized the Board in an inappropriate and offensive manner.<br><br>Defendants dispute the characterization of Ms. Pawlowski's statements regarding Mark Ridley Thomas which, in any event, are neither relevant nor material to any issue in this case.  (*See* Appendix, Ex. 27.) |
| 4.    Pawlowski admitted that from 2018 to 2020, Villanueva said nothing she found inappropriate or offensive other than accusing the board of corruption. | 4.    Disputed.<br><br>*Evidence*: Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* **Exhibit 27,** 58:20-59:12 | COE Ex. 25. |
| 5.    Mark Ridley-Thomas and Sheila Kuehl authored a motion in October 2020 to remove Sheriff Villanueva as retaliation for his anti-corruption stance.<br><br>*Evidence:* Appendix **Ex. 1**. | 5.    Disputed.  The motion attached as Appendix Ex. 1 does not mention Plaintiff.<br><br>Regardless, this motion predates this case and is not evidence of any claimed retaliation by Defendants, and is not relevant to the "Do Not Rehire" notation placed on Plaintiff's file. |
| 6.    Sheriff Villanueva continued to engage in protected activity by opposing Ballot Measures A (an unconstituonal attempt to overturn the will of the voters, R (giving the Civilian Oversight Commision subpoena power which could be abused, and J (ostensibly social justice but really about defunding the police), the Fulgent no-bid contract, and the County's vaccine mandates.<br><br>*Evidence:* Villanueva Decl. ¶¶ 11–17; Exs. 6, 7, 13, 15. | 6.    Undisputed that Plaintiff engaged in protective speech.<br><br>Defendants dispute Plaintiff's descriptions of the Ballot Measures, which are a product solely of his self-serving declaration and cannot be used as summary-judgment evidence.  *See* Villanueva Decl.  Regardless, Plaintiff's descriptions are not relevant given Defendants' agreement that Plaintiff engaged in protected speech. |
| 7.    Fulgent was a company that had received a no bid contract from the board of supervisors to administer vaccines to Los Angeles County Employees. On or Around Thanksgiving 2021, Villanueva attended a briefing at the Los Angeles Office of the FBI which informed him that Fulgent had ties to the Communist Party of China and that the data of Employee's of | 7.    Defendants generally do not dispute that such a meeting occurred but dispute Plaintiff's self-serving characterizations of that meeting. Regardless, Plaintiff's characterizations are not relevant given Defendants' agreement that Plaintiff engaged in protected speech. |

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Los Angeles County was not safe with Fulgent.<br><br>*Evidence:* Villanueva Decl. ¶ 10 | |
| 8.    Sheriff Villanueva informed the board of supervisors about the FBI meeting.<br><br>*Evidence:* Villanueva Decl. ¶ 10, **Exhibit 3** | 8.    Undisputed. |
| 9.    Fulgent (without merit) sued Sheriff Villanueva for telling the truth about their ties to the Chinese Communist Party. Villanueva requested a defense from County Counsel and the Board of Supervisors instructed County Counsel to deny him a defense.<br><br>*Evidence:* **Exhibit 6** | 9.    Defendants do not dispute that Plaintiff was sued by Fulgent for defamation.<br><br>Defendants dispute that the Board of Supervisors "instructed County Counsel to deny [Plaintiff] a defense." Exhibit 6 is a letter ***from*** Plaintiff to County Counsel—it does not contain any discussions or decisions by County Counsel or the Board.  Regardless, none of this is material or relevant to this case. |
| 10.    County Counsel, even though Villanueva had relied upon the FBI briefing and the Board of Supervisors knew it, accused Villanueva of acting with actual malice.<br><br>*Evidence:* Villanueva Decl. ¶ 10, **Exhibit 7** | 10.    Disputed.<br><br>Plaintiff's Exhibit 7 is merely a letter from County Counsel denying Plaintiff's request for counsel.  Plaintiff cites no evidence that "the Board of Supervisors knew it" beyond his own self-serving declaration.<br><br>Defendants do not dispute that, after reviewing them, County Counsel concluded Plaintiff's public statements regarding Fulgent were made with actual malice. |

732528.2

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 11.    The Board of Supervisors retaliated against Villanueva for his speech by instructing Max Huntsman to explore all possible avenues to remove him from office.<br><br>*Evidence:* **Exhibit 1, 14, Exbit 32,** 161:15–25, 162:1–13 | 11.    Disputed.<br><br>Plaintiff cites no evidence that the Board of Supervisors instructed anyone, including Max Huntsman, to retaliate against him on the basis of Plaintiff's speech.  Neither Exhibit 1 or Exhibit 14 mention Plaintiff or his protected speech.<br><br>The citations provided by Plaintiff in Exhibit 32 discuss Mr. Huntsman's name.  Nowhere do they discuss, or even implicitly reference, Plaintiff's removal from office. |
| 12.    Max Huntsman admitted he was instructed to find ways to remove Villanueva and also that he wanted Villanueva to resign.<br><br>*Evidence:* 1 **Exbit 32,** 61:15–25, 162:1–13 | 12.    Disputed.<br><br>There is no page 61 appended to Exhibit 32.  The remaining page-line citations in Exhibit 32 discuss Mr. Huntsman's name.  Nowhere do they discuss, or even implicitly reference, Plaintiff's removal from office. |
| 13.    Max Huntsman admitted in a text to Esther Lim that he filed an equity complaint against Villanueva because he wanted the complaint to be made public.<br><br>*Evidence:* Appendix Ex. 12, 13. Exhibit 22, **Exhibit 31,** 211:22-212:9; 216:221:21 | 13.    Disputed.<br><br>None of the texts in Exhibit 12 or 22 say anything about Mr. Huntsman wanting to make his complaint public.  Exhibit 13 has nothing to do with Mr. Huntsman's complaints, but is a letter regarding an agenda item at a July 2022 board meeting.<br><br>Exhibit 31, excerpts from Ms. Lim's testimony, only reference the text message exchange between Mr. Huntsman and Ms. Lim.  It does not |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | discuss publicizing any complaints. Mr. Huntsman never intended for his complaint to become public, and it only became so after Plaintiff publicized it on April 1, 2022. *Evidence:* Huntsman Decl. ¶¶ 20–25, 33–35; COE Ex. 5 at 213:23–215:18; COE Ex. 9 at 140:3–10. |
| 14.    Esther Lim and Max Huntsman agreed to support each other by filing complaints in coordination. *Evidence:* Appendix Ex. 12, 13. | 14.    Disputed. Appendix Ex. 12 contains a text message exchange between Ms. Lim and Mr. Huntsman *after* they filed their complaints, and during which they discussed their initial intake interviews. It does not discuss any coordination regarding the filing of complaints. Ex. 13 has nothing to do with complaints but is a letter regarding an agenda item at a July 2022 board meeting. Defendants submitted uncontroverted evidence that neither Ms. Lim nor Mr. Huntsman coordinated the filing of their complaints with anyone. Defendants provided overwhelming evidence that Mr. Huntsman and Ms. Lim filed their complaints separately, on their own accord. *Evidence*: Lim Decl. ¶¶ 7, 12; COE Ex. 11 at 149:9–23; COE Ex. 18. Huntsman Decl. ¶¶ 11–17, 19; COE Ex. 9 at 133:17–19, 134:8–19; COE Ex. 32. |

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 15.    The Investigator Logs for Ester Lim and Max Huntsman's IAB investigate establish the complaint was filed *March 2022 and complete by May 2023.* However, no action was taken on the case until October 2023, just one month after Villanueva announced a run for the Board of Supervisors.<br><br>*Evidence:* Appendix, Exhibits 19. 20, 3/16/2022, 5/15/2023 and 10/02/2023 dates | 15.    Disputed.<br><br>The Investigator Logs in Appendix Exs. 19 and 20 show the contrary—that the Department did not receive the case files until June 2023 and worked to prepare them for the CEOP's review.<br><br>Defendants cited overwhelming evidence that the investigations into Plaintiff's conduct were never closed or resolved prior to being submitted to the CEOP.<br><br>*Evidence* (Huntsman Complaint): Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–18, 186:6–12, 186:21–187:14, 187:22–188:10, 189:10–17; COE Ex. 7 at 184:16–189:11; Kopperud Decl. ¶¶ 4–17; COE Exs. 38, 39.<br><br>*Evidence* (Lim Complaint): Devane Decl. ¶¶ 10–16; COE Ex. 8 at 185:10–15, 185:19–21, 186:13–20, 186:25–187:5, 187:15–188:6, 188:11–13, 190:3–11; Kopperud Decl. ¶¶ 4–17; COE Ex. 7 at 184:16–189:11; COE Exs. 25, 26. |
| 16.    Kyla Coates' interview was not recorded despite explicit instructions to do so, and the investigator falsely testified that it was recorded.<br><br>*Evidence:* Diaz-Herra Depo. 59:21–60:8., **Exhibit 24**, 21:22-23:5; **Exhibit 25,** 35:8-18; **Exhibit 35**, 42:11-15 | 16.    Disputed.<br><br>Plaintiff provides no facts to show there was an "explicit instruction" to record Ms. Coates' interview.  None of the documents cited by Plaintiff refer to any such instructions.  Plaintiff is inventing facts. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 17.    Kyla Coates is the only witness who allegedly testified that Villanueva referenced gender directly to her in her presence.<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4: | 17.    Disputed.<br><br>*Evidence*: Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18,  98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. |
| 18.    Kyla Coates, when asked at her deposition, denied the allegation that Villanueva had said Justice Deputies are 'all women' to her.<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4. | 18.    Disputed.<br><br>Appendix Exhibit 17 at COLA 2132–33 and 2137 do not contain any "denials" given by Ms. Coates at her deposition. Exhibit 15 is a self-serving declaration from Plaintiff and is not from Ms. Coates' deposition.<br><br>And nowhere in Exhibit 35, which contains excerpts from the Coates deposition, does Ms. Coates deny or even discuss the remark made by Plaintiff about the Justice Deputies being "all women."  Plaintiff has no facts to support his baseless statement. |
| 19.    Max Huntsman did not inform the investigator that he had a plaque identifying himself as "Max Gustaf," *and he still had it on his desk at the time of his deposition* and without basis, accused Villanueva of trying to paint him as Jewish and (in a complete contradiction) a Holocaust denier.<br><br>*Evidence:* **Exhibit 32,** Huntsman | 19.    Undisputed that Mr. Huntsman had a plaque on his desk that was given to him by another individual.<br><br>Disputed that Mr. Huntsman baselessly accused Plaintiff of trying to paint Mr. Huntsman as a Holocaust denied. Plaintiff himself admits that he made these statements about Mr. Huntsman.  In fact, he mentions it above in his response |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Depo. 127:8-128:3; 162:1-163:25, Villanueva Decl. ¶¶ 12, **Exhibit 26.** 21; 40:1-10 | to Defendants' Undisputed Material Fact No. 27.<br><br>*Evidence*:   Huntsman Decl. ¶¶ 20–25; COE Ex. 5 at 213:23–215:18; COE Ex. 9 at 140:3–10; Diaz-Herrera Decl. ¶¶ 10–12; COE Ex. 7 at 175:23–176:25; Huntsman Decl. ¶¶ 20–30; COE Ex. 9 at 156:21–157:22; COE Exs. 48-49. |
| 20.    The County admits that referring to someone by their birth name does not constitute harassment or discrimination.<br><br>*Evidence:* Komoroski Depo. 40:1–10 | 20.    Disputed.<br><br>Plaintiff misstates the evidence.  Ms. Komoroski did ***not*** state that referring to someone by their birth name cannot be harassing in discriminatory—she testified that it may not be "in a vacuum." Appendix, Ex. 26 at 40:10.  Instead, she made clear that her recommendation was based on the fact that Plaintiff referred to Mr. Huntsman by a name by which Mr. Huntsman does not use, in conjunction with Plaintiff's claims that Mr. Huntsman denied the Holocaust.<br><br>*Evidence*: COE Ex. 4 at 66:14–24. |
| 21.    Esther Lim falsely claimed that Villanueva sent a letter to the Board of Supervisors asking for her to be fired. The letter does no such thing.<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA002135, 2136,  **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5- | 21.    Disputed.<br><br>Plaintiff has no support for his statement that any statements made by Ms. Lim were "false."  There is no evidence in any of the materials cited by Plaintiff that Ms. Lim made a "false" statement. Regardless, none of this is relevant to any of Plaintiff's claims and is not part of his complaint. |

MILLER BARONDESS, LLP

ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 18; **Exhibits 10-11** | In fact, the letter cited by Plaintiff in Exhibit 4 to his Appendix mentions that he removed his former Chief of Staff for certain conduct, and, in the very next sentence, states that he wanted Supervisor Solis to take "appropriate administrative action" with respect to Ms. Lim.<br><br>*Evidence*: Appendix Ex. 4, COE Ex. 25. |
| 22.    Ester Lim further falsely claimed that the tweets referenced in Villanueva's letter to the Board of Supervisors occurred prior to her employment with Hilda Solis.<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA002135, 2136,  **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5-18; **Exhibits 10-11** | 22.    Disputed.<br><br>Plaintiff has no support for his statement that any statements made by Ms. Lim were "false."  There is no evidence in any of the materials cited by Plaintiff that Ms. Lim made a "false" statement. Regardless, none of this is relevant to any of Plaintiff's claims and is not part of his complaint.<br><br>Plaintiff's cited evidence does not support this proposition.  Exhibit 17 at COLA 2035–36 does not discuss any statements by Ms. Lim regarding the timing of any Tweets.  Nor do Exhibits 4 or 8, which are letters from Plaintiff, not Ms. Lim.  Exhibits 10 and 11 similarly do not mention the timing of any Tweets. And none of the deposition testimony cited in Exhibit 31 supports this statement.  In fact, they confirm the *opposite* is true.  *See* Appendix, Ex. 31 at 92:15–18.  Plaintiff is inventing facts.<br><br>*Evidence*: Appendix, Ex. 31 at 92:15–18, 97:9–14, 102:22–103:4. |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 23.    Ester Lim also falsely claimed it was a mutual decision to stop tweeting, when in fact Supervisor Hilda Solis forbade her from tweeting and disciplined her for her conduct.<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA002135, 2136,  **Exhibit 4, 8; 31,** 85:11-86:20; 91:13-92:6; 92:7-93:9; 97:9;14; 102:22-103:4, 104:20-25; 108:23-109:6; 112-11-18; 118:5-18; **Exhibits 10-11** | 23.    Disputed.<br><br>Plaintiff has no support for his statement that any statements made by Ms. Lim were "false."  There is no evidence in any of the materials cited by Plaintiff that Ms. Lim made a "false" statement. Regardless, none of this is relevant to any of Plaintiff's claims and is not part of his complaint.<br><br>In any event, Ms. Lim testified unequivocally that the decision for her to stop using her Twitter account was a "joint" decision where she concurred with Supervisor Solis that she would stop Tweeting<br><br>*Evidence*: Tokoro Decl., Ex. 83, at 193:9–15. |
| 24.    Lim admitted that Villanueva never mentioned her race or ethnicity.<br><br>*Evidence:* Ester Lim Depo. P192:5–22. | 24.    Disputed.<br><br>Plaintiff is inventing facts and there is no factual support for this claim.  The sole deposition excerpt cited to by Plaintiff has nothing to do with discussions of race or ethnicity, and contains no admissions of Ms. Lim regarding the same.  *See* Appendix Ex 31, at 192:5–22. And Defendants submitted overwhelming evidence to the contrary.<br><br>*Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 25.    Villanueva's concern with Lim was based solely on her oversight conduct and political statements, not her race, gender, or ethnicity.<br><br>*Evidence:* Villanueva Decl. ¶¶ 31–32 | 25.    Disputed.<br><br>Plaintiff cites to no facts other than his own self-serving declaration.  Defendants cited overwhelming evidence to the contrary.<br><br>*Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18, 98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18. |
| 26.    Ester Lim further admitted that Villanueva disagreed with her politics, not her ethinicty or gender.<br><br>*Evidence:* **Exhibit 17,** COLA002135, 2136 | 26.    Disputed.<br><br>Plaintiff misstates the evidence—nowhere in the citations to COLA 2135–36 (which are summaries prepared by the investigator) does Ms. Lim make such an admission.  Defendants cited overwhelming evidence to the contrary.<br><br>*Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18, 98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18. |
| 27.    Veronica Pawlowski falsely against Villanueva falsely testified that Villanueva had referred to them | 27.    Disputed.<br><br>Plaintiff is again inventing facts.  Nowhere in Exhibit 17 does Ms. Pawlowski state that she made a false |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| as "dumb women" "women and unqalfied"<br><br>*Evidence:* Appendix, **Exhibit 17,** COLA 2132-33, 2137, Villanueva Decl. ¶ **15; Exhibit 35,** 29:8-31:21; 63:1-:4: | statement.  Nor does Exhibit 35, which is the deposition of Kyla Coates, not Veronica Pawlowski  Plaintiff has not identified any factual support for this statement.<br><br>Defendants cited overwhelming evidence regarding Plaintiff's statements.<br><br>*Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 25. Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18, 98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18. |
| 28.    Mercedes Cruz, the County's PMK, testified that Villanueva was guilty of harassment and retaliation for impeding the oversight duties of Esther Lim and Max Huntsman—statements that reflect political, not factual, determinations.<br><br>*Evidence:* Exhibit 33, P84:2–P85:24. | 28.    Disputed.<br><br>Plaintiff is again inventing facts.  None of these statements appear in the testimony cited by Plaintiff in Exhibit 33 to his Appendix.  The cited testimony pertains to the CEOP's duties.<br><br>In any event, Defendants cited overwhelming evidence regarding the CEOP's reasoning for its recommendations.<br><br>*Evidence*: Yang Decl. ¶ 4; COE Ex. 10 at 103:15–106:3, 110:22–112:24; Komoroski Decl. ¶ 4; COE Ex. 4 at 79:3–12, 90:24–92:1, 98:19–99:6, 121:7–122:2, 129:3–13; Cruz Decl. ¶ 4; COE Ex. 14 at 26:13–19, 32:15–20, 116:3–19, 118:12–123:8, 131:22–132:11; |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | COE Ex. 31. |
| 29.    The County Equity Oversight Panel upheld retaliation charges against Villanueva based on a letter without ever reviewing the letter or the tweets that prompted it.<br><br>*Evidence:* Exhibit 36,. 107:20–108:25. | 29.    It is undisputed that the letter in question was not part of the IAB file.<br><br>It is disputed that the letter or Tweets were not discussed or part of the file reviewed by the CEOP.  They were the subject of numerous interviews.  This is even made clear by the very deposition testimony cited by Plaintiff.  *See* Appendix, Ex. 36 at 107:20–108:25.<br><br>Regardless, Defendants cited overwhelming evidence regarding the CEOP's reasoning for its recommendations.<br><br>*Evidence*: Yang Decl. ¶ 4; COE Ex. 10 at 103:15–106:3, 110:22–112:24; Komoroski Decl. ¶ 4; COE Ex. 4 at 79:3–12, 90:24–92:1, 98:19–99:6, 121:7–122:2, 129:3–13; Cruz Decl. ¶ 4; COE Ex. 14 at 26:13–19, 32:15–20, 116:3–19, 118:12–123:8, 131:22–132:11; COE Ex. 31. |
| 30.    The "Do Not Rehire" story was published the same day ballots were mailed in his race for the board of supervisors.<br><br>*Evidence:* Villanueva Decl. ¶ 38 | 30.    Disputed insofar that there is no evidence regarding the ballot due dates other than Plaintiff's self-serving statements.<br><br>Further disputed to the extent that Plaintiff claims Defendants had any involvement with the Los Angeles Times story, for which Plaintiff has cited no evidence. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *Evidence*: Dkt. 81–17, Exs. 63–64. |
| 31.    Tim Murakami, Villanueva's undersheriff denied any improper investigations.  *Evidence:* **Exhibit 28,** 58:9-60:4, 73:8-74:23; 75:17-20 | 31.    It is undisputed that Mr. Murakami testified in this manner, but it bears no relevance to Plaintiff's claims, is not cited in his complaint, and does not create any genuine issue of ***material*** fact. |
| 32.    Anne Devane was never treated differently by Villanueva because she is a woman and she never heard him say anything inappropriate related to gender, race or ethinicty or age.  *Evidence:* **Exhibit 35,** 28:15-30:16 | 32.    Undisputed but this bears no relevance to Plaintiff's claims, is not cited in his complaint, and does not create any genuine issue of ***material*** fact. |
| 33.    Veronica Pawloski was aware of Villanueva's protected speech and had animus towards all of it, even referring to it as "ridiculous", inappropriate and 'very disapointing"  *Evidence:* **Exhibit 27**, 56:-58:19  58:20-59:12  135:20-136:19:  140:25-144:2415  144:3-7  144:8-146:12  148:23-49:3  151:2-152:8 | 33.    Disputed.  Defendants presented overwhelming evidence that Ms. Pawlowski took issue with the demeaning and harassing manner of Plaintiff's speech regarding the all-female Board of Supervisors and Justice Deputies.  *Evidence*: Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; COE Ex. 25. |

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 152:12-154:22 | |
| 34.    Sergio Escoebedo was promoted by Robert Luna after he is participated in placing a "do not rehire" notation in Villanueva's personnel file. *Evidence:* **Exhibit 29,** 13:3-11 | 34.    Disputed. Plaintiff only cites to evidence regarding Mr. Escobedo's promotion, which occurred more than one year after the CEOP made its recommendations. *See* Appendix Ex. 29. He cites no evidence regarding Mr. Escobedo's "participation." And indeed, as Defendants' evidence makes clear, Mr. Escobedo was not involved in the CEOP's decision, nor Chief Lecrivain's concurrence. *Evidence* (CEOP review of Lim investigation): Yang Decl. ¶ 4; COE Ex. 10 at 103:15–106:3, 110:22–112:24; Komoroski Decl. ¶ 4; COE Ex. 4 at 79:3–12, 90:24–92:1, 98:19–99:6, 121:7–122:2, 129:3–13; Cruz Decl. ¶ 4; COE Ex. 14 at 26:13–19, 32:15–20, 116:3–19, 118:12–123:8, 131:22–132:11; COE Ex. 31. *Evidence* (CEOP review of Huntsman investigation): Yang Decl. ¶ 4; Komoroski Decl. ¶ 4; COE Ex. 4 at 62:1–64:10, 66:14–68:13; Cruz Decl. ¶ 4; COE Ex. 14 at 40:22–42:19, 145:6–15; COE Ex. 53. *Evidence* (Department's concurrence with CEOP):  Lecrivain Decl. ¶ 6; COE Ex. 12 at 50:18–51:14; COE Ex. 8 at 166:21–167:5; COE Ex. 75 at 110:17–24. |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 35.  Ester Lim, in her own tweets, was "so f---ing pissed" at Villanueva and his protected activity.<br><br>*Evidence:* **Exhibit 31,** 102:-104:25; 79:2-82:6; 74:4-25; 76:11-20; P139:3–P139:25 P140:5: 253:13-17 | 35.  Disputed.<br><br>Plaintiff is again inventing facts.  None of the Tweets referenced in the deposition transcript have anything to do with the protected activity alleged in Plaintiff's First Amended Complaint. And in fact, as the testimony makes clear, the Tweet stated that Ms. Lim was "pissed" with the Civilian Oversight Commission, ***not*** with Plaintiff.<br><br>*Evidence*: Appendix Ex. 104:16–19. |
| 36.  Tim Murakami, the primary point of contact between the Department and the Deuputies, did not retaliate against the Justice Deputies, was not asked to do so and never made their job harder because they were perceived political enemies of Alex Villanueva.<br><br>*Evidence:* **Exhibit 28:** 64:1-66:25, **Exhibit 35,** 19:11-18 | 36.  Dispute.<br><br>Defendants cited overwhelming evidence regarding the harassment and retaliation against the Justice Deputies.  Regardless, Mr. Murakami is not a party to this lawsuit and this statement is neither relevant nor material.<br><br>*Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; Diaz-Herrera Decl. ¶¶ 23–26; Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18,  98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; COE Ex. 25. |
| 37.  Tim Murakami believed Ester Lim's tweets were unprofessional and inappropriate but not because of her age, gender or ethnicity. | 37.  Dispute.<br><br>Defendants cited overwhelming evidence regarding the harassment and retaliation against the Justice Deputies.  Regardless, |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400  FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| *Evidence:* **Exhibit 28:** 66:25-69:9 | Mr. Murakami is not a party to this lawsuit and this statement is neither relevant nor material. *Evidence*: Diaz-Herrera Decl. ¶¶ 19–22; Lim Decl. ¶¶ 20–23; COE Ex. 11 at 197:25–198:2, 200:2–201:6; Diaz-Herrera Decl. ¶¶ 23–26; Coates Decl. ¶¶ 9–12; COE Ex. 13 at 28:5–30:20, 51:12–58:24, 60:5–67:18, 98:24–100:6; Pawlowski Decl. ¶¶ 8–12; COE Ex. 6 at 84:1–98:15, 161:6–162:25; COE Ex. 15 at 76:23–77:4, 78:20–80:18; COE Ex. 25. |
| 38.    CEOP panelist Roberta Yang did not even bother to review the evidence against Alex Villanueva and even at one point stated she was unable to speak the charges against him. *Evidence:* **Exhibit 36:** 43:6-45:16; 62:9-63:25; 91:20-23; 112:3-114:10 | 38.    Disputed. Plaintiff is again inventing facts. Ms. Yang repeatedly stated that she reviewed the investigation prepared by the independent investigator as the basis for her decision. None of the testimony cited by Plaintiff supports his claim that Ms. Yang did not "bother" to review evidence. The only citation Plaintiff provides as to what Ms. Yang could not "speak to" is whether opening a criminal investigation is harassment. Appendix, Ex. 91:20–23. That is not relevant nor material to this case. Defendants provided overwhelming evidence regarding the basis for the CEOP's review and recommendations. *Evidence*: Yang Decl. ¶ 4; COE Ex. 10 at 38:12–40:3; Komoroski Decl. ¶ 4; |

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | COE Ex. 4 at 78:15–79:2; Cruz Decl. ¶ 4; COE Ex. 14 at 77:25–78:6, 127:17–21, 144:15–21; COE Ex. 31. |
| 39.    Villanueva engaged in protected activity by opposing measures A, R and J.<br><br>*Evidence:* **Villanueva Decl. ¶¶ 5-8, Exhibits 37-67** | 39.    Undisputed. |
| 40.    Villneuva engaged in protected activity by opposing no bid contracts, vaccine mandates and Fulgent's improper data collection of County Employees.<br><br>*Evidence:* **Villanueva Decl. ¶¶ 9-11** | 40.    Undisputed regarding Fulgent and vaccine mandates.<br><br>Disputed in that Plaintiff has not alleged any protected activity regarding any other unspecified "no bid contracts" which are therefore not relevant nor material. |
| 41.    Villanueva did not discriminate or harass Max Huntsman in any manner and not on the basis of any protected class.<br><br>*Evidence:* **Villanueva Decl. ¶ 12, 18, 19, 20, 21** | 41.    Disputed.<br><br>*Evidence*:<br><br>Diaz-Herrera Decl. ¶¶ 10–15; COE Ex. 7 at 175:23–176:25; Huntsman Decl. ¶¶ 20–30; COE Ex. 9 at 156:21–157:22; COE Exs. 48-49; Pawlowski Decl. ¶ 14; COE Ex. 7 at 165:20–166:13, 195:6–199:10; COE Exs. 38, 40–52 |
| 42.    Villanueva did not discriminate or harass Ester Lim in any manner and not on the basis of any protected class.<br><br>*Evidence:* **Villanueva Decl. ¶ 13, 18, 19, 20, 22** | 42.    Disputed.<br><br>*Evidence*:<br><br>Diaz-Herrera Decl. ¶¶ 17–29; COE Ex. 7 at 58:17–25; COE Ex. 11 at 165:5–16; Lim Decl. ¶¶ 20–26; Coates Decl. ¶¶ 5–12; COE Ex. 13 at 40:12–42:2; Pawlowski Decl. ¶¶ 5–12; COE Ex. 6 at |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 161:6–9; COE Ex. 25.  COE Ex. 11 at 197:25–198:2, 200:2–201:6; COE Ex. 7 at 164:6–165:19, 189:17–190:24; COE Exs. 25, 27-30. |
| 43.  The Board of Supervisors demonstrated animus towards Villanueva because of his protected speech.<br><br>*Evidence:* **Villanueva Decl. ¶ 13** | 43.  Disputed:<br><br>*Evidence* (no Board involvement re: Lim):  Lim Decl. ¶¶ 36–37; COE Ex. 11 at 250:10–251:10; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:18–20, 42:24–43:10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:1, 66:5–7, 66:11–13; Coates Decl. ¶¶ 17–18; COE Ex. 13 at 98:4–23; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 73:22–25, 74:5–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 184:20–185:9; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 153:6–16; Cruz Decl. ¶¶ 7–9; Cruz. Depo at 138:14–24, 139:4–7, 139:17–19, 139:23–25; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:15, 139:20–22; COE Exs. 18–22, 25–31.<br><br>*Evidence* (no Board involvement re: Huntsman): Huntsman Decl. ¶¶ 36–37; COE Ex. 9 at 142:17–19; Gevorki Decl. ¶¶ 18–19; COE Ex. 17 at 42:21–23, 43:2–10; Lested Decl. ¶¶ 22–23; CEO Ex. 16 at 65:17–66:4, 66:8–10; Pawlowski Decl. ¶¶ 17–18; COE Ex. 15 at 74:1–16; Diaz-Herrera Decl. ¶¶ 49–50; COE Ex. 7 at 180:16–181:10; Devane Decl. ¶¶ 31–33; COE Ex. 8 at 182:18– |

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400  FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 183:24; COE Ex. 75 at 130:10–24; Kopperud Decl. ¶¶ 28–29; Yang Decl. ¶¶ 7–9; COE Ex. 10 at 128:8–16; Komoroski Decl. ¶¶ 7–9; COE Ex. 4 at 151:12–152:4; Cruz Decl. ¶¶ 7–9; Cruz. Depo at 138:14–139:3, 139:14–16, 139:20–22; Lecrivain Decl. ¶¶ 8–9; COE Ex. 12 at 138:20–139:19; COE Exs. 32–36, 38–53. |

*Evidence* (no retaliation due to protected speech—Lim):  Lim Decl. ¶¶ 40–45; COE Ex. 11 at 251:25–253:25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–44:14, 44:21–45:1, 45:8–12, 45:21–46:2, 46:6–46:14, 46:20–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–16, 62:22–63:1, 63:7–10, 63:15–19, 64:6–10, 64:17–21, 65:2–6, 65:12–16; Coates Decl. ¶¶ 21–25; COE Ex. 13 at 93:18–97:5; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶ 32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Ex. 3 (Nos. 6–15—Never responded to and deemed admitted per FRCP 36(a)(3); COE Exs. 18–22, 25–31.

*Evidence* (no retaliation due to protected speech—Huntsman): Huntsman Decl. ¶¶ 40–45; COE Ex. 9 at 187:10–25; Gevorki Decl. ¶¶ 23–28; COE Ex. 17 at 43:21–

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400  FAX (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 44:6, 44:11–19, 45:3–6, 45:15–46:11. 46:15–25; Lested Decl. ¶¶ 27–32; CEO Ex. 16 at 62:8–11, 62:17–21, 63:2–6, 63:11–14, 63:20–64:5. 64:11–16, 64:22–65:1, 65:7–11; Pawlowski Decl. ¶¶ 21–25; COE Ex. 15 at 74:17–76:22, 77:5–8; Diaz-Herrera Decl. ¶¶ 53–58; Devane Decl. ¶¶ 37–42; COE Ex. 75 at 131:15–134:1; Kopperud Decl. ¶¶ 32–37; Yang Decl. ¶¶ 13–19; COE Ex. 10 at 128:21–130:20; Komoroski Decl. ¶¶ 13–19; COE Ex. 4 at 141:22–146:1; Cruz Decl. ¶¶ 13–19; COE Ex. 14 at 141:6–144:1; Lecrivain Decl. ¶¶ 12–18; COE Ex. 12 at 139:23–142:11; COE Exs. 32–36, 38–53. |
| 44.    The terms "woke" and "flunky" and La Malcine do not refer to any protected class.<br><br>*Evidence:* **Villanueva Decl. ¶¶ 14-16** | 44.    Disputed.<br><br>*Evidence*:<br><br>Diaz-Herrera Decl. ¶¶ 10–15; COE Ex. 7 at 175:23–176:25; Huntsman Decl. ¶¶ 20–30; COE Ex. 9 at 156:21–157:22; COE Exs. 48-49. Pawlowski Decl. ¶ 14; COE Ex. 38.; COE Ex. 7 at 165:20–166:13, 195:6–199:10; COE Exs. 40–52. |
| 45.    Villanueva did not open any criminal investigation for improper reasons.<br><br>*Evidence:* **Villanueva Decl. ¶ 17** | 45.    Disputed.<br><br>*Evidence*:<br><br>Diaz-Herrera Decl. ¶¶ 10–13, 17–29; COE Ex. 7 at 58:17–25; COE Ex. 11 at 165:5–16; Lim Decl. ¶¶ 20–26; Coates Decl. ¶¶ 5–12; COE Ex. 13 at 40:12–42:2; Pawlowski Decl. ¶¶ 5–12, 14; COE Ex. 6 at 161:6–9; COE Ex. 25; COE Ex. 11 at 197:25–198:2, 200:2–201:6. COE Ex. 7 at 164:6–165:19, 189:17–190:24; |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

| PLAINTIFF'S ADDITIONAL MATERIAL FACTS AND SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | COE Exs. 25, 27-30; COE Ex. 7 at 175:23–176:25; Huntsman Decl. ¶¶ 20–30; COE Ex. 9 at 156:21–157:22; COE Exs. 40–52; COE Ex. 38; COE Ex. 7 at 165:20–166:13, 195:6–199:10; COE Exs. 38, 40–52 |
| 46.    Villanueva did not refuse to be interviewed.<br><br>*Evidence:* **Villanueva Decl. ¶ 23** | 46.    Disputed.<br><br>*Evidence*:<br><br>Diaz-Herrera Decl. ¶¶ 30–48; COE Ex. 7 at 136:18–140:23, 141:20–147:21, 183:14–184:15, 185:5–18; COE Ex. 5 at 205:16:–208:20; COE Ex. 14 at 40:7–21; COE Exs. 23–24. |

DATED:  May 5, 2025          MILLER BARONDESS, LLP


                             By:  ___/s/ *Jason H. Tokoro*___
                                  JASON H. TOKORO
                                  Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

REPLY SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT