LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>                    Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>                    Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY AND/OR EVIDENCE OF PLAINTIFF'S PENSION BENEFITS**<br><br>[*Filed Concurrently with Oppositions to Plaintiff's Motions in Limine Nos. 2-6; Omnibus Declaration of Jason H. Tokoro; Declaration of Marc A. Cohen, M.D., M.S.; and [Proposed] Orders*]<br><br>Date:    May 26, 2025<br>Time:    1:30 p.m.<br>Crtrm.:  10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:    June 3, 2025 |

732487.2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## I.    INTRODUCTION

Plaintiff seeks a sweeping order that bars "[e]vidence of, or regarding, Plaintiff Villanueva's receipt of pension benefits from the Los Angeles County Employment Retirement Association ('LACERA')."  (Mot. at 2:7-8.)  The request must be denied, as pension benefits are undoubtedly relevant to Plaintiff's damages claim.

In fact, the Court need look no further than *Broeker v. BNSF Railway Co.*, No. 19-CV-79-ABJ, 2021 WL 2944905 (D. Wyo. June 28, 2021), the primary case *relied upon by Plaintiff*.  In *Broeker*, the court **denied** the plaintiff's motion to exclude evidence of "retirement benefits," concluding that "Plaintiff has not met his burden to show evidence of age-related retirement benefits are inadmissible under any grounds." *Id*. at \*4.

Moreover, the relevance of the pension benefits received by Plaintiff has **already been decided**.  Plaintiff sought to quash a subpoena seeking the LACERA documents, but the Magistrate denied the motion.  Among other things, the Magistrate concluded that pension benefits were relevant to the issue of whether Plaintiff "lacks motivation to work/is incentivized not to return to work" and also as a potential "offset to damages."  (Dkt. No. 88 at 2.)  The Magistrate also rejected Plaintiff's argument—repeated in his Motion—that the LACERA payments are subject to the "collateral source" rule because Defendant County of Los Angeles (the "County") is a contributor to "LACERA/the employee benefit fund."  (*Id.* at 3.)

Plaintiff could have challenged the Magistrate's ruling, but did not do so.  The Magistrate's conclusions on the issue of relevance and collateral source are now law of the case and should not be revisited through a motion *in limine*.  Plaintiff's Motion should be denied for these reasons.

## II.    BACKGROUND

### A.    Plaintiff's Claims

In March 2022, two personnel complaints were filed against Plaintiff—who

732487.2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1
TO EXCLUDE TESTIMONY AND/OR EVIDENCE OF PLAINTIFF'S PENSION BENEFITS

1    was then the elected Sheriff of the County—alleging he violated the Policy of

2    Equality prohibiting harassment and discrimination within the County's ranks.  An

3    outside law firm investigated those complaints.  The investigations and their

4    outcomes—including a notation of "Do Not Rehire" in Plaintiff's personnel file—

5    were dictated by the evidence and independent decisions of the oversight panel.

6         Plaintiff filed his Tort Claim on May 15, 2024.  (Dkt. No. 46, Exs. 7–8.)

7    There was nothing in it about ballot measures, vaccine mandates, or Fulgent.  (*See*

8    *id.*)  Plaintiff filed his initial complaint on June 13, 2024.  (Dkt. No. 1.)  There was

9    nothing in it about ballot measures, vaccine mandates, or Fulgent.  (*See id.*)

10        Plaintiff filed his First Amended Complaint ("FAC") on September 30, 2024

11   and, for the first time, alleged that the "protected speech" he engaged in was his

12   opposition to Ballot Measures A, J, and R, the County's Covid vaccine mandate,

13   and the County's Fulgent contract.  (Dkt. No. 46.)  The FAC further alleges a

14   sweeping conspiracy headed by the Board of Supervisors to retaliate against

15   Plaintiff.  (*Id.*)

16        **B.    Plaintiff's Claimed Damages**

17        In the only operative cause of action, Plaintiff alleges that, "[a]s a result of

18   defendants' adverse actions against plaintiff, plaintiff has suffered general and

19   special damages in sums according to proof."  (FAC ¶ 29.)  As the Magistrate

20   pointed out, Plaintiff's Supplemental Rule 26 Disclosures more specifically reflect

21   that Plaintiff seeks, among other things, "economic damages of past and future loss

22   of earnings corresponding to the amount he would have earned should he be able to

23   return to work for the County absent its unlawful acts in an amount that exceeds $1

24   million."  (Dkt. No. 88 at 2 n.4 (citing Dkt. No. 70-2 at 35).)

25        On March 21, 2025, Plaintiff served his Rule 26 Expert Disclosure.  (Dkt.

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  100-2 (Omnibus Declaration of Jason H. Tokoro ("Tokoro Decl.") Ex. 3).)[1]  His

2  damages expert, Sandra White, provided a "lost earnings" analysis based on two

3  scenarios:  (1) Plaintiff's lost earnings as a police chief of an unspecified city from

4  May 5, 2024 through retirement ages of 67, 72, or 75; or (2) Plaintiff's lost earnings

5  as "MTA Chief of Police" from May 5, 2024 through retirement ages of 67, 72, or

6  75.  (*Id.* ¶ 10, Ex. 9 at WHITE 000004-05.)  For the "police chief" scenario, Ms.

7  White calculated a range of damages from $1.95 to $4.44 million.  (*Id.* at WHITE

8  00004.)  Ms. White did not reduce her damages calculations based on the nearly

9  $200,000 annual pension that Plaintiff receives through LACERA.  (*See id.*)

10           **C.     Plaintiff's Motion To Quash**

11        The County served a subpoena on LACERA, generally seeking documents

12  relating to Plaintiff's receipt of pension or retirement benefits.  (Dkt. No. 88 at 1

13  n.2.)  Plaintiff moved to quash the subpoena in its entirety.  (*See* Dkt. No. 67-70.)

14        The Magistrate issued her order granting in part and denying in part the

15  motion to quash on April 14, 2025.[2]  (Dkt. No. 88 at 1.)  Relevant here, the

16  Magistrate rejected "Plaintiff's assertion that the information sought by the

17  Subpoena . . . is not relevant" and explained that because "Plaintiff seeks the loss of

18  employee benefits as part of his damages, the information sought appears to be

19  relevant at least to the calculation of damages."  (*Id.* at 2.)  Further, the Magistrate

20  "decline[d] to find that pension benefits are not *relevant* to Plaintiff's

21  motivation/incentive to work or to a potential offset."  (*Id.*.)

22

23  [1] Defendants submitted an Omnibus Declaration of Jason H. Tokoro with their

24  motions *in limine*.  (Dkt. No. 100-2.)  To the extent that declaration is referenced,
    the term "Tokoro Decl." is used.  References to the 2nd Omnibus Declaration of Mr.

25  Tokoro submitted with Defendants' opposition to Plaintiff's motions *in limine* use

26  the term "2nd Tokoro Decl."

27  [2] The motion to quash was only granted "to the extent it calls for the production of

28  Plaintiff's medical information and records prior to 2021."  (Dkt. No. 88 at 2.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

732487.2                              4

1    The Magistrate also rejected Plaintiff's argument that the collateral source

2 rule applied:  "[I]t appears to this Court that such rule is not applicable here because

3 the County–as a contributor to LACERA/the employee benefit fund–is not a

4 'collateral' source."  (*Id.* at 3 (citing *Betkey v. County of Los Angeles*, No. CV 16-

5 5863-DMG (AGRx), 2017 WL 11632310, at \*4 (C.D. Cal. Sept. 5, 2017); *Smart v.*

6 *Cal. Highway Patrol*, No. 2:17-cv-01075-TLN-JDP, 2021 WL 1549698, at \*1 (E.D.

7 Cal. Apr. 20, 2021); *Davis v. CVS Pharmacy, Inc.*, No. CV 21-2484-DMG (KSx),

8 2023 WL 2558412, at \*2 (C.D. Cal. Feb. 10, 2023).)

9    Plaintiff did not object to the Magistrate's ruling despite having a right to do

10 so under Federal Rule of Civil Procedure 72 and Local Rule 72-2.1.

11 **III.   STANDARDS FOR A MOTION *IN LIMINE***

12    "Although the Federal Rules of Evidence do not explicitly authorize *in limine*

13 rulings, the practice has developed pursuant to the district court's inherent authority

14 to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

15 The Ninth Circuit explained motions *in limine* allow parties to resolve evidentiary

16 disputes ahead of trial "before attempted use of the evidence before the jury."

17 *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009).

18    Importantly, motions *in limine* seeking the exclusion of broad categories of

19 evidence are disfavored.  *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d

20 708, 712 (6th Cir. 1975). The court "is almost always better situated during the

21 actual trial to assess the value and utility of evidence."  *Wilkins v. Kmart Corp.*, 487

22 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

23    Further, "a motion *in limine* should not be used to resolve factual disputes or

24 weigh evidence" (*C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323

25 (D.D.C. 2008)) because that is the province of the jury.  *See Reeves v. Sanderson*

26 *Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).  A court should not bar use of

27 the evidence in question unless the moving party establishes that the "evidence

28 clearly is not admissible for any valid purpose."  *Ochoa v. County of Kern*, 628 F.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

732487.2

5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  Supp. 3d 1006, 1010 (E.D. Cal. 2022) (citing *Jonasson v. Lutheran Child & Fam.*

2  *Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

3  **IV.    PLAINTIFF'S MOTION MUST BE DENIED**

4      **A.    Plaintiff's Receipt Of Pension Benefits Is Relevant And Admissible**

5      Plaintiff asserts that "pension benefits are irrelevant because they are not used

6  in Plaintiff's damage calculations." (Mot. at 3:23-24.)  The argument entirely

7  misses the mark.

8      The fact that Plaintiff and his expert do not "rely on plaintiff's receipt of

9  pension benefits" (*id.* at 4:2) does nothing to undo its relevance, as the Magistrate

10  concluded, to "Plaintiff's motivation/incentive to work or to a potential offset."

11  (Dkt. No. 88 at 2.)  The Magistrate's finding of relevance is law of the case since

12  Plaintiff did not challenge it. *See, e.g., Christianson v. Colt Indus. Operating Corp.*,

13  486 U.S. 800, 815-16 (1988) ("'[W]hen a court decides upon a rule of law, that

14  decision should continue to govern the same issues in subsequent stages in the same

15  case.'  This rule of practice promotes the finality and efficiency of the judicial

16  process by 'protecting against the agitation of settled issues.'" (citations omitted));

17  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Failure to apply the

18  doctrine of the law of the case absent one of [a few specified exceptions] constitutes

19  an abuse of discretion.").

20      Plaintiff cites to *Broker* as being "[i]llustrative" of his irrelevance argument

21  because the court granted "plaintiff's motion in limine to exclude plaintiff's

22  disability benefits because plaintiff had not 'open[ed] the door to the admission of

23  this evidence.'"  (Mot. at 4:7-10 (citing *Broker*, 2021 WL 2944905, at *4).)

24  Plaintiff did not read *Broker* closely enough.

25      As the *Broker* court explained, "[a]s far as retirement benefits go, the Court

26  finds Plaintiff has not met his burden to show evidence of age-related ***retirement***

27  ***benefits*** are inadmissible under any grounds." 2021 WL 2944905, at *4 (emphasis

28  added).  Among the bases of relevance relied upon by the *Broker* court was that

732487.2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    "[e]vidence of a plaintiff's receipt of . . . retirement benefits . . . can be admitted to

2    explain his or her lack of motivation for returning to work." *Id.* at *2 (citing

3    *McGrath v. Consol. Rail Corp.*, 136 F.3d 838, 841 (1st Cir. 1998)).  This, of course,

4    is one of the bases for relevance of Plaintiff's pension benefits in this case.

5            Plaintiff does not address the relevance of his pension benefits as a reduction

6    to his damages.  However, evidence of pension benefits are clearly relevant to

7    calculations of back pay.  *See Mort v. DeJoy*, No. 1:19-cv-0652-JLT-SKO, 2022

8    WL 3229298, at *13 (E.D. Cal. Sept. 7, 2022).  In *Mort*, the court denied a motion

9    *in limine* to "exclude all evidence of the retirement benefits" received by the

10    plaintiff "since his termination." *Id.*  The court noted further that the defendant

11    (U.S. Postmaster) funded part of plaintiff's income over the years because

12    "[b]enefits under [the Federal Employees Retirement System] are funded almost

13    entirely by the federal agency that employed the recipient of the benefits." *Id.* at

14    *14.

15            That is the case here.  The County generally contributes to the retirement

16    funds of its employees.  *See, e.g.*, *Betkey*, 2017 WL 11632310, at *4.  And here, it is

17    undisputed that the County contributes to LACERA; and Plaintiff cannot credibly

18    argue otherwise.  (Dkt. No. 88 at 3.)  Thus, excluding evidence of pension payments

19    where Plaintiff is seeking damages from the County would "in essence, create a

20    double recovery" for Plaintiff.  *Mort*, 2022 WL 3229298, at *14 (citing *Viveros v.*

21    *Donahoe*, No. CV 10-08593 MMM (Ex), 2012 WL 6021667, at *9-10 (C.D. Cal.

22    Nov. 30, 2012) (finding collateral source rule inapplicable to unemployment

23    benefits funded by the Postal Service and considering it as offset to back pay)).

24            Plaintiff's pension benefits are also relevant to his damages calculation in that

25    his expert has assumed retirement ages of 67, 72, or 75.  The fact that Plaintiff is

26    receiving $200,000 each year brings into question the reasonableness of the

27    hypothetical age of retirement.  *See Broeker*, 2021 WL 2944905, at *3.

28            There is no doubt that evidence of pension payments received by Plaintiff

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  through LACERA is relevant.

2      **B.**    <u>**The Collateral Source Rule Does Not Apply**</u>

3      Plaintiff argues, as he did before the Magistrate, that pension benefits

4  received through LACERA must be excluded under the collateral source rule.  (Mot.

5  at 4:19-5:18.)  As discussed above, the Magistrate already ruled otherwise and

6  Plaintiff did not challenge it.  The analysis should end there.

7      For actions brought in federal court, the collateral source rule exists only

8  under federal common law, not under the Federal Rules of Evidence.  *Mort*, 2022

9  WL 3229298, at *13.  Generally, the collateral source rule prevents defendants from

10  reducing their liability for damages by introducing evidence regarding benefits

11  received by the plaintiff from an independent, or collateral, source.  *McLean v.*

12  *Runyon*, 222 F.3d 1150, 1155-56 (9th Cir. 2000); *see also Mort*, 2022 WL 3229298,

13  at *13.  "When a case is being heard in federal court, the evidentiary, as opposed to

14  the substantive, aspects of the collateral source rule are governed by the Federal

15  Rules of Evidence, particularly Rules 401, 402, and 403."  *Quintero v. United*

16  *States*, No. 1:08-CV-01890-OWW, 2011 WL 836735, at *5 (E.D. Cal. Mar. 2,

17  2011) (quoting *England v. Reinauer Transp. Cos.*, 194 F.3d 265, 273 (1st Cir.

18  1999)).

19      As courts in this District have recognized, the County is not a "collateral"

20  source where the payments come from employee benefit funds to which the County

21  contributed.  *See, e.g., Betkey*, 2017 WL 11632310, at *4.  There is no dispute that

22  the County contributes to LACERA.  *See Mort*, 2022 WL 3229298, at *14.

23      Plaintiff's reliance on *Eichel v. New York Central Railroad Co.*, 375 U.S. 253

24  (1963), and cases following it, such as *Ditton v. BNSF Railway Co.*, No. CV 12-

25  6932 JGB (JCGx), 2014 WL 12928305 (C.D. Cal. Jan. 6, 2014), is misplaced.

26  (Mot. at 4:26-5:13.)  Those cases addressed *disability* benefits under the Federal

27  Employers' Liability Act.  As the *Broeker* court recognized, retirement benefits are

28  different from disability benefits.  Further, and as the court recognized in *Mort*, the

732487.2

8

1  collateral source rule is generally inapplicable to payments that are funded by the

2  defendant. *Mort*, 2022 WL 4095857, at \*14.

### C.    Plaintiff's Prejudice Argument Fails

4    In a last attempt to keep LACERA payments from the jury, Plaintiff argues

5  that the resulting prejudice from disclosure of "wealth" weighs in favor of excluding

6  the evidence. (Mot. at 5:19-6:13.) This argument goes nowhere.

7    The LACERA payments are directly relevant to Plaintiff's damages, as set

8  forth above and far outweigh Plaintiff's generalized claim of prejudice. Further, any

9  prejudice can be alleviated by a jury instruction. *See, e.g.*, *Denise S. v. Foreman*,

10  No. 2:22-cv-09237-MEMF-PD, 2025 WL 806314 at \*6 (C.D. Cal. Feb. 13, 2025)

11  (noting that "prejudice can be mitigated through appropriate instructions to the

12  jury"). In fact, Judicial Council of California Civil Jury Instruction No. 117

13  provides the following instruction: "In reaching a verdict, you may not consider the

14  wealth or poverty of any party. The parties' wealth or poverty is not relevant to any

15  of the issues that you must decide." Defendants have proposed giving this

16  instruction to the jury. (Second Tokoro Decl. ¶ 10 & Ex. 1.) This would entirely

17  mitigate the prejudice concerns raised by Plaintiff.

### V.    CONCLUSION

19    For all of the foregoing reasons, Plaintiff's Motion should be denied.

20

21  DATED: May 5, 2025                    Respectfully Submitted,

22                                        MILLER BARONDESS, LLP

23

24                              By: _____

25                                    JASON H. TOKORO

26                                    Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400