LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

<table>
<tr><td>

11 ALEX VILLANUEVA,

12              Plaintiff,

13     v.

14 COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES
15 SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF
16 SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS
17 ANGELES COUNTY OFFICE OF INSPECTOR GENERAL,
18 CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA
19 YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON
20 KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN,
21 ESTHER LIM, and DOES 1 to 100, inclusive,

22              Defendants.
23

</td><td>

**CASE NO. 2:24-cv-04979 SVW (JCx)**

**DEFENDANTS' OPPOSITION TO PLAINTIFF ALEX VILLANUEVA'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY**

[*Filed Concurrently with Oppositions to Plaintiff's Motions in Limine Nos. 1 and 3-6; Omnibus Declaration of Jason H. Tokoro; Declaration of Marc A. Cohen, M.D., M.S.; and [Proposed] Orders*]

Date:     May 26, 2025
Time:     1:30 p.m.
Crtrm.:   10A

Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750

Trial Date:     June 3. 2025

</td></tr>
</table>

24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

733354.1

## I.    **INTRODUCTION**

Plaintiff seeks to have this Court exclude "all evidence of and reference to any alleged misconduct of third party, Mark Lillienfield." (Mot. at 2.)  Although not specifically stated, within this overly broad request, Plaintiff apparently seeks to exclude evidence that:  "(1) Lillienfeld abused his authority as a homicide detective by sneaking food to an inmate in jail; (2) failed to sufficiently investigate claims of corruption; and (3) engaged in racist and unprofessional behavior." (*Id.*)

The Motion must be denied, as its sweeping demand that "all evidence" of Lillienfeld's misconduct be excluded is improper for a motion *in limine*.  Even if it were limited to the three specific instances above, it is still improper.  What Plaintiff neglects to tell the Court is that Plaintiff relies upon Lillienfeld for his assertion that Defendant Max Huntsman is a "Holocaust denier."  He is a key witness in Plaintiff's case in chief at trial.  Defendants must be permitted to introduce evidence and make argument that goes to Lillienfeld's credibility.  That is exactly the type of evidence that Plaintiff seeks to exclude because he does not like what it shows.

The evidence of Lillienfeld's misconduct is also directly relevant to the claims being made by Plaintiff.  Specifically, Plaintiff has alleged that he was given a "Do Not Rehire" notation in retaliation for engaging in First Amendment protected speech.  He alleges that the County created the notation to retaliate against him, had no right to give it to him because he was no longer a member of the Department, and that the notation was "unprecedented" and not used with others.  All of this is false.  Case in point, Lillienfeld was investigated for alleged Policy of Equality ("POE") violations after he had left the Department and was given a "Do Not Rehire" notation for his "founded" misconduct.

Plaintiff's Motion should be denied for these reasons.

## II.    **FACTUAL BACKGROUND**

### A.    **Plaintiff's Claims**

In March 2022, two personnel complaints were filed against Plaintiff—who

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1   was then the Sheriff of the County—alleging he violated the POE prohibiting

2   harassment and discrimination.  An outside law firm investigated those complaints.

3   The investigations and their outcomes—including a personnel file notation—were

4   dictated by the evidence and independent decisions of the oversight panel.

5       Plaintiff alleges a broad conspiracy by Defendants—supposedly headed by

6   the Board of Supervisors—to "retaliate" against him for his protected speech.  As

7   explained in Defendants' motion for summary judgment, no evidence supports

8   Plaintiff's claim.

9       Plaintiff seeks to support certain assertions in his First Amended Complaint

10  ("FAC") not with admissible evidence, but with hearsay statements by non-parties.

11  This includes a purported conversation Plaintiff claims he had with Lillienfeld in

12  March 2022 during which Lillienfeld told Plaintiff that Defendant Max Huntsman

13  ("Huntsman") was a "Holocaust denier."[1]  (Dkt. No. 100-2 (Omnibus Declaration of

14  Jason H. Tokoro ("Tokoro Decl.") Ex. 13 (A. Villanueva Depo. at 267:6-269:12).)

15  Plaintiff claims this allowed him to publicly refer to Huntsman as "Gustaf" or

16  "Gustav" and a "Holocaust denier."[2]

17      **B.    <u>Lillienfeld's Relationship With Plaintiff</u>**

18      Lillienfeld was a long-time detective at the Department and retired in 2016.[3]

19

20  [1]  Defendants have moved *in limine* for an order excluding the purported
21  conversation between Plaintiff and Lillienfeld on hearsay grounds.  (*See* Dkt. No.
    102 (Defendants' MIL No. 3).)

22  [2]  Plaintiff's accusations are completely untrue.  Huntsman has never denied the
23  Holocaust.  (*See* Dkt. No. 89-4 (Huntsman Decl. ¶¶ 24-25); Dkt. No. 46 at 130
24  (FAC Ex. 1).)

25  [3]  Defendants cite to the LA Times article submitted by Plaintiff to provide the
26  Court with background.  Defendants are not seeking to have this or any other article
    regarding Lillienfeld admitted into evidence.  Rather, they intend to inquire about
27  the conduct during cross-examination.  Thus, Plaintiff's hearsay arguments have no
28  bearing on this Motion.  (Mot. at 6:4-13.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' OPPOSITION TO PLAINTIFF ALEX VILLANUEVA'S MOTION *IN LIMINE* NO. 2 TO
EXCLUDE EVIDENCE OR REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY

1  (Dkt. No. 98-2 at 88 (A. DiBona Declaration Ex. 5).)  Following his retirement, he

2  began working as an investigator for the Los Angeles County District Attorney's

3  Office ("DA").  In 2018, while working for the DA, Lillienfeld was caught on

4  camera posing as a deputy in order to sneak contraband fast food to an inmate at

5  Men's Central Jail.  Specifically, Lillienfeld put on his old Department uniform,

6  posed as a deputy, and entered the custody facility as if he worked there.

7      Lillienfeld was temporarily banned from the jails.  Jail officials were so

8  concerned about what authorities described in a memo as numerous policy

9  violations that they posted Lillienfeld's photograph inside the jail and directed

10  employees to alert a supervisor if he showed up.  Assistant Sheriff Kelly Harring

11  commented, "He was impersonating a deputy.  Then he dropped off unknown

12  contraband items to an inmate, which breaks every protocol in the jail or prison.  It's

13  very serious; that's why we took it very seriously."[4]

14      Despite these serious policy violations, Plaintiff rehired Lillienfeld back to the

15  Department 10 months after this incident and gave him the task of investigating

16  "public corruption."  Lillienfeld joined Plaintiff's public corruption squad, which

17  investigated oversight officials (including Huntsman), County leaders, and a former

18  Los Angeles Times reporter.

19      **C.    The Department Gives Lillienfeld A "Do Not Rehire" File Notation**

20      Lillienfeld left the Department again in January 2023 after Plaintiff lost

21  reelection.  Lillienfeld went to work for the South Pasadena Police Department.

22      In May 2023, Lillienfeld delivered a lecture during an investigator training

23  session.  One of the officer attendees filed a complaint alleging policy violations by

24  Lillienfeld.  Specifically, a Black woman from the Los Angeles Police Department

25  accused Lillienfeld of making several inappropriate comments, once referring to

26

27  [4] https://www.latimes.com/california/story/2019-10-23/retired-homicide-detective-

28  mcdonalds-mens-central-jail

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Asian officers as "Chinamen" and later saying that she and another Black officer in the class would be the most likely suspects if anyone jumped him in the parking lot afterward.  Lillienfeld was also accused of giving a Nazi salute several times during the lecture: "Lillienfeld also clicked his heels together and extended one of his arms out like Hitler."

Lillienfeld resigned from the South Pasadena Police Department.[5]  Although Lilienfeld was no longer a member of the Department, its Internal Affairs Bureau ("IAB") investigated the claims made against him, including conducting three dozen interviews.  Lillienfeld refused to be interviewed as part of the investigation.  At the conclusion of the investigation, IAB issued a report.[6]  The case file and report were considered by the County Equity Oversight Panel ("CEOP") on May 7, 2024.  (*See* n.6 at 38-40.)  The CEOP recommended that the charge of inappropriate conduct towards others be deemed "founded" and Lillienfeld be given a "Do Not Rehire" notation.  (*See id.*)  The Department concurred in the recommendations.

### III.    PLAINTIFF'S MOTION MUST BE DENIED

#### A.    The Broad Request To Exclude All Evidence Of "Misconduct" By Lillienfeld Must Be Denied

Plaintiff asks this Court "to exclude all evidence of and reference to any alleged misconduct of third party, Mark Lillienfield."  (Mot. at 2.)  While the Notice of Motion identifies three specific instances of misconduct, it does not purport to limit its scope to them.  (*Id.*)  In his supporting memorandum, Plaintiff repeats the overly broad request "to exclude evidence of, reference to, or testimony regarding any alleged misconduct of third party Mark Lillienfeld."  (*Id.* at 3.)

---

[5]  https://www.latimes.com/california/story/2024-11-30/detective-accused-of-giving-nazi-like-salute-resigns-from-south-pasadena-police-department

[6]  https://journaliststudio.google.com/pinpoint/document-view?collection=5c1c0f2e924cfc00&docid=7aef98c18b02c3ab_5c1c0f2e924cfc00&page=1&p=1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' OPPOSITION TO PLAINTIFF ALEX VILLANUEVA'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY

It is well-established that "[m]otions in limine that seek exclusion of broad and unspecific categories of evidence . . . are generally disfavored." *Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Further, "[t]he failure to specify the evidence that a motion in limine seeks to exclude constitutes a sufficient basis upon which to deny the motion." *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (cleaned up).  Plaintiff's request must be denied based on these authorities.

**B.    Defendants Must Be Allowed To Challenge Lillienfeld's Credibility And Bias At Trial**

Cross-examination has been described as "beyond any doubt the greatest legal engine ever invented for the discovery of truth."  5 J. Wigmore, *Evidence* § 1367, p. 32 (J. Chadbourn rev. 1974).  An integral part of cross-examination is, of course, the ability to inquire regarding a witness's bias and credibility.  Federal Rule of Evidence 607 makes this clear, providing that "[a]ny party, including the party that called the witness, may attack the witness's credibility."  *See* Fed. R. Evid. 607. "Fed. R. Evid. 607 permits the introduction of evidence and questioning to show bias to impeach any witness." *Glob. BTG LLC v. Nat'l Air Cargo, Inc.*, No. CV 11-1657 JGB (JCGx), 2013 WL 12121982, at *7 (C.D. Cal. Sept. 5, 2013) (quoting *McMillan v. Weathersby*, 31 F. App'x 371, 374 (9th Cir. 2002)); *United States v. Abel*, 469 U.S. 45, 52 (1984) ("[B]ias is almost always relevant because the jury . . . has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony.").

As set forth above, Lillienfeld is a key witness in Plaintiff's case.  Plaintiff claims Lillienfeld told him in March 2022 that Huntsman denied the Holocaust based on an investigation he was conducting while a member of the Department (Tokoro Decl. Ex. 13 (A. Villanueva Depo. at 267:6-269:12)), an investigation that Plaintiff directed Lillienfeld to conduct.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' OPPOSITION TO PLAINTIFF ALEX VILLANUEVA'S MOTION *IN LIMINE* NO. 2 TO
EXCLUDE EVIDENCE OR REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY

1    Defendants are entitled to challenge Lillienfeld's credibility and bias at trial.

2  Defendants are entitled to introduce evidence that Plaintiff hired Lillienfeld back to

3  the Department a mere 10 months after being found by the Department to have

4  committed serious policy violations.  Defendants must be allowed to argue to the

5  jury that this evidence shows Lillienfeld is beholden to Plaintiff—he would not have

6  a job with the Department if not for Plaintiff.  Defendants should also be allowed to

7  argue that this shows that Lillienfeld will engage in misconduct and policy

8  violations as part of his "investigations."

9    Defendants are also entitled to introduce evidence showing that the

10  "investigations" Lillienfeld engaged in targeted Plaintiff's critics and individuals

11  engaged in oversight of the Department.  It is no secret that Plaintiff avoided

12  transparency and oversight during his time in office.  He targeted his critics,

13  accusing them of corruption without any evidence.  Defendants must be allowed to

14  argue to the jury that Lillienfeld was not conducting legitimate investigations but

15  instead was simply doing Plaintiff's bidding—he was part of the hit squad.

16    Finally, Defendants are entitled to introduce evidence showing that the person

17  Plaintiff says told him Huntsman is a "Holocaust denier" was accused of, *inter alia*,

18  giving a Nazi salute during a lecture, investigated, and found to have violated the

19  POE by his conduct.  It is hard to imagine evidence more directly on point.  Most

20  people are aware of who caused the Holocaust.  Defendants must be allowed to

21  argue to the jury that this evidence shows Lillienfeld is point blank lying.

### C.  Lillienfeld's "Do Not Rehire" Notation Is Directly Relevant To Plaintiff's Claims At Trial

24    Plaintiff's arguments that Lillienfeld's POE violations that led to him being

25  given a "Do Not Rehire" notation should be excluded under Federal Rules of

26  Evidence 401 and 403 are without merit.

27    Plaintiff claims that he was given a "Do Not Rehire" notation in retaliation for

28  engaging in protected speech.  (*See* FAC ¶¶ 16-19.)  He alleges that after the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANTS' OPPOSITION TO PLAINTIFF ALEX VILLANUEVA'S MOTION *IN LIMINE* NO. 2 TO
EXCLUDE EVIDENCE OR REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY

1  Huntsman and Lim POE complaints were filed, "***IAB had determined no policy***

2  ***violation occurred***" and put them in a "suspense file." (*Id.* ¶ 17.) Plaintiff also

3  alleges that giving him the file notation was "unprecedented," that the Department

4  never investigates retired members, and that the file notation has never been given to

5  a person who is no longer a member of the Department. (*Id.* at 3:23-27.)

6      Lillienfeld proves all of these allegations are false. IAB never determines

7  policy violations. Instead, where, as here, someone is accused of violating the POE,

8  IAB investigates the complaint, but the CEOP considers it and makes

9  recommendations regarding the outcome and discipline. Lillienfeld was not a

10  member of the Department when he was accused of violating the POE—he was with

11  the South Pasadena Police Department. Despite this, IAB investigated the POE

12  charges. Further, CEOP recommended and the Department concurred in giving

13  Lillienfeld a "Do Not Rehire" notation even though he was retired.

14      This is exactly how the Department handled the Huntsman and Lim POE

15  complaints filed against Plaintiff, as set forth in the summary judgment briefing.

16  Defendants should be allowed to present this evidence to the jury. It is relevant, will

17  not take up significant trial time, and will not confuse the jury.

18  **IV.    CONCLUSION**

19      For all of the foregoing reasons, the Court should deny Plaintiff's Motion in

20  its entirety and permit Defendants to introduce evidence of Lillienfeld's misconduct.

21

22  DATED:  May 5, 2025                Respectfully Submitted,

23                                     MILLER BARONDESS, LLP

24

25                                     By:  _____

26                                          JASON H. TOKORO

27                                          Attorneys for Defendants

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400