Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADibona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | Case No.: 2:24−cv−04979−SVW−JC<br><br>**[Assigned to Honorable Stephen V. Wilson and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSTION TO PLAINTIFF'S IN LIMINE NO. 1 TO EXCLUDE TESTIMONY AND/OR EVIDENCE OF PLAINTIFF'S PENSION BENEFITS**<br><br>**(MIL NO. 1 OF 6)**<br><br>Date:　May 26, 2025<br>Time:　1:30 p.m.<br>Dept.:　10A<br><br>Trial Date:　June 3, 2025<br>Action Filed:　June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' opposition mischaracterizes the record, misapplies the law, and ignores controlling authority. The evidence of Plaintiff's LACERA pension benefits must be excluded because: (1) Plaintiff has not placed the pension at issue and does not rely on it in his damages calculation; (2) under the collateral source rule, LACERA pension benefits are inadmissible regardless of the County's partial contributions; and (3) even if arguably relevant, the unfair prejudice from introducing this evidence far outweighs any limited probative value, especially where the jury could improperly use this evidence to offset damages. The Court should grant the Motion.

## II. DEFENDANTS FAIL TO ESTABLISH RELEVANCE UNDER FRE 401 AND 402

Defendants argue that pension evidence is relevant to "motivation to work" or "offset" damages. This misstates both the factual record and the legal standard. Plaintiff is not claiming lost pension or retirement contributions, and his damages expert, Sandra White, explicitly did not consider or rely on pension payments in her analysis. (See White Report at WHITE 000004–05.)

The assertion that pension income reflects a "lack of motivation to work" is speculative and lacks any evidentiary foundation. Moreover, Defendants cite *Broeker v. BNSF Ry. Co.*, 2021 WL 2944905 (D. Wyo. June 28, 2021), but that case *excluded* disability benefits as irrelevant and admissible only where the plaintiff had placed those benefits at issue. Here, Plaintiff has not done so. As in *Broeker*, this Court should find the benefits irrelevant and exclude them.

Defendants' reliance on the Magistrate's discovery ruling is also misplaced. A discovery ruling is not dispositive of admissibility at trial, particularly where discovery was permitted on the theory of possible relevance. Plaintiff is entitled to seek exclusion under FRE 401 and 403 regardless of prior discovery rulings, and this Court is not bound by the "law of the case" doctrine as applied to interlocutory evidentiary issues. See *Peralta*

*v. Dillard*, 744 F.3d 1076, 1088 n.15 (9th Cir. 2014) (en banc) ("[T]he law of the case doctrine is inapplicable to rulings on the admissibility of evidence.").

## III. THE COLLATERAL SOURCE RULE BARS EVIDENCE OF PLAINTIFF'S PENSION BENEFITS

Defendants concede that Plaintiff's pension is funded through LACERA—a benefit Plaintiff earned through his years of public service. Whether the County contributes in part to the system is irrelevant under the federal collateral source rule. Courts have consistently held that retirement benefits, even when employer-contributed, remain collateral sources. See *McLean v. Runyon*, 222 F.3d 1150, 1155–56 (9th Cir. 2000); *Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253, 254–55 (1963); *Ditton v. BNSF Ry. Co.*, 2014 WL 12928305, at *10 (C.D. Cal. Jan. 6, 2014).

Defendants' citations to *Mort v. DeJoy* and *Betkey v. County of Los Angeles* are distinguishable. Those cases addressed whether the collateral source rule applied to employer-funded disability or unemployment benefits—not LACERA pensions earned through career service. The Ninth Circuit has never held that partial employer contributions to a retirement system render the entire benefit non-collateral.

More importantly, in *Lee v. Consol. Rail Corp.*, 1995 WL 734108, at *4, the court reaffirmed that **evidence of pension benefits should be categorically excluded** under *Eichel*, without weighing prejudice or relevance under FRE 403. The collateral source rule is not merely a damages offset rule—it is an evidentiary rule barring introduction of such evidence in the first instance.

## IV. THE PREJUDICIAL IMPACT OF PENSION EVIDENCE OUTWEIGHS ANY MINIMAL PROBATIVE VALUE

Even if the Court were to entertain a balancing analysis under FRE 403, the result would be the same: exclusion. Evidence that Plaintiff receives a $200,000 pension invites precisely the kind of improper inference warned against in *Eichel*—namely, that Plaintiff has already been compensated and does not need additional recovery. This undermines the purpose of compensatory damages and misleads the jury.

Defendants' suggestion that this prejudice can be cured by a limiting instruction is unavailing. Jurors are human, and the Supreme Court has warned that "the likelihood of misuse by the jury clearly outweighs the value of this evidence." *Eichel*, 375 U.S. at 255. Defendants' proposed jury instruction does not eliminate the substantial risk that jurors will improperly reduce a damages award based on knowledge of Plaintiff's pension income.

## V. DEFENDANTS' ATTEMPT TO LITIGATE DAMAGES DISPUTES THROUGH EVIDENTIARY SHORTCUTS SHOULD BE REJECTED

Finally, Defendants attempt to use Plaintiff's pension as a de facto "offset" or to impugn Plaintiff's mitigation efforts without expert evidence or factual support. Courts have consistently rejected efforts to introduce collateral source income for such purposes, especially where not directly tied to the plaintiff's claim. See *Finley v. Nat'l R.R. Passenger Corp.*, 1 F. Supp. 2d 440, 445 (E.D. Pa. 1998) (granting mistrial due to reference to disability pension); *Davis v. CVS Pharmacy, Inc.*, 2023 WL 2558412, at *5 (C.D. Cal. Feb. 10, 2023).

## VI. CONCLUSION

Plaintiff's LACERA pension benefits are not part of his damages claim, are irrelevant to any claim or defense, and constitute a classic collateral source. Defendants' attempts to circumvent the collateral source rule and inject prejudicial wealth-based arguments must be rejected.

Dated:  May 12, 2025         SHEGERIAN & ASSOCIATES, INC.

                             By: *Alex DiBona*
                             Alex DiBona, Esq.

                             Attorneys for Plaintiff,
                             ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION IN LIMINE NO. 6 EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS,"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

*Amelia Sanchez*
Amelia Sanchez