Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex Di Bona, Esq., State Bar No. 265744
ADiBona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:     (310) 860 0770
Facsimile Number:     (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-04979-SVW-JC<br><br>**[Assigned to Hon. Stephen V. Wilson, and Magistrate Judge Jacqueline Chooljian]**<br><br>**PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**(MIL NO. 2 OF 6)**<br><br>Date:   May 26, 2025<br>Time:  1:30 p.m.<br>Ctrm.: 10A—First Street Courthouse<br><br><br>Trial Date:  June 3, 2025<br>Action Filed: June 13, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF RELIEF SOUGHT

Plaintiff Alex Villanueva ("Villanueva" or "Plaintiff") moves *in limine* to exclude evidence of, reference to, or testimony regarding any alleged misconduct of third party Mark Lillienfeld. Defendants' Opposition fails for three fundamental reasons. First, it mischaracterizes the purpose and scope of Plaintiff's motion, which seeks to exclude wholly irrelevant and unduly prejudicial third-party misconduct. Second, it distorts the legal standards governing relevance and impeachment by attempting to use extrinsic character evidence to confuse and smear. Third, it incorrectly asserts that this evidence rebuts Plaintiff's claims, when in reality, it serves only to incite the jury with inflammatory innuendo and guilt by association. The motion should be granted in its entirety.

## II. DEFENDANTS' "CREDIBILITY" ARGUMENT IGNORES LIMITS ON IMPEACHMENT

Defendants argue that they are entitled to introduce evidence of Mark Lillienfeld's alleged misconduct to attack his credibility. But Federal Rule of Evidence 608(b) flatly prohibits the use of extrinsic evidence—such as the incidents described by Defendants—for this very purpose. Even if credibility were a proper basis, Defendants may inquire about specific conduct on cross-examination, but they may not introduce newspaper articles, disciplinary records, or other extrinsic evidence of alleged prior bad acts.

Further, any probative value is minimal. None of the alleged misconduct—whether related to fast food, insensitive remarks, or inappropriate gestures—bears on truthfulness. The Ninth Circuit has made clear that impeachment by misconduct must relate directly to a witness's *capacity for honesty*. See *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Defendants' proposed evidence fails this test.

## III. THE EVIDENCE IS INADMISSIBLE CHARACTER EVIDENCE UNDER FRE 404(b)

Defendants improperly seek to introduce character evidence to suggest that because Lillienfeld committed unrelated misconduct in the past, he is now more likely to have

fabricated an allegation about Max Huntsman. This is a textbook violation of Rule 404(b), which prohibits evidence of a person's character to prove that on a particular occasion, they acted in accordance with that character.

Defendants' attempt to tie Lillienfeld's alleged conduct to Plaintiff—without any actual evidence of Plaintiff's complicity—is nothing more than an effort to taint Plaintiff by association. That tactic is impermissible. See *United States v. McVeigh*, 153 F.3d 1166, 1202 (10th Cir. 1998) (excluding evidence introduced solely to "guilt by association").

## IV. THE "DO NOT REHIRE" ARGUMENT MISSES THE POINT

Defendants argue that Lilienfeld's "Do Not Rehire" notation rebuts Plaintiff's claim that such notations were unprecedented. But this argument ignores the timeline: Plaintiff's notation was issued before Lilienfeld's do not rehire, and Lilienfeld's case involved entirely different facts and procedures.

Moreover, introducing a full mini-trial on Lilienfeld's case—including disputed accusations of racism and Nazi salutes—would cause unfair prejudice, confuse the issues, and waste time in violation of FRE 403. See *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

## V. DEFENDANTS' ARGUMENT THAT PLAINTIFF RELIES ON LILLIENFELD IS A DISTORTION

Plaintiff's reference to a statement allegedly made by Lilienfeld regarding Huntsman does not open the door to every inflammatory accusation ever made against him. Plaintiff is not offering Lilienfeld as a character witness or as an expert. To the extent Defendants wish to impeach that statement, they may do so within the bounds of FRE 608(b)—not by turning trial into a referendum on third-party controversies.

Indeed, Defendants themselves moved in *limine* to exclude the statement about Huntsman being a "Holocaust denier" as hearsay. Their present argument seeks to exploit that very statement while simultaneously arguing that it should be excluded. This contradictory position underscores the irrelevance and prejudicial nature of the material at issue.

## VI. CONCLUSION

Defendants' arguments rely on inadmissible character evidence, extrinsic impeachment, and misleading analogies that would only confuse and prejudice the jury. The introduction of third-party misconduct—particularly allegations involving racist behavior and Nazi salutes—is far more prejudicial than probative and has no legitimate bearing on Plaintiff's claims or defenses.

For these reasons, Plaintiff respectfully requests that the Court grant the Motion in Limine No. 2 in full and exclude all evidence and references to the allegation Lillienfeld (1) Lillienfeld abused his authority as a homicide detective by sneaking food to an inmate in jail; (2) failed to sufficiently investigate claims of corruption; and (3) engaged in racist and unprofessional behavior and had a do not rehire notation placed in his file.

Dated: May 12, 2025       SHEGERIAN & ASSOCIATES, INC.

By: /s/ Alex DiBona
Alex DiBona, Esq.

Attorneys for Plaintiff
ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF REFERENCE TO ALLEGED MISCONDUCT OF THIRD PARTY; MEMORANDUM OF POINTS AND AUTHORITIES;"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

*Amelia Sanchez*
Amelia Sanchez