Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.:  2:24-cv-04979-SVW-JC<br><br>[Assigned to **Hon. Stephen v. Wilson** and **Magistrate Judge Jacqueline Chooljian**]<br><br>**PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION *IN LIMINE* NO. 3 TO EXCLUDE NICK WILSON'S POLITICAL OPINIONS**<br><br>**(MIL NO. 3 OF 6)**<br><br>Date:    May 26, 2025<br>Time:   1:30 p.m.<br>Dept.:   10A<br><br><br>Trial Date:    June 3, 2025<br>Action Filed:  June 13, 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully submits this Reply to Defendants' Opposition to Plaintiff's Motion in Limine No. 3, which seeks to exclude inflammatory and irrelevant evidence regarding Nick Wilson's personal political beliefs and social media activity. Defendants' response relies on broad generalizations, unsupported speculation, and conflation of issues to justify introducing prejudicial material that has no probative value on any issue in this case. The Motion should be granted in full.

Defendants clearly wish to introduce this evidence for one reason and one reason only, they hope that a jury will disagree with Nick Wilson's politics and/or find them distasteful. This is plainly improper.

Far from offering a reason this evidence is admissible, Defendant's opposition *supports Plaintiff's Motion in Limine.* Defendant makes it clear that they wish to bring up that Nick Wilson believes the former president of the United States is involved in child trafficking. This is core protected political speech, but it has absolutely nothing to do with this trial and certainly is irrelevant and would be an undue burden due to its inflammatory nature. Further, Defendants cannot use disagreement with Political opinions to reflect on "credibility".

## II. DEFENDANTS FAIL TO SHOW THAT WILSON'S POLITICAL OPINIONS ARE RELEVANT UNDER FEDERAL RULE OF EVIDENCE 401

Defendants concede that Wilson is being called solely to testify about Plaintiff's emotional distress. His personal political beliefs, including support for certain politicians, views on immigration or January 6, or association with controversial movements, have no tendency to make any fact of consequence in this case more or less probable. They are irrelevant to whether Plaintiff suffered emotional distress and have no bearing on the underlying legal claims. See Fed. R. Evid. 401.

While Defendants contend that Wilson's political views demonstrate "bias," the

deposition excerpts they cite show general alignment in worldview—not that Wilson has fabricated or misrepresented any fact or observation relevant to this case. The assertion that Wilson's support of Plaintiff somehow undermines his credibility is speculative and does not justify exposing the jury to irrelevant political rhetoric. Personal admiration or political alignment is not a basis to label a witness inherently untrustworthy.

### III. DEFENDANTS' ASSERTION THAT WILSON'S OPINIONS ARE ADMISSIBLE TO SHOW "BIAS" IS A DISTORTION OF RULE 607 AND CASE LAW

Although Rule 607 allows for impeachment of a witness's credibility, it does not open the door to unlimited exploration of collateral issues, especially when those issues carry substantial risk of inflaming juror prejudice. Courts retain wide discretion to limit cross-examination on such grounds. See *United States v. Abel*, 469 U.S. 45, 52–53 (1984). Here, Wilson's general political preferences are a textbook example of a collateral issue—tangential at best to the facts he will testify to and inflammatory by design.

Defendants cite *Cook v. Illinois Dept. of Corrections*, 2010 WL 4292941, for the proposition that political affiliation may be relevant to credibility, but in *Cook*, political favoritism was directly at issue. Here, the only purpose for eliciting Wilson's political views is to associate him with controversial topics (e.g., January 6, Matt Gaetz, immigration conspiracies) in an effort to inflame juror sentiment—not to impeach truthfulness or rebut material factual assertions.

### IV. EVIDENCE OF WILSON'S BELIEFS WOULD RESULT IN UNDUE PREJUDICE UNDER RULE 403

Even assuming arguendo that some political statements have marginal probative value, Rule 403 mandates exclusion where that value is "substantially outweighed" by a risk of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

Defendants want to introduce hot-button political issues—January 6, election fraud,

immigration conspiracies, and social media commentary—into a case that is about retaliatory employment decisions and emotional distress. Their own citations confirm that Wilson's messages cover topics ranging from conspiracy theories about the 2022 election to allegations of child trafficking involving the Biden administration. These topics are deeply polarizing and guaranteed to distract the jury from the legal questions at issue. Courts routinely exclude such evidence to prevent trials from devolving into referenda on ideology. See *Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).

## V. WILSON'S BELIEFS HAVE NO RELEVANCE TO WHETHER PLAINTIFF'S SPEECH WAS "CHILLED"

Defendants' argument that Wilson's texts show Plaintiff's speech was not "chilled" under the First Amendment is misplaced. Wilson is not a licensed mental health provider and cannot opine on Plaintiff's psychological state. Further, none of the cited messages shows that Plaintiff's emotional state remained unaffected; rather, they merely reflect that he remained politically engaged—a fact not inconsistent with experiencing distress, as courts have repeatedly recognized. See *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 478–79 (2022).

Moreover, Wilson's own commentary, however extreme or hyperbolic, cannot be imputed to Plaintiff, nor does it diminish Plaintiff's First Amendment retaliation claim. This evidence only risks creating guilt by association, which is improper and inadmissible.

///
///
///
///
///
///
///

## VI.   CONCLUSION

Defendants' opposition confirms that they seek to introduce evidence of Wilson's political opinions not to establish any material fact but to inject political controversy and prejudice into the trial. The evidence is irrelevant, collateral, inflammatory, and unduly prejudicial. Plaintiff's Motion in Limine No. 3 should be granted in full under Federal Rules of Evidence 401, 402, and 403.

Dated:  May 12, 2025

SHEGERIAN & ASSOCIATES, INC.

By: *Alex DiBona*
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION *IN LIMINE* NO. 3 TO EXCLUDE NICK WILSON'S POLITICAL OPINIONS"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

*Amelia Sanchez*
Amelia Sanchez