Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-04979-SVW-JC<br><br>[Assigned to **Hon. Stephen v. Wilson** and **Magistrate Judge Jacqueline Chooljian**]<br><br>**PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE, INNUENDO, OR ARGUMENT REFERENCING "DEPUTY GANGS"; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**(MIL NO. 4 OF 6)**<br><br>Date: May 26, 2025<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br>Trial Date: June 3, 2025<br>Action Filed: June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Contrary to Defendants' baseless accusations of bad faith, Plaintiff fully complied with Local Rule 7-3 and met and conferred with Defendants regarding this motion. Plaintiff expressed concern not only about the Office of Inspector General ("OIG") reports, but also about the broader issue of improper references to "deputy gangs" during trial. The parties agreed to a limited stipulation not to introduce OIG reports. Defendants' suggestion that this narrower stipulation moots Plaintiff's broader motion is incorrect and misleading.

Defendants refused to agree to exclude other references to deputy gangs, and Plaintiff clearly stated during meet and confer discussions that the stipulation did not address that remaining dispute. Filing the motion was therefore necessary and proper. Defendants' repeated threats of sanctions are meritless and should be rejected out of hand.

Further, Defendants clearly intend to introduce the very evidence that Plaintiff is seeking to exclude through this motion. Defendants cite no authority for their request for sanctions and do not even attempt, let alone accomplish, an amount of ten thousand dollars. The motion should be granted in full and Defendant's request should be denied.

## II. DEFENDANTS TAKE THE FRIVOLOUS POSITION THAT ANY STATEMENT EVER UTTERED BY PLAINTIFF IS FAIR GAME

Defendants argue that any mention of "deputy gangs" made by Plaintiff at any time during his multi-decade career in public service somehow opens the door to unlimited cross-examination and presentation of unrelated and prejudicial evidence. This position is not only legally untenable—it is absurd. If adopted, it would permit Defendants to transform this trial into a referendum on every controversial statement Plaintiff has ever made, regardless of its relevance to the issues in this case.

Such an approach would extend the trial indefinitely and distract the jury from the core question: whether Plaintiff's constitutional rights were violated by the retaliatory

placement of a "Do Not Rehire" designation in his personnel file.

### III. DEFENDANTS DO NOT DISPUTE THEY INTEND TO USE THE VERY EVIDENCE PLAINTIFF SEEKS TO EXCLUDE

Despite their stipulation not to introduce OIG reports, Defendants make clear in their opposition that they still intend to reference Plaintiff's public comments on deputy gangs, including Facebook Live streams, social media posts, and media interviews. Defendants claim this evidence is relevant to whether Plaintiff's speech has been "chilled," but this is a non sequitur. The standard is whether the government's retaliatory conduct would chill a person of ordinary firmness—not whether the Plaintiff continued to speak afterward.

Moreover, even if marginally relevant, this evidence should still be excluded under Federal Rule of Evidence 403 because it is highly prejudicial, will mislead the jury, and will result in a trial-within-a-trial on collateral matters such as whether "deputy gangs" exist, what Plaintiff meant by his statements, and how others reacted. This is exactly the kind of distracting and inflammatory evidence Rule 403 is designed to exclude.

### IV. DEFENDANTS' RELIANCE ON PLAINTIFF'S PUBLIC STATEMENTS IS MISPLACED AND DOES NOT JUSTIFY ADMITTING UNLIMITED EVIDENCE

The fact that Plaintiff has made statements critical of the Board or the OIG does not transform every such statement into a waiver of his right to a fair trial. Defendants' attempt to bootstrap these statements into a full-scale inquiry into "deputy gangs" is inappropriate and unsupported by any legal authority. Indeed, courts routinely exclude evidence that is minimally probative and highly prejudicial, especially where, as here, the evidence may inflame juror passions or cause confusion. See *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992); *Gutierrez v. Cnty. of Los Angeles*, 2024 U.S. Dist. LEXIS 240091, at *10.

///

///

## V. DEFENDANTS' REQUEST FOR SANCTIONS IS MERITLESS AND SHOULD BE DENIED

Finally, Defendants' request for sanctions is not supported by law or fact. Plaintiff filed a legitimate motion to clarify the scope of admissible evidence at trial. Defendants concede they declined to agree to the broader exclusion Plaintiff sought, and Plaintiff timely moved to resolve the dispute. There is no bad faith, no willful misconduct, and no basis for sanctions under Local Rule 83-7 or any other authority.

## VI. CONCLUSION

For the foregoing reasons, and for those stated in Plaintiff's original motion, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 4 in full, excluding all evidence, innuendo, or argument referencing "deputy gangs," and deny Defendants' baseless request for sanctions.

Dated: May 12, 2025,   SHEGERIAN & ASSOCIATES, INC.

By: /s/ Alex DiBona
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF ALEX VILLANUEVA'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE, INNUENDO, OR ARGUMENT REFERENCING "DEPUTY GANGS"; MEMORANDUM OF POINTS AND AUTHORITIES;"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

*Amelia Sanchez*
Amelia Sanchez