Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq., State Bar No. 265744
ADiBona@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24 -cv-04979 SVW (JC)<br><br>**The Honorable Stephen V. Wilson**<br><br>**Assigned to Magistrate Judge Jacqueline Chooljian**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITON TO HIS MOTION *IN LIMINE* NO. 5 TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF MARC COHEN;**<br><br>**(MIL NO. 5 OF 6)**<br><br>[Filed concurrent with Declaration of Alex DiBona ("DiBona Decl."), Exhibits and Proposed Order thereon]<br><br>Date: May 26, 2025<br>Time: 1:30 p.m.<br>Dept.: 10A<br><br>Trial Date: June 3, 2025<br>Action Filed: June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alex Villanueva respectfully submits this Reply in support of his Motion in Limine No. 5 to exclude the expert report, opinion, and testimony of Marc Cohen under Federal Rules of Evidence 702 and 403 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Defendant's Opposition fails to overcome the core defects in Dr. Cohen's proffered testimony, which is (1) untimely, (2) methodologically unreliable, and (3) not proper subject matter for expert testimony under *Daubert* and Rule 702.

## II. DEFENDANTS CANNOT CURE THE UNTIMELY DISCLOSURE OF DR. COHEN'S REPORT

Defendants attempt to deflect from their failure to timely disclose Dr. Cohen's report by blaming Plaintiff for stipulating an Independent Medical Examination (IME) after the March 21, 2025 disclosure deadline. This argument fails on multiple grounds:

**No Good Cause for Violation of Rule 26(a)(2)(B):** Defendants disclosed Dr. Cohen's identity as an expert on March 21, 2025, without producing the required written report as mandated by Rule 26(a)(2)(B). The IME was scheduled on March 26—after the disclosure deadline—and Defendants offer no motion to modify the scheduling order or stipulation seeking an extension of the report deadline. Courts routinely hold that disclosure of an expert's identity alone is insufficient absent a contemporaneous report. See *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

**No Substantial Justification or Harmlessness:** Defendants' attempt to invoke the harmlessness exception under Rule 37(c)(1) fails. Defendants chose to schedule the IME after the deadline and then delayed production of the report until April 8—well after expert discovery had closed. The argument that Plaintiff "wasn't prejudiced" ignores the mandatory nature of Rule 26. See *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set schedules to permit the court and the parties to deal with cases in a thorough and orderly manner.").

**Failure to Raise During Meet and Confer is Not Dispositive:** While Defendants

seize on Local Rule 7-3 to argue waiver, the rule does not bar a court from excluding untimely evidence. Rule 37(c)(1) is self-executing and mandatory unless the failure is substantially justified or harmless. The Ninth Circuit has repeatedly rejected attempts to use technicalities to admit evidence that plainly violates scheduling orders. See *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

### III.     DR. COHEN'S METHODOLOGY FAILS UNDER DAUBERT AND RULE 702

Even if timely, Dr. Cohen's report is inadmissible under Rule 702 and Daubert. Defendants make no serious effort to show that Dr. Cohen reliably applied recognized psychiatric methods. Instead, they double down on mischaracterizing the DSM-5-TR criteria and justifying Cohen's use of vague, inflammatory, and untested characterizations.

**Failure to Apply DSM-5-TR Diagnostic Criteria:** Despite Defendants' insistence, Dr. Cohen does not diagnose Plaintiff with any specific disorder under DSM-5-TR. He speculates about "traits" of antisocial and narcissistic personality disorders, while conceding Plaintiff does not meet the actual diagnostic thresholds. Courts routinely exclude such "quasi-diagnoses" where the expert cherry-picks traits without applying a recognized diagnostic methodology. See *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.").

**Improper Use of Lay Interpretations of Public Statements:** Dr. Cohen offers psychological conclusions based on Plaintiff's public remarks and political views. But expert testimony must be grounded in clinical evaluation and reliable data—not media articles or adversarial interpretation of political speech. Dr. Cohen is a Medical Doctor, not a political pundit.

**Use of Non-Clinical Terms ("White Collar Psychopath"):** Dr. Cohen references "white collar psychopath"—a phrase absent from DSM-5-TR and unsupported by standardized clinical measures. Courts have excluded experts who use non-medical

terminology to evoke prejudice rather than offer scientifically grounded insights. See *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979, 984 (9th Cir. 2020). Further, the fact that Dr. Cohen saw fit *to do a google search* is indicative of his frankly careless approach to his field and it is exact this kind of unscientific research that this Court's gatekeeper role becomes most needed.

## IV. DR. COHEN'S REPORT OFFERS SPECULATIVE OPINIONS ON CREDIBILITY AND POLITICAL MOTIVES

Defendants fail to dispute that Dr. Cohen's report is replete with personal value judgments about Plaintiff's political conduct, motivation, and credibility. They argue that such issues go to weight rather than admissibility, but where an expert opines on matters outside his discipline—such as Plaintiff's trustworthiness or reasons for criticizing the press—such testimony is inadmissible under Rule 702 and 403. This character assassination is not the product of reliable medicine.

## V. CONCLUSION.

As established above, Cohen's report should be excluded. Cohen's report was untimely served in violation of Rule 26, and no justification has been offered. Even if the report had been timely, it fails under Rule 702 and *Daubert* because it does not apply the DSM-5-TR reliably, relies on speculation and media soundbites, and improperly offers opinions on Plaintiff's credibility and political conduct rather than psychiatric diagnoses. These opinions are irrelevant, unreliable, and inadmissible. Thus, Plaintiff respectfully requests the Court strike Cohen's report and preclude his testimony at trial.

Dated: May 12, 2025                    SHEGERIAN & ASSOCIATES, INC.

                                        By: /s/ Alex DiBona
                                        Alex DiBona, Esq.
                                        Attorneys for Plaintiff,
                                        ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

# PROOF OF SERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITON TO HIS MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF MARC COHEN,"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

*/s/ Amelia Sanchez*
Amelia Sanchez