Carney R. Shegerian, Esq., State Bar No.150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Alex DiBona, Esq. State Bar No.
ADiBona@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California 9004
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
ALEX VILLANUEVA

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: 2:24 -cv-04979 SVW (JC)<br><br>**The Honorable Stephen V. Wilson**<br><br>**Assigned to Magistrate Judge Jacqueline Chooljian**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION *IN LIMINE* NO. 6 EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS**<br><br>**(MIL NO. 6 OF 6)**<br><br>Date:  May 26, 2025<br>Time:  1:30 p.m.<br>Dept.:  10A<br><br><br>Trial Date:    June 3, 2025<br>Action Filed:  June 13. 2024 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alex Villanueva respectfully submits the following Reply to Defendants' Opposition to Motion in Limine No. 6 to exclude the expert report, opinions, and testimony of Defendants' expert Vida Thomas.

## II. DEFENDANTS CONCEDE THAT THOMAS' REPORT IS BASED ON LEGAL STANDARDS, NOT HUMAN RESOURCES STANDARDS

Defendants do not dispute that Thomas—a practicing attorney—relies extensively on case law, EEOC guidance, and other legal authority in her report. They claim that her opinions are "typical and acceptable human resource practice," yet they identify no independent HR industry standards, peer-reviewed literature, benchmarking data, or empirical analysis supporting those conclusions. Indeed, Defendants do not refute that her conclusions are lifted directly from legal principles—not derived from expertise in actual public sector HR management. Nor do Defendants refute that Thomas cites and applies legal tests such as the *Faragher/Ellerth* affirmative defense and the "qualified immunity" standard from *Cotran v. Rollins Hudig Hall*, 17 Cal. 4th 93 (1998). These are legal conclusions, not industry best practices. Her testimony is thus inadmissible under Federal Rule of Evidence 702 and controlling Ninth Circuit precedent. See *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

## III. DEFENDANTS FAIL TO CURE THOMAS' LACK OF EXPERTISE IN PUBLIC SECTOR HR OR "DO NOT REHIRE" POLICIES

Plaintiff's Motion correctly identifies that Thomas has no specialized knowledge or experience with public employment systems, civil service frameworks, or the use of "Do Not Rehire" notations in large governmental agencies. Defendants do not even attempt to show otherwise. They offer no rebuttal to Plaintiff's observation that Thomas works primarily for private clients and has never articulated how the standards she relies on apply in the public sector context—let alone to former high-ranking public officials such as Plaintiff. Her lack of qualifications on this point renders her opinions not only irrelevant

but affirmatively misleading to the jury. *Daubert* requires exclusion under these circumstances. See *Grodzitsky v. Am. Honda Motor Co., Inc.*, 957 F.3d 979, 984 (9th Cir. 2020).

## IV. DEFENDANTS DO NOT DEFEND THOMAS' METHODOLOGY BECAUSE SHE HAS NONE

Nowhere do Defendants argue that Thomas conducted any independent analysis of how similar agencies handle "Do Not Rehire" designations, retaliation claims, or workplace investigations. They do not argue that she reviewed any comparative agency policies or consulted with professionals in the field. They instead imply that Thomas simply accepted Defendants' narrative at face value. That is not expert analysis; it is partisan advocacy. An expert cannot merely recite a party's position and call it an "opinion." See *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1004, 1006 (S.D. Cal. 2018).

## V. DEFENDANTS RELY ON AN ERRONEOUS VIEW OF RULE 702

Defendants' opposition misstates the expert admissibility standard. Rule 702 and *Daubert* require that expert testimony be both reliable and helpful to the trier of fact. *Daubert*, 509 U.S. at 597. Courts exclude testimony that simply instructs the jury on what result to reach. That is precisely what Thomas does. Her report is structured as a legal argument about why Defendants are not liable—not as a factual or technical analysis that would aid the jury in evaluating the evidence.

Defendants offer no defense to the numerous examples Plaintiff cited showing that Thomas mischaracterizes legal conclusions as "HR standards." They do not rebut Plaintiff's showing that Thomas repeatedly labels legal obligations (e.g., anti-retaliation mandates) as human resources norms—despite sourcing them exclusively from case law and government regulations.

## VI. CONCLUSION

Defendants fail to refute the central premise of Plaintiff's Motion: Thomas' testimony is not expert opinion but improper legal argument. She lacks relevant qualifications, applies no independent methodology, and simply restates Defendants'

litigation position under the guise of HR expertise. Under Rule 702 and *Daubert*, her opinions must be excluded.

Dated: May 12, 2025  SHEGERIAN & ASSOCIATES, INC.

By: _____/s/ Alex DiBona_____
Alex DiBona, Esq.

Attorneys for Plaintiff,
ALEX VILLANUEVA

**VILLANUEVA v. COUNTY OF LOS ANGELES, et al. USDC Case No. 2:24-cv-04979 SVW (JC)**

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On May 12, 2025, I served the foregoing document, described as **"PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO HIS MOTION IN LIMINE NO. 6 EXCLUDE EXPERT REPORT, OPINION, AND TESTIMONY OF VIDA THOMAS,"** on all interested parties in this action as follows:

**Louis R. Miller (State Bar No. 54141)**
**smiller@millerbarondess.com**
**Jason H. Tokoro (State Bar No. 252345)**
**jtokoro@millerbarondess.com**
**Steven G. Williamson (State Bar No. 343842)**
**swilliamson@millerbarondess.com**
**MILLER BARONDESS, LLP**
**2121 Avenue of the Stars, Suite 2600**
**Los Angeles, California 90067**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 12, 2025, at Los Angeles, California.

_Amelia Sanchez_
Amelia Sanchez