LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ALEX VILLANUEVA,

        Plaintiff,

    v.

COUNTY OF LOS ANGELES,
COUNTY OF LOS ANGELES
SHERIFF'S DEPARTMENT, LOS
ANGELES COUNTY BOARD OF
SUPERVISORS, COUNTY EQUITY
OVERSIGHT PANEL, LOS
ANGELES COUNTY OFFICE OF
INSPECTOR GENERAL,
CONSTANCE KOMOROSKI,
MERCEDES CRUZ, ROBERTA
YANG, LAURA LECRIVAIN,
SERGIO V. ESCOBEDO, RON
KOPPERUD, ROBERT G. LUNA,
MAX-GUSTAF HUNTSMAN,
ESTHER LIM, and DOES 1 to 100,
inclusive,

        Defendants.

**CASE NO. 2:24-cv-04979 SVW (JCx)**

**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE MULTIPLE EXPERT WITNESSES RE: EMOTIONAL DISTRESS**

Date:    May 26, 2025
Time:    1:30 p.m.
Crtrm.:  10A

Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750

Trial Date:    June 3, 2025

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX (310) 552-8400

733663.2

# REPLY MEMORANDUM

Defendants' Motion to exclude multiple experts on the issue of emotional distress should be granted.  Plaintiff's Opposition confirms this.  Plaintiff ***admits*** that the three experts he designated to testify on the issue of emotional distress have "convergent analyses" and reach "consistent" conclusions.  (Opp. at 1:14, 2:9-10.)  Plaintiff also ***admits*** that each of his three experts comes to the same expert opinion: that Plaintiff suffers from "adjustment disorder with mixed anxiety and depressed mood."  (Dkt. 100-1 at 4:16-25.)

Plaintiff tries to get around the cumulative and duplicative nature of the testimony of the three experts by claiming they use different "methodologies" or "analytical pathways."  (Opp. at 1:7, 1:15.)  This argument has been made before and readily rejected.  In *Adle v. State of Maine Dep't of Pub. Safety*, No. 1:15-CV-00458-NT, 2016 WL 5936858, (D. Me. Oct. 12, 2016), for example, the court denied a request to designate a second expert on the issue of "whether the use of a canine was appropriate," stating that "[t]he Court can discern no basis to permit Plaintiff to identify more than one expert witness on the same issue in this case.  *Id.* at *2.  Regardless of "methodologies," the overlap of the testimony of Plaintiff's three experts is so substantial that exclusion is required.  *See, e.g., Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007) (precluding second expert to testify because of "substantial overlap" with the testimony of another expert).

The cases cited by Plaintiff do not support his position.  In *Cantu v. United States*, No. CV1400219MMMJCGX, 2015 WL 12743881(C.D. Cal. Apr. 6, 2015), the court allowed the testimony of two orthopedic surgeons in a car accident case because the two doctors had distinctly ***different testimony***.  *Id.* at *6.  As the court explained, one of the surgeons was a "a non-retained physician who examined Cantu shortly after the accident" in 2011 and the government represented "that his testimony will be limited to percipient observations and conclusions formed during that examination."  (*Id.*)  In contrast, the other doctor was retained to "offer opinions

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    based on his January 2015 examination of Cantu as well as his review of Cantu's

2    medical records." Here, each of Plaintiff's experts bases their opinions on short

3    interviews conducted within a few days of each other and the same evidence

4    provided to them by Plaintiff's counsel. (*See* Dkt. 100-1 at 6:23-26.) Unlike in

5    *Cantu*, none of Plaintiff's experts will provide a post-incident examination.

6        Equally unavailing, but for different reasons, is Plaintiff's citation to

7    *Rodriguez v. County of Stanislaus*, No. 1:08-CV-00856 OWW, 2010 WL 2720940,

8    (E.D. Cal. July 8, 2010). In that magistrate's decision, the issue of cumulative

9    expert testimony ***at trial*** was not at issue. Instead, the magistrate was addressing a

10    motion for a protective order to cull plaintiff's designated experts before depositions

11    began. *Id.* at *1. Here, of course, depositions of Plaintiff's three experts have been

12    completed and they confirmed the duplication of testimony. Dr. Kennedy, for

13    example, testified that the other two experts are qualified to make the same

14    diagnosis he made. (*See* Dkt. 100-2, Ex. 7 (Dr. Kennedy Depo. at 35:15-36:18).)

15        Finally, Plaintiff identifies no prejudice that will result if he is required to

16    select one expert on the issue of emotional distress. In contrast, the risk of prejudice

17    to Defendants is significant. *See, e.g., Sunstar, Inc. v. Alberto-Culver Co.*, Nos. 01

18    C0736, C 5825, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004) (stating that

19    multiple experts on a single issue "raises the unfair possibility that jurors will

20    resolve competing expert testimony by 'counting heads' rather than evaluating the

21    quality and credibility of the testimony"). The Court should grant the Motion.

22

23    DATED: May 12, 2025            Respectfully Submitted,

24

25                                  MILLER BARONDESS, LLP

26

27    By:

28                                  JASON H. TOKORO
                                     Attorneys for Defendants

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400