LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE PLAINTIFF'S DAMAGES EXPERT SANDRA WHITE**<br><br>Date:　　May 26, 2025<br>Time:　　1:30 p.m.<br>Crtrm.:　　10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:　　June 3, 2025 |

733664.2

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE
PLAINTIFF'S DAMAGES EXPERT SANDRA WHITE

## REPLY MEMORANDUM

Plaintiff's Opposition does nothing to confront the primary issues raised in Defendants' Motion. Plaintiff simply sidesteps the issue that Ms. White's damages calculation is fundamentally flawed because she **did nothing** to determine the bona fides of the crucial assumptions underlying her analysis. Ms. White blindly followed the assumptions given to her by Plaintiff's counsel that do not have any factual basis. Plaintiff tries to brush this off as an issue for "cross examination," (Opp. at 2:24-26), but ignores the authorities cited by Defendants establishing that "an expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported." *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

The Opposition argues that under Ninth Circuit precedent, "disputes about factual assumptions underlying expert testimony affect the weight of the testimony, not its admissibility." (Opp. at 2:24-26 (citing *Waterwatch of Oregon v. Winchester Water Control Dist.*, No. 3:20-CV-01927-IM, 2025 WL 1067620, at *5 (D. Or. Feb. 20, 2025)). The argument is, quite frankly, wrong. The Ninth Circuit in *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988), made it abundantly clear that an expert opinion can be excluded when it rests on "unsupported assumptions and unsound extrapolation." *Id.* at 807. This is because an expert's opinion is "not sufficiently reliable" when it rests on "ungrounded assumptions." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010).

Plaintiff relies on language from *Waterwatch of Oregon*, where the court denied a motion to exclude expert testimony over arguments that the experts' opinions rested on unsupported assumptions. 2025 WL 1067620, at *5. That case, however, involved a bench trial so the court did not have to contend with the issue of misleading a jury with unfounded expert opinions. *Id.* at *2 (noting that the *Daubert* standard of allowing expert testimony where it is "helpful" is "particularly true when, as here, the case is set for a bench trial") (citing *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

      *Daubert* analysis of the admissibility of expert testimony is quite different when the court is the finder of fact.  *See In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."); *see also Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) (explaining that the "gatekeeper" doctrine is "largely irrelevant in the context of a bench trial").  In short, *Waterwatch of Oregon* offers no support for Plaintiff because the court's analysis was based on it being a bench trial.

      This is a jury trial.  Plaintiff intends to put up an expert witness who will claim that Plaintiff is entitled to millions of dollars in damages when she has never even talked to Plaintiff.  (*See* Dkt. 100-2 Ex. 10 (White Depo. at 40:13-41:5).)  She will also testify regarding "assumptions" about Plaintiff's retirement plans despite doing nothing to determine what those plans actually are.  (*Id.* at 40:13-41:5.)  Moreover, Ms. White is going to present a damages analysis without having read a single deposition in the case.  This is precisely the kind of ungrounded expert testimony that the Court should exclude.  *McGlinchy*, 845 F.2d at 807.

      The Motion should be granted.

DATED:  May 12, 2025                  Respectfully Submitted,

                                        MILLER BARONDESS, LLP

                                        By: _____
                                             JASON H. TOKORO
                                             Attorneys for Defendants