LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>        Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE HEARSAY STATEMENTS**<br><br>Date:    May 26, 2025<br>Time:    1:30 p.m.<br>Crtrm.:  10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:    June 3, 2025 |

733667.2

**REPLY MEMORANDUM**

Plaintiff provides no exception under the Federal Rules of Evidence that could allow him to testify as to the hearsay statements at issue in the Motion. Plaintiff does not even bother to address the fact that the statements of Lillienfeld and Satterfield are hearsay within hearsay. By not addressing these multiple levels of hearsay, Plaintiff has waived the argument. *See, e.g., Neaderbaomer v. United States*, No. 2:20-CV-07888-JWH-RAO, 2023 WL 5505906, at *3 (C.D. Cal. Jan. 11, 2023) ("'[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived'") (quoting *Hartranft v. Encore Cap. Grp., Inc.*, 2021 WL 2473951, at *10 (S.D. Cal. June 16, 2021)).

Plaintiff tells the Court not to worry about any of this because Alvarez and Lillienfeld will testify at trial. (Opp. at 1:8-13.) That does not appear to be true since Lillienfeld was not on the trial witness served by Plaintiff on Defendants as part of the exchange of joint pretrial filings. Further, even assuming Alvarez testifies at trial, his testimony would still be hearsay because he did not conduct the Huntsman or Lim investigation. Meaning, any information Alvarez may have had about the investigations would be based on what someone else told him.

Plaintiff argues these hearsay statements should be allowed at trial for the non-hearsay purposes of "notice" and to explain "the course and scope of an investigation or the reasons police officers undertook certain actions." (Opp. at 1:19-2:1.) Plaintiff is wrong on both accounts.

Notice is not at issue in Plaintiff's First Amendment retaliation claim. That claim requires only that Plaintiff show protected speech, an adverse action, and a causal connection between this speech and the adverse action. *See, e.g., Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 542 (9th Cir. 2010).

For that reason, Plaintiff's citation to *United States v. Jefferson*, No. 2:23-CR-00109-LK, 2025 WL 72115, at *3 (W.D. Wash. Jan. 10, 2025), is inapposite. (Opp.

733667.2

2

at 1:19-20.) *Jefferson* also does not help Plaintiff. In that case, the court **excluded** part of a hearsay statement over the argument that it should be admitted for a non-hearsay purpose. As the court explained, courts "must also consider whether the probative value of the evidence's non-hearsay purpose is substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the evidence." *Jefferson*, 2025 WL 72115, at *3 (citing Fed. R. Evid. 403). The *Jefferson* court continued, stating that "[w]here the statement sought to be introduced for non-hearsay purposes is also 'some of the [party's] most persuasive evidence,' courts have expressed reluctance to admit it for non-hearsay purposes 'for fear of its ... misuse' and to prevent its admission from serving as 'a subterfuge for the [party seeking its admission] to place impermissible hearsay before the jury.' " *Id.* (quoting *United States v. Law*, 990 F.3d 1058, 1062-63 (7th Cir. 2021).

In other words, courts must be wary of attempts to admit hearsay for supposed "non-hearsay" purposes because of the potential for misuse. That is exactly what is happening here. This kind of gamesmanship should not be allowed.

As for the "course and scope of an investigation," Plaintiff misstates the case he relies on. (Opp. at 1:25-26.) *U.S. ex rel. James v. Roth*, No. 98 C 7230, 2001 WL 755433 (N.D. Ill. July 2, 2001), does not apply here and Plaintiff misrepresents its holding. The *Roth* court simply stated the basic proposition that, in the federal context, "an out of court statement is not hearsay if it is offered for the limited purpose of explaining why a government investigation was undertaken." (*Id.* at *6.) It did not hold that statements "explaining the course and scope of an investigation" or discussing the "reasons police officers undertook certain actions" are exempt from the hearsay rule.

Further, the statements that Plaintiff seeks to introduce have **nothing** to do with the "reasons why" the investigations into the Huntsman and Lim complaints were undertaken. To the contrary, the hearsay statements are intended by Plaintiff to show the investigations were completed and placed in a "suspense file."

Finally, Plaintiff asserts that some "prejudice" might arise from exclusion of the hearsay statements. (Opp. at 2:6-13.) Plaintiff, however, cites to no case or other authority suggesting there is a "prejudice" exception to hearsay. That is because there is none. Plaintiff does not get to do an end run around the hearsay rules by simply claiming "prejudice."

The Motion should be granted.

DATED: May 12, 2025       Respectfully Submitted,

MILLER BARONDESS, LLP

By: _____
JASON H. TOKORO
Attorneys for Defendants