LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>  Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL**<br><br>Date:     May 26, 2025<br>Time:    1:30 p.m.<br>Crtrm.:  10A<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:    June 3, 2025 |

733668.2

REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE
VIVIAN VILLANUEVA FROM TESTIFYING AT TRIAL

## I. INTRODUCTION

Plaintiff's attempt to weaponize the spousal privilege is wrong. Again faced with unfavorable facts and law, Plaintiff invents a new narrative surrounding how the privilege has been misused in this case. But he cannot escape the facts. Despite his claims to the contrary, it is undisputed that both he *and* his wife invoked spousal privilege in this case to prevent Defendants from obtaining relevant discovery. It is likewise uncontroverted that the privilege has been selectively invoked such that Plaintiff and Mrs. Villanueva have provided only information that they want Defendants to see. And it is also uncontroverted that Mrs. Villanueva sat for multiple interviews with Plaintiff's expert witnesses. Plaintiff and Mrs. Villanueva cannot invoke the spousal privilege solely when it is to their advantage.

## II. THE COURT SHOULD EXCLUDE MRS. VILLANUEVA

Defendants' Motion laid out Plaintiff's gamesmanship in detail. It discussed Defendants' repeated attempts to depose Mrs. Villanueva for two months. (Mot. at 6:13–26.) Mrs. Villanueva pushed her deposition date without explanation, until Defendants were forced to take it eight weeks late and at the end of fact discovery. (*Id.*) The Motion also detailed that, although Plaintiff's counsel agreed to accept service on Mrs. Villanueva's behalf, Defendants' subpoena was never provided to her. (*Id.*; *see also* Tokoro Decl., Dkt. No. 100-2 ¶¶ 27–37.) Consequently, she never searched for any requested documents. (Mot. at 6:13–26.)

One day before the close of fact discovery, Plaintiff selectively produced a series of communications between himself and Mrs. Villanueva. (Mot. at 7:6–12.) This was undoubtedly intentional—by waiting until the end of the discovery period, Plaintiff knew that Defendants would be left with no recourse. Mrs. Villanueva then invoked the spousal privilege at her deposition and prevented Defendants from inquiring into topics harmful to Plaintiff's case. (*Id.* at 7:14–8:3.) This was so even though Plaintiff testified that Mrs. Villanueva knows him better than anyone, and has unique information about his emotional distress. (*See id.* at 6:5–11.)

     Plaintiff's Opposition ignores all of the above, and does not address any of the cases cited in Defendants' Motion. Instead, Plaintiff introduces four alternative arguments—all are meritless.

     *First*, Plaintiff contends that Plaintiff did not "control" Mrs. Villanueva's invocation of the spousal privilege. (Opp. at 1:22–25.) This is a straw man. Both he **and** Mrs. Villanueva invoked the spousal privilege in this case. The question is not whether Plaintiff was involved in Mrs. Villanueva's invocation of the privilege, but rather **how** the privilege is being selectively used by them.

     *Second*, Plaintiff cites *Bowling v. Netflix, Inc.*, No. 1:22-CV-01281-TWP-MJD, 2024 WL 4689003, at *5 (S.D. Ind. Nov. 6, 2024), and contends that he is not using the privilege as a sword and shield because there has been no "selective" disclosure of spousal communications. (Opp. at 2:3–17.) That is simply not true. Plaintiff selectively disclosed communications with his wife (i.e., text messages) that he believes help his case, while refusing to produce others. The spousal privilege is all or nothing—a plaintiff cannot pick and choose. Indeed, in *Bowling*, the court noted that the "sword and shield" doctrine was not implicated because the plaintiffs did not present evidence of **any** spousal communications being disclosed. 2024 WL 4689003, at *5. That is the exact opposite of what happened here, where Plaintiff and Mrs. Villanueva are cherry picking what they want Defendants to see.

     *Third*, Plaintiff argues that Defendants are "not entitled" to three years' worth of communications. (Opp. at 2:21–26.) Plaintiff conveniently omits that Magistrate Judge Chooljian ordered Plaintiff to produce communications going back to January 1, 2022. (*See* Dkt. No. 86.)

     And Plaintiff misses (or actively ignores) Defendants' point regarding the importance of these text messages. Defendants are entitled to "challenge a claim for emotional distress damages by offering evidence of other stressors in a plaintiff's life." *See, e.g.*, *Elkins v. Automatic Data Processing, Inc.*, No. EDCV 21-606 JGB KKx), 2023 WL 7354621, at *5 (C.D. Cal. Apr. 19, 2023) (citation omitted).

Because Plaintiff has put his emotional distress at issue, Defendants are entitled to see what else was going on in Plaintiff's life that could have caused him stress. Defendants are also entitled to review those text messages as evidence of **lack** of emotional distress (i.e. that Plaintiff's life continued on as normal even following the alleged adverse event).

*Fourth*, Plaintiff argues that Defendants are not prejudiced. (Opp. at 3:4–14.) This is false on its face. Plaintiff repeatedly pushed Mrs. Villanueva's deposition, never provided her with the subpoena, waited until the end of the discovery period to produce text messages, and selectively invoked the spousal privilege to obstruct her deposition. All of this was by design, and is textbook prejudice. Plaintiff should not be allowed to benefit from this gamesmanship.

Last, Plaintiff has not disputed that Mrs. Villanueva should not be allowed to testify regarding her desire to "be a Plaintiff" in this case, or about her claimed emotional distress. (Mot. at 10:28–12:2.) He has conceded this issue, and Mrs. Villanueva, if she is allowed to testify at all, should not be permitted to testify regarding these subjects.

## III. CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' Motion, the Court should preclude Mrs. Villanueva from testifying at trial.

DATED: May 12, 2025　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　MILLER BARONDESS, LLP

　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　JASON H. TOKORO
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants