LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
STEVEN G. WILLIAMSON (State Bar No. 343842)
swilliamson@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEX VILLANUEVA,<br><br>      Plaintiff,<br><br>   v.<br><br>COUNTY OF LOS ANGELES, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY BOARD OF SUPERVISORS, COUNTY EQUITY OVERSIGHT PANEL, LOS ANGELES COUNTY OFFICE OF INSPECTOR GENERAL, CONSTANCE KOMOROSKI, MERCEDES CRUZ, ROBERTA YANG, LAURA LECRIVAIN, SERGIO V. ESCOBEDO, RON KOPPERUD, ROBERT G. LUNA, MAX-GUSTAF HUNTSMAN, ESTHER LIM, and DOES 1 to 100, inclusive,<br><br>      Defendants. | **CASE NO. 2:24-cv-04979 SVW (JCx)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE***<br><br>[*Filed Concurrently with Notice of Motion; Declaration of Jason H. Tokoro; and [Proposed Order]*]<br><br>Date:      June 2, 2025<br>Time:      1:30 p.m.<br>Crtrm.:    10A - First Street Courthouse<br><br>Assigned to the Hon. Stephen V. Wilson, Crtrm. 10A and Magistrate Judge Jacqueline Chooljian, Crtrm. 750<br><br>Trial Date:      June 3, 2025 |

734184.2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

## **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. This Action | 2 |
| | B. The Apex Witnesses | 3 |
| |    1. The Board of Supervisors | 3 |
| |    2. Sheriff Robert Luna | 4 |
| | C. The Court Rejected Plaintiff's Attempt To Depose The Apex Witnesses | 5 |
| III. | ARGUMENT | 5 |
| | A. Legal Standard | 5 |
| | B. Plaintiff Should Be Precluded From Calling The Apex Witnesses To Testify At Trial | 7 |
| |    1. Supervisors Solis and Hahn and Sheriff Luna | 8 |
| |    2. Supervisors Barger, Horvath, and Mitchell | 9 |
| IV. | CONCLUSION | 10 |

734184.2

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Bogan v. City of Boston,*
  489 F.3d 417 (1st Cir. 2007) .................................................................................. 6

*Church of Scientology of Bos. v. I.R.S.,*
  138 F.R.D. 9 (D. Mass. 1990) ................................................................................ 8

*Coleman v. Schwarzenegger,*
  2008 WL 4300437 (N.D. Cal. Sept. 15, 2008) ........................................... 5, 6, 10

*Est. of Levingston v. County of Kern,*
  320 F.R.D. 520 (E.D. Cal. 2017) ........................................................................... 7

*Givens v. Newsome,*
  2021 WL 65878 (E.D. Cal. Jan. 7, 2024) .............................................................. 6

*Hoover Universal, Inc. v. Graham Packaging Corp.,*
  1996 WL 907737 (C.D. Cal. Dec. 17, 1996) ......................................................... 8

*Jarbo v. County of Orange,*
  2010 WL 3584440 (C.D. Cal. Aug. 30, 2010) ....................................................... 6

*K.C.R. v. County of Los Angeles,*
  2014 WL 3434257 (C.D. Cal. July 11, 2014) .................................................... 6, 7

*Kyle Eng'g Co. v. Kleppe,*
  600 F.2d 226 (9th Cir. 1979) ................................................................................. 5

*Lull v. County of Sacramento,*
  2020 WL 3412708 (E.D. Cal. June 22, 2020) ....................................................... 7

*Myles v. County of San Diego,*
  2016 WL 4366543 (S.D. Cal. Aug. 15, 2016) ................................................. 6, 10

*Pinn, Inc. v. Apple Inc.,*
  2021 WL 4775969 (C.D. Cal. Sept. 10, 2021) ................................................... 7, 9

*Soto v. County of Sacramento,*
  2020 WL 5110372 (E.D. Cal. Aug. 31, 2020) ....................................................... 6

*Thomas v. Cate,*
  2010 WL 1343789 (E.D. Cal. Apr. 5, 2010) ......................................................... 7

*United States v. Morgan,*
  313 US. 409 (1941) ................................................................................................ 5

**FEDERAL RULES**

Fed. R. Evid. § 602 ................................................................................................. 9

734184.2

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

# I. INTRODUCTION

Plaintiff has included six high-level officials (i.e., "apex" witnesses) on the witness list for the upcoming trial: Los Angeles County Board Supervisors Kathryn Barger, Hilda Solis, Janice Hahn, Lindsey Horvath, and Holly Mitchell, and Los Angeles County Sheriff Robert Luna (collectively, the "Apex Witnesses"). Defendant County of Los Angeles (the "County") seeks to exclude these witnesses from being called to testify at trial.

To call an apex witness, Plaintiff must show that (1) the witness has unique or superior personal knowledge of key factual matters and (2) Plaintiffs have exhausted less burdensome alternatives. Plaintiff cannot meet this standard.

Plaintiff alleges that he was retaliated against in violation of the First Amendment due to his receipt of an administrative "Do Not Rehire" notation on his County personnel file. Discovery is closed. The facts adduced in discovery unequivocally show that the notation was recommended by the County Equity Oversight Panel ("CEOP") and concurred with by Chief Laura Lecrivain. It is undisputed that none of the Apex Witnesses were involved.

Plaintiff therefore cannot show that any of the Apex Witnesses has personal knowledge of facts relevant to these claims, much less unique or superior knowledge of key disputed facts. Nor has Plaintiff exhausted less burdensome alternatives to calling these Apex Witnesses. Indeed, the Court already granted the County's motion for protective order and prevented Plaintiff from taking the depositions of Supervisors Solis and Hahn and Sheriff Luna. Nothing has changed that would warrant allowing Plaintiff to call these witnesses at trial. And Plaintiff did not even attempt to depose Supervisors Barger, Horvath, or Mitchell.

None of the Apex Witnesses have unique personal knowledge of key disputed issues either. None were involved in the Huntsman or Lim complaints. None participated in the investigations into the complaints. None attended the pre-briefing or briefing with the CEOP in October 2023. None were involved in the

CEOP's recommendations. None were involved in the Los Angeles County Sheriff's Department's (the "Department") decision. And none were involved in giving Plaintiff the top-of-file notation.

Plaintiff cannot make the required showing to call any of these Apex Witnesses to testify at trial.

## II. BACKGROUND

### A. This Action

Plaintiff—who served as Sheriff of the County until he was unseated by Sheriff Luna in November 2022—alleges he was retaliated against for taking public positions on issues such as ballot measures and COVID vaccine mandates. (*See* FAC at 2:1–3:9.) He claims this retaliation came in the form of a "Do Not Hire" notation placed on his County personnel file in October 2023. (*Id.* at 4:18–21.)

That notation was the result of two investigations into Plaintiff's violations of the County Policy of Equity. (*Id.* at 7:7–17.) One investigation pertained to a complaint filed against Plaintiff in March 2022 by Justice Deputy Esther Lim. (*Id.*, Ex. 1 to FAC, at 37–42.) Ms. Lim alleged Plaintiff targeted her, and other justice deputies, with demeaning comments based on, *inter alia*, gender, age, and ethnicity. (*Id.*) The other investigation pertained to a complaint filed against Plaintiff, also in March 2022, by Inspector General Max Huntsman. (*Id.* at 118–126.) Mr. Huntsman alleged that Plaintiff was calling him by a certain name in an attempt to "dog whistle" to Plaintiff's online supporters. (*Id.*) It was subsequently uncovered that this was part of a larger scheme where Plaintiff repeatedly, and publicly, referred to Mr. Huntsman as a Holocaust denier. (*E.g.*, *id.*, Ex. 2 to FAC.)

The Department hired an outside law firm, Sanders Roberts, to perform an independent investigation into these complaints. (*See* FAC ¶ 4.) The investigator interviewed Mr. Huntsman, Ms. Lim, and other witnesses. (*See* Ex. 1 to FAC.) The investigator repeatedly attempted to schedule an interview with Plaintiff, but he refused unless he was provided the questions in advance. Sanders Roberts

734184.2

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

concluded its investigation and provided it to the Department in June 2023.

The Department then prepared its stacked case files and submitted them to the CEOP for consideration. On October 17, 2023, the CEOP held a pre-briefing and briefing regarding the two investigations. (*See* Dkt. No. 89-2, SUF 45.) The CEOP reviewed the investigations and recommended that all but one of the Policy of Equality allegations against Plaintiff be deemed "founded." (*Id.*, SUF 46, 48.) The CEOP also recommended that, as a result, a "Do Not Hire" notation be placed on Plaintiff's County personnel file. (*Id.* 47, 49.) The Department concurred with the CEOP's recommendations. (*Id.* 51.)

The Apex Witnesses were not involved in the Huntsman and Lim complaints. (*Id.* 52–53.) They were not involved in the Sanders Roberts investigations. (*Id.*) They were not involved with the CEOP recommendations. (*Id.*) They were not involved in the Department's decision. (*Id.*) They played no role in the "Do Not Rehire" notation given to Plaintiff. (*Id.*)

**B.    The Apex Witnesses**

**1.    The Board of Supervisors**

The five-member Board of Supervisors ("Board") is the governing body for the County, the most populous county in the United States with approximately 11 million residents. The Board operates in an executive, legislative, and quasi-judicial capacity. The Board oversees the County's approximately 117,000 employees, thirty eight departments, and approximately $49 billion budget. The Board also adopts ordinances for unincorporated areas of the County. The Board is the final venue of appeal for local planning and holds regular public meetings and hearings.[1]

Supervisor Kathryn Barger has represented the County's 5th District on the Board since 2016.[2] Supervisor Hilda Solis has represented the County's 1st District

---

[1] https://bos.lacounty.gov/executive-office/about-us/board-of-supervisors

[2] https://lacounty.gov/government/board-of-supervisors/kathryn-barger/

734184.2                            3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH
PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

on the Board since 2014.[3]  Supervisor Janice Hahn has represented the County's 4th District on the Board since 2016.[4]  Supervisor Lindsay Horvath has represented the County's 3rd District on the Board since 2022.[5]  And Supervisor Holly Mitchell has represented the Court's 2nd District on the Board since 2020.[6]

Plaintiff never sought to depose Supervisors Horvath, Barger, or Mitchell during this case.  (Declaration of Jason H. Tokoro ("Tokoro Decl.") ¶ 7.)

### 2. **Sheriff Robert Luna**

Sheriff Luna is the current elected head of the Department.  He was not part of the Department when the Huntsman and Lim complaints were filed in March 2022.  Sheriff Luna was sworn in as Sheriff on December 5, 2022.  He previously served as the Chief of the Long Beach Police Department from 2014 to 2021.[7]

As the first-in-command, Sheriff Luna oversees the Department's more than 18,000 employees, including over 10,000 sworn deputies.  The Department provides law enforcement and related services to the approximately eleven million residents of the County.  It has 23 patrol stations across the County.  It maintains the largest jail system in the United States, with more than seven jails and 15,000 inmates daily.  LASD also provides security for 216 government facilities, parks, hospitals, and clinics.  It oversees safety for nine community colleges and patrols Metrolink and portions of MTA.  It provides security services for 32 Superior Courts, and it provides law enforcement support to neighboring jurisdictions.[8]

---

[3] https://lacounty.gov/government/board-of-supervisors/hilda-l-solis/

[4] https://lacounty.gov/government/board-of-supervisors/janice-hahn/

[5] https://lacounty.gov/government/board-of-supervisors/lindsey-p-horvath/

[6] https://lacounty.gov/government/board-of-supervisors/holly-j-mitchell/

[7] https://lasd.org/staffbios/

[8] https://lasd.org/

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

### C. The Court Rejected Plaintiff's Attempt To Depose The Apex Witnesses

Plaintiff previously sought to take the depositions of Supervisors Solis and Hanh and Sheriff Luna. The County objected based on the apex doctrine, and filed a motion for protective order. (*See* Dkt No. 86.)

The Court (Magistrate Judge Chooljian) granted the County's motion and prohibited Plaintiff from taking the depositions. (*Id.* at 3.) The Magistrate agreed with the County and found the following:

> (1) the three witnesses in issue qualify for treatment as "apex" witnesses; (2) there are no extraordinary circumstances that warrant the taking of their depositions; and (3) such witnesses do not appear to have unique first-hand, non-repetitive knowledge of the facts at issue in the case that has not been or could not be obtained through less intrusive discovery methods. (*Id.*)

Plaintiff did not seek review of the Magistrate's ruling.

## III. ARGUMENT

### A. Legal Standard

Heads of government agencies "are not normally subject to deposition," absent extraordinary circumstances. *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) (affirming order directing agency head to answer interrogatories in lieu of sitting for a deposition). This rule protects officials "from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits." *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, 2008 WL 4300437, at *2 (N.D. Cal. Sept. 15, 2008) (granting in part motion for reconsideration of order requiring high-level officials to submit to depositions). It also protects the officials "from unwarranted inquiries into their decision-making process." *Id.* (citing *United States v. Morgan*, 313 US. 409, 422 (1941)).

To establish the "extraordinary circumstances" necessary to justify the

deposition of a head of a government agency, the party seeking the deposition must show that the individual has (i) direct personal factual information pertaining to material issues in an action, and (ii) the information to be gained is not available through any other sources. 2008 WL 4300437, at *2 (citing *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)). Despite Plaintiffs' claims to the contrary, courts routinely apply *Coleman's* "extraordinary circumstances" framework in determining whether depositions of high-ranking government officials are justified.[9]

District courts in the Ninth Circuit have articulated additional factors the party seeking testimony from apex witnesses must establish: "(1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources." *Myles v. County of San Diego*, No. 15cv1985-BEN (BLM), 2016 WL 4366543, at *3 (S.D. Cal. Aug. 15, 2016)

---

[9] *See, e.g.*, *Givens v. Newsome*, No. 2:20-cv-0852-JAM-CKD, 2021 WL 65878, at *6 (E.D. Cal. Jan. 7, 2024) (holding no "extraordinary circumstances" present where moving party failed to show that no other person from the Governor's administration possessed the information sought from Governor's deposition); *Soto v. County of Sacramento*, No. 2:19-cv-0910 TLN DB, 2020 WL 5110372, at *1 (E.D. Cal. Aug. 31, 2020) (no "extraordinary circumstances" where moving party could only point to "vague and conclusory concepts" regarding Sheriff's personal knowledge of incident); *K.C.R. v. County of Los Angeles*, No. CV 13-3806 PSG (SSx), 2014 WL 3434257, at *7 (C.D. Cal. July 11, 2014) (no "extraordinary circumstances" justified deposition of Undersheriff who did not have first-hand knowledge of specific incident at issue); *Jarbo v. County of Orange*, No. SACV 05-00202-JVS, 2010 WL 3584440, at *2 (C.D. Cal. Aug. 30, 2010) (no "extraordinary circumstances" where it was "not obvious" that Sheriff had personal factual information that was not available through other sources).

734184.2

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

(quoting *Thomas v. Cate*, No. 1:05-cv-01198-LJO-JMD-HC, 2010 WL 1343789, at *1 (E.D. Cal. Apr. 5, 2010)).

The apex witness doctrine applies not just to depositions, "but can also be applied to protect a senior executive from being compelled to appear at trial." *See, e.g., Pinn, Inc. v. Apple Inc.*, No. SA 19-CV-01805-DOC-JDE, 2021 WL 4775969, at *3 (C.D. Cal. Sept. 10, 2021). It would not make sense if the rule were to the contrary.

### B. Plaintiff Should Be Precluded From Calling The Apex Witnesses To Testify At Trial

Each of the six Apex Witnesses is a top governmental executive protected from being compelled to testify by the apex doctrine. *See, e.g., K.C.R.*, 2014 WL 3434257, at *6 (undersheriffs are "high-ranking officials" deserving of the apex doctrine's protection (citation omitted)); *Est. of Levingston v. County of Kern*, 320 F.R.D. 520, 526 (E.D. Cal. 2017) ("[C]ourts throughout the Ninth Circuit have determined that the position of sheriff is a high-ranking official to whom the apex doctrine may apply.") (granting motion for protective order); *Lull v. County of Sacramento*, No. 2:18-CV-1020-MCE-EFB PS, 2020 WL 3412708, at *2 (E.D. Cal. June 22, 2020) (granting motion for protection in a First Amendment retaliation case, and noting that county Board of Supervisors member is a "high-ranking official" subject to apex doctrine).

Board Supervisors Barger, Solis, Hahn, Horvath, and Mitchell are the five supervisors overseeing the governance of the entire County. Sheriff Luna is the head of the Department. And the Court has already determined that Supervisors Solis and Hahn and Sheriff Luna qualify as apex witnesses. Nothing has changed since the Court's ruling that mandates a different outcome. Plaintiff cannot meet his burden to call any of these Apex Witnesses for trial.[10]

---

[10] While Plaintiff has listed each of the Apex Witnesses on his trial witness list, he

### 1. Supervisors Solis and Hahn and Sheriff Luna

The Court previously granted the County's motion for protective order and prohibited Plaintiff from taking the depositions of Supervisors Solis and Hahn and Sheriff Luna because they are apex witnesses and do not have any unique, firsthand knowledge pertaining to the material issues in this case. (*See* Dkt No. 86 at 3.) The same ruling should issue here. The scope of permissible trial testimony is narrower than discovery, making it even less appropriate to call these witnesses testify at trial than it was to seek their depositions. *E.g.*, *Hoover Universal, Inc. v. Graham Packaging Corp.*, No. CV-95-3331-KMW(BQRX), 1996 WL 907737, at *1 (C.D. Cal. Dec. 17, 1996) ("[t]he standard for discovery is broader than that for admissibility").

Plaintiff also describes the subject matter of Supervisor Solis's and Hahn's anticipated testimony as "Plaintiff's Placement on Do Not Rehire and Protected Activity." This is vague and does not identify any unique, admissible evidence these witnesses could provide. *See Church of Scientology of Bos. v. I.R.S.*, 138 F.R.D. 9, 12-13 (D. Mass. 1990) (prohibiting deposition where "[o]ther than these general assertions, plaintiff makes no showing that such information is otherwise unavailable"). Plaintiff describes the subject matter of Sheriff Luna's anticipated testimony as "The investigation of Plaintiff by Defendant." Not only is this vague and non-specific, it is also not a topic that Sheriff Luna cannot speak on.

Supervisors Solis and Hahn and Sheriff Luna have no personal knowledge whatsoever of the Huntsman or Lim complaints, the investigations, or the outcomes. (*See* Dkt. No. 89-2, SUF 52–53.) They did not file the complaints. They did not

---

has only served Defendants with trial subpoenas for Supervisors Hahn and Solis and Sheriff Luna. (*See* Tokoro Decl. ¶ 8.) That is why this Motion is styled as a motion to quash or, in the alternative, motion *in limine* to cover all six Apex Witnesses. Plaintiff has stated that he plans to serve trial subpoenas for Supervisors Barker, Horvath, and Mitchell. (*Id.* ¶ 9.)

734184.2

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

investigate them. And they did not decide whether or not the complaints were "founded" or what discipline was appropriate. Even putting aside the apex doctrine, Supervisors Solis and Hahn and Sheriff Luna cannot testify about any of these things because they do not have any personal knowledge of them. *See* Fed. R. Evid. § 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

### 2. Supervisors Barger, Horvath, and Mitchell

Plaintiff similarly cannot meet his burden of producing compelling reasons to require Supervisors Barger, Horvath, or Mitchell to testify at trial. Like above, Plaintiff describes their anticipated testimony in vague terms: "Plaintiff's Placement on Do Not Rehire and Protected Activity." These witnesses do not have any personal knowledge of the decision to give Plaintiff a top-of-file notation. (Dkt. No. 89-2, SUF 52–53.) Nor is it necessary to have them testify at trial about Plaintiff's alleged protected speech—Plaintiff can testify about that and introduce evidence of letters and other communications he had with the Board.

Plaintiff cannot show that Supervisors Barger, Horvath, or Mitchell have unique or superior knowledge of these issues. To the contrary, Plaintiff has already identified on his trial witness list every person who was involved in the Huntsman and Lim complaints, investigations, and outcome. (*See* Tokoro Decl. ¶ 10.) At a minimum, Plaintiff needs to "exhaust" these less burdensome alternatives first, and then show that one or more of the Apex Witnesses is still necessary and has unique, personal knowledge of a material issue. Plaintiff will not be able to do that.

Moreover, Plaintiff never even bothered to attempt to depose any of these witnesses during this case. (*Id.* ¶ 7.) This alone supports preventing them from having to appear at trial. *Pinn*, 2021 WL 4775969, at *3 (applying apex doctrine where witness was not deposed, and noting that witnesses' alleged "unique knowledge is belied by [plaintiff's] lack of any further effort during discovery to depose" the witness).

734184.2

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*

Plaintiff also cannot show how compelling the Apex Witnesses to appear at trial "would not significantly interfere with the ability of the official to perform his government duties." *Myles*, 2016 WL 4366543, at *3 (citation omitted). Plaintiff wants to call at trial the head of the largest sheriff's department in the country, and the five Board Supervisors for the County. Taking them away from their official duties and making "unwarranted inquiries into their decision-making process[es]" are exactly what the apex doctrine protects against. *Coleman*, 2008 WL 4300437, at *2. This interference is particularly severe at this time when the County is still dealing with the fallout from the Los Angeles fires and a highly-publicized budgetary crisis.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion and bar Plaintiff from calling the Apex Witnesses to testify at trial.

DATED: May 14, 2025            Respectfully Submitted,

                               MILLER BARONDESS, LLP


                               By:    /s/ *Jason H. Tokoro*
                                      JASON H. TOKORO
                                      Attorneys for Defendants

734184.2

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFF'S TRIAL SUBPOENAS OR, IN THE ALTERNATIVE, MOTION *IN LIMINE*