UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING DEFENDANTS' MOTION FOR FEES, COSTS, AND SANCTIONS [140]

## I. Introduction

Before the Court is Defendants'[1] motion for attorney's fees, costs, and sanctions against Plaintiff Alex Villanueva and his counsel. ECF No. 140. For the following reasons, Defendants' motion is DENIED.

## II. Background

Plaintiff is the former sheriff of Los Angeles County. Plaintiff's Additional Material Facts ("PF"), ECF No. 105-2. On June 13, 2024, Plaintiff brought, among other claims, a First Amendment retaliation

---

[1] In full, Defendants are: the County of Los Angeles, the County of Los Angeles Sheriff's Department, the Los Angeles Board of Supervisors, the Country Equity Oversight Panel, the Los Angeles County Office of Inspector General, Constance Komoroski, Mercedes Cruz, Roberta Yang, Laura Lecrivain, Sergio V. Escobedo, Ron Kopperud, Robert G. Luna, Max-Gustaf Huntsman, and Esther Lim (collectively, "Defendants").

:
Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

claim against Defendants. ECF No. 1. He later amended his claims in a First Amended Complaint ("FAC") filed September 30, 20204. ECF No. 46.

The finer details of Plaintiff's claim are beyond the scope of this order, but the Court will still describe his claim in broad strokes to provide context. His theory of the case was as follows:

While serving as Sheriff of Los Angeles County, Plaintiff publicly criticized the Los Angeles Board of Supervisors (the "Board"). FAC ¶¶ 11-13. Specifically, he criticized various ballot measures, the County's contracts with the companies coordinating the County's COVID-19 testing procedures, and the County's COVID-19 policy. *Id.*

Then, in 2022, two individuals filed workplace harassment claims against Plaintiff: Esther Lim, a Justice Deputy for Los Angeles County Board Supervisor Janice Hanh; and Max Huntsman, the Inspector General for the County of Los Angeles. *Id.* Ex. 1 at 37-42, 123. Esther Lim alleged that Plaintiff discriminated against her on the basis of race and gender, and Max Huntsman alleged that Plaintiff discriminated against him on the basis of race. *See id.* Plaintiff alleged that both complaints against him were unfounded. *Id.* ¶ 19.

On September 13, 2023, after Plaintiff had left the Sheriff's office, he announced his candidacy for the Los Angeles County Board of Supervisors. *Id.* ¶ 15. One month later, in October 2023, the County Equity Oversight Panel (the "Panel") concluded that all but one of Ms. Lim and Mr. Huntsman's complaints against Plaintiff were founded. *Id.* Ex 1 64-67, 145-48. As a result, the Panel recommended that a "Do Not Rehire" notation be placed in Plaintiff's employment file. Ex. 1 at 66, 147.

So, in short, Plaintiff's theory was that the Panel retaliated against him for his public criticism of the Board and his decision to run for a supervisory seat by placing him on a "Do Not Rehire" list, purportedly based on discrimination complaints that Plaintiff contends were pretextual and without merit. The Court held that this theory was plausible enough to survive the pleadings stage. *See* ECF No. 59.

:

Initials of Preparer         DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

Six months later, Defendants moved for summary judgment, arguing that Plaintiff failed to provide evidence sufficient to create a genuine dispute of fact. ECF No. 89. Upon review of the evidence presented by both parties, the Court agreed—it granted Defendants' motion in full. ECF No. 135. Defendants now move for fees, costs, and sanctions against Plaintiff and his counsel.

### III.  Discussion

Defendants argue three different bases for attorney's fees and costs: (1) 42 U.S.C. § 1988; (2) 28 U.S.C. § 1927; and (3) Local Rule 83-7 and the Court's inherent power. The Court will address each in turn.

#### A.  42 U.S.C. § 1988

Under 42 U.S.C. § 1988(b), "[a] district court, 'in its discretion, may allow the prevailing party' in a civil rights action 'a reasonable attorney's fee.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting 42 U.S.C. § 1988(b)). But if the prevailing party is the defendant, as is the case here, the court may only award attorney's fees "if the plaintiff's action was unreasonable, frivolous, meritless, or vexatious." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). This "strict standard imposed on prevailing defendants is meant to ensure that no 'chilling effect' is imposed upon plaintiffs seeking to vindicate their civil rights who might otherwise be hesitant to file suit for fear of a large fee award against them." *Vadenplas v. City of Muskego*, 797 F.2d 425, 429 (7th Cir. 1986).

Importantly, "that [the plaintiff] lost at summary judgment does not render his case per se frivolous, unreasonable, or without foundation." *Galen*, 477 F.3d at 667. After all, "even if the law or the facts are somewhat questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quotations omitted).

Rather, a case is "unreasonable, frivolous, meritless, or vexatious" in only "exceptional circumstances." *Harris v. Maricopa Cnty. Sup. Ct.*, 631 F.3d 963, 974-76 (9th Cir. 2011). More

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Alex Villanueva v. County of Los Angeles et al.* |
|---|---|

specifically, an "action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen*, 477 F.3d 652, 666 (9th Cir. 2007). Similarly, "'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

Here, Plaintiff's case, while not sufficient to survive summary judgment, was not so "unreasonable, frivolous, meritless, or vexatious" to warrant an award of attorney's fees and costs under Section 1988. *See Galen*, 477 F.3d at 666. As the Court explained in its orders denying Defendants' motion to dismiss, Plaintiff's claim was plausible. That it later fell short on summary judgment "does not render his case per se frivolous, unreasonable, or without foundation." *Galen*, 477 F.3d at 667. And while Plaintiff's theory of First Amendment retaliation had weakness from the start—most notably, the lack of a clear link between the Board and the Panel—that his case was "somewhat questionable or unfavorable at the outset" does not render his claim frivolous or justify an award of attorney's fees. *See Hughes*, 449 U.S. at 14.

Alternatively, Defendants claim that fees and costs are warranted because Plaintiff engaged in various misconduct during discovery. They claim that he took more depositions than he originally agreed to, made baseless privilege objections during his first deposition, prompted "needless" discovery disputes, altered text message evidence, misstated the law in discovery motion briefing, refused to meet and confer in good faith, reneged on an agreement regarding motions in limine, and submitted a false declaration at summary judgment. *See* Defs. Mot. for Fees ("Mot") at 4-10.

Even assuming Plaintiff acted unreasonably during discovery, such conduct does not render his entire lawsuit "unreasonable, meritless, baseless, or vexatious." Alleged violations of informal discovery agreements or procedural missteps have little bearing on whether the underlying claim had a legitimate factual and legal basis. Attorney's fees are awarded under this standard for frivolous claims—not merely contentious or bad faith litigation tactics.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Alex Villanueva v. County of Los Angeles et al.* |
|---|---|

### B.  28 U.S.C. § 1927

Alternatively, Defendants argue that fees and costs are appropriate under 28 U.S.C. § 1927. Under 28 U.S.C. § 1927, a court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" by requiring the attorney to "satisfy personally the excess costs, expenses, and attorneys' fees" that the other party "reasonably incurred because of [their] conduct." A "finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).

Here, Defendants argue that Plaintiff's alleged discovery conduct satisfies this standard. The Court disagrees.

First, and most importantly, application of "section 1927 is not appropriate" when parties violate discovery rules. *See Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986). Indeed, "discovery abuses, such as failure to produce and refusal to answer deposition questions . . . are governed primarily by Rule 26(g) and Rule 37," and "section 1927 is not appropriate for use in [those] circumstances." *Id.* (denying Section 1927 sanctions even though discovery abuses had occurred). So even if Plaintiff violated informal discovery agreements, refused to answer deposition questions, caused needless discovery motions, or refused to meet and confer, Defendants should have sought sanctions for that misconduct through the Federal Rules of Civil Procedure regarding discovery, not Section 1927. *See id.*

Second, even setting aside the fact that Section 1927 generally does not apply to discovery disputes, Defendants have not shown that Plaintiff's conduct—discovery related or not—rises to the level of sanctionable behavior under that statute. At bottom, Defendants present a list of perceived missteps—instances where, in their view, Plaintiff acted improperly or unreasonably. But the Court does not view these actions as evidence of recklessness or bad faith.[2] Rather, they reflect the kind of aggressive advocacy

---

[2] Much of the conduct by Plaintiff that Defendants challenge has already been evaluated by Magistrate Judge Chooljian, who, in her orders, did not find that Plaintiff acted in bad faith or recklessly.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

that, while perhaps inefficient or uncooperative, is not uncommon in contentious litigation. Such conduct, without more, does not meet the high bar for sanctions under Section 1927.

And even assuming Plaintiff may have exceeded the bounds of zealous advocacy by allegedly misstating the law and submitting false information in a summary judgment declaration, the Court finds no evidence that these actions vexatiously multiplied the proceedings—a necessary predicate for imposing sanctions under Section 1927. After all, Plaintiff did not prevail on either the motion in which he allegedly misstated the law or his motion for summary judgment. Plaintiff's failure to prevail on either motion undermines any claim that his alleged errors unnecessarily expanded or prolonged this litigation. Moreover, even assuming Plaintiff did commit these errors, Defendants have not presented sufficient evidence that Plaintiff did so vexatiously or in bad faith.

### C. The Court's Inherent Power and its Local Rules

Last, Defendants request that the Court award fees and costs under Local Rules 11-9 and 83-7, as well as the Court's inherent power. Mot. at 19. As with its motions under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, the Court exercises its discretion to decline this request.

Local Rule 11-9 provides that "[t]he presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of [Local Rule] 83-7." Local Rule 83-7, in turn, authorizes "the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order." Similarly, to "impose sanctions pursuant to a court's inherent power, a court must make the express finding that counsel's conduct either 'constitute[s] or [is] tantamount to bad faith.'" *Disney Enters., Inc. v. VidAngel Inc.*, No. 16-cv-04109, 2017 WL 6819882, at *3 (C.D. Cal. Oct. 5, 2017) (quoting *In re Kegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)).

In sum, to award fees and costs under the Court's local rules or its inherent power, the Court must find that Plaintiff filed frivolous motions and acted in bad faith. As the Court already explained in its

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04979-SVW | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Alex Villanueva v. County of Los Angeles et al.* | | |

analysis of Defendants' request for fees under 42 U.S.C. § 1988 and 28 U.S.C. § 1927, Plaintiff did not file frivolous motions and did not act in bad faith. Accordingly, Defendants' final request for fees and costs is denied.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion for attorney's fees, costs, and sanctions against Plaintiff and his counsel.

**IT IS SO ORDERED.**

:

Initials of Preparer          DTA